


```
 1  Michael C. Kelley (SBN 090062)
    mkelley@sidley.com
 2  Bradley H. Ellis (SBN 110467)
    bellis@sidley.com
 3  Jose F. Sanchez (SBN 161362)
    jose.sanchez@sidley.com
 4  Jodi E. Lopez (SBN 231117)
    jlopez@sidley.com
 5  SIDLEY AUSTIN LLP
    555 West Fifth Street, 40th Floor
 6  Los Angeles, California 90013
    Telephone:  (213) 896-6000
 7  Facsimile:  (213) 896-6600

 8  Michael L. Rugen (SBN 85578)
    mrugen@sidley.com
 9  Robert B. Martin III (SBN 235489)
    rbmartin@sidley.com
10  SIDLEY AUSTIN LLP
    555 California Street, Suite 2000
11  San Francisco, California 94104
    Telephone:  (415) 772-1200
12  Facsimile:  (415) 772-7400

13  Attorneys For Defendant KPMG LLP
```

**NOTE CHANGES MADE BY THE COURT.**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NEW CENTURY | CASE NO. 2:07-cv-00931-DDP (DMO) <br><br> **DISCOVERY MATTER** <br><br> [~~PROPOSED~~] **PROTECTIVE ORDER** <br><br> Judge:   Hon. Fernando M. Olguin |

NOTE CHANGES MADE BY THE COURT.

[PROPOSED] PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), the Court, having considered the briefing and arguments of the parties, hereby orders as follows:

1. **Good Cause Statement.**

The Designated Material subject to this Protective Order constitute confidential and proprietary information specific to defendants' businesses, including Trade Secret Material (defined below), the public release of which will cause competitive disadvantage to defendants. In particular, the Designated Material reflects the methodology and processes used by KPMG LLP ("KPMG") to plan, design, and perform audits and quarterly reviews; that methodology has been developed and refined at great time and expense to KPMG, and its public disclosure (and potential subsequent use by KPMG's competitors) is likely to lead to significant competitive harm. In addition, the Underwriter Defendants are investment banks that possess private financial information regarding certain investors and investments that they must keep confidential due to regulatory and contractual confidentiality requirements. Further, Designated Material containing the private personal or financial information of employees of the named parties or New Century entities (defined below as "Personal Private Material") constitute private information and implicate constitutional and statutory privacy rights, and the public release of such information could cause damage to the person's reputation and enable financial crimes. Good cause also exists for this Protective Order because it eliminates unnecessary burdens on document production and avoids unnecessary and burdensome motion practice. This Protective Order does not confer blanket protections on all disclosures or responses to discovery in this the above-captioned case (the "Action"), and the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

2.  **Exercise of Restraint and Care in Designating Material for Protection.** Each party or non-party ("Designating Party") that designates information or items for protection under this Protective Order must take reasonable steps to limit the designation to specific material that qualifies for protection. Mass, indiscriminate, or routinized designations of confidentiality that are inconsistent with the terms of this agreement are not appropriate.

The Designating Party bears the burden of establishing that all designated material or information is confidential. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other parties that it is withdrawing the designation.

3.  **Material That May Be Designated Under This Protective Order.**

Any Designating Party may designate as "Confidential Information" any non-public document, or portion thereof, and any other form of evidence or other discovery (including, but not limited to, all documents, electronically stored information, and tangible things as defined in Rule 34(a) of the Federal Rules of Civil Procedure) ("Discovery Material"), produced by such Designating Party, if the Discovery Material contains (1) non-public information, including any formula, pattern, compilation, program, device, method, technique, or process, that derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and is the subject of efforts that are reasonable under the circumstances to maintain its secrecy ("Trade Secret Material"); and (2) non-public personal or financial information of defendants, their employees or representatives, or of investors in New Century securities ("Private Personal Material"). Trade Secret Material includes non-public Discovery Material reflecting KPMG's Proprietary Audit Material, which includes non-public proprietary audit planning workpapers, manuals, forms,

- 3 -                   [PROPOSED] PROTECTIVE ORDER

policies, guidance, processes, and methodology, as well as non-public proprietary formulas and computer programs or software used during the audit or quarterly review process. Private Personal Material includes social security numbers, non-public home or cellular telephone numbers and addresses, non-public compensation or other personal financial information, personnel evaluations, and medical and banking information; and such information shall be deemed to be and treated as Confidential Information, regardless of lack of specific designation.

Discovery Material designated as "Confidential Information" is referred to herein as "Designated Information." Designated Information does not include any publicly available information. The terms of this Protective Order apply to Discovery Material that was produced or provided by any Designating Party prior to its entry.

