Michael C. Kelley (SBN 090062)
mkelley@sidley.com
Bradley H. Ellis (SBN 110467)
bellis@sidley.com
Jodi E. Lopez (SBN 231117)
jlopez@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, 40th Floor
Los Angeles, California 90013
Telephone:   (213) 896-6000
Facsimile:    (213) 896-6600

Michael L. Rugen (SBN 85578)
mrugen@sidley.com
Robert B. Martin III (SBN 235489)
rbmartin@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California 94104
Telephone:   (415) 772-1200
Facsimile:    (415) 772-7400

Attorneys For Defendant KPMG LLP

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NEW CENTURY | Consolid. Case No. 2:07-cv-00931-DDP (FMOx) |
| | Hon. Fernando M. Olguin |
| | **DISCOVERY MATTER** |
| | [PROPOSED] ORDER GRANTING KPMG LLP'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS FROM LEAD PLAINTIFF NEW YORK STATE TEACHERS' RETIREMENT SYSTEM AND PLAINTIFFS CARL LARSON AND CHARLES HOOTEN |

1    The Court, having reviewed and considered the Joint Stipulation

2 Regarding KPMG LLP's ("KPMG") Motion to Compel the Production of Documents

3 From Lead Plaintiff New York State Teachers' Retirement System and Plaintiffs Carl

4 Larson and Charles Hooten (collectively "Plaintiffs"), and all declarations and

5 arguments relating thereto, hereby grants KPMG's motion.

6    NYSTRS shall produce to KPMG (1) all minutes of NYSTRS's Board of

7 Trustee meetings from January 1, 2005 to the present, including any and all

8 documents that were provided to NYSTRS's Board of Trustees in connection with

9 such meetings and/or memorialize all or part of a Board of Trustees meeting; (2) all

10 documents that refer or relate to any policy, practice, procedure and/or strategy

11 relating to the "Mortgage pass-through certificates" and the "Collateralized Mortgage

12 Obligations" described in the "Notes to Financial Statements" section of NYSTRS's

13 annual financial report for the fiscal years ended June 30, 2006 and June 30, 2007; (3)

14 all documents that refer or relate to NYSTRS's investment strategy and/or policy

15 relating to investments made pursuant to the "Leeway Clause" of Section 177, as

16 quoted in the "Deposit and Investment Risk Disclosure" section of NYSTRS's annual

17 financial reports for the fiscal years ended June 30, 2006 and June 30, 2007; (4) all

18 documents from January 1, 2005 to the present that refer or relate to mortgage

19 investments that were acquired under the Leeway Clause, as discussed in the "Real

20 Estate and Mortgages" section of the "Notes to Financial Statements" in NYSTRS's

21 annual financial report for the fiscal years ended June 30, 2006 and June 30, 2007; (5)

22 all documents from January 1, 2005 to the present created by or received from, either

23 directly or indirectly, and/or all communications with, NYSTRS's Investment

24 Advisory Committee, Real Estate Advisory Committee, and REIT Real Estate

25 Advisors; (6) all documents, including but not limited to, notes, minutes, and/or

26 agendas, from January 1, 2005 to the present that refer or relate to any meeting of

27 NYSTRS's Investment Advisory Committee, Real Estate Advisory Committee, and

28 REIT Real Estate Advisors, including any and all documents that were provided to

1

these committees and advisors in advance of or at such meetings; (7) all documents from January 1, 2005 to the present that support Plaintiffs' claims and/or defenses in this action; (8) all documents that refer or relate to Plaintiffs' contentions in paragraphs 49, 50, 51, 53, 538, 539, and 540 of the Complaint; (9) all documents Plaintiffs and their counsel received from any current and/or former New Century shareholder concerning New Century; and (10) all documents Plaintiffs and their counsel received from, either directly or indirectly, any other Plaintiff and/or putative class member in this action.

IT IS SO ORDERED.

DATED: _____, 2009

_____
Honorable Fernando M. Olguin
United States Magistrate Judge