1  Michael C. Kelley (SBN 090062)
   mkelley@sidley.com
2  Bradley H. Ellis (SBN 110467)
   bellis@sidley.com
3  Jodi E. Lopez (SBN 231117)
   jlopez@sidley.com
4  SIDLEY AUSTIN LLP
   555 West Fifth Street, 40th Floor
5  Los Angeles, California 90013
   Telephone:   (213) 896-6000
6  Facsimile:   (213) 896-6600

7  Michael L. Rugen (SBN 85578)
   mrugen@sidley.com
8  Robert B. Martin III (SBN 235489)
   rbmartin@sidley.com
9  SIDLEY AUSTIN LLP
   555 California Street, Suite 2000
10 San Francisco, California 94104
   Telephone:   (415) 772-1200
11 Facsimile:   (415) 772-7400

12 Attorneys For Defendant KPMG LLP

13              UNITED STATES DISTRICT COURT

14             CENTRAL DISTRICT OF CALIFORNIA

15 IN RE NEW CENTURY                    ) Consolid. Case No. 2:07-cv-00931-DDP
                                        ) (FMOx)
16                                      )
17                                      ) **DISCOVERY MATTER**
18                                      )
                                        ) JOINT STIPULATION REGARDING
19                                      ) KPMG LLP'S MOTION TO COMPEL
                                        ) THE PRODUCTION OF DOCUMENTS
20                                      ) FROM LEAD PLAINTIFF NEW YORK
                                        ) STATE TEACHERS' RETIREMENT
21                                      ) SYSTEM AND PLAINTIFFS CARL
                                        ) LARSON AND CHARLES HOOTEN
22                                      )
23                                      )
24                                      ) Date & Time:  October 14, 2009, 10 a.m.
                                        ) Dept:  F
25                                      ) Discovery Cut-off:     None Set
26                                      ) Pretrial Conf.:        None Set
27 _____     ) Trial Date:            None Set
28

─────────────────────────────────────────────────────
   JOINT STIPULATION RE KPMG'S MOTION TO COMPEL THE PRODUCTION OF
                           DOCUMENTS
LA1 1644722v.1

# TABLE OF CONTENTS

**Page**

KPMG's INTRODUCTORY STATEMENT ................................................................1

PLAINTIFFS' INTRODUCTORY STATEMENT.....................................................4

DISPUTED ISSUES .....................................................................................................7

1.   Documents Plaintiffs Refuse To Produce On The Grounds of Relevancy
     And Undue Burden...............................................................................................7

     (a)   Requests Regarding NYSTRS's Board Of Trustee Meeting
           Minutes .......................................................................................................7

           A.    KPMG'S POSITION....................................................................8

                 a.    NYSTRS's Board of Trustees Minutes And Related
                       Documents Are Discoverable And Must Be Produced........8

           B.    PLAINTIFFS' POSITION..........................................................11

     (b)   Requests Regarding NYSTRS's Investment Committees and
           Advisors And Investment Vehicles Described In NYSTRS's
           Annual Reports.........................................................................................15

           A.    KPMG'S POSITION..................................................................25

                 1.    Documents Concerning NYSTRS's Investment
                       Vehicles, Advisors, or Committees Are Relevant And
                       Discoverable...................................................................25

                 2.    NYSTRS's Undue Burden and Privacy Objections
                       Lack Merit.......................................................................28

           B.    PLAINTIFFS' POSITION..........................................................29

2.   Documents Withheld by Plaintiffs On Work Product Grounds.......................36

           A.    KPMG'S POSITION..................................................................44

                 1.    The Work Product Doctrine Does Not Apply to
                       Documents Collected By Lead Plaintiff During Its
                       Investigation...................................................................44

i

JOINT STIPULATION RE KPMG'S MOTION TO COMPEL THE PRODUCTION OF
DOCUMENTS

LA1 1644722v.1

        B.      PLAINTIFFS' POSITION..........................................................46

3.    Documents Plaintiffs Refuse To Produce On Attorney-Client Privilege
      Grounds...........................................................................................52

        A.      KPMG'S POSITION ...................................................................54

        B.      PLAINTIFFS' POSITION..........................................................55

JOINT STIPULATION RE KPMG'S MOTION TO COMPEL THE PRODUCTION OF
DOCUMENTS

LA1 1644722v.1

1    Pursuant to Federal Rule of Civil Procedure 37(a) and Local Rule 37-2,

2  Defendant KPMG LLP ("KPMG"), Lead Plaintiff the New York State Teachers'

3  Retirement System ("NYSTRS"), and plaintiffs Carl Larson ("Larson") and Charles

4  Hooten ("Hooten) (collectively "Plaintiffs"), submit this Joint Stipulation Regarding

5  KPMG's Motion to Compel the Production of Documents from Plaintiffs ("Motion to

6  Compel").[1]  In accordance with Local Rule 37-1, counsel for the parties conferred

7  telephonically and exchanged multiple letters regarding the disputed issues set forth

8  below.

9  **KPMG's INTRODUCTORY STATEMENT**

10    By this motion, KPMG seeks an order from the Court compelling the

11  production of documents that Plaintiffs have wrongfully and repeatedly withheld upon

12  boilerplate assertions of relevance, undue burden, and attorney-client and work-

13  product privileges.  The documents in dispute are undoubtedly relevant to the claims

14  or defenses asserted in this litigation, or at the very least, relate to the subject matter of

15  this litigation.  This Court has previously held that the relevancy of discovery requests

16  are broadly construed and "should be allowed unless it is clear that the information

17  sought can have no possible bearing on the claim or defense of a party." July 8, 2009

18  Order Re: Discovery Motion, at 2.  Plaintiffs cannot make such a showing as to the

19

20

21

22  [1] As is evident from the text of the disputed document requests, some of the requests
   are specific only to NYSTRS; KPMG moves to compel production of documents from
23  those requests as to NYSTRS only.  *See* Request Nos. 11, 21-23 and 26-32.  With
   respect to the requests not specific to NYSTRS (Request Nos. 33, 36, 38 and 50-57),
24  KPMG moves to compel documents from NYSTRS, Larson and Hooten, on the basis
   that Lead Plaintiff's counsel previously confirmed that the responses to those requests
25  were on behalf of NYSTRS, Larson, and Hooten.  *See* Declaration of Jodi E. Lopez
   ("Lopez Decl.") Exh. F, at 135-136; Lopez Decl., Exh. H, at 151; Lopez Decl., Exh. J,
26  at 166.

27

28

---

LA1 1644722v.1

1  requested documents, and this Court should thus reject their claims of irrelevancy, and

2  their unsupported assertions of undue burden.

3      For example, NYSTRS claims that their Board of Trustee minutes, documents

4  relating to investment vehicles detailed in their annual reports, and other documents

5  relating to their investment vehicles or strategies, are irrelevant solely on the basis that

6  NYSTRS purportedly invests based upon an indexing process.  Yet in this litigation,

7  Plaintiffs contend they suffered damages related to their investments in New Century

8  securities arising from KPMG's purported violations of Section 11 of the Securities

9  Act of 1933 and Section 10(b) of the Securities Exchange Act regarding KPMG's

10  audits of New Century's 2005 financial statements and internal controls.  Issues of

11  materiality, reliance, and causation are central to such claims, and highly relevant to

12  the proof of such issues are a plaintiff's investment history, practices, strategy, or

13  decisions.  For example, the Board of Trustee minutes and other requested documents

14  may support or controvert Plaintiffs' contention that NYSTRS invests pursuant to an

15  indexing process, or the documents may demonstrate NYSTRS's understanding of

16  market conditions, investment risks, market warnings, sophistication, or risk

17  tolerance.  Most notably, such documents may show KPMG's alleged misstatements

18  could not have caused Plaintiffs' claimed damages, or may negate Plaintiffs' reliance

19  upon KPMG's alleged misstatements.  The documents may also establish or disprove

20  that NYSTRS will be an adequate class representative, a key issue for purposes of

21  class certification.  Plaintiffs cannot in good faith contend that such documents "have

22  no possible bearing on the claim or defense of a party"; they are thus relevant and

23  must be produced.

24      Plaintiffs also make boilerplate objections that the production of such

25  documents would be overly burdensome and may disclose private or confidential

26  information.  Plaintiffs failed to present any evidence to KPMG supporting their

27  undue burden objection, nor can they defend their privacy objection because the

28                                          2

1   requests concededly relate only to NYSTRS, not to third parties that are not part of the

2   putative class.  In any event, plaintiffs cannot explain why any confidentiality

3   concerns could not be obviated by a protective order, such as by the protective order

4   concerning confidentiality recently entered by this Court.

5       Plaintiffs are also wrongfully withholding documents they collected during the

6   course of their investigation on the basis that such documents—which existed before

7   the litigation and many of which were collected from New Century employees,

8   shareholders, or third-party witnesses—are protected under attorney-client or work-

9   product privileges.  Plaintiffs apparently are themselves unsure of whether those

10  privileges apply to these documents; Plaintiffs initially objected to the production of

11  such documents, then agreed to produce them, but then stated they would produce

12  only those documents that they collected and which they referred to in the Complaint.

13  Lopez Decl. ¶ 12.

14      To make matters clear for Plaintiffs, neither privilege protects the documents

15  they collected during the course of their investigation or documents they referred to in

16  their Complaint.  As recognized by numerous courts and treatises, the attorney-client

17  and work-product privileges do not protect documents collected during factual

18  investigations; in fact, even documents collected from an attorney's client are not

19  protected by those privileges.  A contrary rule would immunize any document from

20  discovery as long as opposing counsel got his or her hands on it first, regardless of the

21  evidentiary value of the document.  The law does not support such gamesmanship,

22  and this Court should compel production of those documents.

23      In addition, it bears mention that plaintiffs have unreasonably drawn out the

24  meet-and-confer process.  KPMG served its First Set of Requests for Production of

25  Documents (the "Requests") upon Plaintiffs on March 27, 2009.  Plaintiffs responded

26  a month later with boilerplate objections, most of which unreasonably limited the

27  timeframe of Plaintiffs' search for documents responsive to the Requests.  KPMG

28

3

JOINT STIPULATION RE KPMG'S MOTION TO COMPEL THE PRODUCTION OF
DOCUMENTS

LA1 1644722v.1

1   then engaged in a lengthy meet-and-confer process with Plaintiffs, during which

2   Plaintiffs purportedly amended *all* of their responses to the Requests on June 11,

3   2009, over two months after service of the Requests.  It took numerous letters and

4   telephonic conferences to narrow finally plaintiffs' positions regarding the withheld

5   documents so that KPMG could bring this Motion to Compel.  Moreover, over five

6   months after service of the Requests and despite the fact that most of the requests are

7   not in dispute, Plaintiffs have produced only 2,955 pages to KPMG[2] and have refused

8   to identify a date by when KPMG can expect Plaintiffs to complete their document

9   production.  Lopez Decl. ¶ 16.

10      KPMG is entitled to the production of the documents in dispute, and Plaintiffs

11  should not be allowed to withhold them any longer.  For those reasons and as

12  expressed below, the Court should grant KPMG's Motion to Compel.

13  **PLAINTIFFS' INTRODUCTORY STATEMENT**

14      This discovery dispute concerns a transparent effort by Defendant KPMG LLP

15  ("KPMG") to burden and harass the institutional Lead Plaintiff, the New York State

16  Teachers' Retirement System ("NYSTRS"), through blunderbuss discovery requests

17  seeking documents that have no relevance to the claims or defenses in this litigation or

18  improper disclosure of privileged or protected information.  The Court should not

19  permit KPMG to overburden and harass NYSTRS through improper discovery.[3]

20

21  _____

    [2] For comparison, KPMG has produced to Plaintiffs a total of 2,043,881 pages of
22  documents as of September 11, 2009.  Lopez Decl. ¶ 17.

23  [3] KPMG's motion purports to seek to compel the production of documents from the
    representative individual plaintiffs, Carl Larson ("Larson") and Charles Hooten
24  ("Hooten") (together with NYSTRS, "Plaintiffs").  However, KPMG's motion fails to
    identify specifically any documents or categories of documents it seeks from Larson
25  or Hooten, both of whom have already completed their production of New Century
    documents.  Accordingly, to the extent KPMG contends that the requests at issue
26  apply to Larson or Hooten, Plaintiffs incorporate the arguments set forth herein.
27

28                                                4

    JOINT STIPULATION RE KPMG'S MOTION TO COMPEL THE PRODUCTION OF
                                    DOCUMENTS

1    NYSTRS is precisely the type of experienced fiduciary that Congress intended

2 to serve as Lead Plaintiff and prosecute claims on behalf of the putative class in this

3 action.  Established in 1921, NYSTRS is the second largest public retirement system

4 in the state of New York and one of the 10 largest systems in the nation.  NYSTRS

5 administers retirement, disability and death benefits for more than 400,000 current and

6 retired New York State public school teachers and administrators and manages assets

7 of approximately $72 billion.  *See* Declaration of Lead Plaintiff New York State

8 Teachers' Retirement System ("NYSTRS Declaration"), filed herewith, at ¶3.

9    On March 27, 2009, KPMG served its First Set of Requests for Production of

10 Documents to Plaintiffs ("First Request").  KPMG's First Request contains ***sixty-nine***

11 separate enumerated requests seeking broad categories of documents, many of which

12 have no bearing whatsoever on any claim or defense in this litigation.[4]  Similarly,

13 many of KPMG's requests are not constrained by any time or subject matter limitation

14 that relates to any issue in this action.  Accordingly, KPMG's requests are not

15 calculated to lead to the discovery of admissible evidence but rather appear designed

16 to harass the Lead Plaintiff or to conduct a "fishing expedition" without any regard for

17 the burdens placed on NYSTRS, as demonstrated in the NYSTRS Declaration at ¶¶9-

18 12.

19    NYSTRS, like thousands of other class members, was an investor in New

20 Century publicly traded common stock.  Appropriate discovery to NYSTRS should be

21 focused on its investment in New Century stock.  Yet, KPMG's broad requests

22 apparently seek documents that generally relate to ***all*** of NYSTRS's investments in ***all***

23 types of securities, and are not limited to investments in New Century or even the

24 subject matter of this litigation.  *See*, *e.g.*, Request Nos. 11, 21-23, 26-32.  Despite

25

26 [4] By comparison, other Defendants served a total of ***thirteen*** separate enumerated
   requests on Plaintiffs.  *See*, Declaration of Elizabeth Lin In Opposition To KPMG
27 LLP's Motion to Compel ("Lin Declaration"), Ex. A.

28
   JOINT STIPULATION RE KPMG'S MOTION TO COMPEL THE PRODUCTION OF
   DOCUMENTS

1    NYSTRS's agreement and willingness to produce responsive documents that relate to

2    NYTSRS's New Century investment or to this litigation, KPMG persists in this

3    motion, claiming that documents which admittedly have no connection to New

4    Century *may* be relevant to: (i) NYSTRS's understanding of "investment risks" or

5    "market warnings"; (ii) the "sources or causes to which NYSTRS attributed its losses

6    in certain investments"; or (iii) NYSTRS's use of indexed investing.  KPMG further

7    claims that documents concerning NYSTRS's investments generally may provide

8    "insight into NYTRS's general investment philosophies, strategies and procedures."

9          KPMG's arguments are inapposite.  Courts routinely hold that a lead plaintiff's

10   sophistication is irrelevant.  Moreover, NYTSRS's losses in other investments have no

11   bearing on its losses in New Century stock and KPMG fails to show any logical

12   connection.  In a securities fraud case where New Century stock traded on a public

13   market, NYSTRS, like all other class members, is entitled to a presumption of reliance

14   on the market.  Accordingly, KPMG's discovery "can have no possible bearing on the

15   claim or defense of a party."  July 8, 2009 Order Re: Discovery Motion, at 2.  This is

16   especially true in this case where NYSTRS's investments in New Century and

17   *hundreds* of other companies were made pursuant to an index approach, as opposed to

18   any New Century-specific analysis.

