```
Michael C. Kelley (SBN 090062)
mkelley@sidley.com
Bradley H. Ellis (SBN 110467)
bellis@sidley.com
Jodi E. Lopez (SBN 231117)
jlopez@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, 40th Floor
Los Angeles, California 90013
Telephone:  (213) 896-6000
Facsimile:   (213) 896-6600

Michael L. Rugen (SBN 85578)
mrugen@sidley.com
Robert B. Martin III (SBN 235489)
rbmartin@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California 94104
Telephone:  (415) 772-1200
Facsimile:   (415) 772-7400
```

Attorneys For Defendant KPMG LLP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NEW CENTURY | Consolid. Case No. 2:07-cv-00931-DDP (FMOx) |
| | Hon. Fernando M. Olguin |
| | **DISCOVERY MATTER** |
| | DECLARATION OF JODI E. LOPEZ IN SUPPORT OF JOINT STIPULATION REGARDING KPMG LLP'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS FROM LEAD PLAINTIFF NEW YORK STATE TEACHERS' RETIREMENT SYSTEM AND PLAINTIFFS CARL LARSON AND CHARLES HOOTEN |
| | Date: October 14, 2009<br>Time: 10 a.m.<br>Dept: F<br>Discovery Cut-off:  None Set<br>Pretrial conf.:  None Set<br>Trial Date:  None Set |

# DECLARATION OF JODI E. LOPEZ

I, Jodi E. Lopez, declare as follows:

1. I am an attorney licensed and admitted to practice law in the courts of the State of California, and am an associate at the law firm of Sidley Austin LLP, counsel of record to Defendant KPMG LLP ("KPMG") in the above-captioned action. I have personal knowledge of the facts stated herein, and, if called upon to do so, I could and would testify competently to each of them. I submit this declaration in support of the Joint Stipulation regarding KPMG's Motion to Compel Production of Documents ("Motion to Compel").

2. On March 27, 2009, KPMG served Lead Plaintiff the New York State Teachers' Retirement System ("NYSTRS"), and plaintiffs Carl Larson ("Larson") and Charles Hooten ("Hooten) (collectively "Plaintiffs") with their First Set of Requests for Production of Documents (the "Requests"). A true and correct copy of KPMG's Requests is attached hereto as Exhibit A.

3. On April 29, 2009, Plaintiffs served KPMG with their Responses and Objections to Defendant KPMG LLP's First Set of Request for Production of Documents (the "Responses"), a true and correct copy of which is attached hereto as Exhibit B.

4. On May 26, 2009, I initiated the meet and confer process pursuant to Local Rule 37-1 by sending a letter to Elizabeth Lin, counsel for Lead Plaintiff NYSTRS, concerning Plaintiffs' Responses. Most of the letter related to the timeframe of Plaintiffs' production of documents. KPMG's Requests specified two different timeframes: (1) January 1, 2005 to April 27, 2007 and (2) January 1, 2005 to the present. However, each of Plaintiffs' Responses limited the scope of production to the Class Period – May 5, 2005 to March 13, 2007. The letter addressed the deficiency of this limitation, and the rationale behind the requested timeframes. There were also several Requests to which Plaintiffs merely objected, providing no indication as to whether responsive documents would be produced. I explained in the

1

letter the relevance of the requested documents and why Plaintiffs' Responses to such Requests were insufficient. A true and correct copy of my May 26, 2009 letter is attached hereto as Exhibit C.

5. On June 5, 2009, I met and conferred telephonically with NYSTRS's counsel regarding the Requests and Responses. During the conference, we continued discussing the timeframe of the Responses, and NYSTRS's counsel agreed to work with us on that issue. I also explained the relevancy and importance of documents pertaining to Plaintiffs' general investment strategies, practices and procedures, including documents concerning NYSTRS's investment committees and advisors, the investment vehicles referenced in NYSTRS's Annual Reports, and all minutes from NYSTRS's Board of Trustee meetings during the relevant period. NYSTRS disagreed that such documents are relevant to the claims and defenses of this action, and stated that the requested documents would not be produced.

