# Exhibit A

Michael C. Kelley (SBN 090062)
mkelley@sidley.com
Bradley H. Ellis (SBN 110467)
bellis@sidley.com
Jose F. Sanchez (SBN 161362)
jose.sanchez@sidley.com
Jodi E. Lopez (SBN 231117)
jlopez@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, 40th Floor
Los Angeles, California 90013
Telephone:  (213) 896-6000
Facsimile:   (213) 896-6600

Michael L. Rugen (SBN 85578)
mrugen@sidley.com
Robert B. Martin III (SBN 235489)
rbmartin@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California 94104
Telephone:  (415) 772-1200
Facsimile:   (415) 772-7400

Attorneys For Defendant KPMG LLP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NEW CENTURY | Consolid. Case No. 2:07-cv-00931-DDP (FMOx) |
| | CLASS ACTION |
| | **DEFENDANT KPMG LLP'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS NEW YORK STATE TEACHERS RETIREMENT SYSTEM, CARL LARSON AND CHARLES HOOTEN** |

1  PROPOUNDING PARTY          KPMG LLP

2  RESPONDING PARTY           Plaintiffs New York State Teachers Retirement
                              System, Carl Larson and Charles Hooten
3
   SET NO.                    One
4

5         Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant

6  KPMG LLP requests that Plaintiffs New York State Teachers Retirement System,

7  Carl Larson and Charles Hooten produce at the law offices of Sidley Austin LLP, 555

8  W. Fifth Street, Suite 4000, Los Angeles, CA 90013, on or before April 29, 2009, the

9  documents and electronically stored information described below in the following

10 Rule 34 Requests.

11                              **DEFINITIONS**

12        1.  "YOU" and "YOUR" refers to Plaintiffs New York State Teachers

13 Retirement System, Carl Larson and/or Charles Hooten and PERSONS acting on their

14 behalf and/or at their control or direction, including but not limited to, their employees

15 and/or former employees, officers and/or former officers, and directors, former

16 directors, current and former members of board committees, consultants, advisors,

17 agents and attorneys.

18        2.  "DOCUMENT" or "DOCUMENTS" shall have the same meaning as

19 in Fed. R. Civ. P. 34, including without limitation, electronic or computerized data

20 compilations.  A draft or non-identical copy is a separate document within this term.

21        3.  "COMMUNICATION" or "COMMUNICATIONS" means any

22 correspondence, face-to-face conversation, telephone conversation, meeting,

23 conference, and/or any other communication by any media or other method of

24 transferring information, including but not limited to any written, taped, electronically

25 transmitted, or recorded communication of any kind whatsoever, including any

26 transaction or transfer of information of any kind, orally, in writing, or by any other

27 manner.

28                                    2

1        4. "PERSON" or "PERSONS" means any natural person or any

2    business, legal or governmental entity or association.

3        5. "COMPLAINT" refers to the Second Amended Consolidated Class

4    Action Complaint filed in this proceeding on April 30, 2008.

5        6. "ACTION" refers to the instant class action litigation, <u>In Re New</u>

6    <u>Century</u>, Case Number 2:07-cv-00931-DDP (JTLx).

7        7. "KPMG" refers to KPMG LLP, current employees, former

8    employees, current partners, and/or former partners of KPMG.

9        8. "NEW" refers to New Century Financial Corporation and any

10   PERSONS acting on its behalf and/or at its control or direction, including but not

11   limited to, any of its subsidiaries, its employees and/or former employees, officers

12   and/or former officers, and members of its Board of Directors and/or former members

13   of its Board of Directors.

14       9. "NEW SECURITY" refers to any securities issued by New Century

15   Financial Corporation or one of its subsidiaries, including but not limited to, New

16   Century Financial Corporation common stock; New Century 9.125% Series A

17   Cumulative Redeemable Preferred Stock; New Century 9.75% Series B Cumulative

18   Redeemable Preferred Stock; asset-backed securities, including but not limited to

19   mortgage-backed securities; and/or put options or call options issued on any of the

20   preceding classes of securities.

21       10. "ANNOUNCED RESTATEMENT" refers to NEW's February 7,

22   2007 Form 8-K filing in which  NEW announced its intent to restate its 2006 quarterly

23   financial statements.