**4.    Use of Discovery Material and Designated Information.**

Designated Information shall be held in confidence by each person to whom it is disclosed, shall be used solely for purposes of this Action, and may not be disclosed to any person, except as permitted in this Protective Order. Without limitation, Designated Information shall not be used, made available, or disclosed for the purposes of any other litigation, judicial, administrative, or regulatory proceeding, dispute or case, or used for any commercial, business, competitive, or other purpose. Nothing in this Protective Order shall prevent the Designating Party from using or disclosing its own Designated Information for any purpose as it deems appropriate, without impairing the confidentiality obligations imposed upon all other parties subject to this Protective Order. In addition, nothing in this Protective Order shall impose any restrictions on the use or disclosure by a party or its counsel of documents, material and/or information obtained by such party or its counsel from a source independent of the discovery proceedings in this lawsuit, subject to

any limitations placed on the disclosure of the documents, materials, and/or information by the independent source.

  **5.**   **Procedure for Designating Discovery Materials**. At or before the time when access or custody is given to the Receiving Party (defined as a party receiving or granted access to Discovery Materials), the Designating Party shall designate (in whole or in part) all Discovery Material that contains Designated Information by marking all pages or other such materials subject to the claim of confidentiality as "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or by taking other reasonable steps to so designate the information or documents. Electronic information produced in its native or other electronic format shall be produced on media labeled with the legend "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," and all such electronic information shall at all times and in all forms be deemed to bear such legend, and to be subject to the provisions of this Protective Order, to the same extent as if it had been produced in hard copy with such legend affixed to each page. If the Receiving Party transfers such data to any computer system, or other storage media, or prints hard copies, the Receiving Party shall ensure that reasonable steps are taken to maintain the confidentiality of such information in accordance with this Protective Order as if such information had been produced in hard copy bearing the same legend that is affixed to the media on which such data has been produced.

  In the event the Designating Party elects to produce Designated Information for inspection, no marking need be made by the Designating Party in advance of the inspection, and all inspected materials shall be deemed to be Confidential Information until the time copies of the documents that have been inspected are delivered to the Receiving Party. Once copies are delivered to the Receiving Party, only those materials designated CONFIDENTIAL or CONFIDENTIAL –

1  SUBJECT TO PROTECTIVE ORDER by the Designating Party shall be treated as
2  such.

3       **6.**    **Inadvertent Failure to Designate**. Any Designating Party who
4  inadvertently fails to designate its own Discovery Material as Designated
5  Information must do so either by the later of thirty (30) days after production of the
6  Discovery Material or within ~~ten (10) days~~ 48 hours after discovery of the inadvertent failure
7  to designate the Discovery Material as Designated Information, and provide written
8  notice to each Receiving Party of the newly discovered Designated Information.
9  Upon receiving such notice, each Receiving Party shall treat the Designated
10 Information, and all copies and/or versions of the Designated Information, in
11 accordance with the terms of this Protective Order as if such Designated
12 Information had always been designated as Designated Information.

13      **7.**    **Procedure for Designating Deposition Testimony**. At the request of
14 any Designating Party, either made on the record during the course of a deposition
15 or within 30 days after receipt of the transcript, the deposition testimony and all
16 copies of any transcript of the deposition and any deposition exhibits that contain
17 Designated Information may be so designated subject to this Protective Order, and
18 the original and all copies of such deposition transcripts and exhibits shall be
19 marked accordingly by the reporter or by the party or parties then having possession
20 of the original and the copies.

21      Until the designation period has elapsed for a given deposition transcript, that
22 transcript shall be treated as Designated Information and shall be subject to the
23 provisions hereof. Further, during depositions, any party claiming that information
24 that is to be disclosed or upon which questions may be based is Designated
25 Information may exclude from the room persons not identified in this Protective
26 Order as a person who may access Designated Information.

27
28

-6-      [PROPOSED] PROTECTIVE ORDER

8. **Procedure for Objection to Designation**. Any party may object to the designation of any Discovery Material as Designated Information, or seek to amend this Protective Order, pursuant to Central District Local Rule 37. Pursuant to that rule, counsel for the objecting party shall give written notice to counsel for the Designating Party, identifying the designated document or information to which it objects and the reasons for its objection. The Designating Party shall, within ten (10) calendar days after receiving such notice, meet and confer with the objecting party in a good faith effort to resolve the matter. Failing such resolution, the Parties shall file a Joint Stipulation with the Court for resolution pursuant to L.R. 37-2 *et seq.* The party seeking to maintain a document as confidential bears the burden of showing specific prejudice or harm will result if no protective order is granted. Any Designated Information that is the subject of a dispute over designation shall be treated as Designated Information pending the resolution of any objection.