19         The Federal Rules of Civil Procedure require courts to limit discovery that is

20   "unreasonably cumulative or duplicative, or can be obtained from some other source

21   that is more convenient, less burdensome, or less expensive," or where the burden or

22   expense of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P.

23   26(b)(2)(C).  Moreover, where – as here – discovery is sought to harass or oppress

24   another party, the court should impose limitations.  *See*, *e.g.*, *Melendez v. Greiner*,

25   2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003) (quoting *In re Six Grand Jury*

26   *Witnesses*, 979 F.2d 939, 943 (2d Cir. 1992)).

27

28
                                        6
─────────────────────────────────────────────
         JOINT STIPULATION RE KPMG'S MOTION TO COMPEL THE PRODUCTION OF
                                  DOCUMENTS

1    KPMG's arguments are also disingenuous.  Plaintiffs have not "amended" their

2    responses and objections, but instead provided additional information in good faith in

3    connection with the ongoing meet and confer process "to clarify and explain what

4    NYSTRS will or will not produce."  *See* July 8, 2009 letter from E. Lin to J. Lopez,

5    attached to the Lopez Decl., Ex. F at 2.  Moreover, contrary to KPMG's claims, Lead

6    Plaintiff has not delayed the meet and confer process.  KPMG's numerous and overly

7    broad requests necessitated an extensive meet and confer process.  Finally, KPMG

8    insinuates that NYSTRS has not made a fulsome production because KPMG has so

9    far produced "more" documents and because NYSTRS has not completed its

10   production.  This argument is without basis.  Investors that serve as lead plaintiffs in

11   securities class actions typically have few documents relevant to the claims and

12   defenses in the litigation, other than their transaction records in the subject securities.

13   *See* Lin Declaration, ¶16.  Plaintiffs have diligently searched for and produced

14   thousands of pages of documents, despite KPMG's pending motion to compel.

15   **DISPUTED ISSUES**

16   **1.    Documents Plaintiffs Refuse To Produce On The Grounds of**

17   **Relevancy And Undue Burden**

18   **(a) Requests Regarding NYSTRS's Board Of Trustee Meeting**

19   **Minutes**

20

21   **REQUEST FOR PRODUCTION NO. 11**

22   All minutes of NYSTRS' Board of Trustee meetings from January 1, 2005 to

23   the present, including any and all DOCUMENTS that were provided to NYSTRS'

24   Board of Trustees in connection with such meetings and/or memorialize all or part of

25   a Board of Trustees meeting.

26

27

28

7

**RESPONSE TO REQUEST NO. 11**

Plaintiffs incorporate their General Objections and Objections to Definitions by reference. Plaintiffs object to this Request as irrelevant, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this Request to the extent it seeks disclosure of private or confidential information and documents. Plaintiffs object to this Request as burdensome and harassing to the extent that it seeks documents and information that are not relevant to the claims or defenses of any party in this litigation.

Subject to and without waiving any of the general and specific objections, Lead Plaintiff NYSTRS will produce relevant non-privileged documents, if any, from May 5, 2005 to March 13, 2007 in their possession, custody or control that concern Plaintiffs' investment in New Century securities.

**JUNE 11 MODIFIED RESPONSE TO REQUEST NO. 11[5]**

NYSTRS will produce all minutes of NYSTRS' Board of Trustees meetings from January 1, 2005 to the present, including any and all documents that were provided to NYSTRS' Board of Trustees in connection with such meetings and/or memorialize all or part of a Board of Trustees meeting, to the extent the document concerns New Century or this litigation and is not privileged.

**A.     KPMG'S POSITION**

**a.     NYSTRS's Board of Trustees Minutes And Related Documents Are Discoverable And Must Be Produced**

NYSTRS's response to Request No. 11 impermissibly narrows the scope of the Request to only those documents concerning "New Century or this litigation," which

---

[5] Pursuant to its June 11, 2009 letter, Lead Plaintiff modified its original responses and objections to KPMG's Requests in its June 11, 2009 letter, following KPMG's May 26, 2009 letter and the parties' June 5, 2009 meet and confer conference. *See* Lopez Decl., Exh. D at 100.

JOINT STIPULATION RE KPMG'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

LA1 1644722v.1

1  for all practical purposes means documents concerning New Century.  According to

2  NYSTRS, documents concerning KPMG's request, but that do not relate to New

3  Century, are irrelevant and will not be produced.  *See* Lopez Decl. ¶ 11; *see also*

4  Lopez Decl., Exh. H, at 153.  NYSTRS's position is unreasonable in light of the broad

5  reach of discovery under the Federal Rules and this Court's prior orders.

6         Lead Plaintiff contends that the withheld documents do not concern New

7  Century because the investments NYSTRS made in New Century were made pursuant

8  to an indexing process.  *See* Lopez Decl., Exh. G, at 142; Exh. H, at 153.  Even if true,

9  that reason does not insulate the withheld documents from discovery.  To the contrary,

10  NYSTRS's Board of Trustee meeting minutes and documents provided to the Board

11  at or in advance of the meetings may be directly relevant to Plaintiffs' claims that

12  KPMG's audit opinions regarding New Century contributed to the alleged losses they

13  suffered in connection with their investments in New Century.  Specifically, those

14  documents—regardless of whether they relate to New Century—could demonstrate

15  NYSTRS's understanding of the overall market conditions, investment risks, or

16  market warnings of which NYSTRS was aware, or the sources or causes to which

17  NYSTRS attributed its losses in certain investments, including in New Century

18  securities or other mortgage-related investments.  The document minutes may also

19  confirm, explain, or refute NYSTRS's purported use and/or reliance upon the

20  indexing processing and how that process affected NYSTRS's investments.  Such

21  documents may also provide insight into NYSTRS's general investment philosophies,

22  strategies and procedures, which may have impacted NYSTRS's investment decisions

23  concerning New Century securities.

24         It is well-settled that even where a party's board or committee meeting minutes

25  do not directly address the claims at issue in the litigation, courts still permit discovery

26  where, as here, such information could be potentially relevant to the claims or

27  defenses of the parties.  *See, e.g., Dowling v. American Hawaii Cruises*, 971 F.2d 423,

28

9

JOINT STIPULATION RE KPMG'S MOTION TO COMPEL THE PRODUCTION OF
DOCUMENTS

1  427 (9th Cir. 1992) (committee meeting minutes were discoverable in their entirety

2  "because the minutes contained material *potentially relevant* to [plaintiff's] claim")

3  (emphasis added); *see also Nelson v. Production Credit Assoc. of the Midlands*, 1989

4  U.S. Dist. LEXIS 16915, at *11-12 (D. Neb. Mar. 22, 1989) (relevance objection to

5  full disclosure of board of directors meeting minutes overruled where "[i]t is well

6  established that relevance for purposes of discovery under the Federal Rules is

7  construed more broadly than it is for purposes of trial.").

8      For example, in *Flomo v. Bridgestone Americas Holding, Inc.*, the plaintiffs

9  asserted claims regarding forced child labor and sought the minutes of the defendant's

10  board meetings.  2009 U.S. Dist. LEXIS 44535, at *33-34 (S.D. Ind. May 20, 2009).

11  The defendant limited its production of its minutes only to those "relevant to [the]

12  lawsuit" and that referenced child labor.  *Id*.  The court rejected this limitation and

13  ordered the production of all minutes on additional issues that "may provide

14  admissible information" on the claims at issue in the litigation.  *Id*.  As in *Flomo*,

15  Plaintiffs here impermissibly restricted the production of documents responsive to

16  Request No. 11.

17      Moreover, as this Court previously held, the determination of whether a request

18  for discovery is "relevant" is broadly construed and "should be allowed unless it is

19  clear that the information sought can have no possible bearing on the claim or defense

20  of a party."  July 8, 2009 Order Re: Discovery Motion, at 2; *see City of Rialto v. U.S.*

21  *Dept. of Defense*, 492 F. Supp. 2d 1193, 1202 (C.D. Cal. 2007) ("a request for

22  discovery should be considered relevant if there is any possibility that the information

23  sought may be relevant to the claim or defense of any party."); *see Miller v. Pancucci*,

24  141 F.R.D. 292, 296 (C.D. Cal. 1992) (discovery may be had on "any matter that

25  bears on, or that reasonably could lead to other matter that could bear on, any issue

26  that is or may be in the case." (citations omitted).  Plaintiffs cannot contend that the

27  withheld documents "have no possible bearing" on the claims and defenses asserted in

28

10

JOINT STIPULATION RE KPMG'S MOTION TO COMPEL THE PRODUCTION OF
DOCUMENTS

1    this litigation.  Hence, the Court should order Plaintiffs to produce *all* documents

2    responsive to this request.

3    **B.    PLAINTIFFS' POSITION**

4         Without any subject matter limitation or regard for the burden placed on

5    NYSTRS, KPMG demands NYSTRS produce ***all*** minutes of its Board of Trustee

6    meetings from January 1, 2005, ***to the present***, including ***all*** documents provided to

7    the Board in connection with such meetings.  NYSTRS has agreed to produce all non-

8    privileged documents responsive to KPMG's Request No. 11 dated from January 1,

9    2005, to the present, to the extent such documents concern NYSTRS's investments in

10   New Century securities or this litigation.[6]  Lead Plaintiff also has produced documents

11   relating more generally to NYSTRS's investment policies, including NYSTRS's

12   investment policy manuals.  Nevertheless, in a complete fishing expedition, KPMG

13   seeks production of ***all*** NYSTRS's Board of Trustee meeting minutes and associated

14   documents ***even if they do not concern New Century or this litigation***.

15        KPMG claims that such documents are relevant to its defense because the

16   documents "could demonstrate NYSTRS's understanding of the overall market

17   conditions, investment risks, or market warnings."  This argument is without basis.

18   NYSTRS's investments in New Century stock were made pursuant to an indexing

19   approach, a form of "passive" investing by which groups of securities are selected in

20   an effort to mimic a particular market.  *See* NYSTRS Declaration, at ¶8.  Accordingly,

21   investments in New Century stock were made in reliance on the market price for New

22   Century stock (which is presumed to incorporate efficiently all public information),

23   not on "overall market conditions, investment risks, or market warnings."  NYSTRS's

24   understanding of market conditions and investment risks therefore is irrelevant.  *See*

25   _____

26   [6]  *See* June 11, 2009 letter from E. Lin to J. Lopez, attached to the Lopez Decl., Ex. D,
     at 4; Aug. 24, 2009 letter from E. Lin to J. Lopez, attached to the Lopez Decl., Ex. J at

27   2.

28   11

---

JOINT STIPULATION RE KPMG'S MOTION TO COMPEL THE PRODUCTION OF
DOCUMENTS

LA1 1644722v.1

1  *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 506 (9th Cir. 1992) ("Differences in

2  sophistication, etc., among purchasers have no bearing in the impersonal market fraud

3  context, because dissemination of false information necessarily translates through

4  market mechanisms into price inflation which harms each purchaser identically");

5  *Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir. 1975) (same).

6       Moreover, KPMG's discovery is particularly overbroad and intrusive because it

7  is premised on a ***mere speculation*** that thousands of NYSTRS documents, admittedly

8  not related to investments in New Century securities or this litigation whatsoever,

9  somehow might still lead to the discovery of admissible evidence. "While Rule

10  26(b)(1) still provides for broad discovery, courts should not grant discovery requests

11  based on pure speculation that amount to nothing more than a 'fishing expedition'."

12  *Collens v. City of New York*, 222 F.R.D. 249, 253 (S.D.N.Y. 2004); *see also Surles v.*

13  *Air France*, 2001 U.S. Dist. LEXIS 10048, at *11 (S.D.N.Y. July 9, 2001) (discovery

14  requests that are "based on pure speculation and conjecture" are not permissible).

15       To curb such improper discovery, the Court has broad discretion to determine

16  what discovery is relevant to the parties' claims or defenses. *See Herbert v. Lando*,

17  441 U.S. 153, 177 (1979). Unquestionably, irrelevant information is not the proper

18  subject of discovery. *See Travers v. Shalala*, 20 F.3d 993, 999 (9th Cir. 1994); *see*

19  *also Blackie v. Barrack*, 524 F.2d at 906 (the Court should "reasonably control

20  discovery . . . to prevent fruitless fishing expeditions with little promise of success.").

21  Here, because KPMG fails to explain how ***all*** of NYSTRS Board of Trustees meeting

22  minutes and associated documents for meetings that do not concern New Century or

23  this litigation relate to any claim or defense or are likely to lead to the discovery of

24  admissible evidence, KPMG's request should be denied. The unfair burden on

25  NYSTRS is set forth in the accompanying NYSTRS Declaration at ¶¶10-11.

26       Importantly, KPMG has cited no case in which a plaintiff in a securities action

27  was required to produce its Board minutes. The authorities cited by KPMG are

28

12

JOINT STIPULATION RE KPMG'S MOTION TO COMPEL THE PRODUCTION OF
DOCUMENTS

LA1 1644722v.1

1   wholly inapposite and provide no support for KPMG's arguments.  For example, in

2   *Dowling v. American Hawaii Cruises*, the Ninth Circuit held that a district court erred

3   in not permitting plaintiff – a crewman on defendant's cruise liner – discovery of the

4   defendant's pre-accident safety committee meeting minutes based on a finding of

5   "self-critical analysis privilege."  971 F.2d 423 (9th Cir. 1992).  The Ninth Circuit

6   further observed that the discovery of the minutes was appropriate because they

7   directly related to the plaintiff's claims concerning the same oil leak that plaintiff

8   alleged caused his injury.  *Id*. at 427 (information regarding a company's prior

9   response to the same hazard that plaintiff alleged caused his injury "will be invaluable

10  to a plaintiff attempting to prove his injury was caused by the company's negligent

11  failure to make safe a hazardous condition.").  Here, NYSTRS has agreed to produce

12  all nonprivileged Board minutes and documents concerning New Century.  KPMG

13  cannot show how meeting minutes that do not relate to New Century or this litigation

14  could possibly be relevant to any claim or defense.[7]

15      KPMG also mischaracterizes the holding in other cited authority.  *Flomo v.*

16  *Bridgestone Americas Holding, Inc.*, 2009 U.S. Dist. LEXIS 44535 (S.D. Ind.

17  May 20, 2009), cited by KPMG in support of its arguments regarding Request No. 11,

18  resolved numerous disputed discovery requests in a case concerning child labor at

19  defendant's plantations in Liberia and claims under the Alien Tort Statute, 28 U.S.C.

20  § 1350 and applicable international conventions.  In that case, defendants had limited

21  their search to "board minutes about child labor."  *Id*. at *33.  Contrary to KPMG's

22  characterization, the court did not order a blanket production of ***all*** board minutes but

23

24  ─────────────────────

    [7]  Similarly, KPMG's citation to *Nelson v. Production Credit Assoc. of the Midlands*,
25  1989 U.S. Dist. LEXIS 16915 (D. Neb. Mar. 22, 1989) is inapposite.  There the court
26  granted a party's motion to compel production of documents from a nonparty served
    with a Rule 45 subpoena where the nonparty failed to serve written objections or
27  move to quash.  *Id*. at *11-12.  The holding has no bearing on this dispute.