6. On June 11, 2009, following our telephonic meet and confer, Ms. Lin sent a letter that set forth NYSTRS's modified responses to each of KPMG's Requests. The modified responses no longer limited the scope of production to the Class Period. However, Plaintiffs continued to refuse the production of documents responsive to several Requests, including, but not limited to, (1) minutes and related documents from NYSTRS's Board of Trustee meetings that do not concern New Century; (2) documents concerning any policies, procedures and/or strategies relating to mortgage-related investment vehicles referenced in its Annual Reports; (3) documents concerning NYSTRS's investment committees and advisors; (4) documents NYSTRS's counsel received from any New Century personnel; (5) documents NYSTRS's counsel received from any New Century shareholder, putative class member, or other plaintiff (including Larson and Hooten) in this action; (6) documents collected during the course of Plaintiffs' investigation that are responsive to Requests concerning Plaintiffs allegations in the Second Amended Complaint ("Complaint"); and (7) documents concerning litigation in which Plaintiffs

served as a party within the last ten years. A true and correct copy of Ms. Lin's June 11, 2009 letter is attached hereto as Exhibit D.

7. On July 1, 2009, I sent a letter to Ms. Lin concerning the modified responses to KPMG's Requests set forth in her June 11, 2009 letter. In the letter, I inquired whether the modified responses set forth in the June 11 letter also apply to Plaintiffs Larson and Hooten. I also asked counsel to clarify the meaning of Plaintiffs' responses to certain Requests, and explained why KPMG was entitled to documents responsive to Requests in which NYSTRS refused production. Further, in light of counsel's continued refusal to produce documents responsive to Requests regarding NYSTRS's Investment Advisory Committee, Real Estate Advisory Committee, and REIT Real Estate Advisors, I narrowed the scope of the request in an effort to resolve the issue without intervention from the Court. A true and correct copy of my July 1, 2009 letter is attached hereto as Exhibit E.

8. Ms. Lin responded to the July 1 letter on July 8, 2009. In the July 8 letter, counsel explained that NYSTRS's Responses set forth in the June 11 letter to Request Nos. 1-5, 6-8, 9-10, 15-19, and 33-69 similarly apply to Larson and Hooten. Counsel also continued to refuse production of documents responsive to certain Requests, including the Requests for which I had earlier narrowed the scope of the request. A true and correct copy of Ms. Lin's July 8, 2009 letter is attached hereto as Exhibit F.

9. Following receipt of Plaintiffs' July 8, 2009 letter, I met and conferred telephonically with NYSTRS's counsel again on July 23 and 24, 2009, in another effort to further clarify and narrow the outstanding issues concerning the Requests and Responses. Plaintiffs again refused to produce (1) the minutes of NYSTRS's Board of Trustee meetings that do not concern New Century or this litigation; (2) documents regarding any policy, procedure, practice and/or strategy relating to investment vehicles referenced in NYSTRS's Annual Reports; (3) documents concerning NYSTRS's investment committees and advisors;

(4) documents NYSTRS's counsel received from New Century shareholders, putative class members, and/or other plaintiffs; and (5) documents from cases that involved allegations relating to securities transactions, alleged federal or state securities violations, class allegations, allegations concerning professional malpractice, corporate control, breach of fiduciary duty, fraud claims, and/or shareholder derivative claims in which Plaintiffs have been a party within the last ten years. In an attempt to resolve the dispute regarding Requests relating to Plaintiffs' prior litigation experience, I narrowed the scope of the Request during the conference, and asked if Plaintiffs would agree to produce documents concerning other class actions, state securities cases, or cases involving fraud or professional malpractice.

10. On August 5, 2009, I sent a letter confirming the issues discussed and the agreements reached during the July 23 and 24 conference. A true and correct copy of my August 5, 2009 letter is attached hereto as Exhibit G.