24

25

26

27

28

3

## REQUESTS FOR PRODUCTION (FIRST SET)

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS, including but not limited to, all records, confirmations, orders, account statements, and instructions to or from brokers, agents, advisors or managers, from January 1, 2005 to April 27, 2007 that refer or relate to YOUR investment in NEW SECURITY.

**REQUEST FOR PRODUCTION NO. 2:**

All COMMUNICATIONS from January 1, 2005 to April 27, 2007 that refer or relate to YOUR investment in NEW SECURITY.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS from January 1, 2005 to April 27, 2007 that refer or relate to YOUR decision to invest in NEW SECURITY, including but not limited to, DOCUMENTS YOU reviewed, received, and/or upon which YOU relied.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS from January 1, 2005 to April 27, 2007 that refer or relate to any news article or press release YOU reviewed in connection with YOUR decision to invest in NEW SECURITY.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS from January 1, 2005 to April 27, 2007 that refer or relate to any research or due diligence performed by, or on behalf of, YOU concerning NEW in connection with YOUR investment in NEW SECURITY.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS from January 1, 2005 to the present that refer or relate to any analysis, evaluation, summary, and/or report regarding the value of NEW SECURITY.

4

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS from January 1, 2005 to the present that refer or relate to any analysis, evaluation, summary, or report regarding NEW's financial performance.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS from January 1, 2005 to the present sufficient to show YOUR gains or losses in connection with YOUR investment in NEW SECURITY.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS from January 1, 2005 to April 27, 2007 that refer or relate to any earnings call concerning NEW.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS from January 1, 2005 to April 27, 2007 that refer or relate to any analyst call concerning NEW.

**REQUEST FOR PRODUCTION NO. 11:**

All minutes of NYSTRS' Board of Trustees meetings from January 1, 2005 to the present, including any and all DOCUMENTS that were provided to NYSTRS' Board of Trustees in connection with such meetings and/or memorialize all or part of a Board of Trustees meeting.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS from January 1, 2006 to April 27, 2007 that refer or relate to David Loglisci's participation on NYSTRS' Board of Trustees.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS that concern or constitute COMMUNICATIONS with the Securities and Exchange Commission and/or the New York Attorney General's office referring or relating to David Loglisci.

**DEFENDANT KPMG LLP'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

A - 12

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS that refer or relate to any actual or potential investigation, regulatory and/or government action relating to David Loglisci.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS, including but not limited to, COMMUNICATIONS, from January 1, 2005 to April 27, 2007 that refer or relate to NEW's REIT status and/or classification as a REIT.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS, including but not limited to, COMMUNICATIONS, from January 1, 2005 to April 27, 2007 that refer or relate to any dividend YOU received from NEW, including but not limited to, DOCUMENTS sufficient to show the dollar amount of any dividend and/or dividends YOU received from NEW .

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS from January 1, 2005 to the present sufficient to show any income YOU received from or were paid in connection with any NEW SECURITY.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS from January 1, 2005 to April 27, 2007 setting forth or delineating the duties and responsibilities of any investment manager, investment firm, advisor, consultant, broker or brokerage retained by, or on behalf of, YOU in connection with YOUR investment in NEW SECURITY.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS from January 1, 2005 to the present created by or received from, either directly or indirectly, and/or all COMMUNICATIONS with, any investment manager, investment firm, advisor, consultant, broker or brokerage concerning NEW.

**DEFENDANT KPMG LLP'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS that refer or relate to YOUR proposed or actual guidelines, policies, procedures, practices, rules, goals, plans, strategies or criteria relating to domestic equity investments, common stock, diversification, preferred stock, REITs and/or dividends, including but not limited to, DOCUMENTS that refer or relate to YOUR trading policy, investment policy, risk tolerance, and/or investment objectives.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS that refer or relate to any policy, practice, procedure and/or strategy relating to the following investment vehicles described in the "Notes to Financial Statements" section of YOUR annual financial report for the fiscal years ended June 30, 2006 and June 30, 2007: (1) "Mortgage pass-through certificates, provided the certificates evidence ownership of undivided interests in pools or mortgage loans secured by first mortgages on real property located in New York improved by one-to-four family residential dwellings, and, provided further, that (i) such mortgage loans are originated on or after January 1, 1980, by any bank, trust company, national banking association, savings bank, federal mutual savings bank, savings and loan association, federal savings and loan association, credit union, or federal credit union authorized to do business in New York State or by any lender approved by the Secretary of Housing and Urban Development for participation in any mortgage insurance program under the National Housing Act, (ii) such mortgage loans are assigned to a bank, trust company, federal mutual savings bank or federal savings and loan association as trustee for the benefit of holders of such certificates, and (iii) such certificates are rated within the three highest grades by an independent rating service designated by the banking board. The aggregate unpaid principal on conventional mortgages securing mortgage pass-through certificates cannot exceed 10% of the assets of the System nor can the total unpaid principal on any single pool