9. **Access to Designated Information by the Parties and their Counsel.** Except with the prior written consent of the Designating Party, Confidential Information shall not be used, disclosed or distributed to any person other than the following:

   a. The named parties in this Action;
   b. Current and former officers, partners, or employees of the named parties to this Action, and the named parties' insurers, to the extent deemed necessary by counsel for the prosecution or defense of this Action, provided, however, that those persons shall have access to Confidential Information only after they have been provided a copy of this Order for review and, prior to being shown Confidential Information, counsel makes all reasonable efforts to secure the person's execution of the Agreement to Abide by Protective Order attached hereto as Exhibit A. In circumstances in which a person

refuses to sign the Agreement to Abide by Protective Order after counsel has undertaken such efforts, the person may be shown Confidential Information only after counsel reads to the person the provisions of the Agreement to Abide by Protective Order, and such person is not permitted to retain copies of such Confidential Information. This provision does not apply to named parties in the Action;

c. Counsel for the named parties to this Action, including in-house counsel and co-counsel, and their paralegals, clerical and other assistants;

d. As to any document, its author, its addressee(s), and any other person indicated on the face of the document as having received a copy;

e. Persons retained by a party or his, her or its outside counsel to serve as expert witnesses or consultants to provide advice to counsel in connection with this Action (subject to the additional terms set forth in Paragraph 11 below);

f. Stenographers, videographers, and their support personnel engaged to transcribe and/or record depositions conducted in this Action;

g. The Court, its support personnel, court reporters, stenographers, jurors and alternate jurors, if any;

h. Any special masters or mediators appointed by the Court and their direct staff and counsel; and,

i. Persons who are deposed or appear as witnesses in this Action (and their counsel), either in preparation for or during their testimony, provided, however, that prior to being shown Confidential Information, counsel makes all reasonable efforts to secure the

- 8 -  [PROPOSED] PROTECTIVE ORDER

person's execution of the Agreement to Abide by Protective Order attached hereto as Exhibit A. In circumstances in which a person refuses to sign the Agreement to Abide by Protective Order after counsel has undertaken such efforts, the person may be shown Confidential Information only after counsel reads to the person the provisions of the Agreement to Abide by Protective Order, and such person is not permitted to retain copies of such Confidential Information.

**10.** **Access to Designated Information for Litigation Support Services.** Any Designated Information may be disclosed to persons requested by counsel to furnish services of exhibit preparation, photocopying, document coding, image scanning, jury consulting, or the creation of any computer database from documents containing Designated Information, or other services provided in connection with this Action, provided that such persons are informed and agree in writing to the terms of this Protective Order by signing a copy of the Agreement to Abide by Protective Order attached hereto as Exhibit A.

**11.** **Access to Confidential Information by Experts.** Any Confidential Information may be disclosed to experts and consultants retained for this matter provided that:

    a. in advance of the receipt of any Confidential Information, the expert or consultant signs a copy of the Agreement to Abide by Protective Order attached hereto as Exhibit A; and

    b. the expert or consultant provides a copy of each executed Agreement to Abide by Protective Order executed pursuant to this paragraph to retaining counsel prior to the intended disclosure; retaining counsel shall maintain the executed copies of the Agreement to Abide by Protective Order, which shall not be

produced to counsel for the other parties except by agreement or Court order.

If these two requirements are satisfied, the expert or consultant may fully disclose any and all Confidential Information to his or her support staff/assistants. It is not necessary for any member of that support staff or those assistants to sign the Agreement to Abide by Protective Order, but they will nonetheless be deemed bound by the expert's or consultant's execution of the Agreement to Abide by Protective Order.

12. **Retention of Agreement to Abide by Protective Order**: During the pendency of the Action (including any appeals), counsel must retain all signed copies of the Agreement to Abide by Protective Order (i.e., Exhibit A) pursuant to which it has allowed disclosure of Designated Information in accordance with the provisions of this Protective Order. Counsel for other Parties may request a copy of any or all of the Agreements to Abide by Protective Order and counsel agrees to meet and confer in good faith regarding the provision of a copy of any or all of the Agreements to Abide by Protective Order. If the requested Agreements to Abide by Protective Order are not provided to counsel, then counsel may apply to the Court for an order compelling disclosure on a showing of good cause.