28
                                          13
        JOINT STIPULATION RE KPMG'S MOTION TO COMPEL THE PRODUCTION OF
                                      DOCUMENTS

1    instead ordered the defendant to search for certain "additional responsive documents,"

2    such as minutes discussing agreements or other interactions with the Liberian

3    government.  *Id*. at *34.  Here, NYSTRS has agreed to produce Board minutes, if

4    there are any, that concern its investment in New Century or this litigation.  KPMG

5    provides no cogent rationale why additional Board minutes that do not relate to

6    NYSTRS's investment in New Century common stock or this litigation are likely to

7    lead to the discovery of admissible evidence.  Indeed, as set forth in NYSTRS's

8    Declaration, NYSTRS's Board of Trustee is not responsible for the day-to-day

9    functioning of NYSTRS and had no involvement in the individual investments that

10    are made under the indexing approaches, such as NYSTRS's transactions in New

11    Century common stock.  *See* NYSTRS Declaration, ¶10.  The Board of Trustees did

12    not review individual New Century stock positions or purchases or sales.  *Id*.

13         Production requests are unduly burdensome where the burden on the producing

14    party outweighs the value of the information to the party seeking the discovery.  *See*

15    *Anderson v. Abercrombie & Fitch Stores, Inc.*, 2007 U.S. Dist. LEXIS 47795, at *6

16    (S.D. Cal. July 2, 2007).  Factors such as relevance, the party's need for the

17    documents, the breadth of the request, and the particularity of the description of the

18    documents sought are all components of the court's analysis.  *Id*. at *6; *see also*

19    *Compaq Computer Corp. v. Packard Bell Elec. Inc.*, 163 F.R.D. 329, 337 (N.D. Cal.

20    1995) (limiting scope of overbroad requests); *Moon v. SCP Pool Corp.*, 232 F.R.D.

21    633, 637-38 (C.D. Cal. 2005) (finding unduly burdensome document requests that

22    spanned a time frame and subject matter beyond those at issue in the complaint).

23         Here, KPMG's requests – if not limited to NYSTRS's investments in New

24    Century securities or this litigation – would require NYSTRS to incur significant

25    burden in attempting to identify and collect all documents which may have been

26    provided to the Board of Trustees to the present, whether from NYSTRS's actuarial,

27    legal, investment, benefits, finance or other areas.  *See* NYSTRS Declaration, at ¶10.

28

14

LA1 1644722v.1

1   Additionally, requiring NYSTRS's staff to search for documents responsive to

2   KPMG's request would require diverting valuable time from other important matters,

3   including not only investment transactions but, for example, legislation, benefits

4   issues, purchasing questions and human resource issues. *Id.*, at ¶11.  NYSTRS would

5   have to devote hundreds of person-hours to search various files and records for

6   documents, including determining whether documents are retained on-site or have

7   been placed in off-site storage. *Id.*

8        Thus, responding to KPMG's requests would require NYSTRS to disrupt its

9   business to search the files of numerous employees from numerous locations and

10  collect and produce all of its Board of Trustee meeting minutes and related documents

11  for nearly five years, all in a search for documents that are entirely irrelevant to this

12  litigation.  Accordingly, the burden on NYSTRS and disruption to its business far

13  outweigh any remote relevance of these documents to any claim or defense in this

14  action.

15

16

17        **(b) Requests Regarding NYSTRS's Investment Committees and**

18            **Advisors And Investment Vehicles Described In NYSTRS's**

19            **Annual Reports**

20

21  **REQUEST FOR PRODUCTION NO. 21**

22        All DOCUMENTS that refer or relate to any policy, practice, procedure and/or

23  strategy relating to the following investment vehicles described in the "Notes to

24  Financial Statements" section of YOUR annual financial report for the fiscal years

25  ended June 30, 2006 and June 30, 2007: (1) "Mortgage pass-through certificates,

26  provided the certificates evidence ownership of undivided interests in pools or

27  mortgage loans secured by first mortgages on real property located in New York

28

15

LA1 1644722v.1

1  improved by one-to-four family residential dwellings, and, provided further, that (i)

2  such mortgage loans are originated on or after January 1, 1980, by any bank, trust

3  company, national banking association, savings bank, federal mutual savings bank,

4  savings and loan association, federal savings and loan association, credit union, or

5  federal credit union authorized to do business in New York State or by any lender

6  approved by the Secretary of Housing and Urban Development for participation in any

7  mortgage insurance program under the National Housing Act, (ii) such mortgage loans

8  are assigned to a bank, trust company, federal mutual savings bank or federal savings

9  and loan association as trustee for the benefit of holders of such certificates, and (iii)

10  such certificates are rated within the three highest grades by an independent rating

11  service designated by the banking board.  The aggregate unpaid principal on

12  conventional mortgages securing mortgage pass-through certificates cannot exceed

13  10% of the assets of the System nor can the total unpaid principal on any single pool

14  of conventional mortgages securing mortgage pass-through certificates exceed 1% of

15  the assets of the System;" and (2) "Collateralized Mortgage Obligations, which meet

16  the requirements of applicable statutes."

17  **RESPONSE TO REQUEST NO. 21**

18       Plaintiffs incorporate their General Objections and Objections to Definitions by

19  reference.  Plaintiffs object to this Request as irrelevant, overbroad, unduly

20  burdensome, and not reasonably calculated to lead to the discovery of admissible

21  evidence.  Plaintiffs object to this Request on the grounds that it is compound and

22  incomprehensible.  Plaintiffs object to this Request to the extent it seeks disclosure of

23  private or confidential information and documents.  Plaintiffs object to this Request as

24  burdensome and harassing to the extent that it seeks documents and information that

25  are not relevant to the claims or defenses of any party in this litigation.

26       Subject to and without waiving any of the general and specific objections, Lead

27  Plaintiff NYSTRS will produce relevant non-privileged documents, if any, responsive

28

16

LA1 1644722v.1

1  to this Request in their possession, custody or control from May 5, 2005 to March 13,

2  2007.

3  **JUNE 11 MODIFIED RESPONSE TO REQUEST NO. 21**

4       NYSTRS is presently not aware of documents responsive to this Request that

5  are relevant (*i.e.*, relate to its investment in New Century or this litigation).  This

6  Request otherwise amounts to a fishing expedition, as it requests documents relating

7  to securities that are irrelevant to this case.

8  **REQUEST FOR PRODUCTION NO. 22**

9       All DOCUMENTS that refer or relate to YOUR investment strategy and/or

10  policy relating to investments made pursuant to the "Leeway Clause" of Section 177,

11  as quoted in the "Deposit and Investment Risk Disclosure" section of YOUR annual

12  financial report for the fiscal year ended June 30, 2006.

13  **RESPONSE TO REQUEST NO. 22**

14       Plaintiffs incorporate their General Objections and Objections to Definitions by

15  reference.  Plaintiffs object to this Request as overbroad, unduly burdensome, and not

16  reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs

17  object to this Request to the extent it seeks disclosure of private or confidential

18  information and documents.  Plaintiffs object to this Request as burdensome and

19  harassing to the extent that it seeks documents and information that are not relevant to

20  the claims or defenses of any party in this litigation.

21       Subject to and without waiving any of the general and specific objections, Lead

22  Plaintiff NYSTRS did not make any investments in New Century securities pursuant

23  to the "Leeway Clause" referred to in the Request.

24  **JUNE 11 MODIFIED RESPONSE TO REQUEST NO. 22**

25       NYSTRS is presently not aware of documents responsive to this Request that

26  are relevant (i.e., relate to its investment in New Century or this litigation).  As set

27  forth in NYSTRS' April 29, 2009 Responses and Objections to the Requests and as

28

17

JOINT STIPULATION RE KPMG'S MOTION TO COMPEL THE PRODUCTION OF
DOCUMENTS

LA1 1644722v.1

1  discussed in the June 5, 2009 meet and confer, NYSTRS did not make any

2  investments in New Century securities pursuant to the Leeway Clause.  This Request

3  otherwise amounts to a fishing expedition, as it requests documents that are irrelevant

4  to this case.

5  **REQUEST FOR PRODUCTION NO. 23**

6        All DOCUMENTS that refer or relate to YOUR investment strategy and/or

7  policy relating to investments made pursuant to the "Leeway Clause" of Section 177,

8  as quoted in the "Deposit and Investment Risk Disclosure" section of YOUR annual

9  financial report for the fiscal year ended June 30, 2007.

10 **RESPONSE TO REQUEST NO. 23**

11       Plaintiffs incorporate their General Objections and Objections to Definitions by

12 reference.  Plaintiffs object to this Request as overbroad, unduly burdensome, and not

13 reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs

14 object to this Request to the extent it seeks disclosure of private or confidential

15 information and documents.  Plaintiffs object to this Request on the grounds that it is

16 vague and ambiguous.  Plaintiffs object to this Request as burdensome and harassing

17 to the extent that it seeks documents and information that are not relevant to the

18 claims or defenses of any party in this litigation.

19       Subject to and without waiving any of the general and specific objections, Lead

20 Plaintiff NYSTRS did not make any investments in New Century securities pursuant

21 to the "Leeway Clause" referred to in the Request.

22 **JUNE 11 MODIFIED RESPONSE TO REQUEST NO. 23**

23       NYSTRS is presently not aware of documents responsive to this Request that

24 are relevant (i.e., relate to its investment in New Century or this litigation).  As set

25 forth in NYSTRS' April 29, 2009 Responses and Objections to the Requests and as

26 discussed in the June 5, 2009 meet and confer, NYSTRS did not make any

27 investments in New Century securities pursuant to the Leeway Clause.  This Request

28

JOINT STIPULATION RE KPMG'S MOTION TO COMPEL THE PRODUCTION OF
DOCUMENTS

LA1 1644722v.1

1  otherwise amounts to a fishing expedition, as it requests documents that are irrelevant

2  to this case.

3  **REQUEST FOR PRODUCTION NO. 26**

4      All DOCUMENTS from January 1, 2005 to the present that refer or relate to

5  mortgage investments that were acquired under the Leeway Clause, as discussed in

6  the "Real Estate and Mortgages" section of the "Notes to Financial Statements" in

7  YOUR annual financial report for the fiscal years ended June 30, 2006 and June 30,

8  2007.

9  **RESPONSE TO REQUEST NO. 26**

10     Plaintiffs incorporate their General Objections and Objections to Definitions by

11  reference.  Plaintiffs object to this Request on the grounds that it is overbroad, unduly

12  burdensome, irrelevant and not reasonably calculated to lead to the discovery of

13  admissible evidence.  Plaintiffs further object to this Request to the extent it seeks

14  disclosure of private or confidential information and documents.  Plaintiffs also object

15  to this Request on the grounds that it is vague and ambiguous.  Plaintiffs object to this

16  Request as burdensome and harassing to the extent that it seeks documents and

17  information that are not relevant to the claims or defenses of any party in this

18  litigation.

19     Subject to and without waiving any of the general and specific objections, Lead

20  Plaintiff NYSTRS did not make any investments in NEW SECURITY pursuant to the

21  "Leeway Clause" referred to in the Request.

22  **JUNE 11 MODIFIED RESPONSE TO REQUEST. NO. 26**

23     NYSTRS is presently not aware of documents responsive to this Request that

24  are relevant (i.e., relate to its investment in New Century or this litigation).  As set

25  forth in NYSTRS' April 29, 2009 Responses and Objections to the Requests and as

26  discussed in the June 5, 2009 meet and confer, NYSTRS did not make any

27  investments in New Century securities pursuant to the Leeway Clause.  This Request

28

19

JOINT STIPULATION RE KPMG'S MOTION TO COMPEL THE PRODUCTION OF
DOCUMENTS

LA1 1644722v.1

1  otherwise amounts to a fishing expedition, as it requests documents that are irrelevant

2  to this case.

3  **REQUEST FOR PRODUCTION NO. 27**

4    All DOCUMENTS from January 1, 2005 to the present created by or received

5  from, either directly or indirectly, and/or all COMMUNICATIONS with, NYSTRS'

6  Investment Advisory Committee.

7  **RESPONSE TO REQUEST NO. 27**

8    Plaintiffs incorporate their General Objections and Objections to Definitions by

9  reference.  Plaintiffs object to this Request as irrelevant, overbroad, unduly

10  burdensome, and not reasonably calculated to lead to the discovery of admissible

11  evidence.  Plaintiffs further object to this Request to the extent it seeks disclosure of

12  private or confidential information and documents.  Plaintiffs object to this Request as

13  burdensome and harassing to the extent that it seeks documents and information that

14  are not relevant to the claims or defenses of any party in this litigation.

15    Subject to and without waiving any of the general and specific objections, Lead

16  Plaintiff NYSTRS will produce relevant non-privileged documents, if any, in their

17  possession, custody or control from May 5, 2005 to March 13, 2007 responsive to this

18  Request.

19  **JUNE 11 MODIFIED RESPONSE TO REQUEST NO. 27**

20    NYSTRS is presently not aware of any documents responsive to this Request

21  that are relevant (i.e., relate to its investment in New Century or this litigation).  If any

22  such non-privileged documents are found to exist from January 1, 2005 to the present,

23  NYSTRS will produce them.

24  **REQUEST FOR PRODUCTION NO. 28**

25    All DOCUMENTS, including but not limited to, notes, minutes, and/or

26  agendas, from January 1, 2005 to the present that refer or relate to any meeting of the

27  NYSTRS' Investment Advisory Committee, including any and all DOCUMENTS that

28

JOINT STIPULATION RE KPMG'S MOTION TO COMPEL THE PRODUCTION OF
DOCUMENTS

1  were provided to the Investment Advisory Committee in advance of or at such

2  meetings.

3  **RESPONSE TO REQUEST NO. 28**

4       Plaintiffs incorporate their General Objections and Objections to Definitions by

5  reference.  Plaintiffs object to this Request as irrelevant, overbroad, unduly

6  burdensome, and not reasonably calculated to lead to the discovery of admissible

7  evidence.  Plaintiffs further object to this Request as burdensome to the extent it calls

8  for documents not within Plaintiffs' possession, custody or control.  Plaintiffs object

9  to this Request as burdensome and harassing to the extent that it seeks documents and

10  information that are not relevant to the claims or defenses of any party in this

11  litigation.

12       Subject to and without waiving any of the general and specific objections, Lead

13  Plaintiff NYSTRS will produce relevant non-privileged documents, if any, in their

14  possession, custody or control from May 5, 2005 to March 13, 2007 responsive to this

15  Request.

16  **JUNE 11 MODIFIED RESPONSE TO REQUEST NO. 28**

17       NYSTRS is presently not aware of any documents responsive to this Request

18  that are relevant (i.e., relate to its investment in New Century or this litigation).  If any

19  such non-privileged documents are found to exist from January 1, 2005 to the present,

20  NYSTRS will produce them.

21  **REQUEST FOR PRODUCTION NO. 29**

22       All DOCUMENTS from January 1, 2005 to the present created by or received

23  from, either directly or indirectly, and/or all COMMUNICATIONS with, NYSTRS'

24  Real Estate Advisory Committee.

25  **RESPONSE TO REQUEST NO. 29**

26       Plaintiffs incorporate their General Objections and Objections to Definitions by

27  reference.  Plaintiffs object to this Request as irrelevant, overbroad, unduly

28

21

LA1 1644722v.1

1  burdensome, and not reasonably calculated to lead to the discovery of admissible

2  evidence.  Plaintiffs object to this Request to the extent it seeks disclosure of private

3  or confidential information and documents.  Plaintiffs object to this Request as

4  burdensome and harassing to the extent that it seeks documents and information that

5  are not relevant to the claims or defenses of any party in this litigation.