11. On August 13, 2009, I received a letter from Ms. Lin in response to my August 5 letter. In the letter, NYSTRS continued to contend that minutes and related documents from its Board of Trustee meetings that do not concern New Century, and documents pertaining to its investment committees and advisors and investment vehicles described in its Annual Reports, are irrelevant. In addition, NYSTRS's counsel again refused production of documents it received from New Century shareholders, putative class members, and/or other plaintiffs. Further, despite my efforts to narrow the scope of Requests concerning Plaintiffs' previous litigation experience, counsel asserted that documents concerning other class actions or cases involving fraud or professional malpractice are irrelevant. A true and correct copy of Ms. Lin's August 13, 2009 letter is attached hereto as Exhibit H.

12. Plaintiffs then changed their position again on Requests relating to allegations in the Complaint in the August 13 letter. During the meet and confer process, Plaintiffs initially asserted that documents responsive to Requests for documents concerning allegations in the Complaint that were collected *during their*

*counsel's investigation* are protected work product and would not be produced. During the July 23-24 conference, however, Plaintiffs then stated that it would produce—both from the files of NYSTRS and its counsel—all documents responsive to these Requests except for publicly available documents that it collected during their investigation. But Plaintiffs then changed their position again in the August 13 letter, stating that it would only produce non-public documents that were *referred to in the Complaint*.

13. In a final effort to clarify the outstanding issues concerning Plaintiffs' Responses, as well as to narrow the issues to be presented to the Court for resolution, I sent another letter to NYSTRS's counsel on August 19, 2009. In the letter, I identified our understanding of Plaintiffs' positions as to certain Requests, and explained that KPMG would be moving to compel the production of documents that Plaintiffs were improperly withholding. I also explained that KPMG would provide its portion of the joint stipulation on KPMG's motion to compel by Wednesday, August 26, 2009. Where Plaintiffs' position as to certain Requests remained unclear, I set forth concise questions to clarify those positions. A true and correct copy of my August 19, 2009 letter is attached hereto as Exhibit I.

14. After sending our final letter on August 19, I received a call from Ms. Lin later that day. Ms. Lin explained that her client was out of town on vacation and that she would not be able to respond to my letter until early the following week. Ms. Lin also requested that we not provide Plaintiffs with KPMG's portion of the joint stipulation on the motion to compel until at least September 8, 2009 because one of NYSTRS's attorneys would be on vacation until that time. I agreed to Ms. Lin's requests.

15. Ms. Lin responded to my August 13 letter on August 24, 2009. In her letter, counsel set forth Plaintiffs' final position on the remaining Requests in dispute. Although some issues were resolved, Plaintiffs clung to their original position that the following documents are not relevant and would be withheld: (1)

minutes of NYSTRS's Board of Trustee meetings, and related documents provided to the Board, to the extent that they do not relate to "New Century or this litigation"; (2) documents referring or relating to any policy, practice, procedure or strategy concerning investment vehicles described in NYSTRS's 2006 and 2007 Annual Report; and (3) documents concerning NYSTRS's Investment Advisory Committee, Real Estate Advisory Committee, and REIT Real Estate Advisors. Plaintiffs also maintained that documents responsive to the following requests are protected from disclosure by the attorney-client or work-product privileges: (1) documents collected during the course of Plaintiffs' counsel's investigation into this matter; (2) documents concerning certain contentions alleged in the Complaint; and (3) documents NYSTRS's counsel received from New Century shareholders, putative class members, and other plaintiffs. A true and correct copy of Ms. Lin's August 24, 2009 letter is attached hereto as Exhibit J.

16. To date, since service of KPMG's Requests upon Plaintiffs on March 27, 2009 over five months ago, Plaintiffs have produced to KPMG a total of 2,955 pages of documents. Plaintiffs have also refused to identify a date by when KPMG can expect Plaintiffs to complete their document production.

17. For comparison, pursuant to Plaintiffs' document requests, KPMG has produced to Plaintiffs a total of 2,043,881 pages of documents to date.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 23, 2009 at Los Angeles, California.

_____
Jodi E. Lopez