7

1  of conventional mortgages securing mortgage pass-through certificates exceed 1% of

2  the assets of the System;" and (2) "Collateralized Mortgage Obligations, which meet

3  the requirements of applicable statutes."

4  **REQUEST FOR PRODUCTION NO. 22:**

5        All DOCUMENTS that refer or relate to YOUR investment strategy

6  and/or policy relating to investments made pursuant to the "Leeway Clause" of

7  Section 177, as quoted in the "Deposit and Investment Risk Disclosure" section of

8  YOUR annual financial report for the fiscal year ended June 30, 2006.

9  **REQUEST FOR PRODUCTION NO. 23:**

10        All DOCUMENTS that refer or relate to YOUR investment strategy

11  and/or policy relating to investments made pursuant to the "Leeway Clause" of

12  Section 177, as quoted in the "Deposit and Investment Risk Disclosure" section of

13  YOUR annual financial report for the fiscal year ended June 30, 2007.

14  **REQUEST FOR PRODUCTION NO. 24:**

15        All DOCUMENTS from January 1, 2005 to the present that refer or

16  relate to YOUR investment(s) in NEW SECURITY that were made pursuant to the

17  "Leeway Clause" of Section 177, as quoted in the "Deposit and Investment Risk

18  Disclosure" section of YOUR annual financial report for the fiscal year ended June

19  30, 2006.

20  **REQUEST FOR PRODUCTION NO. 25:**

21        All DOCUMENTS from January 1, 2005 to the present that refer or

22  relate to YOUR investment(s) in NEW SECURITY that were made pursuant to the

23  "Leeway Clause" of Section 177, as quoted in the "Deposit and Investment Risk

24  Disclosure" section of YOUR annual financial report for the fiscal year ended June

25  30, 2007.

26

27

28

8

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS from January 1, 2005 to the present that refer or relate to mortgage investments that were acquired under the Leeway Clause, as discussed in the "Real Estate and Mortgages" section of the "Notes to Financial Statements" in YOUR annual financial report for the fiscal years ended June 30, 2006 and June 30, 2007.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS from January 1, 2005 to the present created by or received from, either directly or indirectly, and/or all COMMUNICATIONS with, NYSTRS' Investment Advisory Committee.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS, including but not limited to, notes, minutes, and/or agendas, from January 1, 2005 to the present that refer or relate to any meeting of the NYSTRS' Investment Advisory Committee, including any and all DOCUMENTS that were provided to the Investment Advisory Committee in advance of or at such meetings.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS from January 1, 2005 to the present created by or received from, either directly or indirectly, and/or all COMMUNICATIONS with, NYSTRS' Real Estate Advisory Committee.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS, including but not limited to, notes, minutes, and/or agendas, from January 1, 2005 to the present that refer or relate to any meeting of the NYSTRS' Real Estate Advisory Committee, including any and all DOCUMENTS that were provided to the Real Estate Advisory Committee in advance of or at such meetings.

**DEFENDANT KPMG LLP'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

A - 16

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS from January 1, 2005 to the present created by or received from, either directly or indirectly, and/or all COMMUNICATIONS with, NYSTRS' REIT Real Estate Advisors, including but not limited to, DOCUMENTS from and/or COMMUNICATIONS with Adelante Capital Management LLC, Cohen & Steers Capital Management, Inc. and/or RREEF America, LLC.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS, including but not limited to, notes, minutes, and/or agendas, from January 1, 2005 to the present that refer or relate to any meeting of NYSTRS' REIT Real Estate Advisors.

**REQUEST FOR PRODUCTION NO. 33:**

All COMMUNICATIONS from January 1, 2005 to April 27, 2007 with NEW, including but not limited to, COMMUNICATIONS with any current and/or former officer, director, employee and/or agent of NEW.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS from January 1, 2005 to April 27, 2007 from NEW, including but not limited to, DOCUMENTS from any current and/or former officer, director, employee and/or agent of NEW.