13. **Submission of Designated Information to Court In Connection With Motions or Other Pretrial Proceedings**. In connection with any motion or other pretrial proceeding, if any party intends to submit to the Court any pleading, declaration or other paper containing, appending, summarizing, excerpting or otherwise embodying Designated Information, that filing party shall either (1) provide the Designating Party with two (2) [five (5)] court days notice of the filing of the Designated Information to allow the Designating Party an opportunity to provide the filing party with a written application and proposed order in support of the grounds for the sealing of the document, which the filing party shall file along with

- 10 -  [PROPOSED] PROTECTIVE ORDER

| | |
|---|---|
| 1 | the Designated Information in accordance with the procedures set forth in Central |
| 2 | District of California Local Rule 79-5; or (2) file the document provisionally under |
| 3 | seal in accordance with the procedures set forth in Central District of California |
| 4 | Local Rule 79-5 by filing a written application indicating that the document has |
| 5 | been designated as confidential by one of the parties pursuant to the terms of a |
| 6 | protective order and that the protective order allows the Designating Party ~~five (5)~~ two (2) |
| 7 | court days after the filing within which to support the grounds for the sealing of the |
| 8 | document. The Designating Party shall then have ~~five (5)~~ two (2) court days after such |
| 9 | filing within which to support the grounds for sealing the document. ~~In the event~~ |
| 10 | the Court rejects the provisionally filed document(s) prior to the Designating |
| 11 | Party's submission of the written application and proposed order, then the filing |
| 12 | party shall re-file the document(s) along with the written application and proposed |
| 13 | order provided by the Designating Party and the Court's rejection of such filing |
| 14 | shall not be deemed to result in the filing party having missed a filing deadline |
| 15 | solely for that reason. The Designating Party shall provide the written application |
| 16 | and proposed order within ~~five (5)~~ two (2) court days of the Court's rejection of the |
| 17 | ~~provisionally filed document(s).~~ |

14. **Additional Procedures to Protect Confidential Information Used in Open Court**. Any party who desires to use Designated Information at a hearing to be held in open court shall provide notice to opposing counsel and counsel for the Designating Party at least two court days in advance of the hearing at which counsel intends to use the Designated Information; provided, however, that in circumstances in which it is not reasonably possible to provide notice at least two court days in advance of the hearing, such notice shall be provided at the earliest reasonable opportunity prior to the hearing.

Prior to disclosing Designated Information in any proceeding before the Court, the party that intends to disclose Designated Information shall take

- 11 -    [PROPOSED] PROTECTIVE ORDER

reasonable steps to maintain the confidentiality of the Designated Information. The party shall so inform the Court so that the Court may decide what precautions, if any, are appropriate to protect the Designated Information, including how exhibits or other documents containing Designated Information shall be used or filed to maintain their confidentiality.

15. **Use of Designated Information At Trial**: After, or in connection with, the final pretrial conference, the Parties shall meet and confer to reach an agreement, subject to the approval of the Court, as to the confidentiality of information to be used at trial and documents designated as trial exhibits, or, if necessary, a method of maintaining the confidentiality of such information and documents at trial.

16. **Modifications in Writing**. Nothing herein shall prevent disclosure beyond the terms of this Protective Order if counsel for the Designating Party consents in writing or on the record to such disclosure. Any consent given under this Protective Order with respect to confidentiality of the particular document shall not be deemed a waiver of any other designation. The Parties may amend or modify any provision of this Protective Order by mutual agreement, which agreement shall be embodied in a written stipulation to be approved by the Court.

17. **No Waiver**. Nothing in this Order shall prejudice the right of any party to object to the production of any document or part thereof upon any appropriate ground, including any applicable privilege, or to object to the production of documents in a particular format, and nothing herein shall be construed as a waiver of such rights. Moreover, nothing in this Protective Order shall prejudice the right of any party to object to the authenticity and/or admissibility at trial of any material, whether Designated Information or not, on any appropriate ground, and nothing herein shall be construed as a waiver of such right.

## 18. Inadvertent Production of Privileged Materials.

(1) With respect to the inadvertent production of privileged or protected material, the Parties shall follow the procedures set forth in Federal Rule of Civil Procedure 26(b)(5)(B); provided, however, that any notification of the inadvertent production of privileged or protected material must be in writing. Regarding the inadvertent production of privileged or protected material that was produced via a hard drive or other electronic form, such that it cannot be detached for return, the following additional procedures shall apply: The Receiving Party shall refrain from reviewing or using the material in any way, pending the logging of the material on a privilege log, and the resolution of any challenges to the assertion of the privilege or protection. Upon the resolution of any such challenges, if the material is determined to be privileged and/or protected, the Receiving Party shall remove such material from any secondary media to which the material has been transferred and destroy any hard copies that have been created (including without limitation media and hard copies in the possession of its counsel, witnesses, consultants, and/or experts) and, upon the production of replacement media containing only the non-privileged and/or non-protected portion of the production that included the inadvertently produced privileged and/or protected material, the Receiving Party shall return to the producing party the original media containing the inadvertently produced privileged and/or protected material.