6         Subject to and without waiving any of the general and specific objections, Lead

7  Plaintiff NYSTRS will produce relevant non-privileged documents, if any, in their

8  possession, custody or control from May 5, 2005 to March 13, 2007 responsive to this

9  Request.

10

11  **JUNE 11 MODIFIED RESPONSE TO REQUEST NO. 29**

12         NYSTRS is presently not aware of documents responsive to this Request that

13  are relevant (i.e., relate to its investment in New Century or this litigation).  If any

14  such non-privileged documents are found to exist from January 1, 2005 to the present,

15  NYSTRS will produce them.

16  **REQUEST FOR PRODUCTION NO. 30**

17         All DOCUMENTS, including but not limited to, notes, minutes, and/or

18  agendas, from January 1, 2005 to the present that refer or relate to any meeting of the

19  NYSTRS' Real Estate Advisory Committee, including any and all DOCUMENTS

20  that were provided to the Real Estate Advisory Committee in advance of or at such

21  meetings.

22  **RESPONSE TO REQUEST NO. 30**

23         Plaintiffs incorporate their General Objections and Objections to Definitions by

24  reference.  Plaintiffs object to this Request as overbroad, unduly burdensome, and not

25  reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs

26  object to this Request to the extent it seeks disclosure of private or confidential

27  information and documents.  Plaintiffs object to this Requests as burdensome to the

28

JOINT STIPULATION RE KPMG'S MOTION TO COMPEL THE PRODUCTION OF
DOCUMENTS

LA1 1644722v.1

1    extent it calls for documents not within Plaintiffs' possession, custody or control.

2    Plaintiffs object to this Request as burdensome and harassing to the extent that it seeks

3    documents and information that are not relevant to the claims or defenses of any party.

4         Subject to and without waiving any of the general and specific objections, Lead

5    Plaintiff NYSTRS will produce relevant non-privileged documents, if any, in their

6    possession, custody or control from May 5, 2005 to March 13, 2007 responsive to this

7    Request.

8

9

10   **JUNE 11 MODIFIED RESPONSE TO REQUEST NO. 30**

11        NYSTRS is presently not aware of documents responsive to this Request that

12   are relevant (i.e., relate to its investment in New Century or this litigation).  If any

13   such non-privileged documents are found to exist from January 1, 2005 to the present,

14   NYSTRS will produce them.

15   **REQUEST FOR PRODUCTION NO. 31**

16        All DOCUMENTS from January 1, 2005 to the present created by or received

17   from, either directly or indirectly, and/or all COMMUNICATIONS with, NYSTRS'

18   REIT Real Estate Advisors, including but not limited to, DOCUMENTS from and/or

19   COMMUNICATIONS with Adelante Capital Management LLC, Cohen & Steers

20   Capital Management, Inc. and/or RREEF America, LLC.

21   **RESPONSE TO REQUEST NO. 31**

22        Plaintiffs incorporate their General Objections and Objections to Definitions by

23   reference.  Plaintiffs object to this Request as overbroad, unduly burdensome, and not

24   reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs

25   object to this Request as burdensome and harassing to the extent that it seeks

26   documents and information that are not relevant to the claims or defenses of any party.

27

28

JOINT STIPULATION RE KPMG'S MOTION TO COMPEL THE PRODUCTION OF
DOCUMENTS

LA1 1644722v.1

1    Subject to and without waiving any of the general and specific objections, Lead

2    Plaintiff NYSTRS will produce relevant non-privileged documents, if any, in their

3    possession, custody or control from May 5, 2005 to March 13, 2007 responsive to this

4    Request.

5    **JUNE 11 MODIFIED RESPONSE TO REQUEST. NO. 31**

6    NYSTRS is presently not aware of documents responsive to this Request that

7    are relevant (i.e., relate to its investment in New Century or this litigation).  If any

8    such non-privileged documents are found to exist from January 1, 2005 to the present,

9    NYSTRS will produce them.

10   **REQUEST FOR PRODUCTION NO. 32**

11   All DOCUMENTS, including but not limited to, notes, minutes, and/or

12   agendas, from January 1, 2005 to the present that refer or relate to any meeting of

13   NYSTRS' REIT Real Estate Advisors.

14   **RESPONSE TO REQUEST NO. 32**

15   Plaintiffs incorporate their General Objections and Objections to Definitions by

16   reference.  Plaintiffs object to this Request as overbroad, unduly burdensome, and not

17   reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs

18   object to this Request as burdensome and harassing to the extent that it seeks

19   documents and information that are not relevant to the claims or defenses of any party.

20   Subject to and without waiving any of the general and specific objections, Lead

21   Plaintiff NYSTRS will produce relevant non-privileged documents, if any, in their

22   possession, custody or control from May 5, 2005 to March 13, 2007 responsive to this

23   Request.

24   **JUNE 11 MODIFIED RESPONSE TO REQUEST NO. 32**

25   NYSTRS is presently not aware of documents responsive to this Request that

26   are relevant (i.e., relate to its investment in New Century or this litigation).  If any

27

28

JOINT STIPULATION RE KPMG'S MOTION TO COMPEL THE PRODUCTION OF
DOCUMENTS

LA1 1644722v.1

1  such non-privileged documents are found to exist from January 1, 2005 to the present,

2  NYSTRS will produce them.

3  **A.    KPMG'S POSITION**

4      **1.    Documents Concerning NYSTRS's Investment Vehicles, Advisors, or**

5          **Committees Are Relevant And Discoverable**

6      Similar to their response to Request No. 11, NYSTRS also impermissibly

7  narrows the scope of Request Nos. 21-23 and 26-32 to only those documents

8  concerning "its investment in New Century or this litigation."  Again, NYSTRS

9  claims that because its investments in New Century were made pursuant to an

10 indexing process, any documents regarding its investment vehicles, advisors, or

11 committees described in the Requests are irrelevant.  *See* Lopez Decl., Exh. G, at 144.

12 As before, NYSTRS's position is unreasonable in light of this Court's previous orders

13 and the broad reach of discovery.

14     According to NYSTRS's annual reports, the investment vehicles, committees,

15 and advisors employed by NYSTRS may have provided information by which

16 NYSTRS invested in real estate and mortgage-related securities.  Documents

17 responsive to those Requests may thus provide insight into NYSTRS's general

18 investment philosophy or strategy concerning such securities.  The Requests regarding

19 those issues are thus, at the very least, reasonably calculated to lead to admissible

20 evidence, and NYSTRS's relevancy objection is simply without merit.

21     Nonetheless, in an effort to resolve this issue without this Court's intervention,

22 KPMG proposed a narrowed request for NYSTRS to produce:

23

24          [A]ll documents, including but not limited to, communications,
           concerning NYSTRS' Investment Advisory Committee, Real Estate
25          Advisory Committee, and REIT Real Estate Advisors from January 1,
           2005 to the present to the extent that the documents refer or relate to
26          [NYSTRS's] investments in mortgage-related investment vehicles,
           companies, and REITS, including but not limited to, documents sufficient
27

28                                      25
   ────────────────────────────────────────────────────────────
   JOINT STIPULATION RE KPMG'S MOTION TO COMPEL THE PRODUCTION OF
                              DOCUMENTS
   LA1 1644722v.1

> to show the risk profiles of the investments and/or entities in which [NYSTRS] invested and any analysis or due diligence [NYSTRS] performed on these investments and/or entities.

Lopez Decl., Exh. E, at 126.

NYSTRS refused this compromise, instead continuing with their assertion that the requested documents were not relevant and would be overly burdensome to produce. *See* Lopez Decl., Exh. F, at 137; Exh. G, at 144; Exh. H, at 154.

Multiple courts have permitted discovery of such documents. *See, e.g., In re Acceptance Ins. Co. Sec. Litig.*, 2002 U.S. Dist. LEXIS 27681, at *13 (D. Neb. Aug. 2, 2002) (documents concerning named plaintiffs' complete investment and trading history were directly relevant to the allegations that defendants perpetrated a fraud on the market by making false and misleading statements during the class period); *In re Grand Casinos, Inc. Sec. Litig.*, 181 F.R.D. 615, 620 (D. Minn. 1998) ("[P]roposed discovery of Lead Plaintiffs' investment histories and strategies could lead to the discovery of admissible evidence; namely, evidence which could serve to rebut any presumption that they relied upon the integrity of the market."); *In re Harcourt Brace Jovanovich, Inc. Sec. Litig.*, 838 F. Supp. 109, 114 (S.D.N.Y. 1993) (discovery relating to a named plaintiff's investment history was proper where reliance on alleged misrepresentations and omissions was alleged in Rule 10b-5 claim). Further, as discussed above, the determination of whether a request for discovery is "relevant" is broadly construed and "should be allowed unless it is clear that the information sought can have no possible bearing on the claim or defense of a party." July 8, 2009 Order Re: Discovery Motion, at 2. It cannot be said that the documents sought by Request Nos. 21-23 and 26-32 "have no possible bearing" on KPMG's claims and defenses in this litigation. To the contrary, discovery pertaining to NYSTRS's prior investment history, strategy, practice, or decisions are relevant to an understanding of NYSTRS's sophistication, knowledge, investment preferences, and risk tolerance. Moreover,

26

LA1 1644722v.1

1    KPMG should have the opportunity to rebut Plaintiffs' purported reliance on KPMG's

2    alleged misstatements, using information obtained through discovery of NYSTRS's

3    investment history, strategies, and practices.

4         Documents responsive to Request Nos. 21-23 and 26-32 may also bear upon the

5    class action allegations in the Complaint.  For example, documents concerning

6    NYSTRS's investment history, strategy, and practice may be probative of NYSTRS's

7    sophistication as an investor and alleged reliance (or not) on KPMG's purported

8    misstatements, particularly as to mortgage-related investments (of which NYSTRS's

9    investments in New Century were a part).  Such issues may subject NYSTRS to

10   unique defenses not typical of the class, which would thus make NYSTRS an

11   inadequate class representative.  *See* Fed. R. Civ. P. 23(a) ("claims or defenses of the

12   representative parties [must be] typical of the claims or defenses of the class"); *In re*

13   *Connetics Corp. Sec. Litig.*, 257 F.R.D. 572, 576 (N.D. Cal. 2009) (class certification

14   is inappropriate where a putative class representative is subject to unique defenses); *In*

15   *re Quaterdeck Office Sys., Inc. Sec. Litig.*, 1993 U.S. Dist. LEXIS 19806, at *12 (C.D.

16   Cal. Sept. 30, 1993) (same); *see also In re Vesta Ins. Group, Inc.*, 1999 U.S. Dist.

17   LEXIS 23541, at *14-15 (N.D. Ala. May 28, 1999); *In re ML-Lee Acquisition Fund*

18   *II, L.P.*, 149 F.R.D. 506, 508 (D. Del. 1993) (court ordered production of documents

19   pertaining to the plaintiffs' investment history because they were relevant to the

20   court's determination of whether plaintiffs satisfied the Rule 23 typicality

21   requirement); *Goldman v. Alhadeff*, 1990 U.S. Dist. LEXIS 11808, at *4–6 (W.D.

22   Wash. Jan 31, 1990) (discovery related to plaintiffs' "investment portfolio and

23   transactions," was allowed because it was relevant to the lead plaintiff's level of

24   sophistication, which is a unique defense precluding class certification).

25         Accordingly, the Court should reject NYSTRS's relevancy objection as to

26   Request Nos. 21-23 and 26-32 and compel the production of all withheld documents.

27

28

JOINT STIPULATION RE KPMG'S MOTION TO COMPEL THE PRODUCTION OF
DOCUMENTS

LA1 1644722v.1

1          **2.     NYSTRS's Undue Burden and Privacy Objections Lack Merit**

2          NYSTRS also objects to the production of documents responsive to Request

3    Nos. 21-23 and 26-32 on the grounds that the requests are overly burdensome and

4    seek disclosure of private or confidential information.  *See* Lopez Decl., Exh. H, at

5    154; Exh. J, at 167.  NYSTRS, however, provided no facts to KPMG supporting its

6    claim that the request is unduly burdensome.  *See* Lopez Decl., Exh. H, at 144; Exh. J,

7    at 167.  Plaintiff's "burden" objection should thus be stricken.  *See* July 8, 2009 Order

8    Re: Discovery Motion, at 8 ("it is well-established that the burden is on the objecting

9    party to show grounds for failing to provide the requested discovery."); *Hill v. Eddie*

10   *Bauer*, 242 F.R.D. 556, 561 (C.D. Cal. 2007) (courts will disregard a party's

11   unexplained boilerplate objections).  Furthermore, courts reject undue burden

12   objections by institutional investors like NYSTRS regarding requests for their

13   investment portfolios and investment histories where, as here, the requested

14   documents are relevant.  *See, e.g., In re Vesta Ins. Group, Inc.*, 1999 U.S. Dist. LEXIS

15   23541, at *17 (overruling overbroad and undue burden objections of lead plaintiffs

16   who claimed to administer $103 billion and $40 million in investments in various

17   securities).

18         The Court should also reject NYSTRS's privacy objections to Request Nos. 21-

19   23 and 26-32.  Courts typically reject privacy objections to requests for a party's

20   investment history where the requests are limited to the investment history of the

21   responding party and do not seek information from entities or persons not a part of the

22   plaintiff class.  *See In re Vesta Ins. Group, Inc.*, 1999 U.S. Dist. LEXIS 23541, at

23   *17–18; *see also In re Grand Casinos*, 181 F.R.D. at 621 (court ordered production of

24   lead plaintiffs' investment histories but refused to compel production of the

25   investment histories of third parties).  As acknowledged by NYSTRS, KPMG's

26   Requests here seek only the investment history and strategies of NYSTRS.  *See* Lopez

27   Decl., Exh. H, at 154.  ("[A]ny possible relevance of these overly broad Requests is

28                                              28

1  outweighed by . . . the inappropriate invasion into the *investment practices of NYSTRS*

2  that are wholly unrelated to its investment in New Century.*") (emphasis added).

3      Accordingly, this Court should reject NYSTRS's privacy objection and compel

4  NYSTRS's production of documents responsive to Request Nos. 21-23 and 26-32.

5  **B.    PLAINTIFFS' POSITION**

6      Without any regard for its lack of relevance to this case, the enormous burden

7  on NYSTRS (see NYSTRS Declaration at ¶¶10-12, 20) or privacy considerations,

8  KPMG seeks broad-ranging discovery that admittedly has absolutely nothing to do

9  with NYSTRS's investments in New Century stock concerning:

10      • NYSTRS's investments in mortgage pass-through certificates and

11          collateralized mortgage obligations (Request No. 21);

12      • NYSTRS's investment strategy and/or policy relating to investments

13          made or acquired pursuant to the "Leeway Clause," as referenced in

14          NYSTRS's annual financial reports for the fiscal years ended June 30,

15          2006, and June 30, 2007 (Request Nos. 22, 23, 26);

16      • NYSTRS's Investment Advisory Committee (Request Nos. 27, 28);

17      • NYSTRS's Real Estate Advisory Committee (Request Nos. 29, 30); and

18      • NYSTRS's REIT Real Estate Advisors (Request Nos. 31, 32).

19      Notably, NYSTRS has agreed to produce responsive documents, if there are

20  any, to the extent such documents relate to New Century or this litigation.  Among the

21  responsive documents, NYSTRS has already produced its trading records in New

22  Century stock, as well as its annual financial reports, its reports of equity holdings,

23  and its investment policy manuals.  Appropriate discovery into NYSTRS's investment

24  history and policies should be limited, as it is in most securities fraud class actions, to

25  NYSTRS's transactions in New Century stock – the securities that are the subject of

26  this litigation.

27

28

29

---

JOINT STIPULATION RE KPMG'S MOTION TO COMPEL THE PRODUCTION OF<br>DOCUMENTS

LA1 1644722v.1

1    In seeking *all* documents concerning investments other than New Century,

2  KPMG makes conclusory arguments and presumes – without any factual support –

3  that NYSTRS's investments in real estate- or mortgage-related securities will "provide

4  insight into NYSTRS's general investment philosophy or strategy concerning such

5  securities."  KPMG fails to make any connection to any claim or defense in this

6  action.