**REQUEST FOR PRODUCTION NO. 35:**

All COMMUNICATIONS from January 1, 2005 to the present with any current and/or former NEW shareholder concerning NEW.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS from January 1, 2005 to the present from any current and/or former NEW shareholder concerning NEW.

**DEFENDANT KPMG LLP'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 37:**

All COMMUNICATIONS from January 1, 2005 to the present between or among YOU and any other Plaintiff and/or putative class member in this ACTION that refer or relate to NEW or to this ACTION.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS from January 1, 2005 to the present created by or received from, either directly or indirectly, any other Plaintiff and/or putative class member in this ACTION.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS, including but not limited to, notes, minutes, and/or agendas, from January 1, 2005 to the present that refer or relate to any meeting concerning NEW.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS from January 1, 2005 to the present that refer or relate to YOUR alleged damages and/or losses claimed in this ACTION.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS, including but not limited to, COMMUNICATIONS, that refer or relate to NEW's stock price decline from February 7, 2007 through March 13, 2007.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS, including but not limited to, COMMUNICATIONS, from January 1, 2005 to the present that refer or relate to any news article, analyst report, press release, and/or SEC filing concerning NEW.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS, including but not limited to, COMMUNICATIONS, from January 1, 2005 to the present that refer or relate to NEW's 2005 financial statements.

11

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS, including but not limited to, COMMUNICATIONS, from January 1, 2005 to the present that refer or relate to any alleged misstatement in NEW's 2005 financial statements.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS, including but not limited to, COMMUNICATIONS, from January 1, 2005 to the present that refer or relate to NEW's ANNOUNCED RESTATEMENT.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS, including but not limited to, COMMUNICATIONS, from January 1, 2005 to the present that refer or relate to KPMG's audit of NEW's 2005 financial statements and/or its internal control over financial reporting.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS, including but not limited to, COMMUNICATIONS, from January 1, 2005 to the present that refer or relate to any service and/or services KPMG provided to NEW.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS from January 1, 2005 to the present from KPMG, including but not limited to, DOCUMENTS from any current partner, former partner, current employee, and/or former employee of KPMG that refer or relate to NEW.

**REQUEST FOR PRODUCTION NO. 49:**

All COMMUNICATIONS from January 1, 2005 to the present with KPMG, including but not limited to, COMMUNICATIONS with any current partner, former partner, current employee, and/or former employee of KPMG that refer or relate to NEW.

12

**REQUEST FOR PRODUCTION NO. 50:**

All DOCUMENTS, including but not limited to, COMMUNICATIONS, from January 1, 2005 to the present that support YOUR claims and/or defenses in this ACTION.

**REQUEST FOR PRODUCTION NO. 51:**

All DOCUMENTS, including but not limited to, COMMUNICATIONS, that refer or relate to YOUR contention in paragraph 538 of the COMPLAINT that, "KPMG's material misstatements in its publicly-issued 2005 audit opinions and KPMG's extensive role in the accounting misstatements and internal control weaknesses that were disclosed, beginning on February 7, 2007 through the end of the Class Period, further demonstrate both the artificial inflation KPMG's conduct caused in the price of New Century securities and that KPMG's conduct proximately caused foreseeable losses and damages to Plaintiffs and members of the Class."

**REQUEST FOR PRODUCTION NO. 52:**

All DOCUMENTS, including but not limited to, COMMUNICATIONS, that refer or relate to YOUR contention in paragraph 539 of the COMPLAINT that, "[t]he disclosures beginning on February 7, 2007 specifically concerned accounting and internal control issues with which KPMG was extensively involved in its 2005 audits and areas in which KPMG specifically violated GAAS and the standards of the PCAOB in connection with its 2005 audits, including the repurchase reserves backlog and related internal control weaknesses and the required adjustments to Residual Interests as set forth above."

**REQUEST FOR PRODUCTION NO. 53:**

All DOCUMENTS, including but not limited to, COMMUNICATIONS, that refer or relate to YOUR contention in paragraph 540 of the COMPLAINT that "[t]hereafter, the price of New Century securities continued to decline on March 2, 2007, when additional disclosures were made, including, specifically, issues

13

1  pertaining to the Company's valuation of Residual Interests in 2006 'and prior

2  periods.'  As alleged in this Second Amended Complaint, KPMG's 2005 audits

3  specifically violated GAAS and the standards of the PCAOB in connection with this

4  audit of New Century's Residual Interests and related internal controls and, as

5  reported by the Examiner (at 329) and set forth in paragraph 480 above, KPMG's

6  February 2007 report to the Special Investigation Committee of the Audit Committee

7  (the 'SIC') was '[t]he primary reason the SIC looked more closely at New Century's

8  accounting for residual interests…in February 2007.'"