(2) If there is a dispute whether the specified information is privileged or subject to protection, the issue shall be presented in accordance with Central District of California Local Rule 37. Until the Court makes a determination as to the privilege or protected status, the Receiving Parties shall not use the specified information in any way (including at depositions) or disclose the specified information.

19. **Disposition Upon Conclusion**. Within sixty (60) calendar days after final judgment (whether after settlement, trial, or otherwise) of this Action, including the time for filing and resolution of all appeals, or such other period as the parties agree upon, each Receiving Party shall either (a) return to the Designating Party or (b) destroy and certify such destruction to the Designating Party, all documents, objects and other materials produced or designated as containing Designated Information under this Protective Order, and each Receiving Party shall destroy in whatever form, stored or reproduced, all other documents, objects and other materials that contain or refer to Designated Information. Notwithstanding the foregoing, counsel of record in this Action may retain copies of briefs and other papers filed with the Court, deposition transcripts, and attorney work product that contains or reflects Designated Information, so long as such briefs and other papers are maintained in confidence in accordance with the provisions of this Protective Order and documents designated as containing Designated Information produced by Designating Parties are returned or destroyed.

20. **Jurisdiction**. The Court retains jurisdiction to amend, to modify or to enforce this Protective Order upon stipulation of the parties to this Action, motion by any Designating Party, or on its own motion.

21. **Violation of this Protective Order**. In the event anyone violates or threatens to violate the terms of this Protective Order, the aggrieved Designating Party may immediately apply for injunctive relief against any such person violating or threatening to violate any of the terms of this Protective Order. The parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Protective Order, the terms of which shall survive the conclusion of this Action.

If Designated Information is disclosed in violation of this Protective Order, any person subject to this Protective Order who caused, permitted or was otherwise

- 14 -    [PROPOSED] PROTECTIVE ORDER

responsible for the disclosure shall immediately inform the Designating Party of all pertinent facts relating to the disclosure, and shall make every effort to prevent any further disclosure, including any disclosure by any person who received any Designated Information in violation of this Protective Order.

22. **The Parties Have the Right to Seek Further Relief**. This Protective Order is without prejudice to the right of a Designating Party or person subject to this Protective Order to seek relief from the Court, pursuant to Local Rule 37 upon good cause shown, from any of the provisions or restrictions provided herein.

23. **Other Proceedings**. Any person subject to this Protective Order who receives a subpoena or other request for the production or disclosure of any Designating Party's Designated Information shall promptly give written or facsimile notice to the Designating Party, identifying the information sought and enclosing a copy of the subpoena or other request. The person subject to the subpoena or other request shall not produce or disclose the Designated Information without consent of the Designating Party, or until ordered to do so by a court of competent jurisdiction, provided that the Designating Party makes a motion or other application for relief from the subpoena or other request in the appropriate forum within twenty-one (21) days from the date the Designating Party receives notice of the service of the subpoena.

24. **Use at Trial**. Any documents introduced at trial, regardless of designation under this Order, will be presumptively available to all members of the public, including the news media, unless good cause is shown to the District Court Judge in advance of the trial.

```
1  IT IS SO ORDERED:
2  DATED: August 10, 2009         _____
                                   Hon. Fernando M. Olguin
3                                  United States District Court
```

## Exhibit A

### AGREEMENT TO ABIDE BY PROTECTIVE ORDER

I have read the Protective Order applicable to the above-captioned Action (the "Protective Order"). I understand its terms and agree to be fully bound by them, and hereby submit to the jurisdiction of the United States District Court, Central District of California, for purposes of the enforcement of the Protective Order. I understand, in particular, that any Confidential Information and any copies, excerpts or summaries thereof and materials containing Confidential Information derived therefrom, as well as any knowledge or information derived from, any of the aforementioned items may be used only for purposes of this litigation and may not be used for any other purpose, including without limitation, in connection with any other litigation, judicial, administrative proceeding, dispute or case, or for any business, competitive, or commercial purpose. I further understand that failure to abide fully by the terms of the Protective Order may result in legal action and sanctions.

Dated: _____  Agreed: _____

SF1 1532199v.1