7    Discovery regarding NYSTRS's investments made pursuant to the "Leeway

8  Clause" is irrelevant, because NYSTRS did not invest in New Century common stock

9  pursuant to the "Leeway Clause."  *See* Lin Declaration, at ¶15; *see also* NYSTRS

10 Declaration, at ¶¶8, 21.  KPMG provides no explanation of how discovery into

11 investments made pursuant to the "Leeway Clause" might lead to the discovery of

12 admissible evidence relevant to any claim or defense in this action.  Further,

13 Plaintiffs' Lead Counsel has explained that NYSTRS's investment in New Century

14 stock was not based on New Century's status as a REIT, and that NYSTRS's

15 investment in New Century stock did not involve its Investment Advisory Committee,

16 Real Estate Advisory Committee or REIT Real Estate Advisors.  *See* Lin Declaration,

17 at ¶15; *see also* NYSTRS Declaration, at ¶¶13-19.

18   Nevertheless, KPMG contends that responsive documents may provide an

19 understanding of NYSTRS's overall practice and/or strategy for investing in

20 mortgage-related vehicles "like New Century."  KPMG's argument fails for at least

21 three reasons.

22   First, NYSTRS's claims are based on transactions in New Century *common*

23 *stock* during the Class Period (*see* NYSTRS certification, attached as Ex. A to the

24

25

26

27

28

30

JOINT STIPULATION RE KPMG'S MOTION TO COMPEL THE PRODUCTION OF
DOCUMENTS

LA1 1644722v.1

1   Complaint), not investments in "mortgage-related investment vehicles," such as a

2   collateralized debt obligation.  Complaint at ¶19.[8]

3       Second, NYSTRS's investment in New Century was made pursuant to an index

4   investing approach, not as part of some "mortgage-related" investment strategy.

5       Third, NYSTRS's investment philosophy regarding mortgage-related

6   investments is not at issue in this case.  *See, e.g.*, *Kirby v. Cullinet Software, Inc.*, 116

7   F.R.D. 303, 308 (D. Mass. 1987) (investment strategy is "of little importance to . . .

8   suitability as a class representative"); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*,

9   2005 U.S. Dist. LEXIS 11618, at *15 (D. Colo. June 7, 2005) (finding auditor failed

10  to show why information relating to trading activities, strategies and sophistication of

11  plaintiff is necessary to trial of issues affecting the class).

12      KPMG also claims that the discovery is relevant to NYSTRS's sophistication.

13  NYSTRS's sophistication is not at all relevant to any merits issue or class certification

14  issue in this case.  In fact, courts in securities fraud class actions routinely reject

15  attempts to defeat class certification or class representation based on "sophistication"

16  arguments.  For example, in *In re Assisted Living Concepts, Inc. Sec. Litig.*, 2001 U.S.

17  Dist. LEXIS 12864 (D. Or. April 13, 2001), the court denied KPMG's motion to

18  compel production of similar documents relating to plaintiff's personal investment

19  experience, history, objectives and strategies.  The court found that the requests were

20  overbroad, far-reaching and burdensome.  Moreover, the court found the burden and

21  expense of the discovery outweighed any possible relevance where, as here, the

22  plaintiff produced its trading records in the securities at issue in the case.  *Id.*; *see also*

23  *Malanka v. Data General Corp.*, 1986 WL 541, at *2 (D. Mass. July 2, 1986)

24  (rejecting broad discovery where plaintiff produced records "*specifically* related to the

25

26  _____

    [8]  The "Complaint" refers to the Second Amended Consolidated Class Action

27  Complaint dated April 30, 2008, the operative complaint in this case.

28

JOINT STIPULATION RE KPMG'S MOTION TO COMPEL THE PRODUCTION OF
DOCUMENTS

1   case *sub judice*" because "production of these documents is sufficient to satisfy the

2   concerns of the typicality requirement"). As in the *Assisted Living Concepts* case,

3   KPMG cannot make a particularized showing of relevance for documents concerning

4   NYSTRS's overall investment strategies and practices.

5         Similarly, in *In re Motel 6 Sec. Litig.*, 1996 WL 474175 (S.D.N.Y. Aug. 21,

6   1996), the court found that trading records showing plaintiffs' class period

7   transactions in the subject securities were sufficient for defendant's purported need to

8   analyze the plaintiffs' trading patterns. The court rejected defendant's arguments – as

9   here – that detailed discovery of a plaintiffs' trading history, policies and practices is

10  relevant to "demonstrate plaintiffs' sophistication or to obtain clues to their trading

11  strategies." *Id*. at *1. The court reasoned that "Plaintiffs have provided defendant an

12  apparently complete list of their trades in [Motel 6] shares, and those documents,

13  either alone or supplemented by depositions of the responsible traders, can be utilized

14  for an investment expert's analysis of trading patterns and strategies. No further relief

15  is warranted on this score." *Id.* at *1. The court further found that the request for

16  trading records in other securities "promises to be both extremely burdensome and of

17  only marginal value in assessing what trading strategy they utilized in connection with

18  their purchase and sale of Motel 6 shares." *Id*.

19        Here, NYSTRS has produced its trading records in New Century stock, as well

20  as its annual financial reports, its reports of equity holdings, and its investment policy

21  manuals, which are more than sufficient for KPMG's purported need to assess

22  NYSTRS's sophistication and trading strategies.

23        Additionally, many courts find that a broad inquiry into plaintiffs' trading and

24  investment strategies in other securities is not properly the subject of discovery in a

25  securities fraud class action because it does not relate to any merits or class

26  certification issues. *See*, *e.g.*, *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir.

27  1995) (holding that plaintiffs in a securities class action were not required to provide

28

32

1   information regarding investment history because "[a]ny information [defendant] may

2   have gleaned from these discovery request would have no bearing on either the merits

3   of the case" or on class certification); *In re AST Research Sec. Litig.*, 1994 U.S. Dist.

4   LEXIS 20850, at *9-10 (C.D. Cal. Nov. 8, 1994) (rejecting defendants' argument that

5   lead plaintiff was not an adequate class representative because it refused to produce

6   discovery concerning transactions in other securities and noting plaintiffs' position

7   was "reasonable"); *Lawrence E. Jaffe Pension Plan v. Household Intern'l, Inc.*, 2005

8   WL 3801463, at *3-5 (N.D. Ill. Apr. 18, 2005) (investment history not relevant to

9   rebut fraud on the market or liability on a class-wide basis); *Lemanik, S.A. v.*

10  *McKinley Allsopp, Inc.*, 125 F.R.D. 602, 609-10 (S.D.N.Y. 1989) (discovery regarding

11  prior securities transaction denied where no nexus with the investments at issue in this

12  action); *Burstein v. Applied Extrusion Techs., Inc.*, 153 F.R.D. 488 (D. Mass. 1984)

13  (denying motion to compel broad discovery of plaintiffs' trading records without

14  sufficient showing that documents would rebut the "fraud on the market"

15  presumption).  The discovery is not relevant because courts routinely find that class

16  certification or representation cannot be defeated based on a lead plaintiff's trading

17  history or investment philosophy.  *See, e.g., Teichler v. DSC Comm'ns Corp.*, 1988

18  U.S. Dist. LEXIS 16448, at *17 (N.D. Tex. Apr. 15, 1988) (rejecting argument "that

19  [the proposed class representative's] stock trading history is atypical" which renders

20  him inadequate "because this Court has found no authority to support it");  *see also*

21  *J/H Real Estate, Inc. v. Abramson*, 1996 U.S. Dist. LEXIS 1546 (E.D. Pa. Feb. 9,

22  1996) (investment company plaintiff's investment activities do not bar class

23  certification); *In re Novacare Sec. Litig.*, 1995 U.S. Dist. LEXIS 15049, at *10 (E.D.

24  Pa. Oct. 13, 1995) (institutional investors with "complex trading strategies and

25  hedging techniques" approved as class representatives); *Hoexter v. Simmons*, 140

26  F.R.D. 416, 420 (D. Ariz. 1991) (institutional investors and arbitrageurs approved as

27  class representatives); *Fry v. UAL Corp.*, 136 F.R.D. 626, 634 (N.D. Ill. 1991) (option

28

33

1    trading activities do not bar class representation); *Wells v. HBO & Co.*, 1991 WL

2    131177, at \*4 (N.D. Ga. Apr. 24, 1991) ("the fact that a plaintiff's investment strategy

3    differs . . . is not enough to render the claims of the representative atypical"); *Tolan v.*

4    *Computervision Corp.*, 696 F. Supp. 779, 780 (D. Mass. 1988) ("[I]t is of no

5    consequence that the putative plaintiffs devised different investment strategies").

6          Although KPMG cites to a handful of cases where courts have permitted

7    discovery into a lead plaintiff's trading history, they are out-of-district cases where

8    discovery was allowed under limited circumstances unique to those cases.  For

9    example, in *In re Acceptance Ins. Cos. Sec. Litig.*, 2002 U.S. Dist. LEXIS 27681 (D.

10   Neb. Aug. 2, 2002) cited by KPMG, the court permitted discovery of trading history

11   where the lead plaintiffs were individual trusts and not institutional investors and

12   discovery was limited to a relevant time period.  *Id.* at \*13.  Similarly, in *In re Grand*

13   *Casinos, Inc. Sec. Litig.*, 181 F.R.D. 615 (D. Minn. 1998), also cited by KPMG, the

14   court permitted discovery into the trading history and strategy limited to ***certain*** of the

15   lead plaintiffs where defendants provided "ample support" that "one or more of the

16   Lead Plaintiffs traded in [defendants'] securities, while knowing that the alleged

17   misrepresentations were false, in order to advance personal purposes which were

18   unrelated to any claimed deception on Defendants' part."  *Id.* at 620, n4.  Finally, in *In*

19   *re Harcourt Brace Jovanovich Inc., Sec. Litig.*, 838 F. Supp. 109 (S.D.N.Y. 1993), the

20   court affirmed a magistrate judge's order compelling discovery of the trading history

21   for certain of the lead plaintiffs – two individual investors – where plaintiffs alleged

22   both ***direct*** reliance and indirect reliance.  *Id.* at 112-14.  *In re ML-Lee Acquisition*

23   *Fund II, L.P.*, 149 F.R.D. 506 (D. Del. 1993), a pre-PSLRA case cited by KPMG,

24   concerned discovery to determine whether the lead plaintiff should be disqualified as a

25   "professional plaintiff."  *Id.* at 508; *see also Goldman v. Alhadeff*, 1990 U.S. Dist.

26   LEXIS 11808, at \*4-6 (W.D. Wash. Jan. 31, 1990) (pre-PSLRA decision permitting

27

28

                                             34
─────────────────────────────────────────────────
         JOINT STIPULATION RE KPMG'S MOTION TO COMPEL THE PRODUCTION OF
                                      DOCUMENTS

1   sophistication discovery of individual lead plaintiffs).  None of the unique

2   circumstances in KMPG's cited authorities is applicable here.

3        Even if NYSTRS's trading in other securities could somehow shed light on its

4   investment policies as they relate to its New Century investment, which it cannot,

5   such marginal relevance must be balanced against the privacy invasion and substantial

6   burden on NYSTRS, which invested in ***hundreds*** of other publicly traded companies

7   during the relevant time period.  Indeed, "private financial records are normally

8   entitled to privacy protections."  *Charles O. Bradley Trust v. Zenith Capital LLC,* No.

9   C-04-2239 JSW (EMC), 2006 WL 798991, at *2 (N.D. Cal. Mar. 24, 2006).

10  Moreover, "'prior securities transactions are relevant only to the extent that there is an

11  adequate nexus with investments at issue in [the] action.'"  *Sussman v. Paradigm*

12  *Partners, Inc.,* 1993 WL 385752, at *1 (S.D.N.Y. Sept. 22, 1993), quoting *Lemanik,*

13  *S.A. v. McKinley Allsopp, Inc.,* 125 F.R.D. 602, 609-10 (S.D.N.Y. 1989).  Requiring

14  NYSTRS, which oversees assets of approximately $72 billion, to search for and

15  produce records regarding its investments through the "Leeway Clause" and all

16  documents concerning the Investment Advisory Committee, Real Estate Advisory

17  Committee, and REIT Real Estate Advisors that refer or relate to NYSTRS's

18  investment in mortgage-related investment vehicles or REITS – all of which have

19  nothing to do with New Century or this litigation (*see* NYSTRS Declaration, at ¶¶8,

20  12-19) – is contrary to the very purpose of the PSLRA to encourage institutional

21  investors (like NYSTRS) to take the lead in vindicating and recovering on behalf of

22  shareholders in securities fraud class actions.

23       Indeed, commentators have recognized that, in securities fraud cases,

24  "[d]iscovery from class members . . . is susceptible to being used by parties . . . as a

25  device to harass and embarrass."  Manual for Complex Litigation, Third, 30.12, at 216

26  (1995); *see also* Elliott J. Weiss & John S. Beckerman, *Let the Money Do The*

27  *Monitoring: How Institutional Investors Can Reduce Agency Costs In Securities Class*

28

35

LA1 1644722v.1

1   *Actions*, 104 Yale L.J. 2053 (1995).  Here, the Court should protect NYSTRS, an

2   institutional investor that answered Congress' call to serve as Lead Plaintiff, and

3   prevent KPMPG from harassing it with burdensome, irrelevant discovery.

4          KPMG's discovery, if permitted, would cause substantial burden to NYSTRS,

5   which would be forced to search for and produce thousands of pages of documents

6   concerning its investments in real estate and real estate-and mortgage-related

7   investment vehicles that are unrelated to its investment in New Century stock.  *See*

8   NYSTRS Declaration ¶¶12, 20.  Furthermore, detailed information about NYSTRS's

9   investment objectives and philosophies can be found in NYSTRS's comprehensive

10  annual financial reports and NYSTRS's investment policy manuals, which have

11  already been produced to KPMG.  *See* NYSTRS Declaration, at ¶22.  KPMG fails to

12  explain the relevance of the additional details it seeks.  Given its complete lack of

13  relevance to any issue in this case, NYSTRS should not be put to the burden of

14  production.  This is especially true given NYSTRS's express representation that its

15  investments in New Century stock were not made as a "mortgage-related" investment

16  or REIT; made through the Leeway Clause; or involved its Investment Advisory

17  Committee, its Real Estate Advisory Committee, or its REIT Real Estate Advisors.

18  *See* NYSTRS Declaration, ¶¶12-19.  The production of voluminous and burdensome

19  documents that have nothing to do with this case or NYSTRS's investments in New

20  Century stock is beyond the scope of appropriate discovery.

21         **2.    Documents Withheld by Plaintiffs On Work Product Grounds**

22  **REQUEST FOR PRODUCTION NO. 50**

23         All DOCUMENTS, including but not limited to, COMMUNICATIONS, from

24  January 1, 2005 to the present that support YOUR claims and/or defenses in this

25  ACTION.

26  **RESPONSE TO REQUEST NO. 50**

27

28

JOINT STIPULATION RE KPMG'S MOTION TO COMPEL THE PRODUCTION OF
DOCUMENTS

LA1 1644722v.1

1    Plaintiffs incorporate their General Objections and Objections to Definitions by

2  reference.  Plaintiffs object to this Request as overbroad, unduly burdensome, and not

3  reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs

4  object to this Request to the extent it calls for documents not within Plaintiffs'

5  possession, custody or control or to which KPMG has equal or superior access.

6  Plaintiffs object to the Request to the extent it seeks production of documents

7  protected from disclosure by the attorney-client privilege, work product doctrine, or

8  any other applicable privilege or protection.

9    Subject to and without waiving any of the general and specific objections, Lead

10  Plaintiff NYSTRS will produce relevant non-privileged responsive documents, if any,

11  in their possession, custody or control from May 5, 2005 to March 13, 2007

12  responsive to this Request.