9  **REQUEST FOR PRODUCTION NO. 54:**

10         All DOCUMENTS, including but not limited to, COMMUNICATIONS,

11  that refer or relate to YOUR contention in paragraph 49 of the COMPLAINT that

12  "[t]he members of the class are so numerous that joinder of all members is

13  impracticable."

14  **REQUEST FOR PRODUCTION NO. 55:**

15         All DOCUMENTS, including but not limited to, COMMUNICATIONS,

16  that refer or relate to YOUR contention in paragraph 50 of the COMPLAINT that

17  "Plaintiffs' claims are typical of the claims of the members of the Class."

18  **REQUEST FOR PRODUCTION NO. 56:**

19         All DOCUMENTS, including but not limited to, COMMUNICATIONS,

20  that refer or relate to YOUR contention in paragraph 51 of the COMPLAINT that

21  "Plaintiffs' will fairly and adequately represent the interests of the members of the

22  Class and have retained counsel competent and experienced in class and securities

23  litigation."

24  **REQUEST FOR PRODUCTION NO. 57:**

25         All DOCUMENTS, including but not limited to, COMMUNICATIONS,

26  that refer or relate to YOUR contention in paragraph 53 of the COMPLAINT that

27

28

14

1  "[c]ommon questions of law and fact exist as to all members of the Class, and

2  predominate over any questions affecting solely individual members of the Class."

3  **REQUEST FOR PRODUCTION NO. 58:**

4      All DOCUMENTS, including but not limited to, COMMUNICATIONS,

5  that refer or relate to the Final Report of Michael J. Missal, dated February 29, 2008.

6  **REQUEST FOR PRODUCTION NO. 59:**

7      All DOCUMENTS referred to in the COMPLAINT.

8  **REQUEST FOR PRODUCTION NO. 60:**

9      All complaints, amended complaints, and/or transcripts of any testimony

10  given by YOU in any deposition or trial for each and every civil lawsuit to which

11  YOU have been a party within the past ten (10) years that involved allegations relating

12  to securities transactions, alleged federal or state securities violations, class

13  allegations, allegations concerning professional malpractice, corporate control, breach

14  of fiduciary duty, fraud claims and/or shareholder derivative claims.

15  **REQUEST FOR PRODUCTION NO. 61:**

16      All affidavits, certifications or other sworn statements filed by YOU in

17  any court in the past ten (10) years that identify litigation to which YOU have been a

18  party.

19  **REQUEST FOR PRODUCTION NO. 62:**

20      All DOCUMENTS from YOUR counsel (including any agent or

21  representative of counsel) received by YOU prior to engaging counsel in this

22  ACTION.

23  **REQUEST FOR PRODUCTION NO. 63:**

24      All COMMUNICATIONS between YOU and YOUR counsel (including

25  any agent or representative of counsel) prior to YOU retaining counsel in this

26  ACTION.

27

28

**DEFENDANT KPMG LLP'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

1  **REQUEST FOR PRODUCTION NO. 64:**

2          All agreements between or among YOU and YOUR counsel, including

3  but not limited to all attorney engagement letters, fee agreements, and/or other

4  DOCUMENTS that refer or relate to the payment of costs, disbursements, and/or

5  attorney's fees incurred in this litigation.

6  **REQUEST FOR PRODUCTION NO. 65:**

7          All DOCUMENTS that refer or relate to any relationship YOU have with

8  YOUR counsel unrelated to this ACTION.

9  **REQUEST FOR PRODUCTION NO. 66:**

10          All DOCUMENTS that refer or relate to any consideration, of any

11  nature, that any named and/or lead Plaintiff or anyone else has received or been

12  provided (directly or indirectly), been told it will or may receive or be provided

13  (directly or indirectly), or been promised will be applied for in connection with

14  serving as a named and/or lead Plaintiff in this ACTION.