13  **JUNE 11 MODIFIED RESPONSE TO REQUEST NO. 50**

14    As discussed in the June 5, 2009 meet and confer, to the extent that NYSTRS

15  has any non-privileged documents in its files, including communications, from

16  January 1, 2005 to the present that support its claims and/or defenses in this action,

17  including publicly available documents, they will be produced.  To the extent that

18  NYSTRS' counsel has documents as a result of its investigation that are publicly

19  available, such as the Examiner's report, SEC filings, and press releases, they will not

20  be produced, as they are equally accessible to KPMG and constitute privileged work-

21  product.  To the extent that NYSTRS' counsel received New Century documents from

22  former New Century employees, they will be produced.

23  **REQUEST FOR PRODUCTION NO. 51**

24    All DOCUMENTS, including but not limited to, COMMUNICATIONS, that

25  refer or relate to YOUR contention in paragraph 538 of the COMPLAINT that,

26  "KPMG's material misstatements in its publicly-issued 2005 audit opinions and

27  KPMG's extensive role in the accounting misstatements and internal control

28

37

1    weaknesses that were disclosed, beginning on February 7, 2007 through the end of the

2    Class Period, further demonstrate both the artificial inflation KPMG's conduct caused

3    in the price of New Century securities and that KPMG's conduct proximately caused

4    foreseeable losses and damages to Plaintiffs and members of the Class."

5    **RESPONSE TO REQUEST NO. 51**

6         Plaintiffs incorporate their General Objections and Objections to Definitions by

7    reference.  Plaintiffs object to this Request as overbroad, unduly burdensome, and not

8    reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs

9    object to this Request as improper contention discovery which is premature at this

10   stage of the litigation to the extent that it calls for the disclosure of documents

11   concerning Plaintiffs' factual and legal contentions in this action, when discovery is

12   ongoing and the record has yet to be fully developed.  Plaintiffs object to this Request

13   to the extent it seeks documents protected from disclosure by the attorney-client

14   privilege, work product doctrine, or any other applicable privilege or protection.

15   **JUNE 11 MODIFIED RESPONSE TO REQUEST NO. 51**

16        As discussed in the June 5, 2009 meet and confer, to the extent that NYSTRS

17   has any non-privileged documents in its files, including publicly available documents,

18   relating to the contention in paragraph 538 of the Complaint, they will be produced.

19   To the extent that NYSTRS' counsel has documents as a result of its investigation that

20   are publicly available relating to paragraph 538 of the Complaint, they will not be

21   produced, as they are equally accessible to KPMG and constitute privileged work-

22   product.  To the extent that NYSTRS' counsel received New Century documents from

23   former New Century employees, they will be produced.

24   **REQUEST FOR PRODUCTION NO. 52**

25        All DOCUMENTS, including but not limited to, COMMUNICATIONS, that

26   refer or relate to YOUR contention in paragraph 539 of the COMPLAINT that, "[t]he

27   disclosures beginning on February 7, 2007 specifically concerned accounting and

28                                          38

LA1 1644722v.1

1  internal control issues with which KPMG was extensively involved in its 2005 audits
2  and areas in which KPMG specifically violated GAAS and the standards of the
3  PCAOB in connection with its 2005 audits, including the repurchase reserves backlog
4  and related internal control weaknesses and the required adjustments to Residual
5  Interests as set forth above."

6  **RESPONSE TO REQUEST NO. 52**

7      Plaintiffs incorporate their General Objections and Objections to Definitions by
8  reference.  Plaintiffs object to this Request as overbroad, unduly burdensome and not
9  reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs
10 object to this Request as improper contention discovery which is premature at this
11 stage of the litigation to the extent that it calls for the disclosure of documents
12 concerning Plaintiffs' factual and legal contentions in this action, when discovery is
13 ongoing and the record has yet to be fully developed.  Plaintiffs object to this Request
14 to the extent it seeks documents protected from disclosure by the attorney-client
15 privilege, work product doctrine, or any other applicable privilege or protection.

16 **JUNE 11 MODIFIED RESPONSE TO REQUEST NO. 52**

17     As discussed in the June 5, 2009 meet and confer, to the extent that NYSTRS
18 has any non-privileged documents in its files, including publicly available documents,
19 relating to the contention in paragraph 539 of the Complaint, they will be produced.
20 To the extent that NYSTRS' counsel has documents as a result of its investigation that
21 are publicly available relating to paragraph 539 of the Complaint, they will not be
22 produced, as they are equally accessible to KPMG and constitute privileged work-
23 product.  To the extent that NYSTRS' counsel received New Century documents from
24 former New Century employees, they will be produced.

25 **REQUEST FOR PRODUCTION NO. 53**

26     All DOCUMENTS, including but not limited to, COMMUNICATIONS, that
27 refer or relate to YOUR contention in paragraph 540 of the COMPLAINT that

28

39

---

1    "[t]hereafter, the price of New Century securities continued to decline on March 2,

2    2007, when additional disclosures were made, including, specifically, issues

3    pertaining to the Company's valuation of Residual Interests in 2006 'and prior

4    periods.'  As alleged in this Second Amended Complaint, KPMG's 2005 audits

5    specifically violated GAAS and the standards of the PCAOB in connection with this

6    audit of New Century's Residual Interests and related internal controls and, as

7    reported by the Examiner (at 329) and set forth in paragraph 480 above, KPMG's

8    February 2007 report to the Special Investigation Committee of the Audit Committee

9    (the 'SIC') was '[t]he primary reason the SIC looked more closely at New Century's

10    accounting for residual interests…in February 2007.'"

11    **RESPONSE TO REQUEST NO. 53**

12        Plaintiffs incorporate their General Objections and Objections to Definitions by

13    reference.  Plaintiffs object to this Request as overbroad, unduly burdensome, and not

14    reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs

15    object to this Request as improper contention discovery which is premature at this

16    stage of the litigation to the extent that it calls for the disclosure of documents

17    concerning Plaintiffs' factual and legal contentions in this action, when discovery is

18    ongoing and the record has yet to be fully developed.  Plaintiffs object to this Request

19    to the extent it seeks documents protected from disclosure by the attorney-client

20    privilege, work product doctrine, or any other applicable privilege or protection.

21    **JUNE 11 MODIFIED RESPONSE TO REQUEST NO. 53**

22        As discussed in the June 5, 2009 meet and confer, to the extent that NYSTRS

23    has any non-privileged documents in its files, including publicly available documents,

24    relating to the contention in paragraph 540 of the Complaint, they will be produced.

25    To the extent that NYSTRS' counsel has documents as a result of its investigation that

26    are publicly available relating to paragraph 540 of the Complaint, they will not be

27    produced, as they are equally accessible to KPMG and constitute privileged work-

28

JOINT STIPULATION RE KPMG'S MOTION TO COMPEL THE PRODUCTION OF
DOCUMENTS

LA1 1644722v.1

1  product. To the extent that NYSTRS' counsel received New Century documents from

2  former New Century employees, they will be produced.

3  **REQUEST FOR PRODUCTION NO. 54**

4        All DOCUMENTS, including but not limited to, COMMUNICATIONS, that

5  refer or relate to YOUR contention in paragraph 49 of the COMPLAINT that "[t]he

6  members of the class are so numerous that joinder of all members is impracticable."

7  **RESPONSE TO REQUEST NO. 54**

8        Plaintiffs incorporate their General Objections and Objections to Definitions by

9  reference. Plaintiffs object to this Request as overbroad, unduly burdensome, and not

10 reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs

11 object to this Request as improper contention discovery which is premature at this

12 stage of the litigation to the extent that it calls for the disclosure of documents

13 concerning Plaintiffs' factual and legal contentions in this action, when discovery is

14 ongoing and the record has yet to be fully developed. Plaintiffs object to this Request

15 to the extent it seeks documents protected from disclosure by the attorney-client

16 privilege, work product doctrine, or any other applicable privilege or protection.

17 **JUNE 11 MODIFIED RESPONSE TO REQUEST NO. 54**

18       As discussed in the June 5, 2009 meet and confer, to the extent that NYSTRS

19 has any non-privileged documents in its files, including publicly available documents,

20 relating to the contention in paragraph 49 of the Complaint, they will be produced. To

21 the extent that NYSTRS' counsel has documents as a result of its investigation that

22 are publicly available relating to paragraph 49 of the Complaint, they will not be

23 produced, as they are equally accessible to KPMG and constitute privileged work-

24 product. To the extent that NYSTRS' counsel received New Century documents from

25 former New Century employees, they will be produced.

26

27

28

JOINT STIPULATION RE KPMG'S MOTION TO COMPEL THE PRODUCTION OF
DOCUMENTS

LA1 1644722v.1

1    **REQUEST FOR PRODUCTION NO. 55**

2           All DOCUMENTS, including but not limited to, COMMUNICATIONS, that

3    refer or relate to YOUR contention in paragraph 50 of the COMPLAINT that

4    "Plaintiffs' claims are typical of the claims of the members of the Class."

5    **RESPONSE TO REQUEST NO. 55**

6           Plaintiffs incorporate their General Objections and Objections to Definitions by

7    reference.  Plaintiffs object to this Request as overbroad, unduly burdensome, and not

8    reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs

9    object to this Request as improper contention discovery which is premature at this

10   stage of the litigation to the extent that it calls for the disclosure of documents

11   concerning Plaintiffs' factual and legal contentions in this action, when discovery is

12   ongoing and the record has yet to be fully developed.  Plaintiffs object to this Request

13   to the extent it seeks documents protected from disclosure by the attorney-client

14   privilege, work product doctrine, or any other applicable privilege or protection.

15   **JUNE 11 MODIFIED RESPONSE TO REQUEST NO. 55**

16           As discussed in the June 5, 2009 meet and confer, to the extent that

17   NYSTRS has any non-privileged documents in its files, including publicly available

18   documents, relating to the contention in paragraph 50 of the Complaint, they will be

19   produced.  To the extent that NYSTRS' counsel has documents as a result of its

20   investigation that are publicly available relating to paragraph 50 of the Complaint,

21   they will not be produced, as they are equally accessible to KPMG and constitute

22   privileged work-product.  To the extent that NYSTRS' counsel received New Century

23   documents from former New Century employees, they will be produced.

24   **REQUEST FOR PRODUCTION NO. 56**

25           All DOCUMENTS, including but not limited to, COMMUNICATIONS, that

26   refer or relate to YOUR contention in paragraph 51 of the COMPLAINT that

27   "Plaintiffs' will fairly and adequately represent the interests of the members of the

28                                      42

---

LA1 1644722v.1

1  Class and have retained counsel competent and experienced in class and securities

2  litigation."

3  **RESPONSE TO REQUEST NO. 56**

4       Plaintiffs incorporate their General Objections and Objections to Definitions by

5  reference.  Plaintiffs object to this Request as overbroad, unduly burdensome, and not

6  reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs

7  object to this Request as improper contention discovery which is premature at this

8  stage of the litigation to the extent that it calls for the disclosure of documents

9  concerning Plaintiffs' factual and legal contentions in this action, when discovery is

10 ongoing and the record has yet to be fully developed.  Plaintiffs object to this Request

11 to the extent it seeks documents protected from disclosure by the attorney-client

12 privilege, work product doctrine, or any other applicable privilege or protection.

13 **JUNE 11 MODIFIED RESPONSE TO REQUEST NO. 56**

14      As discussed in the June 5, 2009 meet and confer, to the extent that NYSTRS

15 has any non-privileged documents in its files, including publicly available documents,

16 relating to the contention in paragraph 51 of the Complaint, they will be produced.  To

17 the extent that NYSTRS' counsel has documents as a result of its investigation that

18 are publicly available relating to paragraph 51 of the Complaint, they will not be

19 produced, as they are equally accessible to KPMG and constitute privileged work-

20 product.  To the extent that NYSTRS' counsel received New Century documents from

21 former New Century employees, they will be produced.

22 **REQUEST FOR PRODUCTION NO. 57**

23      All DOCUMENTS, including but not limited to, COMMUNICATIONS, that

24 refer or relate to YOUR contention in paragraph 53 of the COMPLAINT that

25 "[c]ommon questions of law and fact exist as to all members of the Class, and

26 predominate over any questions affecting solely individual members of the Class."

27 **RESPONSE TO REQUEST NO. 57**

28
                                    43
LA1 1644722v.1

Plaintiffs incorporate their General Objections and Objections to Definitions by reference.  Plaintiffs object to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request as improper contention discovery which is premature at this stage of the litigation to the extent that it calls for the disclosure of documents concerning Plaintiffs' factual and legal contentions in this action, when discovery is ongoing and the record has yet to be fully developed.  Plaintiffs object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

**JUNE 11 MODIFIED RESPONSE TO REQUEST NO. 57**

As discussed in the June 5, 2009 meet and confer, to the extent that NYSTRS has any non-privileged documents in its files, including publicly available documents, relating to the contention in paragraph 53 of the Complaint, they will be produced.  To the extent that NYSTRS' counsel has documents as a result of its investigation that are publicly available relating to paragraph 53 of the Complaint, they will not be produced, as they are equally accessible to KPMG and constitute privileged work-product.  To the extent that NYSTRS' counsel received New Century documents from former New Century employees, they will be produced.

**A.     KPMG'S POSITION**

**1.     The Work Product Doctrine Does Not Apply to Documents Collected By Lead Plaintiff During Its Investigation**

The parties' dispute regarding Requests Nos. 50-57 relate to Plaintiffs' assertion that the work product doctrine protects *documents* that their counsel collected during the course of their investigation.  Plaintiffs' assertion is improper and contrary to the law.

During the meet and confer process, Plaintiffs initially asserted that documents responsive to Request Nos. 50-57 that were collected during their counsels'

44

LA1 1644722v.1

1  investigation are protected work product and would not be produced.  During the

2  parties' July 23-24 conference, however, Plaintiffs changed their position and stated

3  that it would produce—both from the files of NYSTRS and its counsel—all

4  documents responsive to these Requests except for publicly available documents that

5  it collected during its investigation.  *See* Lopez Decl. ¶ 12; Exh. G, at 147.  But

6  Plaintiffs then changed their position again, stating that it would only produce non-

7  public documents *that were referred to in the Complaint.  See* Lopez Decl., Exh. H, at

8  158; Exh. J, at 168.  That offer to produce documents referred to in the Complaint,

9  however, unreasonably limits the scope of documents responsive to Request Nos. 50-

10  57,[9] and is an improper assertion of the work product doctrine.

11      Work product protection does not extend to documents "located and assembled

12  in the course of factual investigations."  *Layman v. Combs*, 1988 U.S. Dist. LEXIS

13  18517, at *6 (N.D. Cal. Feb. 22, 1988), *overruled on other grounds* 994 F.2d 1344

14  (9th Cir. 1992).  To the contrary, "[a] party may compel production of whatever

15  documents or other evidence the opposing party (or counsel) has collected or

16  assembled relating to a particular issue.  There is no work product protection because

17  the collection or assembly of documents, as opposed to their creation, does not

18  necessarily reveal counsel's mental impressions and litigation strategy."  William W.

19  Schwarzer et al., *Federal Civil Procedure Before Trial* 11:846 (Rutter Group 2009);

20  *see Kartman v. State Farm Mut. Auto. Ins. Co.*, 247 F.R.D. 561, 564 (D. Ind. Dec. 21,

21  2007) ("Merely gathering documents from third parties does not gloss the documents

22  with an attorney's mental impressions any more tha[n] simply sharing documents with

23  an attorney stamps the documents with the imprimatur of attorney-client privilege.").

24

25

26  [9] Plaintiffs' agreement to produce documents referred to in the Complaint is

27  responsive to Request No. 59, which is not in dispute here.