15  **REQUEST FOR PRODUCTION NO. 67:**

16          All DOCUMENTS from January 1, 2005 to the present from any

17  confidential witness identified in the COMPLAINT.

18  **REQUEST FOR PRODUCTION NO. 68:**

19          All DOCUMENTS from January 1, 2005 to the present that refer or

20  relate to any confidential witness identified in the COMPLAINT.

21

22

23

24

25

26

27

28

**DEFENDANT KPMG LLP'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

1    **<u>REQUEST FOR PRODUCTION NO. 69:</u>**

2          All COMMUNICATIONS from January 1, 2005 to the present between

3    YOU and any confidential witness identified in the COMPLAINT.

4

5    Dated:  March 27, 2009                    Respectfully submitted,

6                                             KPMG LLP

7                                             By: _____

8                                                 Bradley H. Ellis
                                                  Attorneys For Defendant KPMG LLP
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT KPMG LLP'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

1

**CERTIFICATE OF SERVICE**

2

STATE OF CALIFORNIA          )

3                                                     )  ss

COUNTY OF LOS ANGELES )

4

5          I am employed in the County of Los Angeles, State of California.  I am

6  over the age of 18 years and not a party to the within action.  My business address is

7  555 West Fifth Street, Suite 4000, Los Angeles, California 90013-1010.

8          On March 27, 2009, I served the foregoing document(s) described as

9  **DEFENDANT KPMG LLP'S FIRST SET OF REQUESTS FOR PRODUCTION**

10  **OF DOCUMENTS TO PLAINTIFFS NEW YORK STATE TEACHERS**

11  **RETIREMENT SYSTEM, CARL LARSON AND CHARLES HOOTEN** on all

12  interested parties in this action as follows (or as on the attached service list):

13  ☐    (VIA U.S. MAIL) I served the foregoing document(s) by U.S. Mail, as follows:
I placed true copies of the document(s) in a sealed envelope addressed to each

14  interested party as shown above.  I placed each such envelope with postage thereon
fully prepaid, for collection and mailing at Sidley Austin LLP, Los Angeles,

15  California.  I am readily familiar with Sidley Austin LLP's practice for collection and
processing of correspondence for mailing with the United States Postal Service.

16  Under that practice, the correspondence would be deposited in the United States
Postal Service on that same day in the ordinary course of business.

17  ☐    (VIA EXPRESS MAIL) I served the foregoing document(s) by Express Mail,
as follows: I placed true copies of the document(s) in a sealed envelope addressed to

18  each interested party as shown above.  I placed each such envelope, with Express Mail
postage thereon fully prepaid, for collection and mailing at Sidley Austin LLP, Los

19  Angeles, California.  I am readily familiar with Sidley Austin LLP's practice for
collection and processing of Express Mail for mailing with the United States Postal

20  Service.  Under that practice, the Express Mail would be delivered to an authorized
courier or dealer authorized by Express Mail to receive document(s) in the United

21  States Postal Service on that same day in the ordinary course of business.

22  ☐    (VIA FACSIMILE) I caused the foregoing document(s) to be served by
facsimile transmission by use of facsimile machine number (213) 896-6600 to each

23  interested party at the facsimile machine telephone number shown.  Each transmission
was reported as complete and without error.  A transmission report was properly

24  issued by the sending facsimile machine for each interested party served.

☐    (VIA  OVERNIGHT COURIER ) I caused each such document(s) to be sent by

25  for overnight delivery.  I placed true copies of the document(s) in a sealed envelope
addressed to each interested party as shown above.  I placed each such envelope, with

26  fees thereon fully prepaid, for collection and delivery at Sidley Austin LLP, Los
Angeles, California.  I am readily familiar with Sidley Austin LLP's practice for

27  collection and delivery of express carrier package for delivery with .  Under that
practice, the  package(s) would be delivered to an authorized courier or dealer

28

18

**DEFENDANT KPMG LLP'S FIRST SET OF REQUESTS FOR PRODUCTION OF**
**DOCUMENTS**

A - 25

1   authorized by  to receive document(s) on that same day in the ordinary course of
    business.

2   ☐   (VIA HAND DELIVERY) I caused the foregoing document(s) to be personally
3   served by hand to the addressee(s) shown above at the address(es) shown above.

    ☐   (VIA HAND DELIVERY BY COURIER) I personally served the foregoing
4   document(s) in this action by delivering such document(s) by hand  to the addressee(s)
    shown above at the address(es) shown above, unless otherwise noted above.