28

45

JOINT STIPULATION RE KPMG'S MOTION TO COMPEL THE PRODUCTION OF
DOCUMENTS

1    For example, in *Zucker v. Sable*, 72 F.R.D. 1 (S.D.N.Y. 1975), the plaintiff

2 refused to produce requested documents, claiming, as Plaintiffs do here, that they had

3 been located and collected in preparing for litigation.  The documents included press

4 releases, newspaper articles, advertisements, and similar pre-existing materials

5 prepared for non-litigation purposes.  The court held that the work product doctrine is

6 limited to items which involve an attorney's professional skill and experience, and

7 therefore that the "documents in question, which were not originated by counsel in

8 preparation of his case, are not immune from discovery."  *Id*. at 3.

9    Accordingly, the Court should reject Plaintiffs' work-product assertion, and

10 compel the production of documents that Plaintiffs' counsel collected in the course of

11 their investigation, as well as documents Plaintiffs referred to in their Complaint.  *See*

12 *In re Convergent Tech. Sec. Litig.*, 108 F.R.D. 328, 341 (N.D. Cal. 1985) (plaintiffs

13 compelled to produce all documents that support or contradict any of the allegations in

14 complaint).

15 **B.    PLAINTIFFS' POSITION**

16    KPMG Request Nos. 50-57 seeks the production of all documents relating to or

17 supporting allegations in the Complaint, including documents from the investigative

18 files of Plaintiffs' Lead Counsel to the present.  During the meet and confer with

19 KPMG regarding these Requests, Plaintiffs agreed to produce ***all*** public and

20 nonpublic documents in Plaintiffs' (as opposed to Plaintiffs' Lead Counsel's) files

21 responsive to these Requests.  And Plaintiffs even agreed to produce ***all*** documents

22 received from confidential witnesses, even from Plaintiffs' Lead Counsel's files.  *Id*.

23 Contrary to KPMG's mischaracterization of the conference on July 23-24, Plaintiffs'

24 Lead Counsel did not represent that it would produce all documents, other than

25 publicly available documents, that were collected by Plaintiffs' Lead Counsel in the

26 course of its investigation.  Instead, during that conference, Plaintiffs' Lead Counsel

27 stated that documents Plaintiffs' Lead Counsel gathered in preparation of the

28

JOINT STIPULATION RE KPMG'S MOTION TO COMPEL THE PRODUCTION OF
DOCUMENTS

LA1 1644722v.1

1  Complaint would not be produced; however, Plaintiffs' Lead Counsel would produce

2  documents obtained from confidential witnesses in the course of investigating the

3  Complaint.  *See* Lin Decl., at ¶10, Ex. B.  Plaintiffs' Lead Counsel also stated that if

4  any responsive documents were contained in Plaintiffs' files (as opposed to Plaintiffs'

5  Lead Counsel's files), they would be produced.  *See* Lin Decl., at ¶10, Ex. B.  Thus,

6  this dispute boils down to KPMG's request that Plaintiffs produce all documents

7  collected and reviewed by Plaintiffs' Lead Counsel as part of its investigation of this

8  matter – irrespective of whether such documents are referenced in the Complaint or

9  not.

10         By way of background, pursuant to the Private Securities Litigation Reform Act

11  applicable to this case, 15 U.S.C. § 78u-4(b)(3)(B), discovery could not commence

12  until after the Complaint withstood Defendants' motions to dismiss.  Accordingly, the

13  Complaint's allegations were based on readily and publicly available information such

14  as New Century's SEC filings, press releases, news reports, and the Examiner's

15  Report.[10]  The Complaint also included allegations based on data compiled by

16  Plaintiffs' Lead Counsel concerning New Century's residential mortgage loans that

17  New Century reported pursuant to the Home Mortgage Disclosure Act of 1972

18  ("HMDA"), which are publicly available on the Internet.

19

20

---

21  [10] The first paragraph of the Complaint expressly stated:  "Lead Plaintiff, the New
   York State Teachers' Retirement System, and Plaintiffs Carl Larson and Charles
22  Hooten (collectively, "Plaintiffs") make the following allegations upon information
   and belief based upon all of the facts set forth herein which were obtained through an
23  investigation made by and through Plaintiffs' Lead Counsel.  Lead Counsel's
   investigation has included, among other things, a review of filings by Defendants with
24  the United States Securities and Exchange Commission ("SEC"), press releases and
   other public statements issued by Defendants, the Final Report of Michael J. Missal,
25  Bankruptcy Court Examiner (the "Examiner"), dated February 29, 2008 (the
26  "Examiner's Report"), and the other sources set forth below."

27

28

JOINT STIPULATION RE KPMG'S MOTION TO COMPEL THE PRODUCTION OF
DOCUMENTS

LA1 1644722v.1

1    In conferences with Plaintiffs' Lead Counsel and in its August 19, 2009 letter,

2  KPMG appeared to agree that publicly available documents collected by Plaintiffs'

3  Lead Counsel did not need to be produced.  *See* Ex. I, attached to Lopez Decl.  Even if

4  KPMG has now changed its position and seeks the production of the publicly

5  available documents collected by Plaintiffs' Lead Counsel, the Court should not

6  require the production of these publicly available documents because the production

7  of documents from Plaintiffs' Lead Counsel's investigative files would provide a

8  window into Plaintiffs' Lead Counsel's mental process and strategy in this litigation

9  by reflecting its search for information and selection of certain documents for

10  inclusion in the Complaint.  *See Hickman v. Taylor,* 329 U.S. 495, 510 (1947) ("not

11  even the most liberal discovery theories can justify unwarranted inquiries into the files

12  and the mental impressions of an attorney.").  "Where the selection, organization, and

13  characterization of facts reveal the theories, opinions, or mental impressions of a party

14  or the party's representative, that material qualifies as opinion work product."

15  *Kintera, Inc. v. Convio, Inc.,* 219 F.R.D. 503, 507 (S.D. Cal. 2003).  "Opinion work

16  product receives 'nearly absolute protection.'" *Id.*[11]

17

18  [11]  "Discovery was hardly intended to enable a learned profession to perform its

19  functions . . . on wits borrowed from the adversary." *Hickman v. Taylor*, 329 U.S.

20  495, 516 (1947).  The work-product doctrine codified in Federal Rule of Civil

Procedure 26(b)(3) protects from discovery "documents and tangible things prepared

21  by a party or his representative in anticipation of litigation." *Admiral Ins. Co. v.*

22  *United States District Court for the District of Arizona*, 881 F.2d 1486, 1494 (9th Cir.

1989).  In determining whether a document is protected by the work-product doctrine,

23  the Ninth Circuit has adopted the "because of" litigation test, rather than the "primary

24  motivation" test." *In re Grand Jury Subpoena (Mark Torf/Torf Environmental*

*Mgmt.)*, 357 F.3d 900, 907 (9th Cir. 2004).  Under any test, the documents that Lead

25  Counsel reviewed and collected in the course of its investigation are protected work

26  product, as they reflect counsel's state of mind and were selected in anticipation and

because of this litigation.  *See Strougo v. BEA Assocs.*, 199 F.R.D. 515, 520 (S.D.N.Y.

27  2001) (documents should be deemed prepared "in anticipation of litigation" if "in light

*(Footnote continued)*

28                                                         48

JOINT STIPULATION RE KPMG'S MOTION TO COMPEL THE PRODUCTION OF
DOCUMENTS

1        Moreover, because these documents are publicly available and equally

2    accessible to KPMG, KPMG can obtain them without intrusion into opposing

3    counsel's files and thought processes.

4        Aside from the publicly available information, the nonpublicly available

5    documents supporting or relating to the claims and allegations in the Complaint are:

6    (i) records of Plaintiffs' transactions (buys and sales) in New Century securities; and

7    (ii) documents concerning Plaintiffs' Lead Counsel's communications with, and

8    documents Plaintiffs' Lead Counsel received from, confidential witnesses in the

9    course of investigating the claims and allegations in this case. Plaintiffs' Lead

10   Counsel also received document productions from third parties through formal

11   discovery after the PLSRA's discovery stay was lifted.

12

13   _____

14   of the nature of the document and the factual situation in the particular case, the
document can fairly be said to have been prepared ***or obtained*** because of the prospect

15   of litigation"); *United States v. KPMG LLP*, 2003 U.S. Dist. LEXIS 18476, at *4
(D.D.C. Oct. 8, 2003) (same). Disclosure of such documents would reveal Lead

16   Counsel's work product by disclosing, among other things, which documents counsel

17   viewed as important relative to others in preparation of the Complaint.

18       The authorities cited by KPMG do not hold otherwise. For example, *Layman v.
Combs*, 1988 U.S. Dist. LEXIS 18517 (N.D. Cal. Feb. 22, 1988), ordered production

19   of documents obtained from certain third parties by plaintiffs' counsel where plaintiffs

20   failed to serve any written objections to the discovery. Similarly, the court in
*Kartman v. State Farm Mut. Auto Ins. Co.*, 247 F.R.D. 561 (S.D. Ind. 2007)

21   recognized that "under certain circumstances providing the documents assembled by

22   counsel could provide a window into counsel's mental process." *Id*. at 564. Such
circumstances are present here, where disclosure of all documents collected by Lead

23   Counsel in the course of its investigation would give KPMG unfair insight into

24   counsel's mental impression and litigation strategy. *See, e.g.*, *Sporck v. Peil*, 759 F.2d
312, 315-16 (3d Cir. 1985) (disclosure of documents as a group will reveal counsel's

25   selection process and mental impressions); *James Julian, Inc. v. Raytheon Co.*, 93

26   F.R.D. 138, 144 (D. Del. 1982) ("In selecting and ordering a few documents out of the
thousands counsel could not help but reveal important aspects of his understanding of

27   the case.").

28   49

JOINT STIPULATION RE KPMG'S MOTION TO COMPEL THE PRODUCTION OF
DOCUMENTS

LA1 1644722v.1

1    Because (i) records of Plaintiffs' transactions in New Century securities were

2    agreed to and have been produced to KPMG, (ii) Plaintiffs' Lead Counsel has agreed

3    to produce documents it received from confidential witnesses, and (iii) Plaintiffs'

4    Lead Counsel has produced to Defendants all documents it received from third parties

5    through formal discovery, it appears that KPMG seeks, through its overly broad

6    Request Nos. 50-57, documents concerning Plaintiffs' Lead Counsel's

7    communications with confidential witnesses.  Notably, during the meet and confer

8    process with KPMG, KPMG asked Plaintiffs' Lead Counsel for the production of its

9    communications with confidential witnesses, which KPMG specifically asked for in

10    Request No. 69.  Plaintiffs objected on the grounds of work product.  Despite

11    informing Plaintiffs' Lead Counsel that it was moving to compel Request No. 69 (*see*

12    Ex. I, attached to the Lopez Declaration), however, KPMG did not move to compel

13    production pursuant to Request 69.  Instead, KPMG has either conceded that these

14    documents are not discoverable work product, or it surreptitiously seeks obtain these

15    documents through Request Nos. 50-57 at issue here.

16    In *Upjohn v. United States,* 499 U.S. 383 (1981), the U.S. Supreme Court held

17    that the identity of witnesses interviewed by opposing counsel involve protected

18    work-product.  *Id.* at 399.  *See also, California Practice Guide: Federal Civil*

19    *Procedure Before Trial* (The Rutter Group 2008), at 11:877 ("seeking the identity of

20    witnesses who have been interviewed by opposing counsel or attempting to obtain the

21    attorney's notes of such interviews would involve protected work product"); *Seven*

22    *Hanover Assocs., LLC v. Jones Lang LaSalle Americas, Inc.,* 2005 U.S. Dist. LEXIS

23    32016 (S.D.N.Y. Dec. 7, 2005) (defendant is not entitled to the identification of who

24    among knowledgeable individuals have been interviewed by plaintiff's attorney).

25    Plaintiffs' Lead Counsel's communications with confidential witnesses were made in

26    anticipation of litigation, were made as part of its investigation, and would necessarily

27    reveal the identity of witnesses contacted by Plaintiffs' Lead Counsel in the course of

28

JOINT STIPULATION RE KPMG'S MOTION TO COMPEL THE PRODUCTION OF
DOCUMENTS

LA1 1644722v.1

1  its investigation.  As such, documents concerning these communications are protected

2  by the work-product doctrine.  *See, e.g., In re MTI Tech. Corp. Sec. Litig.,* 2002 U.S.

3  Dist. LEXIS 13015, at *8 (C.D. Cal. June 14, 2002) (The identity of witnesses

4  interviewed by opposing counsel is protected under the work-product doctrine because

5  "if the identity of the interviewed witnesses is disclosed, opposing counsel can infer

6  which witnesses counsel considers important, revealing mental impressions and trial

7  strategies.  Such evaluations, impressions, and strategy are at the heart of the work

8  product rule"); *Tierno v. Rite Aid Corp.,* 2008 WL 270589 (N.D. Cal. July 8, 2008)

9  (identity of witnesses is protected attorney-work product); *In re Ashworth, Inc. Sec.*

10 *Litig.,* 213 F.R.D. 385, 587-389 (S.D. Cal. 2002) (names of witnesses who provided

11 information supporting the complaint were protected as attorney work-product).

12     Additionally, disclosure of confidential informant identities or communications

13 is disfavored absent a showing of compelling need on KPMG's part.[12]  As a practical

14 matter, disclosure of their identities could jeopardize, among other things, their current

15 employment or their ability to obtain employment.  As commentators have noted:

16 "Informants are especially valuable in private securities litigation . . . . [and] [t]he

17 need to shield whistleblowers from retaliation is widely acknowledged."[13]

18

19 [12]  *See, e.g., Novak v. Kasaks*, 216 F.3d 300, 314 (2d Cir. 2000) (disclosure of

20 confidential informants' identities "could deter informants from providing critical
   information to investigators in meritorious cases or invite retaliation against them");

21 *accord. New Jersey Carpenters Pension & Annuity Funds v. Biogen Idec, Inc.*, 537

22 F.3d 35, 52 (1st Cir. 2008); *Makor Issues & Rights, Ltd. v. Tellabs, Inc.*, 437 F.3d 588,
   596 (7th Cir. 2006), *rev'd on other grounds*, 127 S. Ct. 2499 (2007); *California Public*

23 *Employees' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 147 (3d Cir. 2004); *In re*

24 *Cabletron Sys., Inc.*, 311 F.3d 11, 30 (1st Cir. 2002); *ABC Arbitrage Plaintiffs Group
   v. Tchuruk*, 291 F.3d 336, 253-53 (5th Cir. 2002).

25 [13]  "Dialogue on the Current Law and Proposals for Reform on the Use of Information

26 From and the Disclosure of the Identity of Informants," *Bar Assoc. of the City of New
   York, Sec. Litig. Comm.* (Aug. 2009), at 3.

27

28

JOINT STIPULATION RE KPMG'S MOTION TO COMPEL THE PRODUCTION OF
DOCUMENTS

LA1 1644722v.1

1    In addition, Plaintiffs' Lead Counsel's own internal notes and memoranda

2 regarding its communications with witnesses would reveal counsel's processes and

3 methods for conducting investigations, which are proprietary and confidential and, if

4 disclosed, could hamper its ability to conduct future investigations and obtain the

5 cooperation of other witnesses.  Even counsel for KPMG acknowledged this

6 protection, stating during a meet and confer with Plaintiffs' Lead Counsel relating to

7 KPMG's Requests that it was not seeking Plaintiffs' Lead Counsel's notes regarding

8 confidential witnesses.  *See* Lin Declaration, ¶10.  Accordingly, this work product

9 should be protected from disclosure.[14]

10    **3.    Documents Plaintiffs Refuse To Produce On Attorney-Client**

11         **Privilege Grounds**

12 **REQUEST FOR PRODUCTION NO. 36**

13    All DOCUMENTS from January 1, 2005 to the present from any current and/or

14 former NEW shareholder concerning NEW.