5   ☒   (VIA E-MAIL OR ELECTRONIC TRANSMISSION)  Based on a court order
6   or an agreement of the parties to accept service by e-mail or electronic transmission, I
    caused the document(s) to be sent to the person(s) at the e-mail address(es) listed
7   above.  I did not receive, within a reasonable time after the transmission, any
    electronic message or other indication that the transmission was unsuccessful.

8           I hereby certify that I am employed in the office of a member of the Bar
9   of this Court as whose direction the service was made.

10          Executed on March 27, 2009 at Los Angeles, California.

11

12          _____
            Jodi E. Lopez

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    19

**DEFENDANT KPMG LLP'S FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS**

1

**SERVICE LIST**
In re New Century
United States District Court for the Central District of California
Case No. 2:07-CV-00931 DDP

2

3

4

| PARTY | COUNSEL | PHONE & FAX |
|-------|---------|-------------|
| Plaintiff Avi Gold | Laurence D. Paskowitz, Esq.<br>**Paskowitz and Associates**<br>60 East 42nd Street, 46th Floor<br>New York , NY 10016 | Phone: (212) 685-0969<br>Fax:     (212) 685-2306 |
| | Lionel Z. Glancy, Esq.<br>lglancy@glancylaw.com<br>Michael M. Goldberg, Esq.<br>mmgoldberg@glancylaw.com<br>Peter A. Binkow, Esq.<br>pbinkow@glancylaw.com<br>**Glancy Binkow and Goldberg**<br>1801 Avenue of the Stars<br>Suite 311<br>Los Angeles , CA 90067 | Phone:   (310) 201-9150<br>Fax:      (310) 201-9160 |
| | Nancy Kaboolian, Esq.<br>nkaboolian@abbeyspanier.com<br>**Abbey Spanier Rodd and Abrams**<br>212 E 39th St<br>New York , NY 10016 | Phone: (212) 889-3700<br>Fax:     (212) 684-5191 |
| | Roy L. Jacobs, Esq.<br>rljacobs@pipeline.com<br>**Roy Jacobs and Associates**<br>60 East 42nd Street 46th Floor<br>New York , NY 10165 | Phone: (212) 867-1156<br>Fax:     (212) 504-8343 |
| Plaintiff New York State Teachers Retirement System | Blair A Nicholas, Esq.<br>blairn@blbglaw.com<br>Elizabeth P Lin, Esq.<br>elizabethl@blbglaw.com<br>Matthew P Siben, Esq.<br>matthews@blbglaw.com<br>Benjamin Galdston, Esq.<br>beng@blbglaw.com<br>Matthew Patrick Jubenville, Esq.<br>matthewj@blbglaw.com<br>**Bernstein Litowitz Berger & Grossmann LLP**<br>12481 High Bluff Drive Suite 300<br>San Diego , CA 92130 | Phone: (858) 793-0070<br>Fax:     (858) 793-0323 |

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

20

**DEFENDANT KPMG LLP'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

A - 27

| | | |
|---|---|---|
| | Gerald H Silk, Esq.<br>jerry@blbglaw.com<br>Hannah E Greenwald, Esq.<br>hannah@blbglaw.com<br>Lauren A McMillen, Esq.<br>laurenm@blbglaw.com<br>Max W Berger, Esq.<br>mwb@blbglaw.com<br>Noam Mandel, Esq.<br>noam@blbglaw.com<br>Salvatore J Graziano, Esq.<br>sgraziano@blbglaw.com<br>**Bernstein Litowitz Berger & Grossmann LLP**<br>1285 Avenue of the Americas<br>New York , NY 10019 | Phone: (212 )554-1400<br>Fax:    (212) 554-1444 |
| Plaintiff Charles Hooten | James S Cahill, Esq.<br>j.cahill@rossbacherlaw.com<br>Rossbacher Firm<br>811 Wilshire Blvd, Ste 1650<br>Los Angeles , CA 90017-2666 | Phone: (213) 895-6500<br>Fax:    (213) 895-6161 |
| | Kevin M McGee, Esq.<br>kmcgee@zsz.com<br>Zwerling Schachter & Zwerling<br>595 South Federal Highway, Suite 600<br>Boca Raton , FL 33432 | Phone: (561) 544-2500<br>Fax:    (561) 544-2501 |
| | Richard A Speirs, Esq.<br>rspeirs@zsz.com<br>Zwerling Schachter and Zwerling<br>41 Madison Avenue<br>New York , NY 10010 | Phone: (212) 223-3900<br>Fax:    (212) 371-5969 |
| Plaintiff Carl Larson | Marvin L. Frank, Esq.<br>mfrank@murrayfrank.com<br>**Murray, Frank & Sailer LLP**<br>275 Madison Ave.<br>New York, NY 10016 | Phone: (212) 682-1818<br>Fax:    (212) 682-1892 |
| Defendant Robert K. Cole | Manuel A. Abascal, Esq.<br>manny.abascal@lw.com<br>Ethan J. Brown, Esq.<br>ethan.brown@lw.com<br>Peter W. Baldwin, Esq.<br>pete.baldwin@lw.com<br>**Latham & Watkins LLP**<br>355 S. Grand Ave. | Phone: (213) 485-1234<br>Fax:    (213) 891-8763 |