15 **RESPONSE TO REQUEST NO. 36**

16    Plaintiffs incorporate their General Objections and Objections to Definitions by

17 reference.  Plaintiffs object to this Request as overbroad, unduly burdensome, and not

18 reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs

19 object to this Request as burdensome to the extent it calls for documents not within

20 Plaintiffs' possession, custody or control.  Plaintiffs also object to this Request as

21 vague, incomprehensible and overly burdensome to the extent it requires Plaintiffs to

22 ascertain NEW shareholders.  Plaintiffs further object to this Request on the grounds

23 that it seeks documents protected from discovery by the attorney work product

24 doctrine and/or attorney-client privilege.

25 ───────────────

26 [14]  This does not mean that KPMG cannot discover the identity of relevant witnesses
in this case.  All relevant witnesses known to Lead Plaintiff were identified in

27 Plaintiffs' initial disclosures provided to KPMG on February 25, 2009.

28

JOINT STIPULATION RE KPMG'S MOTION TO COMPEL THE PRODUCTION OF
DOCUMENTS

LA1 1644722v.1

1    Subject to and without waiving any of the general and specific objections,

2    Plaintiffs will produce relevant non-privileged documents, if any, in their possession,

3    custody or control from May 5, 2005 to March 14, 2007 responsive to this Request.

4    **JUNE 11 MODIFIED RESPONSE TO REQUEST NO. 36**

5    NYSTRS is presently not aware of any documents in its files from January 1,

6    2005 to the present from any current and/or former New shareholder concerning New.

7    Documents NYSTRS' counsel received from any current and/or former New

8    shareholder concerning New is [sic] protected by the attorney-client privilege and will

9    not be produced.

10    **REQUEST FOR PRODUCTION NO. 38**

11    All DOCUMENTS from January 1, 2005 to the present created by or received

12    from, either directly or indirectly, any other Plaintiff and/or putative class member in

13    this ACTION.

14    **RESPONSE TO REQUEST NO. 38**

15    Plaintiffs incorporate their General Objections and Objections to Definitions by

16    reference.  Plaintiffs object to this Request as overbroad, unduly burdensome, and not

17    reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs

18    object to this Request as vague, incomprehensible and overly burdensome to the

19    extent it requires Plaintiffs to ascertain putative class members in this Action.

20    Plaintiffs further object to this Request on the grounds that it seeks documents

21    protected from discovery by the attorney work product doctrine and/or attorney-client

22    privilege.

23    **JUNE 11 MODIFIED RESPONSE TO REQUEST NO. 38**

24    As clarified in the June 5, 2009 meet and confer, this Request seeks documents

25    between NYSTRS and those persons or entities that NYSTRS is aware are Plaintiffs

26    and/or putative class members in this action and relate to this case.  NYSTRS is

27    presently not aware of any non-privileged documents in its files responsive to this

28    53

LA1 1644722v.1

1   Request.  All communications from January 1, 2005 to the present between or among

2   NYSTRS' counsel and any other Plaintiff and/or putative class member in this Action

3   that refer or relate to New or to this Action are subject to the attorney-client privilege

4   and will not be produced.

5   **A.    KPMG'S POSITION**

6          Plaintiffs contend that all documents they received from any current or former

7   New Century shareholders, any other plaintiff (including Larson and Hooten),[15] or

8   putative class members in this litigation are protected from disclosure under the

9   attorney-client privilege.  *See* Lopez Decl., Exh. F, at 138; Exh. H, at 156-157; Exh. J,

10  at 167-168.  Like its work product assertion above, Plaintiffs again get the law wrong.

11         *First*, to assert the privilege, an attorney-client relationship between Plaintiff's

12  counsel and New Century shareholders and putative class members must exist.  *See*

13  *Fisher v. United States*, 425 U.S. 391, 403 (1976).  It is well-settled in California,

14  however, that there is no attorney-client relationship between Lead Plaintiffs' counsel

15  and a putative class member before class certification.  *See Castaneda v. Burger King*

16  *Corp.*, 2009 U.S. Dist. LEXIS 69592, at *13 (N.D. Cal. Jul. 31, 2009) ("The case law

17  is unambiguous that potential class members are unrepresented prior to class

18  certification…."); *see also Babbitt v. Albertson's Inc.*, 1993 U.S. Dist. LEXIS 18801,

19  at *4 (N.D. Cal. 1993); *Atari v. Superior Court*, 166 Cal. App. 3d 867 (1985).

20         *Second*, even if there was an attorney-client relationship, pre-existing

21  documents exchanged between a client and his or her attorney are not protected under

22  the privilege.  *See Fisher*, 425 U.S. at 403 ("This Court and the lower courts have thus

23  uniformly held that pre-existing documents which could have been obtained by court

24  process from the client when he was in possession may also be obtained from the

25

26  _____

    [15] As reflected in the Court's docket, counsel for Lead Plaintiffs, Bernstein Litowitz
27  Berger & Grossman LLP, do not represent Larson and Hooten.

28

JOINT STIPULATION RE KPMG'S MOTION TO COMPEL THE PRODUCTION OF
DOCUMENTS

LA1 1644722v.1

1  attorney by similar process following transfer by client in order to obtain more

2  informed legal advice."); *see also Upjohn Co. v. United States*, 449 U.S. 383, 395-96

3  (1981) ("The [attorney-client] privilege only protects disclosure of communications; it

4  does not protect disclosure of the underlying facts by those who communicated with

5  the attorney."); *United States v. Robinson*, 121 F.3d 971, 975 (5th Cir. 1997) (notice

6  of forfeiture given to attorney by client discoverable because it was a pre-existing

7  document that "could have been obtained by court process from the client when he

8  was in possession. . . ."); *1st Technology, LLC v. Rational Enterprises Ltd.*, 2008 U.S.

9  Dist. LEXIS 106101, at *15-16 (D. Nev. Jul. 15, 2008) (pre-existing documents that

10  the client could be ordered to produce if they were still in his possession were not

11  protected from disclosure by attorney-client privilege); *see also Green & Shinee v.*

12  *Superior Court*, 88 Cal. App. 4th 532, 536-37 (2001) ("Documents prepared

13  independently by a party, including witness statements, do not become privileged

14  communications or work product merely because they are turned over to counsel.").

15      There is no question that KPMG would be entitled to obtain the requested

16  documents from the putative class members, New Century shareholders, and other

17  plaintiffs through lawful process.  *See Castaneda*, 2009 U.S. Dist. LEXIS 69592, at

18  *21 ("Both parties are permitted to take pre-certification discovery, including

19  discovery from prospective class members.").  Therefore, there can also be no

20  question that the attorney-client privilege does not apply to documents Plaintiffs

21  received from New Century shareholders, other plaintiffs, or putative class members.

22  KPMG is entitled to discovery of those documents, and this Court should compel

23  Plaintiffs to produce them.

24  **B.    PLAINTIFFS' POSITION**

25      KPMG Request Nos. 36 & 38 seek production of all documents from January 1,

26  2005 to the present received from any current and/or former New Century shareholder

27  concerning New Century (Request No. 36) and all documents from January 1, 2005 to

28  

JOINT STIPULATION RE KPMG'S MOTION TO COMPEL THE PRODUCTION OF
DOCUMENTS

1   the present created by or received from any other plaintiff or putative class member

2   (Request No. 38). Together with KPMG Request Nos. 50-57, KPMG apparently

3   seeks production of Plaintiffs' Lead Counsel's entire investigation file.

4        As an initial matter, Plaintiffs have agreed to produce documents responsive to

5   KPMG's Request No. 38 in Plaintiffs' files (*i.e.*, documents created by or received

6   from any other plaintiff and/or putative class member). Nonetheless, KPMG seeks to

7   compel production of (i) documents that NYSTRS's **counsel** received from New

8   Century shareholders and (ii) communications between NYSTRS's **counsel** and New

9   Century shareholders in connection with this action. As explained below, such

10   documents and communications are privileged attorney-client communications.

11        Relying on *Castaneda v. Burger King Corp.*, 2009 U.S. Dist. LEXIS 69592

12   (N.D. Cal. July 31, 2009), KPMG asserts that it is "well-settled in California" that no

13   attorney-client relationship exists between lead counsel and a putative class member

14   before class certification. KPMG's argument is off-point. Unlike *Castaneda,* this

15   discovery dispute does not concern whether KPMG or its counsel may have *ex parte*

16   contact with class members.[16]

17        Instead, this discovery dispute concerns KPMG's efforts to obtain discovery of

18   communications between Plaintiffs' Lead Counsel and putative class members. Here,

19   the majority of authorities – including *Castenda, in dicta* – confirm that such

20   discovery is improper because it invades protected communication. *See*, *e.g.*, *Barton*

21   *v. U.S.D.C. Dist. Cal.*, 410 F.3d 1104, 1111 (9th Cir. 2005) (the attorney-client

22   privilege applies to communications with a prospective client, even before the lawyer

23

24   [16] KPMG's other cited authorities, *Babbitt v. Albertson's Inc.*, 1993 U.S. Dist. LEXIS

25   188091 (N.D. Cal. Jan. 28, 1993) and *Atari v. Sup. Ct.*, 166 Cal.App.3d 867 (1985),

26   both address the same question as *Castaneda*; *i.e.*, whether defense counsel may have

27   *ex parte* communications with absent class members under California law. This issue
     is not in dispute in this motion.

28

56

1   represents the client and with no assurances that it will); *Castaneda*, 2009 U.S. Dist.

2   LEXIS 69592, at *19 ("The fact that the putative class members in this case contacted

3   Plaintiffs' counsel may create a privilege for their communications with class

4   counsel."). Indeed, in *Castaneda*, defense counsel were "admonished not to inquire

5   into the substance of any communications" between putative class members and class

6   counsel. *Id*.

7          KPMG's argument that all communications must be produced because putative

8   class members are not "clients" of Lead Counsel is untenable. As in most cases

9   prosecuted by Lead Counsel, absent class members often contact attorneys with

10  various inquiries, including questions about whether they are members of the class,

11  the status of litigation and information about the class claims. Similarly, named

12  plaintiffs Larson and Hooten have met with and discussed this case with Lead

13  Counsel, whom they recognize as ***their*** counsel in this case.

14         "In general, confidential communications between individuals and attorneys for

15  the purpose of obtaining or rendering legal advice are privileged," and "the attorney-

16  client privilege attaches to the preliminary discussions about representation between a

17  lawyer and a prospective client, even if the client decides not to employ the lawyer.

18  Without this protection, individuals' ability to seek legal advice would be constrained,

19  as they would not feel safe approaching an attorney about a possible case." *Sandoval*

20  *v. Am. Bldg. Maintenance Indus., Inc.*, 2007 U.S. Dist. LEXIS 97773, at *44-45 (D.

21  Minn. Oct. 23, 1977); *see also Barton*, 410 F.3d at 1104 (same).

22         In *Tierno v. Rite Aid Corp.*, 2008 WL 2705089, at *3-4 (N.D. Cal. July 8,

23  2008), the court rejected defendants' argument that communications between Lead

24  Counsel and class members were not privileged where a class had not yet been

25  certified. *See also Castaneda v. Burger King Corp.*, 2009 WL 2382688, at *6 (N.D.

26  Cal. July 31, 2009) ("The fact that the putative class members in this case contacted

27  Plaintiffs' counsel may create a privilege for their communications with class

28

                                              57

LA1 1644722v.1

1    counsel . . . . Defense counsel are admonished not to inquire into the substance of any

2    communications between Plaintiffs' counsel and putative plaintiffs"). Indeed, Lead

3    Counsel have a fiduciary duty to class members both before and after class

4    certification, and communications with putative class members must be afforded

5    protection.

6          Finally, to the extent any such communications or documents might not be

7    protected from disclosure, KPMG has no legitimate reason for the discovery other

8    than to harass and intimidate Plaintiffs and Lead Counsel. Putative class members do

9    not represent the class and are not active participants in the litigation. As such, the

10   communications between Lead Counsel and putative class members are not relevant.

11   *See*, *e.g.*, *Epstein v. Am. Reserve Corp.*, 1985 U.S. Dist. LEXIS 15842, at *7-8 (N.D.

12   Ill. Sept. 18, 1985) (finding that communications plaintiffs or their attorneys had with

13   any potential class member are irrelevant and not subject to discovery). Indeed,

14   discovery relating to absent class members is inappropriate because they are not

15   parties for discovery purposes, and courts have required a party seeking discovery

16   from unnamed class members to obtain a court order before propounding such

17   discovery. *See*, *e.g.*, *Guenther v. Sedco, Inc.*, 1998 WL 898349, at *6-7 (S.D.N.Y.

18   Dec. 22, 1998) (observing that absent class members are not parties for discovery

19   purposes); *Kline v. First Western Gov't Sec.*, 1996 WL 122717, at *2 (E.D. Pa.

20   Mar. 11, 1996) (determining, after "surveying" cases, that "it is safe to state that

21   discovery of absent class members is disfavored."); *Kops v. Lockheed Martin Corp.*,

22   2003 U.S. Dist. LEXIS 8568, at *4 (C.D. Cal. May 12, 2003) (party seeking discovery

23   from unnamed class members must obtain court order before propounding discovery).

24   Further, allowing such discovery would require Lead Counsel to undertake a broad

25   electronic search for any and all communications it might have had with any absent

26   class member who inquired concerning the status of the case that could have been

27   made at any time from the pendency of this action to the present. Such a search would

28

                                          58

LA1 1644722v.1

1  discovery. *See, e.g., Guenther v. Sedco, Inc.*, 1998 WL 898349, at *6-7 (S.D.N.Y.

2  Dec. 22, 1998) (observing that absent class members are not parties for discovery

3  purposes); *Kline v. First Western Gov't Sec.*, 1996 WL 122717, at *2 (E.D. Pa.

4  Mar. 11, 1996) (determining, after "surveying" cases, that "it is safe to state that

5  discovery of absent class members is disfavored."); *Kops v. Lockheed Martin Corp.*,

6  2003 U.S. Dist. LEXIS 8568, at *4 (C.D. Cal. May 12, 2003) (party seeking discovery

7  from unnamed class members must obtain court order before propounding discovery).

8  Further, allowing such discovery would require Lead Counsel to undertake a broad

9  electronic search for any and all communications it might have had with any absent

10  class member who inquired concerning the status of the case that could have been

11  made at any time from the pendency of this action to the present. Such a search would

12  be enormously burdensome and not result in any relevant discovery. Accordingly,

13  KPMG's requests should be denied.

14

15  Dated:  September 23, 2009                 Respectfully submitted,

16                                             KPMG LLP

17

18                                             By: _Bradley H. Ellis_____

19                                             Bradley H. Ellis
                                               Attorneys For Defendant KPMG LLP

20

21

22

23

24

25

26

27

28

JOINT STIPULATION RE KPMG'S MOTION TO COMPEL THE PRODUCTION OF
DOCUMENTS

LA1 1644722v.1

1

2 Dated:  September 22, 2009

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP

By: _____
        ELIZABETH LIN

BLAIR A. NICHOLAS
ELIZABETH LIN
BENJAMIN GALDSTON
MATTHEW P. JUBENVILLE
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:  (858) 793-0323

        -and-

SALVATORE J. GRAZIANO
HANNAH E. GREENWALD-ROSS
LAUREN A. McMILLAN
1285 Avenue of the Americas
New York, NY 10019
Tel:   (212) 554-1400
Fax:  (212) 554-1444

*Lead Counsel for Plaintiff The New York
State Teachers' Retirement System and the
Class*

62

JOINT STIPULATION RE KPMG'S MOTION TO COMPEL THE PRODUCTION OF
DOCUMENTS