21

**DEFENDANT KPMG LLP'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

| | | |
|---|---|---|
| | Los Angeles, CA 90071-1560 | |
| Defendants Brad A. Morrice and Patti M. Dodge | John W. Spiegel, Esq.<br>spiegeljw@mto.com<br>Kathleen M. McDowell, Esq.<br>kathleen.mcdowell@mto.com<br>Daniel A. Lyons, Esq.<br>daniel.lyons@mto.com<br>**Munger, Tolles & Olson LLP**<br>355 S. Grand Ave.,<br>Thirty-Fifth Floor<br>Los Angeles, CA 90071-1560 | Phone: (213) 683-9100<br>Fax:     (213) 687-3702 |
| Defendant William J. Popejoy | Ronald Rus, Esq.<br>rrus@rusmiliband.com<br>Joel Miliband, Esq.<br>jmiliband@rusmiliband.com<br>Leo J. Presiado, Esq.<br>lpresiado@rusmiliband.com<br>**Rus, Miliband & Smith**<br>2211 Michelson Drive<br>Seventh Floor<br>Irvine, CA 92612 | Phone: (949) 752-7100<br>Fax:     (949) 252-1514 |
| Defendants Marilyn A. Alexander, Harold A. Black, David Einhorn, Fredric J. Forster, Donald E. Lange, Michael M. Sachs, Terrence P. Sandvik and Richard A. Zona | Wayne W. Smith, Esq.<br>wsmith@gibsondunn.com<br>Meryl L. Young, Esq.<br>myoung@gibsondunn.com<br>Matthew E. Lilly, Esq.<br>mlilly@gibsondunn.com<br>**Gibson, Dunn & Crutcher LLP**<br>3161 Michelson Drive<br>Irvine, CA 92612-4412 | Phone: (949) 451-3800<br>Fax:     (949) 451-4220 |
| Defendants Bear Stearns & Co., Inc., Deutsche Bank Securities, Inc., Jefferies & Company, Inc., JMP Securities, LLC, Morgan Stanley & Co., Piper Jaffray & Co., Roth Capital Partners, LLC, and Stifel Nicolaus & Co. | William F. Sullivan, Esq.<br>williamsullivan@paulhastings.com<br>John S. Durrant, Esq.<br>johndurrant@paulhastings.com<br>Eleanor K. Mercado, Esq.<br>eleanormercado@paulhastings.com<br>D. Scott Carlton, Esq.<br>**Paul, Hastings, Janofsky & Walker LLP**<br>515 S. Flower Street, Twenty-Fifth Floor<br>Los Angeles, CA 90071-2228 | Phone: (213) 683-6000<br>Fax:     (213) 627-0705 |

**DEFENDANT KPMG LLP'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

A - 29

| | | |
|---|---|---|
| Defendant Edward F. Gotschall | Harriet S. Posner, Esq.<br>hposner@skadden.com<br>Jack P. DiCanio, Esq.<br>jack.dicanio@skadden.com<br>Jarrett A. Green, Esq.<br>jarrett.green@skadden.com<br>**Skadden, Arps, Slate, Meagher & From, LLP**<br>300 South Grand Ave., 34th Floor<br>Los Angeles, CA 90071 | Phone: (213) 687-5000<br>Fax:    (213) 687-5600 |

23

**DEFENDANT KPMG LLP'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

A - 30