# Exhibit B

1  BERNSTEIN LITOWITZ BERGER
      & GROSSMANN LLP
2  BLAIR A. NICHOLAS   (Bar No. 178428)
   (blairn@blbglaw.com)
3  ELIZABETH LIN   (Bar No. 174663)
   (elizabethl@blbglaw.com)
4  BENJAMIN GALDSTON   (Bar No. 211114)
   (beng@blbglaw.com)
5  MATTHEW P. JUBENVILLE  (Bar No. 228464)
   (matthewj@blbglaw.com)
6  12481 High Bluff Drive, Suite 300
   San Diego, CA 92130
7  Tel:   (858) 793-0070
   Fax:   (858) 793-0323
8        -and-
   SALVATORE J. GRAZIANO
9  (sgraziano@blbglaw.com)
   HANNAH E. GREENWALD ROSS
10 (hannah@blbglaw.com)
   LAUREN A. MCMILLEN
11 (laurenm@blbglaw.com)
   1285 Avenue of the Americas
12 New York, NY 10019
   Tel:   (212) 554-1400
13 Fax:   (212) 554-1444

14 *Lead Counsel for Lead Plaintiff New*
   *York State Teachers' Retirement System*
15 *and the Class*

16

17              UNITED STATES DISTRICT COURT

18              CENTRAL DISTRICT OF CALIFORNIA

19

20 IN RE NEW CENTURY                Case No. 2:07-cv-00931-DDP (FMOx)
                                    (Lead Case)
21
                                    CONSOLIDATED CLASS ACTION
22
                                    **PLAINTIFFS' RESPONSES AND**
23                                  **OBJECTIONS TO DEFENDANT**
                                    **KPMG LLP'S FIRST SET OF**
24                                  **REQUESTS FOR PRODUCTION**
                                    **OF DOCUMENTS**
25
                                    Judge:  Hon. Dean D. Pregerson
26

27

28

1      Pursuant to Federal Rules of Civil Procedure 26 and 34, Lead Plaintiff New

2  York State Teachers' Retirement System and plaintiffs Carl Larson and Charles

3  Hooten (collectively, "Plaintiffs") hereby respond and object to Defendant KPMG

4  LLP's First Set Of Requests For Production Of Documents To Plaintiffs New York

5  State Teachers' Retirement System, Carl Larson and Charles Hooten (the

6  "Requests").

7      Plaintiffs respond to the Requests pursuant and subject to the accompanying

8  General and Specific Objections, without waiving, and expressly preserving, all

9  such objections and the right to raise any other objection not expressly set forth

10  herein. The General Objections are incorporated into each response below as

11  though set forth fully therein. Plaintiffs also submit these Responses and

12  Objections subject to, without intending to waive, and expressly preserving: (a) the

13  right to object to other discovery requests involving or relating to the subject

14  matter of the Requests; and (b) the right at any time to revise, correct, supplement,

15  or clarify any of the responses herein. Further, an objection to any request does not

16  indicate that any documents responsive to the request in fact exist.

17                  **GENERAL OBJECTIONS**

18      1.    Plaintiffs object to the Requests, including the Definitions, to the

19  extent they are duplicative and cumulative of document requests made by other

20  Defendants, are propounded for the purpose of harassing Plaintiffs, and impose

21  undue burden on Plaintiffs.

22      2.    Plaintiffs object to the Requests, including the Definitions, to the

23  extent they seek to impose obligations beyond those imposed by the Federal Rules

24  of Civil Procedure ("Federal Rules"), the Local Civil Rules for the Central District

25  of California ("Local Rules") and the Orders of the Court in this proceeding.

26      3.    Plaintiffs object to the Requests, including the Definitions, to the

27  extent they seek disclosure of information or documents which are protected by

28

-2-    PLAINTIFFS' RESPONSES AND OBJECTIONS
TO KPMG FIRST REQUEST FOR PRODUCTION
Case No. 2:07-cv-00931-DDP (FMOx)

1    their rights of privacy or request disclosure of private, confidential information,

2    including financial information.

3       4.    Plaintiffs object to the Requests, including the Definitions, to the

4    extent that they are vague and ambiguous, or require Plaintiffs to speculate as to

5    the nature or scope of the documents sought thereby.

6       5.    Plaintiffs object to the Requests, including the Definitions, to the

7    extent that they seek information that is neither relevant to the claims or defenses

8    in this litigation, nor reasonably calculated to lead to the discovery of admissible

9    evidence.

10      6.    Plaintiffs object to the Requests, including the Definitions, to the

11   extent that they are overbroad, unduly burdensome, or otherwise constitute an

12   abuse of discovery.

13      7.    Plaintiffs object to the Requests, including the Definitions, to the

14   extent that they purport to require Plaintiffs to assume an unreasonable burden or

15   expense. Plaintiffs will limit their responses to those documents which can be

16   located, identified and produced after a reasonable inquiry without undue burden

17   or expense.

18      8.    Plaintiffs object to the Requests, including the Definitions, to the

19   extent that they seek documents or information protected by the attorney-client

20   privilege, the attorney work product doctrine, or are otherwise protected or

21   privileged.

22      9.    Plaintiffs object to the Requests, including the Definitions, to the

23   extent that they seek the production of documents not in Plaintiffs' possession,

24   custody, or control. Among other things, Plaintiffs object to the Requests,

25   including the Definitions, to the extent that they call for production of documents

26   from the files of Plaintiffs' counsel (other than the Plaintiffs' documents).

27

28

-3-    PLAINTIFFS' RESPONSES AND OBJECTIONS
TO KPMG FIRST REQUEST FOR PRODUCTION
Case No. 2:07-cv-00931-DDP (FMOx)

10. Plaintiffs object to the Requests, including the Definitions, to the extent that they seek information prematurely, including but not limited to, information which is subject to expert discovery.

11. Plaintiffs object to the Requests, including the Definitions, as being premature at this stage of the litigation to the extent that they call for the disclosure of documents concerning Plaintiffs' factual and legal contentions in this action, when discovery is ongoing and the record has not yet been fully developed.

12. Plaintiffs reserve all objections as to the competence, relevance, materiality, privilege, or admissibility of evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever, and reserve the right to supplement responses prior to trial.

13. The failure to object on a particular ground or grounds shall not be construed as a waiver of Plaintiffs' right to object on any additional grounds.

## **OBJECTIONS TO DEFINITIONS**

1. Plaintiffs object to Definition No. 1 of "YOU" and "YOUR" as overly broad and unduly burdensome to the extent it seeks to impose obligations beyond those required by the Federal Rules and/or Local Rules by including persons or entities other than the Plaintiffs, including but not limited to Plaintiffs' "consultants, advisors, agents and attorneys." Lead Plaintiffs further object to this definition insofar as it seeks information beyond the control of Lead Plaintiff's board of directors, officers, and employees. Plaintiffs object to the definition insofar as it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection.

2. Plaintiffs object to Definition No. 9 of "NEW SECURITY" as compound, incomprehensible, burdensome and harassing to the extent the definition purports to include securities not at issue in the Second Amended

1   Consolidated Class Action Complaint ("Complaint"), including, but not limited to,

2   "asset-backed securities, including but not limited to mortgage-backed securities."

3   **SPECIFIC OBJECTIONS AND RESPONSES**

4   **REQUEST FOR PRODUCTION NO. 1:**

5       All DOCUMENTS, including but not limited to, all records, confirmations,

6   orders, account statements, and instructions to or from brokers, agents, advisors or

7   managers, from January 1, 2005 to April 27, 2007 that refer or relate to YOUR

8   investment in NEW SECURITY.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

10       Plaintiffs incorporate their General Objections and Objections to Definitions

11   by reference.  Plaintiffs object that the time period specified in the Request is

12   overbroad, unduly burdensome, and not reasonably calculated to lead to the

13   discovery of admissible evidence.  Plaintiffs further object to this Request to the

14   extent it is duplicative of document requests made by other Defendants, was

15   propounded for the purpose of harassing Plaintiffs, and imposes cumulative burden

16   on Plaintiffs.

17       Subject to and without waiving the foregoing general and specific

18   objections, Plaintiffs will produce non-privileged documents in their possession,

19   custody or control that are sufficient to evidence Plaintiffs' May 5, 2005 to March

20   13, 2007 transactions in NEW SECURITY.

21   **REQUEST FOR PRODUCTION NO. 2:**

22       All COMMUNICATIONS from January 1, 2005 to April 27, 2007 that refer

23   or relate to YOUR investment in NEW SECURITY.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

25       Plaintiffs incorporate their General Objections and Objections to Definitions

26   by reference.  Plaintiffs object that the time period specified in the Request is

27   overbroad, unduly burdensome, and not reasonably calculated to lead to the

28   discovery of admissible evidence.  Plaintiffs object to this Request on the grounds

1    that it is vague and ambiguous. Plaintiffs further object to this Request to the

2    extent it is duplicative of document requests made by other Defendants, was

3    propounded for the purpose of harassing Plaintiffs, and imposes cumulative burden

4    on Plaintiffs.

5        Subject to and without waiving the foregoing general and specific

6    objections, Plaintiffs will produce relevant non-privileged communications, if any,

7    in their possession, custody or control concerning Plaintiffs' May 5, 2005 to March

8    13, 2007 transactions in NEW SECURITY.

9    **REQUEST FOR PRODUCTION NO. 3:**

10        All DOCUMENTS from January 1, 2005 to April 27, 2007 that refer or

11    relate to YOUR decision to invest in NEW SECURITY, including but not limited

12    to, DOCUMENTS YOU reviewed, received, and/or upon which YOU relied.

13    **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

14        Plaintiffs incorporate their General Objections and Objections to Definitions

15    by reference. Plaintiffs object that the time period specified in the Request is

16    overbroad, unduly burdensome, and not reasonably calculated to lead to the

17    discovery of admissible evidence. Plaintiffs also object to the use of the term

18    "relied" to the extent that it calls for a legal conclusion. Plaintiffs further object to

19    this Request to the extent it is duplicative of document requests made by other

20    Defendants, was propounded for the purpose of harassing Plaintiffs, and imposes

21    cumulative burden on Plaintiffs.

22        Subject to and without waiving the foregoing general and specific

23    objections, Plaintiffs will produce relevant non-privileged documents, if any, in

24    their possession, custody or control responsive to this Request from May 5, 2005 to

25    March 13, 2007.

26    **REQUEST FOR PRODUCTION NO. 4:**

27        All DOCUMENTS from January 1, 2005 to April 27, 2007 that refer or

28    relate to any news article or press release YOU reviewed in connection with

-6-    PLAINTIFFS' RESPONSES AND OBJECTIONS
TO KPMG FIRST REQUEST FOR PRODUCTION
Case No. 2:07-cv-00931-DDP (FMOx)

1  YOUR decision to invest in NEW SECURITY.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

3       Plaintiffs incorporate their General Objections and Objections to Definitions
4  by reference.  Plaintiffs object to this Request as overbroad, unduly burdensome,
5  and not reasonably calculated to lead to the discovery of admissible evidence.
6  Plaintiffs further object to this Request to the extent it is duplicative of document
7  requests made by other Defendants, was propounded for the purpose of harassing
8  Plaintiffs, and imposes cumulative burden on Plaintiffs.

9       Subject to and without waiving the foregoing general and specific
10  objections, Plaintiffs will produce relevant non-privileged documents, if any, in
11  their possession, custody or control responsive to this Request from May 5, 2005 to
12  March 13, 2007.

13  **REQUEST FOR PRODUCTION NO. 5:**

14       All DOCUMENTS from January 1, 2005 to April 27, 2007 that refer or
15  relate to any research or due diligence performed by, or on behalf of, YOU
16  concerning NEW in connection with YOUR investment in NEW SECURITY.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

18       Plaintiffs incorporate their General Objections and Objections to Definitions
19  by reference.  Plaintiffs object that the time period specified in the Request is
20  overbroad, unduly burdensome, and not reasonably calculated to lead to the
21  discovery of admissible evidence.  Plaintiffs object to this Request on the grounds
22  that it is vague and ambiguous, including the term "due diligence."  Plaintiffs
23  further object to this Request to the extent it is duplicative of document requests
24  made by other Defendants, was propounded for the purpose of harassing Plaintiffs,
25  and imposes cumulative burden on Plaintiffs.

26       Subject to and without waiving the foregoing general and specific
27  objections, Plaintiffs will produce relevant non-privileged documents, if any, from

28

-7-    PLAINTIFFS' RESPONSES AND OBJECTIONS
TO KPMG FIRST REQUEST FOR PRODUCTION
Case No. 2:07-cv-00931-DDP (FMOx)

1   May 5, 2005 to March 13, 2007 in their possession, custody or control responsive

2   to this Request.

3   **REQUEST FOR PRODUCTION NO. 6:**

4         All DOCUMENTS from January 1, 2005 to the present that refer or relate to

5   any analysis, evaluation, summary, and/or report regarding the value of NEW

6   SECURITY.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

8         Plaintiffs incorporate their General Objections and Objections to Definitions

9   by reference. Plaintiffs object that the time period specified in the Request is

10   overbroad, unduly burdensome, and not reasonably calculated to lead to the

11   discovery of admissible evidence. Plaintiffs object to this Request on the grounds

12   that it is vague and ambiguous, including the terms "analysis," "evaluation,"

13   "summary," and "report." Plaintiffs object to this Request as burdensome to the

14   extent it seeks the production of documents that are publicly available. Plaintiffs

15   object to this Request as burdensome to the extent it calls for documents not within

16   Plaintiffs' possession, custody or control. Plaintiffs object to this Request to the

17   extent it seeks documents protected from disclosure by the attorney-client

18   privilege, work product doctrine or any other applicable privilege or protection.

19   Plaintiffs further object to this Request to the extent it is duplicative of document

20   requests made by other Defendants, was propounded for the purpose of harassing

21   Plaintiffs, and imposes cumulative burden on Plaintiffs.

22         Subject to and without waiving the foregoing general and specific

23   objections, Plaintiffs will produce relevant non-privileged documents, if any, from

24   May 5, 2005 to March 13, 2007 in their possession, custody or control responsive

25   to this Request.

26

27

28

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS from January 1, 2005 to the present that refer or relate to any analysis, evaluation, summary, or report regarding NEW's financial performance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Plaintiffs incorporate their General Objections and Objections to Definitions by reference. Plaintiffs object to the time period specified in the Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this Request on the grounds that it is vague and ambiguous. Plaintiffs object to this Request as burdensome to the extent it seeks the production of documents that are publicly available. Plaintiffs object to this Request as burdensome to the extent it seeks the production of documents that are publicly available or not within Plaintiffs' possession, custody or control. Plaintiffs object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, work product doctrine or any other applicable privilege or protection. Plaintiffs further object to this Request to the extent it is duplicative of document requests made by other Defendants, was propounded for the purpose of harassing Plaintiffs, and imposes cumulative burden on Plaintiffs.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs will produce relevant non-privileged documents, if any, from May 5, 2005 to March 13, 2007 in their possession, custody or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS from January 1, 2005 to the present sufficient to show YOUR gains or losses in connection with YOUR investment in NEW SECURITY.

PLAINTIFFS' RESPONSES AND OBJECTIONS
TO KPMG FIRST REQUEST FOR PRODUCTION
Case No. 2:07-cv-00931-DDP (FMOx)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Plaintiffs incorporate their General Objections and Objections to Definitions by reference. Plaintiffs object to the time period specified in this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this Request on the grounds that it is vague and ambiguous. Plaintiffs further object to this Request to the extent it is duplicative of document requests made by other Defendants, was propounded for the purpose of harassing Plaintiffs, and imposes cumulative burden on Plaintiffs.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs will produce non-privileged documents from May 5, 2005 to March 13, 2007 in their possession, custody or control responsive to this Request sufficient to show Plaintiffs' losses in connection with Plaintiffs' investment in NEW SECURITY.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS from January 1, 2005 to April 27, 2007 that refer or relate to any earnings call concerning NEW.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Plaintiffs incorporate their General Objections and Objections to Definitions by reference. Plaintiffs object to the time period specified in this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this Request on the grounds that it is vague and ambiguous. Plaintiffs object to this Request as burdensome to the extent it seeks the production of documents that are publicly available or not within Plaintiffs' possession, custody or control. Plaintiffs object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, work product doctrine or any other applicable privilege or protection. Plaintiffs further object to this Request to the extent it is duplicative of document

1    requests made by other Defendants, was propounded for the purpose of harassing

2    Plaintiffs, and imposes cumulative burden on Plaintiffs.

3         Subject to and without waiving the foregoing general and specific

4    objections, Plaintiffs will produce relevant non-privileged documents, if any, from

5    May 5, 2005 to March 13, 2007 in their possession, custody or control responsive

6    to this Request.

7    **REQUEST FOR PRODUCTION NO. 10:**

8         All DOCUMENTS from January 1, 2005 to April 27, 2007 that refer or

9    relate to any analyst call concerning NEW.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

11        Plaintiffs incorporate their General Objections and Objections to Definitions

12   by reference.  Plaintiffs also object to the time period specified in this Request as

13   overbroad, unduly burdensome, and not reasonably calculated to lead to the

14   discovery of admissible evidence.  Plaintiffs also object to this Request on the

15   grounds that it is vague and ambiguous.  Plaintiffs also object to this Request as

16   burdensome to the extent it seeks the production of documents that are publicly

17   available or not within Plaintiffs' possession, custody or control.  Plaintiffs object

18   to this Request to the extent it seeks documents protected from disclosure by the

19   attorney-client privilege, work product doctrine or any other applicable privilege or

20   protection.  Plaintiffs further object to this Request to the extent it is duplicative of

21   document requests made by other Defendants, was propounded for the purpose of

22   harassing Plaintiffs, and imposes cumulative burden on Plaintiffs.

23        Subject to and without waiving the foregoing general and specific

24   objections, Plaintiffs will produce relevant non-privileged documents, if any, from

25   May 5, 2005 to March 13, 2007 in their possession, custody or control responsive

26   to this Request.

27

28

1  **REQUEST FOR PRODUCTION NO. 11:**

2      All minutes of NYSTRS' Board of Trustees meetings from January 1, 2005

3  to the present, including any and all DOCUMENTS that were provided to

4  NYSTRS' Board of Trustees in connection with such meetings and/or memorialize

5  all or part of a Board of Trustees meeting.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

7      Plaintiffs incorporate their General Objections and Objections to Definitions

8  by reference.  Plaintiffs object to this Request as irrelevant, overbroad, unduly

9  burdensome, and not reasonably calculated to lead to the discovery of admissible

10 evidence.  Plaintiffs object to this Request to the extent it seeks disclosure of

11 private or confidential information and documents.  Plaintiffs object to this

12 Request as burdensome and harassing to the extent that it seeks documents and

13 information that are not relevant to the claims or defenses of any party in this

14 litigation.

15     Subject to and without waiving any of the general and specific objections,

16 Lead Plaintiff NYSTRS will produce relevant non-privileged documents, if any,

17 from May 5, 2005 to March 13, 2007 in their possession, custody or control that

18 concern Plaintiffs' investment in New Century securities.

19 **REQUEST FOR PRODUCTION NO. 12:**

20     All DOCUMENTS from January 1, 2006 to April 27, 2007 that refer or

21 relate to David Loglisci's participation on NYSTRS' Board of Trustees.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

23     Plaintiffs incorporate their General Objections and Objections to Definitions

24 by reference.  Plaintiffs object to the Request as irrelevant, overbroad, unduly

25 burdensome, and not reasonably calculated to lead to the discovery of admissible

26 evidence.  Plaintiffs object to this Request to the extent it seeks disclosure of

27 private or confidential information and documents.  Plaintiffs object to this

28 Request as burdensome to the extent it calls for documents not within Plaintiffs'

1  possession, custody or control.  Lead Plaintiff NYSTRS further objects to this

2  Request on the grounds that the Request seeks irrelevant information and was

3  propounded to harass, annoy, and embarrass Lead Plaintiff.

4  **REQUEST FOR PRODUCTION NO. 13:**

5      All DOCUMENTS that concern or constitute COMMUNICATIONS with

6  the Securities and Exchange Commission and/or the New York Attorney General's

7  office referring or relating to David Loglisci.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

9      Plaintiffs incorporate their General Objections and Objections to Definitions

10  by reference.  Plaintiffs object to this Request to the extent it seeks disclosure of

11  private or confidential information and documents.   Plaintiffs object to this

12  Request as burdensome to the extent it calls for documents not within Plaintiffs'

13  possession, custody or control.  Lead Plaintiff NYSTRS further objects to this

14  Request on the grounds that the Request seeks irrelevant information and was

15  propounded to harass, annoy and embarrass Lead Plaintiff.  Subject to and without

16  waving any of the general and specific objections, Lead Plaintiff NYSTRS has no

17  responsive documents.

18  **REQUEST FOR PRODUCTION NO. 14:**

19      All DOCUMENTS that refer or relate to any actual or potential

20  investigation, regulatory and/or government action relating to David Loglisci.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

22      Plaintiffs incorporate their General Objections and Objections to Definitions

23  by reference.  Plaintiffs object to this Request on the grounds that it is vague and

24  ambiguous.  Plaintiffs object to this Request to the extent it seeks disclosure of

25  private or confidential information and documents.   Plaintiffs object to this

26  Request as burdensome to the extent it calls for documents not within Plaintiffs'

27  possession, custody or control.  Lead Plaintiff NYSTRS further objects to this

28  Request on the grounds that the Request seeks irrelevant information and was

1   propounded to harass, annoy and embarrass Lead Plaintiff. Subject to and without

2   waving any of the general and specific objections, Lead Plaintiff NYSTRS has no

3   responsive documents.

4   **REQUEST FOR PRODUCTION NO. 15:**

5       All DOCUMENTS, including but not limited to, COMMUNICATIONS,

6   from January 1, 2005 to April 27, 2007 that refer or relate to NEW's REIT status

7   and/or classification as a REIT.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

9       Plaintiffs incorporate their General Objections and Objections to Definitions

10  by reference. Plaintiffs also object to the time period specified in this Request as

11  overbroad, unduly burdensome, and not reasonably calculated to lead to the

12  discovery of admissible evidence. Plaintiffs object to this Request on the grounds

13  that it is vague and ambiguous. Plaintiffs object to this Request as burdensome to

14  the extent it seeks the production of documents that are publicly available.

15      Subject to and without waiving the foregoing general and specific

16  objections, Plaintiffs will produce relevant non-privileged documents, if any, from

17  May 5, 2005 to March 13, 2007 in their possession, custody or control responsive

18  to this Request.

19  **REQUEST FOR PRODUCTION NO. 16:**

20      All DOCUMENTS, including but not limited to, COMMUNICATIONS,

21  from January 1, 2005 to April 27, 2007 that refer or relate to any dividend YOU

22  received from NEW, including but not limited to, DOCUMENTS sufficient to

23  show the dollar amount of any dividend and/or dividends YOU received from

24  NEW.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

26      Plaintiffs incorporate their General Objections and Objections to Definitions

27  by reference. Plaintiffs object to the time period specified in this Request as

28  overbroad, unduly burdensome, and not reasonably calculated to lead to the

1  discovery of admissible evidence.  Plaintiffs further object to this Request to the

2  extent it is duplicative of document requests made by other Defendants, was

3  propounded for the purpose of harassing Plaintiffs, and imposes cumulative burden

4  on Plaintiffs.

5       Subject to and without waiving the foregoing general and specific

6  objections, Plaintiffs will produce non-privileged documents in their possession,

7  custody or control sufficient to evidence all dividends received by Plaintiffs from

8  New Century during the period May 5, 2005 to March 13, 2007.

9  **REQUEST FOR PRODUCTION NO. 17:**

10       All DOCUMENTS from January 1, 2005 to the present sufficient to show

11  any income YOU received from or were paid in connection with any NEW

12  SECURITY.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

14       Plaintiffs incorporate their General Objections and Objections to Definitions

15  by reference.  Plaintiffs object to the time period specified in this Request as

16  overbroad, unduly burdensome, and not reasonably calculated to lead to the

17  discovery of admissible evidence.  Plaintiffs further object to this Request to the

18  extent it is duplicative of document requests made by other Defendants, was

19  propounded for the purpose of harassing Plaintiffs, and imposes cumulative burden

20  on Plaintiffs.

21       Subject to and without waiving the foregoing general and specific

22  objections, Plaintiffs will produce non-privileged documents in their possession,

23  custody or control sufficient to evidence all income Plaintiffs received or were paid

24  from NEW SECURITY during the period May 5, 2005 to March 13, 2007.

25  **REQUEST FOR PRODUCTION NO. 18:**

26       All DOCUMENTS from January 1, 2005 to April 27, 2007 setting forth or

27  delineating the duties and responsibilities of any investment manager, investment

28  firm, advisor, consultant, broker or brokerage retained by, or on behalf of, YOU in

1 | connection with YOUR investment in NEW SECURITY.

2 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

3 |     Plaintiffs incorporate their General Objections and Objections to Definitions
4 | by reference.  Plaintiffs object to the time period specified in this Request as
5 | overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to
6 | the discovery of admissible evidence.  Plaintiffs object to this Request on the
7 | grounds that it is compound and incomprehensible.  Plaintiffs object to this
8 | Request on the grounds that it is vague and ambiguous.

9 |     Subject to and without waiving the foregoing general and specific
10 | objections, Plaintiffs will produce relevant non-privileged documents, if any, from
11 | May 5, 2005 to March 13, 2007 in their possession, custody or control responsive
12 | to this Request.

13 | **REQUEST FOR PRODUCTION NO. 19:**

14 |     All DOCUMENTS from January 1, 2005 to the present created by or
15 | received from, either directly or indirectly, and/or all COMMUNICATIONS with,
16 | any investment manager, investment firm, advisor, consultant, broker or brokerage
17 | concerning NEW.

18 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

19 |     Plaintiffs incorporate their General Objections and Objections to Definitions
20 | by reference.  Plaintiffs object to the time period specified in this Request as
21 | overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to
22 | the discovery of admissible evidence. Plaintiffs object to this Request as
23 | burdensome to the extent it calls for documents not within Plaintiffs' possession,
24 | custody or control.  Plaintiffs further object to this Request to the extent it is
25 | duplicative of document requests made by other Defendants, was propounded for
26 | the purpose of harassing Plaintiffs, and imposes cumulative burden on Plaintiffs.
27 | Plaintiffs further object to this Request on the grounds that it is vague and
28 | ambiguous.

1    Subject to and without waiving the foregoing general and specific
2  objections, Plaintiffs will produce relevant non-privileged documents, if any, from
3  May 5, 2005 to March 13, 2007 in their possession, custody or control responsive
4  to this Request.

5  **REQUEST FOR PRODUCTION NO. 20:**

6    All DOCUMENTS that refer or relate to YOUR proposed or actual
7  guidelines, policies, procedures, practices, rules, goals, plans, strategies or criteria
8  relating to domestic equity investments, common stock, diversification, preferred
9  stock, REITs and/or dividends, including but not limited to, DOCUMENTS that
10  refer or relate to YOUR trading policy, investment policy, risk tolerance, and/or
11  investment objectives.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

13    Plaintiffs incorporate their General Objections and Objections to Definitions
14  by reference.  Plaintiffs object to this Request as overbroad, unduly burdensome,
15  irrelevant and not reasonably calculated to lead to the discovery of admissible
16  evidence to the extent it fails to specify a time period.  Plaintiffs further object to
17  this Request to the extent it seeks disclosure of private or confidential information
18  and documents.  Plaintiffs object to this Request on the grounds that it is vague and
19  ambiguous.  Plaintiffs further object to this Request to the extent it is duplicative of
20  document requests made by other Defendants, was propounded for the purpose of
21  harassing Plaintiffs, and imposes cumulative burden on Plaintiffs.

22    Subject to and without waiving the foregoing general and specific
23  objections, Plaintiffs will produce relevant non-privileged documents, if any,
24  responsive to this Request in their possession, custody or control from May 5, 2005
25  to March 13, 2007.

26  **REQUEST FOR PRODUCTION NO. 21:**

27    All DOCUMENTS that refer or relate to any policy, practice, procedure
28  and/or strategy relating to the following investment vehicles described in the

-17-    PLAINTIFFS' RESPONSES AND OBJECTIONS
TO KPMG FIRST REQUEST FOR PRODUCTION
Case No. 2:07-cv-00931-DDP (FMOx)

1   "Notes to Financial Statements" section of YOUR annual financial report for the

2   fiscal years ended June 30, 2006 and June 30, 2007: (1) "Mortgage pass-through

3   certificates, provided the certificates evidence ownership of undivided interests in

4   pools or mortgage loans secured by first mortgages on real property located in New

5   York improved by one-to-four family residential dwellings, and, provided further,

6   that (i) such mortgage loans are originated on or after January 1, 1980, by any

7   bank, trust company, national banking association, savings bank, federal mutual

8   savings bank, savings and loan association, federal savings and loan association,

9   credit union, or federal credit union authorized to do business in New York State or

10  by any lender approved by the Secretary of Housing and Urban Development for

11  participation in any mortgage insurance program under the National Housing Act,

12  (ii) such mortgage loans are assigned to a bank, trust company, federal mutual

13  savings bank or federal savings and loan association as trustee for the benefit of

14  holders of such certificates, and (iii) such certificates are rated within the three

15  highest grades by an independent rating service designated by the banking board.

16  The aggregate unpaid principal on conventional mortgages securing mortgage

17  pass-through certificates cannot exceed 10% of the assets of the System nor can the

18  total unpaid principal on any single pool of conventional mortgages securing

19  mortgage pass-through certificates exceed 1% of the assets of the System;" and (2)

20  "Collateralized Mortgage Obligations, which meet the requirements of applicable

21  statutes."

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

23      Plaintiffs incorporate their General Objections and Objections to Definitions

24  by reference.  Plaintiffs object to this Request as irrelevant, overbroad, unduly

25  burdensome, and not reasonably calculated to lead to the discovery of admissible

26  evidence.  Plaintiffs object to this Request on the grounds that it is compound and

27  incomprehensible.  Plaintiffs object to this Request to the extent it seeks disclosure

28  of private or confidential information and documents.  Plaintiffs object to this

-18-   PLAINTIFFS' RESPONSES AND OBJECTIONS
TO KPMG FIRST REQUEST FOR PRODUCTION
Case No. 2:07-cv-00931-DDP (FMOx)

1  Request as burdensome and harassing to the extent that it seeks documents and
2  information that are not relevant to the claims or defenses of any party in this
3  litigation.

4      Subject to and without waiving any of the general and specific objections,
5  Lead Plaintiff NYSTRS will produce relevant non-privileged documents, if any,
6  responsive to this Request in their possession, custody or control from May 5, 2005
7  to March 13, 2007.

8  **REQUEST FOR PRODUCTION NO. 22:**

9      All DOCUMENTS that refer or relate to YOUR investment strategy and/or
10  policy relating to investments made pursuant to the "Leeway Clause" of Section
11  177, as quoted in the "Deposit and Investment Risk Disclosure" section of YOUR
12  annual financial report for the fiscal year ended June 30, 2006.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

14      Plaintiffs incorporate their General Objections and Objections to Definitions
15  by reference.  Plaintiffs object to this Request as overbroad, unduly burdensome,
16  irrelevant and not reasonably calculated to lead to the discovery of admissible
17  evidence.  Plaintiffs object to this Request to the extent it seeks disclosure of
18  private or confidential information and documents.  Plaintiffs object to this
19  Request on the grounds that it is vague and ambiguous.  Plaintiffs object to this
20  Request as burdensome and harassing to the extent that it seeks documents and
21  information that are not relevant to the claims or defenses of any party in this
22  litigation.

23      Subject to and without waiving any of the general and specific objections,
24  Lead Plaintiff NYSTRS did not make any investments in New Century securities
25  pursuant to the "Leeway Clause" referred to in this Request.

26  **REQUEST FOR PRODUCTION NO. 23:**

27      All DOCUMENTS that refer or relate to YOUR investment strategy and/or
28  policy relating to investments made pursuant to the "Leeway Clause" of Section

-19-   PLAINTIFFS' RESPONSES AND OBJECTIONS
TO KPMG FIRST REQUEST FOR PRODUCTION
Case No. 2:07-cv-00931-DDP (FMOx)

1  177, as quoted in the "Deposit and Investment Risk Disclosure" section of YOUR

2  annual financial report for the fiscal year ended June 30, 2007.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

4      Plaintiffs incorporate their General Objections and Objections to Definitions

5  by reference.  Plaintiffs object to this Request as is overbroad, unduly burdensome,

6  irrelevant and not reasonably calculated to lead to the discovery of admissible

7  evidence.  Plaintiffs object to this Request to the extent it seeks disclosure of

8  private or confidential information and documents.  Plaintiffs object to this

9  Request on the grounds that it is vague and ambiguous.  Plaintiffs object to this

10  Request as burdensome and harassing to the extent that it seeks documents and

11  information that are not relevant to the claims or defenses of any party in this

12  litigation.

13      Subject to and without waiving any of the general and specific objections,

14  Lead Plaintiff NYSTRS did not make any investments in New Century securities

15  pursuant to the "Leeway Clause" referred to in the Request.

16      **REQUEST FOR PRODUCTION NO. 24:**

17      All DOCUMENTS from January 1, 2005 to the present that refer or relate to

18  YOUR investment(s) in NEW SECURITY that were made pursuant to the

19  "Leeway Clause" of Section 177, as quoted in the "Deposit and Investment Risk

20  Disclosure" section of YOUR annual financial report for the fiscal year ended June

21  30, 2006.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

23      Plaintiffs incorporate their General Objections and Objections to Definitions

24  by reference.  Plaintiffs object to the time period specified in this Request on the

25  grounds that it is overbroad, unduly burdensome, irrelevant and not reasonably

26  calculated to lead to the discovery of admissible evidence.

27

28

1    Subject to and without waiving any of the general and specific objections,

2  Lead Plaintiff NYSTRS did not make any investments in NEW SECURITY

3  pursuant to the "Leeway Clause" referred to in the Request.

4  **REQUEST FOR PRODUCTION NO. 25:**

5    All DOCUMENTS from January 1, 2005 to the present that refer or relate to

6  YOUR investment(s) in NEW SECURITY that were made pursuant to the

7  "Leeway Clause" of Section 177, as quoted in the "Deposit and Investment Risk

8  Disclosure" section of YOUR annual financial report for the fiscal year ended June

9  30, 2007.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

11    Plaintiffs incorporate their General Objections and Objections to Definitions

12  by reference.  Plaintiffs object to the time period specified in this Request on the

13  grounds that it is overbroad, unduly burdensome, irrelevant and not reasonably

14  calculated to lead to the discovery of admissible evidence.

15    Subject to and without waiving any of the general and specific objections,

16  Lead Plaintiff NYSTRS did not make any investments in NEW SECURITY

17  pursuant to the "Leeway Clause" referred to in the Request.

18  **REQUEST FOR PRODUCTION NO. 26:**

19    All DOCUMENTS from January 1, 2005 to the present that refer or relate to

20  mortgage investments that were acquired under the Leeway Clause, as discussed in

21  the "Real Estate and Mortgages" section of the "Notes to Financial Statements" in

22  YOUR annual financial report for the fiscal years ended June 30, 2006 and June

23  30, 2007.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

25    Plaintiffs incorporate their General Objections and Objections to Definitions

26  by reference.  Plaintiffs object to this Request on the grounds that it is overbroad,

27  unduly burdensome, irrelevant and not reasonably calculated to lead to the

28  discovery of admissible evidence.  Plaintiffs further object to this Request to the

-21-     PLAINTIFFS' RESPONSES AND OBJECTIONS
TO KPMG FIRST REQUEST FOR PRODUCTION
Case No. 2:07-cv-00931-DDP (FMOx)

1   extent it seeks disclosure of private or confidential information and documents.

2   Plaintiffs also object to this Request on the grounds that it is vague and ambiguous.

3   Plaintiffs object to this Request as burdensome and harassing to the extent that it

4   seeks documents and information that are not relevant to the claims or defenses of

5   any party in this litigation.

6        Subject to and without waiving any of the general and specific objections,

7   Lead Plaintiff NYSTRS did not make any investments in NEW SECURITY

8   pursuant to the "Leeway Clause" referred to in the Request.

9   **REQUEST FOR PRODUCTION NO. 27:**

10       All DOCUMENTS from January 1, 2005 to the present created by or

11  received from, either directly or indirectly, and/or all COMMUNICATIONS with,

12  NYSTRS' Investment Advisory Committee.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

14       Plaintiffs incorporate their General Objections and Objections to Definitions

15  by reference.  Plaintiffs object to this Request as irrelevant, overbroad, unduly

16  burdensome, and not reasonably calculated to lead to the discovery of admissible

17  evidence.  Plaintiffs object to this Request to the extent it seeks disclosure of

18  private or confidential information and documents.  Plaintiffs object to this

19  Request as burdensome and harassing to the extent it seeks documents and

20  information that are not relevant to the claims or defenses of any party.

21       Subject to and without waiving any of the general and specific objections,

22  Lead Plaintiff NYSTRS will produce relevant non-privileged documents, if any, in

23  their possession, custody or control from May 5, 2005 to March 13, 2007

24  responsive to this Request.

25  **REQUEST FOR PRODUCTION NO. 28:**

26       All DOCUMENTS, including but not limited to, notes, minutes, and/or

27  agendas, from January 1, 2005 to the present that refer or relate to any meeting of

28  the NYSTRS' Investment Advisory Committee, including any and all

-22-    PLAINTIFFS' RESPONSES AND OBJECTIONS
TO KPMG FIRST REQUEST FOR PRODUCTION
Case No. 2:07-cv-00931-DDP (FMOx)

1 | DOCUMENTS that were provided to the Investment Advisory Committee in
2 | advance of or at such meetings.

3 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

4 | Plaintiffs incorporate their General Objections and Objections to Definitions
5 | by reference.  Plaintiffs object to this Request as irrelevant, overbroad, unduly
6 | burdensome and not reasonably calculated to lead to the discovery of admissible
7 | evidence.  Plaintiffs further object to this Request as burdensome to the extent it
8 | calls for documents not within Plaintiffs' possession, custody or control.  Plaintiffs
9 | object to this Request as burdensome and harassing to the extent it seeks
10 | documents and information that are not relevant to the claims or defenses of any
11 | party.

12 | Subject to and without waiving any of the general and specific objections,
13 | Lead Plaintiff NYSTRS will produce relevant non-privileged documents, if any, in
14 | their possession, custody or control from May 5, 2005 to March 13, 2007
15 | responsive to this Request.

16 | **REQUEST FOR PRODUCTION NO. 29:**

17 | All DOCUMENTS from January 1, 2005 to the present created by or
18 | received from, either directly or indirectly, and/or all COMMUNICATIONS with,
19 | NYSTRS' Real Estate Advisory Committee.

20 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

21 | Plaintiffs incorporate their General Objections and Objections to Definitions
22 | by reference.  Plaintiffs object to this Request as irrelevant, overbroad, unduly
23 | burdensome and not reasonably calculated to lead to the discovery of admissible
24 | evidence.  Plaintiffs object to this Request to the extent it seeks disclosure of
25 | private or confidential information and documents.  Plaintiffs object to this
26 | Request as burdensome and harassing to the extent that it seeks documents and
27 | information that are not relevant to the claims or defenses of any party in this
28 | litigation.

-23-    PLAINTIFFS' RESPONSES AND OBJECTIONS
TO KPMG FIRST REQUEST FOR PRODUCTION
Case No. 2:07-cv-00931-DDP (FMOx)

1       Subject to and without waiving any of the general and specific objections,

2  Lead Plaintiff NYSTRS will produce relevant non-privileged documents, if any, in

3  their possession, custody or control from May 5, 2005 to March 13, 2007

4  responsive to this Request.

5  **REQUEST FOR PRODUCTION NO. 30:**

6       All DOCUMENTS, including but not limited to, notes, minutes, and/or

7  agendas, from January 1, 2005 to the present that refer or relate to any meeting of

8  the NYSTRS' Real Estate Advisory Committee, including any and all

9  DOCUMENTS that were provided to the Real Estate Advisory Committee in

10 advance of or at such meetings.

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

12      Plaintiffs incorporate their General Objections and Objections to Definitions

13 by reference.  Plaintiffs object to this Request as overbroad, unduly burdensome

14 and not reasonably calculated to lead to the discovery of admissible evidence.

15 Plaintiffs object to this Request to the extent it seeks disclosure of private or

16 confidential information and documents.  Plaintiffs object to this Request as

17 burdensome to the extent it calls for documents not within Plaintiffs' possession,

18 custody or control.  Plaintiffs object to this Request as burdensome and harassing

19 to the extent it seeks documents and information that are not relevant to the claims

20 or defenses of any party.

21      Subject to and without waiving any of the general and specific objections,

22 Lead Plaintiff NYSTRS will produce relevant non-privileged documents, if any, in

23 their possession, custody or control from May 5, 2005 to March 13, 2007

24 responsive to this Request.

25 **REQUEST FOR PRODUCTION NO. 31:**

26      All DOCUMENTS from January 1, 2005 to the present created by or

27 received from, either directly or indirectly, and/or all COMMUNICATIONS with,

28 NYSTRS' REIT Real Estate Advisors, including but not limited to,

1  DOCUMENTS from and/or COMMUNICATIONS with Adelante Capital
2  Management LLC, Cohen & Steers Capital Management, Inc. and/or RREEF
3  America, LLC.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

5      Plaintiffs incorporate their General Objections and Objections to Definitions
6  by reference. Plaintiffs object to this Request as overbroad, unduly burdensome
7  and not reasonably calculated to lead to the discovery of admissible evidence.
8  Plaintiffs object to this Request as burdensome and harassing to the extent it seeks
9  documents and information that are not relevant to the claims or defenses of any
10  party.

11      Subject to and without waiving any of the general and specific objections,
12  Lead Plaintiff NYSTRS will produce relevant non-privileged documents, if any, in
13  their possession, custody or control from May 5, 2005 to March 13, 2007
14  responsive to this Request.

15  **REQUEST FOR PRODUCTION NO. 32:**

16      All DOCUMENTS, including but not limited to, notes, minutes, and/or
17  agendas, from January 1, 2005 to the present that refer or relate to any meeting of
18  NYSTRS' REIT Real Estate Advisors.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

20      Plaintiffs incorporate their General Objections and Objections to Definitions
21  by reference. Plaintiffs object to this Request as overbroad, unduly burdensome
22  and not reasonably calculated to lead to the discovery of admissible evidence.
23  Plaintiffs object to this Request as burdensome and harassing to the extent it seeks
24  documents and information that are not relevant to the claims or defenses of any
25  party.

26      Subject to and without waiving any of the general and specific objections,
27  Lead Plaintiff NYSTRS will produce relevant non-privileged documents, if any, in
28

1  their possession, custody or control from May 5, 2005 to March 13, 2007

2  responsive to this Request.

3  **REQUEST FOR PRODUCTION NO. 33:**

4       All COMMUNICATIONS from January 1, 2005 to April 27, 2007 with

5  NEW, including but not limited to, COMMUNICATIONS with any current and/or

6  former officer, director, employee and/or agent of NEW.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

8       Plaintiffs incorporate their General Objections and Objections to Definitions

9  by reference.  Plaintiffs object to this Request as overbroad, unduly burdensome,

10  duplicative and not reasonably calculated to lead to the discovery of admissible

11  evidence.  Plaintiffs object to this Request to the extent it calls for documents not

12  within Plaintiffs' possession, custody or control.  Plaintiffs object to this Request

13  to the extent it seeks production of documents protected from disclosure by the

14  attorney-client privilege, work product doctrine, or any other applicable privilege

15  or protection.

16       Subject to and without waiving any of the general and specific objections,

17  Plaintiffs will produce relevant non-privileged documents, if any, in their

18  possession, custody or control from May 5, 2005 to March 13, 2007 responsive to

19  this Request.

20  **REQUEST FOR PRODUCTION NO. 34:**

21       All DOCUMENTS from January 1, 2005 to April 27, 2007 from NEW,

22  including but not limited to, DOCUMENTS from any current and/or former

23  officer, director, employee and/or agent of NEW.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

25       Plaintiffs incorporate their General Objections and Objections to Definitions

26  by reference.  Plaintiffs object to this Request as overbroad, unduly burdensome,

27  duplicative and not reasonably calculated to lead to the discovery of admissible

28  evidence.  Plaintiffs object to this Request as burdensome to the extent it calls for

1  documents not within Plaintiffs' possession, custody or control.  Plaintiffs object to

2  this Request to the extent it seeks production of documents protected from

3  disclosure by the attorney-client privilege, work product doctrine, or any other

4  applicable privilege or protection.

5       Subject to and without waiving any of the general and specific objections,

6  Plaintiffs will produce relevant non-privileged documents, if any, in their

7  possession, custody or control from May 5, 2005 to March 13, 2007 responsive to

8  this Request.

9  **REQUEST FOR PRODUCTION NO. 35:**

10      All COMMUNICATIONS from January 1, 2005 to the present with any

11  current and/or former NEW shareholder concerning NEW.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

13      Plaintiffs incorporate their General Objections and Objections to Definitions

14  by reference.  Plaintiffs object to this Request as overbroad, unduly burdensome,

15  and not reasonably calculated to lead to the discovery of admissible evidence.

16  Plaintiffs object to this Request as burdensome to the extent it calls for documents

17  not within Plaintiffs' possession, custody or control.  Plaintiffs also object to this

18  Request as vague, incomprehensible and overly burdensome to the extent it

19  requires Plaintiffs to ascertain NEW shareholders.  Plaintiffs further object to this

20  Request on the grounds that it seeks documents protected from discovery by the

21  attorney work product doctrine and/or attorney-client privilege.

22      Subject to and without waiving any of the general and specific objections,

23  Plaintiffs will produce relevant non-privileged documents, if any, in their

24  possession, custody or control from May 5, 2005 to March 13, 2007 responsive to

25  this Request.

26  **REQUEST FOR PRODUCTION NO. 36:**

27      All DOCUMENTS from January 1, 2005 to the present from any current

28  and/or former NEW shareholder concerning NEW.

-27-    PLAINTIFFS' RESPONSES AND OBJECTIONS
        TO KPMG FIRST REQUEST FOR PRODUCTION
        Case No. 2:07-cv-00931-DDP (FMOx)

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

2      Plaintiffs incorporate their General Objections and Objections to Definitions

3  by reference. Plaintiffs object to this Request as overbroad, unduly burdensome,

4  and not reasonably calculated to lead to the discovery of admissible evidence.

5  Plaintiffs object to this Request as burdensome to the extent it calls for documents

6  not within Plaintiffs' possession, custody or control. Plaintiffs also object to this

7  Request as vague, incomprehensible and overly burdensome to the extent it

8  requires Plaintiffs to ascertain NEW shareholders. Plaintiffs further object to this

9  Request on the grounds that it seeks documents protected from discovery by the

10  attorney work product doctrine and/or attorney-client privilege.

11      Subject to and without waiving any of the general and specific objections,

12  Plaintiffs will produce relevant non-privileged documents, if any, in their

13  possession, custody or control from May 5, 2005 to March 13, 2007 responsive to

14  this Request.

15  **REQUEST FOR PRODUCTION NO. 37:**

16      All COMMUNICATIONS from January 1, 2005 to the present between or

17  among YOU and any other Plaintiff and/or putative class member in this ACTION

18  that refer or relate to NEW or to this ACTION.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

20      Plaintiffs incorporate their General Objections and Objections to Definitions

21  by reference. Plaintiffs object to this Request as overbroad, unduly burdensome,

22  and not reasonably calculated to lead to the discovery of admissible evidence, as to

23  time period and scope. Plaintiffs object to this Request as vague,

24  incomprehensible and overly burdensome to the extent it requires Plaintiffs to

25  ascertain putative class members in this Action. Plaintiffs further object to this

26  Request on the grounds that it seeks documents protected from discovery by the

27  attorney work product doctrine and/or attorney-client privilege.

28

-28-   PLAINTIFFS' RESPONSES AND OBJECTIONS
TO KPMG FIRST REQUEST FOR PRODUCTION
Case No. 2:07-cv-00931-DDP (FMOx)

1    Subject to and without waiving any of the general and specific objections,

2    Plaintiffs will produce relevant non-privileged documents, if any, in their

3    possession, custody or control from May 5, 2005 to March 13, 2007 responsive to

4    this Request.

5    **REQUEST FOR PRODUCTION NO. 38:**

6    All DOCUMENTS from January 1, 2005 to the present created by or

7    received from, either directly or indirectly, any other Plaintiff and/or putative class

8    member in this ACTION.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

10   Plaintiffs incorporate their General Objections and Objections to Definitions

11   by reference. Plaintiffs object to this Request as overbroad, unduly burdensome,

12   irrelevant and not reasonably calculated to lead to the discovery of admissible

13   evidence. Plaintiffs object to this Request as vague, incomprehensible and overly

14   burdensome to the extent it requires Plaintiffs to ascertain putative class members

15   in this Action. Plaintiffs further object to this Request on the grounds that it seeks

16   documents protected from discovery by the attorney work product doctrine and/or

17   attorney-client privilege.

18   **REQUEST FOR PRODUCTION NO. 39:**

19   All DOCUMENTS, including but not limited to, notes, minutes, and/or

20   agendas, from January 1, 2005 to the present that refer or relate to any meeting

21   concerning NEW.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

23   Plaintiffs incorporate their General Objections and Objections to Definitions

24   by reference. Plaintiffs object to this Request as overbroad, unduly burdensome,

25   and not reasonably calculated to lead to the discovery of admissible evidence.

26   Plaintiffs further object to this Request as burdensome to the extent it calls for

27   documents not within Plaintiffs' possession, custody or control.

28

-29-    PLAINTIFFS' RESPONSES AND OBJECTIONS
TO KPMG FIRST REQUEST FOR PRODUCTION
Case No. 2:07-cv-00931-DDP (FMOx)

1      Subject to and without waiving any of the general and specific objections,

2  Plaintiffs will produce relevant non-privileged documents, if any, in their

3  possession, custody or control from May 5, 2005 to March 13, 2007 responsive to

4  this Request.

5  **REQUEST FOR PRODUCTION NO. 40:**

6      All DOCUMENTS from January 1, 2005 to the present that refer or relate to

7  YOUR alleged damages and/or losses claimed in this ACTION.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

9      Plaintiffs incorporate their General Objections and Objections to Definitions

10  by reference.  Plaintiffs object to this Request as overbroad, unduly burdensome,

11  and not reasonably calculated to lead to the discovery of admissible evidence, as to

12  time period and scope.  Plaintiffs object to this Request to the extent it calls for

13  documents not within Plaintiffs' possession, custody or control.  Plaintiffs object to

14  the Request to the extent it seeks production of documents protected from

15  disclosure by the attorney-client privilege, work product doctrine, or any other

16  applicable privilege or protection.  Plaintiffs further object to the Request to the

17  extent it prematurely calls for documents or testimony that is properly the subject

18  of expert testimony or an expert report; such information will be provided in

19  accordance with Rule 26(a)(2) of the Federal Rules.  Plaintiffs further object to this

20  Request to the extent it is duplicative of document requests made by other

21  Defendants, was propounded for the purpose of harassing Plaintiffs, and imposes

22  cumulative burden on Plaintiffs.

23      Subject to and without waving any of the general and specific objections,

24  Plaintiffs will produce relevant non-privileged documents from May 5, 2005 to

25  March 13, 2007 concerning their transactions in NEW sufficient for KPMG to

26  ascertain Plaintiffs' damages and/or losses.

27

28

1    **REQUEST FOR PRODUCTION NO. 41:**

2        All DOCUMENTS, including but not limited to, COMMUNICATIONS,

3    that refer or relate to NEW's stock price decline from February 7, 2007 through

4    March 13, 2007.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

6        Plaintiffs incorporate their General Objections and Objections to Definitions

7    by reference. Plaintiffs object to this Request as vague and ambiguous. Plaintiffs

8    object to this Request as overbroad, unduly burdensome, and not reasonably

9    calculated to lead to the discovery of admissible evidence, as to time period and

10    scope. Plaintiffs object to this Request to the extent it calls for documents not

11    within Plaintiffs' possession, custody or control. Plaintiffs object to the Request to

12    the extent it seeks production of documents protected from disclosure by the

13    attorney-client privilege, work product doctrine, or any other applicable privilege

14    or protection. Plaintiffs further object to the Request to the extent it prematurely

15    calls for documents or testimony that is properly the subject of expert testimony or

16    an expert report.

17        Subject to and without waiving any of the general and specific objections,

18    Plaintiffs will produce relevant non-privileged responsive documents, if any, in

19    their possession, custody or control from May 5, 2005 to March 13, 2007.

20    **REQUEST FOR PRODUCTION NO. 42:**

21        All DOCUMENTS, including but not limited to, COMMUNICATIONS,

22    from January 1, 2005 to the present that refer or relate to any news article, analyst

23    report, press release, and/or SEC filing concerning NEW.

24    **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

25        Plaintiffs incorporate their General Objections and Objections to Definitions

26    by reference. Plaintiffs object to this Request as overbroad, unduly burdensome,

27    and not reasonably calculated to lead to the discovery of admissible evidence.

28    Plaintiffs object to this Request as burdensome to the extent it calls for documents

1  not within Plaintiffs' possession, custody or control.  Plaintiffs object to the

2  Request to the extent it seeks production of documents protected from disclosure

3  by the attorney-client privilege, work product doctrine, or any other applicable

4  privilege or protection.

5       Subject to and without waiving any of the general and specific objections,

6  Plaintiffs will produce relevant non-privileged responsive documents, if any, in

7  their possession, custody or control from May 5, 2005 to March 13, 2007.

8  **REQUEST FOR PRODUCTION NO. 43:**

9       All DOCUMENTS, including but not limited to, COMMUNICATIONS,

10  from January 1, 2005 to the present that refer or relate to NEW's 2005 financial

11  statements.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

13       Plaintiffs incorporate their General Objections and Objections to Definitions

14  by reference.  Plaintiffs object to this Request as overbroad, unduly burdensome,

15  and not reasonably calculated to lead to the discovery of admissible evidence.

16  Plaintiffs further object to this Request as burdensome to the extent it calls for

17  documents not within Plaintiffs' possession, custody or control.  Plaintiffs object to

18  the Request to the extent it seeks production of documents protected from

19  disclosure by the attorney-client privilege, work product doctrine, or any other

20  applicable privilege or protection.

21       Subject to and without waiving any of the general and specific objections,

22  Plaintiffs will produce relevant non-privileged responsive documents, if any, in

23  their possession, custody or control from May 5, 2005 to March 13, 2007.

24  **REQUEST FOR PRODUCTION NO. 44:**

25       All DOCUMENTS, including but not limited to, COMMUNICATIONS,

26  from January 1, 2005 to the present that refer or relate to any alleged misstatement

27  in NEW's 2005 financial statements.

28

-32-     PLAINTIFFS' RESPONSES AND OBJECTIONS
         TO KPMG FIRST REQUEST FOR PRODUCTION
         Case No. 2:07-cv-00931-DDP (FMOx)

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

2      Plaintiffs incorporate their General Objections and Objections to Definitions

3 by reference.  Plaintiffs object to this Request as overbroad, unduly burdensome,

4 and not reasonably calculated to lead to the discovery of admissible evidence, as to

5 time period and scope.  Plaintiffs object to this Request to the extent it calls for

6 documents not within Plaintiffs' possession, custody or control.  Plaintiffs object to

7 the Request to the extent it seeks production of documents protected from

8 disclosure by the attorney-client privilege, work product doctrine, or any other

9 applicable privilege or protection.

10      Subject to and without waiving any of the general and specific objections,

11 Plaintiffs will produce relevant non-privileged responsive documents, if any, in

12 their possession, custody or control from May 5, 2005 to March 13, 2007.

13 **REQUEST FOR PRODUCTION NO. 45:**

14      All DOCUMENTS, including but not limited to, COMMUNICATIONS,

15 from January 1, 2005 to the present that refer or relate to NEW's ANNOUNCED

16 RESTATEMENT.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

18      Plaintiffs incorporate their General Objections and Objections to Definitions

19 by reference.  Plaintiffs object to this Request as overbroad, unduly burdensome,

20 and not reasonably calculated to lead to the discovery of admissible evidence.

21 Plaintiffs object to this Request as burdensome to the extent it calls for documents

22 not within Plaintiffs' possession, custody or control.  Plaintiffs object to the

23 Request to the extent it seeks production of documents protected from disclosure

24 by the attorney-client privilege, work product doctrine, or any other applicable

25 privilege or protection.

26      Subject to and without waiving any of the general and specific objections,

27 Plaintiffs will produce relevant non-privileged responsive documents, if any, in

28 their possession, custody or control from May 5, 2005 to March 13, 2007.

-33-    PLAINTIFFS' RESPONSES AND OBJECTIONS
TO KPMG FIRST REQUEST FOR PRODUCTION
Case No. 2:07-cv-00931-DDP (FMOx)

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS, including but not limited to, COMMUNICATIONS, from January 1, 2005 to the present that refer or relate to KPMG's audit of NEW's 2005 financial statements and/or its internal control over financial reporting.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Plaintiffs incorporate their General Objections and Objections to Definitions by reference. Plaintiffs object to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this Request to the extent it calls for documents not within Plaintiffs' possession, custody or control or to which KPMG has equal or superior access. Plaintiffs object to the Request to the extent it seeks production of documents protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving any of the general and specific objections, Plaintiffs will produce relevant non-privileged responsive documents, if any, in their possession, custody or control from May 5, 2005 to March 13, 2007.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS, including but not limited to, COMMUNICATIONS, from January 1, 2005 to the present that refer or relate to any service and/or services KPMG provided to NEW.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Plaintiffs incorporate their General Objections and Objections to Definitions by reference. Plaintiffs object to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this Request to the extent it calls for documents not within Plaintiffs' possession, custody or control or to which KPMG has equal or superior access. Plaintiffs object to the Request to the extent it seeks production of

1  documents protected from disclosure by the attorney-client privilege, work product

2  doctrine, or any other applicable privilege or protection.

3      Subject to and without waiving any of the general and specific objections,

4  Plaintiffs will produce relevant non-privileged responsive documents, if any, in

5  their possession, custody or control from May 5, 2005 to March 13, 2007.

6  **REQUEST FOR PRODUCTION NO. 48:**

7      All DOCUMENTS from January 1, 2005 to the present from KPMG,

8  including but not limited to, DOCUMENTS from any current partner, former

9  partner, current employee, and/or former employee of KPMG that refer or relate to

10  NEW.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

12      Plaintiffs incorporate their General Objections and Objections to Definitions

13  by reference.  Plaintiffs object to this Request as overbroad, unduly burdensome,

14  and not reasonably calculated to lead to the discovery of admissible evidence.

15  Plaintiffs object to this Request to the extent it calls for documents not within

16  Plaintiffs' possession, custody or control or to which KPMG has equal or superior

17  access.   Plaintiffs object to the Request to the extent it seeks production of

18  documents protected from disclosure by the attorney-client privilege, work product

19  doctrine, or any other applicable privilege or protection.

20      Subject to and without waiving any of the general and specific objections,

21  Plaintiffs will produce relevant non-privileged responsive documents, if any, in

22  their possession, custody or control from May 5, 2005 to March 13, 2007.

23  **REQUEST FOR PRODUCTION NO. 49:**

24      All COMMUNICATIONS from January 1, 2005 to the present with KPMG,

25  including but not limited to, COMMUNICATIONS with any current partner,

26  former partner, current employee, and/or former employee of KPMG that refer or

27  relate to NEW.

28

-35-    PLAINTIFFS' RESPONSES AND OBJECTIONS
TO KPMG FIRST REQUEST FOR PRODUCTION
Case No. 2:07-cv-00931-DDP (FMOx)

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

2        Plaintiffs incorporate their General Objections and Objections to Definitions

3  by reference.  Plaintiffs object to this Request as overbroad, unduly burdensome,

4  and not reasonably calculated to lead to the discovery of admissible evidence.

5  Plaintiffs object to this Request to the extent it calls for documents not within

6  Plaintiffs' possession, custody or control or to which KPMG has equal or superior

7  access.   Plaintiffs object to the Request to the extent it seeks production of

8  documents protected from disclosure by the attorney-client privilege, work product

9  doctrine, or any other applicable privilege or protection.

10        Subject to and without waiving any of the general and specific objections,

11  Plaintiffs will produce relevant non-privileged responsive documents, if any, in

12  their possession, custody or control from May 5, 2005 to March 13, 2007.

13  **REQUEST FOR PRODUCTION NO. 50:**

14        All DOCUMENTS, including but not limited to, COMMUNICATIONS,

15  from January 1, 2005 to the present that support YOUR claims and/or defenses in

16  this ACTION.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

18        Plaintiffs incorporate their General Objections and Objections to Definitions

19  by reference.  Plaintiffs object to this Request as overbroad, unduly burdensome,

20  and not reasonably calculated to lead to the discovery of admissible evidence.

21  Plaintiffs object to this Request as improper contention discovery which is

22  premature at this stage of the litigation to the extent that it calls for the disclosure

23  of documents concerning Plaintiffs' factual and legal contentions in this action,

24  when discovery is ongoing and the record has yet to be fully developed.  Plaintiffs

25  object to this Request to the extent it seeks documents protected from disclosure by

26  the attorney-client privilege, work product doctrine or any other applicable

27  privilege or protection.

28

1         Subject to and without waiving any of the general and specific objections,

2    Plaintiffs will produce relevant non-privileged responsive documents, if any, in

3    their possession, custody or control from May 5, 2005 to March 13, 2007.

4    **REQUEST FOR PRODUCTION NO. 51:**

5         All DOCUMENTS, including but not limited to, COMMUNICATIONS,

6    that refer or relate to YOUR contention in paragraph 538 of the COMPLAINT

7    that, "KPMG's material misstatements in its publicly-issued 2005 audit opinions

8    and KPMG's extensive role in the accounting misstatements and internal control

9    weaknesses that were disclosed, beginning on February 7, 2007 through the end of

10   the Class Period, further demonstrate both the artificial inflation KPMG's conduct

11   caused in the price of New Century securities and that KPMG's conduct

12   proximately caused foreseeable losses and damages to Plaintiffs and members of

13   the Class."

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

15        Plaintiffs incorporate their General Objections and Objections to Definitions

16   by reference.  Plaintiffs object to this Request as overbroad, unduly burdensome,

17   and not reasonably calculated to lead to the discovery of admissible evidence.

18   Plaintiffs object to this Request as improper contention discovery which is

19   premature at this stage of the litigation to the extent that it calls for the disclosure

20   of documents concerning Plaintiffs' factual and legal contentions in this action,

21   when discovery is ongoing and the record has yet to be fully developed.  Plaintiffs

22   object to this Request to the extent it seeks documents protected from disclosure by

23   the attorney-client privilege, work product doctrine or any other applicable

24   privilege or protection.

25   **REQUEST FOR PRODUCTION NO. 52:**

26        All DOCUMENTS, including but not limited to, COMMUNICATIONS,

27   that refer or relate to YOUR contention in paragraph 539 of the COMPLAINT

28   that, "[t]he disclosures beginning on February 7, 2007 specifically concerned

-37-    PLAINTIFFS' RESPONSES AND OBJECTIONS
TO KPMG FIRST REQUEST FOR PRODUCTION
Case No. 2:07-cv-00931-DDP (FMOx)

1  accounting and internal control issues with which KPMG was extensively involved

2  in its 2005 audits and areas in which KPMG specifically violated GAAS and the

3  standards of the PCAOB in connection with its 2005 audits, including the

4  repurchase reserves backlog and related internal control weaknesses and the

5  required adjustments to Residual Interests as set forth above."

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

7       Plaintiffs incorporate their General Objections and Objections to Definitions

8  by reference.  Plaintiffs object to this Request as overbroad, unduly burdensome,

9  and not reasonably calculated to lead to the discovery of admissible evidence.

10  Plaintiffs object to this Request as improper contention discovery which is

11  premature at this stage of the litigation to the extent that it calls for the disclosure

12  of documents concerning Plaintiffs' factual and legal contentions in this action,

13  when discovery is ongoing and the record has yet to be fully developed.  Plaintiffs

14  object to this Request to the extent it seeks documents protected from disclosure by

15  the attorney-client privilege, work product doctrine or any other applicable

16  privilege or protection.

17  **REQUEST FOR PRODUCTION NO. 53:**

18       All DOCUMENTS, including but not limited to, COMMUNICATIONS,

19  that refer or relate to YOUR contention in paragraph 540 of the COMPLAINT that

20  "[thereafter, the price of New Century securities continued to decline on March 2,

21  2007, when additional disclosures were made, including, specifically, issues

22  pertaining to the Company's valuation of Residual Interests in 2006 'and prior

23  periods.' As alleged in this Second Amended Complaint, KPMG's 2005 audits

24  specifically violated GAAS and the standards of the PCAOB in connection with

25  this audit of New Century's Residual Interests and related internal controls and, as

26  reported by the Examiner (at 329) and set forth in paragraph 480 above, KPMG's

27  February 2007 report to the Special Investigation Committee of the Audit

28

-38-    PLAINTIFFS' RESPONSES AND OBJECTIONS
TO KPMG FIRST REQUEST FOR PRODUCTION
Case No. 2:07-cv-00931-DDP (FMOx)

1   Committee (the 'SIC') was '[t]he primary reason the SIC looked more closely at

2   New Century's accounting for residual interests…in February 2007.'"

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

4   Plaintiffs incorporate their General Objections and Objections to Definitions

5   by reference. Plaintiffs object to this Request as overbroad, unduly burdensome,

6   and not reasonably calculated to lead to the discovery of admissible evidence.

7   Plaintiffs object to this Request as improper contention discovery which is

8   premature at this stage of the litigation to the extent that it calls for the disclosure

9   of documents concerning Plaintiffs' factual and legal contentions in this action,

10  when discovery is ongoing and the record has yet to be fully developed. Plaintiffs

11  object to this Request to the extent it seeks documents protected from disclosure by

12  the attorney-client privilege, work product doctrine or any other applicable

13  privilege or protection.

14  **REQUEST FOR PRODUCTION NO. 54:**

15  All DOCUMENTS, including but not limited to, COMMUNICATIONS,

16  that refer or relate to YOUR contention in paragraph 49 of the COMPLAINT that

17  "[t]he members of the class are so numerous that joinder of all members is

18  impracticable."

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

20  Plaintiffs incorporate their General Objections and Objections to Definitions

21  by reference. Plaintiffs object to this Request as overbroad, unduly burdensome,

22  and not reasonably calculated to lead to the discovery of admissible evidence.

23  Plaintiffs object to this Request as improper contention discovery which is

24  premature at this stage of the litigation to the extent that it calls for the disclosure

25  of documents concerning Plaintiffs' factual and legal contentions in this action,

26  when discovery is ongoing and the record has yet to be fully developed. Plaintiffs

27  object to this Request to the extent it seeks documents protected from disclosure by

28

-39-    PLAINTIFFS' RESPONSES AND OBJECTIONS
TO KPMG FIRST REQUEST FOR PRODUCTION
Case No. 2:07-cv-00931-DDP (FMOx)

1  the attorney-client privilege, work product doctrine or any other applicable

2  privilege or protection.

3  **REQUEST FOR PRODUCTION NO. 55:**

4      All DOCUMENTS, including but not limited to, COMMUNICATIONS,

5  that refer or relate to YOUR contention in paragraph 50 of the COMPLAINT that

6  "Plaintiffs' claims are typical of the claims of the members of the Class."

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

8      Plaintiffs incorporate their General Objections and Objections to Definitions

9  by reference.  Plaintiffs object to this Request as overbroad, unduly burdensome,

10  and not reasonably calculated to lead to the discovery of admissible evidence.

11  Plaintiffs object to this Request as improper contention discovery which is

12  premature at this stage of the litigation to the extent that it calls for the disclosure

13  of documents concerning Plaintiffs' factual and legal contentions in this action,

14  when discovery is ongoing and the record has yet to be fully developed.  Plaintiffs

15  object to this Request to the extent it seeks documents protected from disclosure by

16  the attorney-client privilege, work product doctrine or any other applicable

17  privilege or protection.

18  **REQUEST FOR PRODUCTION NO. 56:**

19      All DOCUMENTS, including but not limited to, COMMUNICATIONS,

20  that refer or relate to YOUR contention in paragraph 51 of the COMPLAINT that

21  "Plaintiffs' will fairly and adequately represent the interests of the members of the

22  Class and have retained counsel competent and experienced in class and securities

23  litigation."

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

25      Plaintiffs incorporate their General Objections and Objections to Definitions

26  by reference.  Plaintiffs object to this Request as overbroad, unduly burdensome,

27  and not reasonably calculated to lead to the discovery of admissible evidence.

28  Plaintiffs object to this Request as improper contention discovery which is

1   premature at this stage of the litigation to the extent that it calls for the disclosure
2   of documents concerning Plaintiffs' factual and legal contentions in this action,
3   when discovery is ongoing and the record has yet to be fully developed.  Plaintiffs
4   object to this Request to the extent it seeks documents protected from disclosure by
5   the attorney-client privilege, work product doctrine or any other applicable
6   privilege or protection.

7   **REQUEST FOR PRODUCTION NO. 57:**

8       All DOCUMENTS, including but not limited to, COMMUNICATIONS,
9   that refer or relate to YOUR contention in paragraph 53 of the COMPLAINT that
10  "[c]ommon questions of law and fact exist as to all members of the Class, and
11  predominate over any questions affecting solely individual members of the Class."

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

13      Plaintiffs incorporate their General Objections and Objections to Definitions
14  by reference.  Plaintiffs object to this Request as overbroad, unduly burdensome,
15  and not reasonably calculated to lead to the discovery of admissible evidence.
16  Plaintiffs object to this Request as improper contention discovery which is
17  premature at this stage of the litigation to the extent that it calls for the disclosure
18  of documents concerning Plaintiffs' factual and legal contentions in this action,
19  when discovery is ongoing and the record has yet to be fully developed.  Plaintiffs
20  object to this Request to the extent it seeks documents protected from disclosure by
21  the attorney-client privilege, work product doctrine or any other applicable
22  privilege or protection.

23  **REQUEST FOR PRODUCTION NO. 58:**

24      All DOCUMENTS, including but not limited to, COMMUNICATIONS,
25  that refer or relate to the Final Report of Michael J. Missal, dated February 29,
26  2008.

27

28

-41-    PLAINTIFFS' RESPONSES AND OBJECTIONS
TO KPMG FIRST REQUEST FOR PRODUCTION
Case No. 2:07-cv-00931-DDP (FMOx)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Plaintiffs incorporate their General Objections and Objections to Definitions by reference. Plaintiffs object to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this Request as burdensome to the extent it calls for documents that are not within Plaintiffs' possession, custody or control or are publicly available. Plaintiffs object to this Request to the extent it seeks the production of documents that are protected from disclosure by the attorney-client privilege, work product doctrine or any other applicable privilege or protection.

Subject to and without waiving any of the general and specific objections, Plaintiffs will produce relevant non-privileged responsive documents, if any, in their possession, custody or control from May 5, 2005 to March 13, 2007.

**REQUEST FOR PRODUCTION NO. 59:**

All DOCUMENTS referred to in the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Plaintiffs incorporate their General Objections and Objections to Definitions by reference. Plaintiffs object to this Request on the grounds that it is burdensome and oppressive to the extent it seeks the production of documents that are publicly available, not within Plaintiffs' possession, custody or control, or to which KPMG has equal or superior access. Plaintiffs further object to this Request to the extent it could be construed as calling for documents generated in anticipation of filing this case and/or the Complaint, and which are therefore protected from discovery by the attorney work product doctrine and/or attorney-client privilege.

Subject to and without waiving any of the general and specific objections, Plaintiffs will produce relevant non-privileged responsive documents, if any, in their possession, custody or control from May 5, 2005 to March 13, 2007.

**REQUEST FOR PRODUCTION NO. 60:**

All complaints, amended complaints, and/or transcripts of any testimony given by YOU in any deposition or trial for each and every civil lawsuit to which YOU have been a party within the past ten (10) years that involved allegations relating to securities transactions, alleged federal or state securities violations, class allegations, allegations concerning professional malpractice, corporate control, breach of fiduciary duty, fraud claims and/or shareholder derivative claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Plaintiffs incorporate their General Objections and Objections to Definitions by reference. Plaintiffs object to this Request as overbroad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this Request as burdensome and harassing to the extent it seeks documents and information that are not relevant to the claims or defenses of any party in this litigation. Plaintiffs object to this Request to the extent it was propounded to embarrass, annoy and harass. Plaintiffs also object to this Request to the extent it seeks the production of documents that are publicly available, not within Plaintiffs' possession, custody or control, or protected from disclosure by the attorney-client privilege, work product doctrine or any other applicable privilege or protection.

**REQUEST FOR PRODUCTION NO. 61:**

All affidavits, certifications or other sworn statements filed by YOU in any court in the past ten (10) years that identify litigation to which YOU have been a party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Plaintiffs incorporate their General Objections and Objections to Definitions by reference. Plaintiffs object to this Request as overbroad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this Request as burdensome and harassing to the

1  extent it seeks documents and information that are not relevant to the claims or

2  defenses of any party in this litigation.  Plaintiffs object to this Request to the

3  extent it was propounded to embarrass, annoy and harass.  Plaintiffs also object to

4  this Request to the extent it seeks the production of documents that are publicly

5  available, not within Plaintiffs' possession, custody or control, or protected from

6  disclosure by the attorney-client privilege, work product doctrine or any other

7  applicable privilege or protection.

8  **REQUEST FOR PRODUCTION NO. 62:**

9      All DOCUMENTS from YOUR counsel (including any agent or

10  representative of counsel) received by YOU prior to engaging counsel in this

11  ACTION.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

13      Plaintiffs incorporate their General Objections and Objections to Definitions

14  by reference.  Plaintiffs object to this Request as overbroad, unduly burdensome,

15  harassing and not reasonably calculated to lead to the discovery of admissible

16  evidence.  Plaintiffs object to this Request as burdensome and harassing to the

17  extent it seeks documents and information that are not relevant to the claims or

18  defenses of any party in this litigation.  Plaintiffs also object to this Request to the

19  extent it seeks the production of documents that are publicly available, not within

20  Plaintiffs' possession, custody or control, or protected from disclosure by the

21  attorney-client privilege, work product doctrine or any other applicable privilege or

22  protection.

23  **REQUEST FOR PRODUCTION NO. 63:**

24      All COMMUNICATIONS between YOU and YOUR counsel (including

25  any agent or representative of counsel) prior to YOU retaining counsel in this

26  ACTION.

27

28

-44-    PLAINTIFFS' RESPONSES AND OBJECTIONS
TO KPMG FIRST REQUEST FOR PRODUCTION
Case No. 2:07-cv-00931-DDP (FMOx)

B - 75

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Plaintiffs incorporate their General Objections and Objections to Definitions by reference. Plaintiffs object to this Request as overbroad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this Request as burdensome and harassing to the extent it seeks documents and information that are not relevant to the claims or defenses of any party in this litigation. Plaintiffs also object to this Request to the extent it seeks the production of documents that are not within Plaintiffs' possession, custody or control, or protected from disclosure by the attorney-client privilege, work product doctrine or any other applicable privilege or protection.

**REQUEST FOR PRODUCTION NO. 64:**

All agreements between or among YOU and YOUR counsel, including but not limited to all attorney engagement letters, fee agreements, and/or other DOCUMENTS that refer or relate to the payment of costs, disbursements, and/or attorney's fees incurred in this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Plaintiffs incorporate their General Objections and Objections to Definitions by reference. Plaintiffs object to this Request as overbroad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this Request as burdensome and harassing to the extent it seeks documents and information that are not relevant to the claims or defenses of any party in this litigation. Plaintiffs also object to this Request to the extent it seeks the production of documents that are not within Plaintiffs' possession, custody or control, or protected from disclosure by the attorney-client privilege, work product doctrine or any other applicable privilege or protection.

**REQUEST FOR PRODUCTION NO. 65:**

All DOCUMENTS that refer or relate to any relationship YOU have with YOUR counsel unrelated to this ACTION.

-45-     PLAINTIFFS' RESPONSES AND OBJECTIONS
TO KPMG FIRST REQUEST FOR PRODUCTION
Case No. 2:07-cv-00931-DDP (FMOx)

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

2       Plaintiffs incorporate their General Objections and Objections to Definitions

3  by reference.  Plaintiffs object to this Request as overbroad, unduly burdensome,

4  harassing and not reasonably calculated to lead to the discovery of admissible

5  evidence.   Plaintiffs further object to the term "relationship" as vague and

6  ambiguous.  Plaintiffs object to this Request as burdensome and harassing to the

7  extent it seeks documents and information that are not relevant to the claims or

8  defenses of any party in this litigation.  Plaintiffs also object to this Request to the

9  extent it seeks the production of documents that are not within Plaintiffs'

10 possession, custody or control, or protected from disclosure by the attorney-client

11 privilege, work product doctrine or any other applicable privilege or protection.

12 **REQUEST FOR PRODUCTION NO. 66:**

13      All DOCUMENTS that refer or relate to any consideration, of any nature,

14 that any named and/or lead Plaintiff or anyone else has received or been provided

15 (directly or indirectly), been told it will or may receive or be provided (directly or

16 indirectly), or been promised will be applied for in connection with serving as a

17 named and/or lead Plaintiff in this ACTION.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

19      Plaintiffs incorporate their General Objections and Objections to Definitions

20 by reference.  Plaintiffs object to this Request as overbroad, unduly burdensome,

21 harassing and not reasonably calculated to lead to the discovery of admissible

22 evidence.  Plaintiffs object to this Request as burdensome and harassing to the

23 extent it seeks documents and information that are not relevant to the claims or

24 defenses of any party in this litigation.  Plaintiffs also object to this Request to the

25 extent it seeks the production of documents that are publicly available, not within

26 Plaintiffs' possession, custody or control, or protected from disclosure by the

27 attorney-client privilege, work product doctrine or any other applicable privilege or

28 protection.

-46-     PLAINTIFFS' RESPONSES AND OBJECTIONS
         TO KPMG FIRST REQUEST FOR PRODUCTION
         Case No. 2:07-cv-00931-DDP (FMOx)

1    Subject to and without waiving any of the general and specific objections,

2  Plaintiffs will produce relevant non-privileged responsive documents, if any, in

3  their possession, custody or control from May 5, 2005 to March 13, 2007.

4  **REQUEST FOR PRODUCTION NO. 67:**

5    All DOCUMENTS from January 1, 2005 to the present from any

6  confidential witness identified in the COMPLAINT.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

8    Plaintiffs incorporate their General Objections and Objections to Definitions

9  by reference.  Plaintiffs object to this Request as overbroad, unduly burdensome,

10  harassing and not reasonably calculated to lead to the discovery of admissible

11  evidence.  Plaintiffs object to this Request as burdensome and harassing to the

12  extent it seeks documents and information that are not relevant to the claims or

13  defenses of any party in this litigation.  Plaintiffs also object to this Request to the

14  extent it seeks the production of documents that are not within Plaintiffs'

15  possession, custody or control, or protected from disclosure by the attorney-client

16  privilege, work product doctrine or any other applicable privilege or protection.

17    Subject to and without waiving any of the general and specific objections,

18  Plaintiffs will produce relevant non-privileged responsive documents, if any, in

19  their possession, custody or control from May 5, 2005 to March 13, 2007.

20  **REQUEST FOR PRODUCTION NO. 68:**

21    All DOCUMENTS from January 1, 2005 to the present that refer or relate to

22  any confidential witness identified in the COMPLAINT.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

24    Plaintiffs incorporate their General Objections and Objections to Definitions

25  by reference.  Plaintiffs object to this Request as overbroad, unduly burdensome,

26  harassing and not reasonably calculated to lead to the discovery of admissible

27  evidence.  Plaintiffs object to this Request as burdensome and harassing to the

28  extent it seeks documents and information that are not relevant to the claims or

-47-    PLAINTIFFS' RESPONSES AND OBJECTIONS
TO KPMG FIRST REQUEST FOR PRODUCTION
Case No. 2:07-cv-00931-DDP (FMOx)

1  defenses of any party in this litigation.  Plaintiffs also object to this Request to the
2  extent it seeks the production of documents that are not within Plaintiffs'
3  possession, custody or control, or protected from disclosure by the attorney-client
4  privilege, work product doctrine or any other applicable privilege or protection.

5      Subject to and without waiving any of the general and specific objections,
6  Plaintiffs will produce relevant non-privileged responsive documents, if any, in
7  their possession, custody or control from May 5, 2005 to March 13, 2007.

8  **REQUEST FOR PRODUCTION NO. 69:**

9      All COMMUNICATIONS from January 1, 2005 to the present between
10  YOU and any confidential witness identified in the COMPLAINT.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

12      Plaintiffs incorporate their General Objections and Objections to Definitions
13  by reference.  Plaintiffs object to this Request as overbroad, unduly burdensome,
14  harassing and not reasonably calculated to lead to the discovery of admissible
15  evidence.  Plaintiffs object to this Request as burdensome and harassing to the
16  extent it seeks documents and information that are not relevant to the claims or
17  defenses of any party in this litigation.  Plaintiffs also object to this Request to the
18  extent it seeks the production of documents that are not within Plaintiffs'
19  possession, custody or control, or protected from disclosure by the attorney-client
20  privilege, work product doctrine or any other applicable privilege or protection.

21      Subject to and without waiving any of the general and specific objections,
22  Plaintiffs will produce relevant non-privileged responsive documents, if any, in
23  their possession, custody or control from May 5, 2005 to March 13, 2007.

24  Dated: April 29, 2009                BERNSTEIN LITOWITZ BERGER
25                                       & GROSSMANN LLP

26

27                                       _____
                                         SALVATORE J. GRAZIANO
28
                                         SALVATORE J. GRAZIANO

-48-    PLAINTIFFS' RESPONSES AND OBJECTIONS
        TO KPMG FIRST REQUEST FOR PRODUCTION
        Case No. 2:07-cv-00931-DDP (FMOx)

HANNAH E. GREENWALD ROSS
LAUREN A. MCMILLAN
1285 Avenue of the Americas
New York, NY 10019
Tel:   (212) 554-1400
Fax:   (212) 554-1444

-and-

BLAIR A. NICHOLAS
ELIZABETH LIN
BENJAMIN GALDSTON
MATTHEW P. JUBENVILLE
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:   (858) 793-0323

*Lead Counsel for Lead Plaintiff*
*The New York State Teachers' Retirement*
*System and the Class*

MARVIN A. FRANK
Murray, Frank & Sailer LLP
275 Madison Avenue
New York, NY 10016
Tel:   (212) 682-1818
Fax:   (212) 682-1892

*Counsel for Plaintiff Carl Larson*

RICHARD A. SPEIRS
STEPHEN L. BRODSKY
ANA M. CABASSA
Zwerling, Schachter & Zwerling, LLP
41 Madison Avenue
New York, NY 10010
Tel:   (212) 223-3900
Fax:   (212) 371-5969

*Counsel for Plaintiff Charles Hooten*

-49-    PLAINTIFFS' RESPONSES AND OBJECTIONS
TO KPMG FIRST REQUEST FOR PRODUCTION
Case No. 2:07-cv-00931-DDP (FMOx)

1  BERNSTEIN LITOWITZ BERGER
       & GROSSMANN LLP
2  BLAIR A. NICHOLAS  (Bar No. 178428)
   (blairn@blbglaw.com)
3  ELIZABETH LIN  (Bar No. 174663)
   (elizabethl@blbglaw.com)
4  BENJAMIN GALDSTON  (Bar No. 211114)
   (beng@blbglaw.com)
5  MATTHEW P. JUBENVILLE  (Bar No. 228464)
   (matthewj@blbglaw.com)
6  12481 High Bluff Drive, Suite 300
   San Diego, CA 92130
7  Tel:   (858) 793-0070
   Fax:  (858) 793-0323
8        -and-
   SALVATORE J. GRAZIANO
9  (sgraziano@blbglaw.com)
   HANNAH E. GREENWALD ROSS
10 (hannah@blbglaw.com)
   LAUREN A. MCMILLEN
11 (laurenm@blbglaw.com)
   1285 Avenue of the Americas
12 New York, NY 10019
   Tel:   (212) 554-1400
13 Fax:  (212) 554-1444

14 Lead Counsel for Lead Plaintiff New
   York State Teachers' Retirement System

15

16

17               UNITED STATES DISTRICT COURT

18             CENTRAL DISTRICT OF CALIFORNIA

19
   IN RE NEW CENTURY              Case No.2:07-cv-00931-DDP (FMOx)
20                                (Lead Case)

21
                                 DECLARATION OF SERVICE
22

23                               Judge:  Hon. Dean D. Pregerson

24

25

26

27

28

                                      -1-
                                              DECLARATION OF SERVICE
                                        Case No. Case No.2:07-cv-00931-DDP (FMOx)

                            B - 81

1    I, Brandy M. Roberts, declare:

2        1.    That I am and was, at all times herein mentioned, a citizen of the

3    United States and a resident of the County of San Diego, over the age of 18 years,

4    and not a party to or interested in the within action; that my business address is

5    12481 High Bluff Drive, Suite 300, San Diego, California 92130.

6        2.    That on April 29, 2009, I caused to be served the following

7    documents:

8        •   **PLAINTIFFS' RESPONSES AND OBJECTIONS TO**

9          **DEFENDANT KPMG LLP'S FIRST SET OF REQUESTS FOR**
      **PRODUCTION OF DOCUMENTS**

10   addressed as follows:

11                    SEE ATTACHED SERVICE LIST

12     ☒   **(BY U.S. MAIL)** I am personally and readily familiar with the

13         business practice of Bernstein Litowitz Berger & Grossmann LLP for
collecting and processing of correspondence for mailing with the

14         United States Postal Service, and I caused such envelope(s) with
postage thereon fully prepaid to be placed in the United States Postal
Service at San Diego, California.

15     ☐   **(BY OVERNIGHT MAIL)** I am personally and readily familiar with

16         the business practice of Bernstein Litowitz Berger & Grossmann LLP
for collection and processing of correspondence for overnight

17         delivery, and I caused such document(s) described herein to be
deposited for delivery to a facility regularly maintained by Federal

18         Express for overnight delivery.

19     ☐   **(BY FACSIMILE)** I am personally and readily familiar with the

20         business practice of Bernstein Litowitz Berger & Grossmann LLP for
collection and processing of document(s) to be transmitted by

21         facsimile and I caused such document(s) on this date to be transmitted
by facsimile to the offices of addressee(s) at the numbers listed below.

22     ☒   **(BY ELECTRONIC MAIL)** I am personally and readily familiar

23         with the business practice of Bernstein Litowitz Berger & Grossmann
LLP for the collection and processing of document(s) to be

24         transmitted electronically in Portable Document Format (PDF), and I
caused such document(s) on this date to be transmitted via electronic

25         mail, by agreement among the parties pursuant to F.R.C.P. 5(b)(2)(F),
to the email addresses of counsel for the parties as listed below.

26

27     ☒   **(FEDERAL)** I declare that I am employed in the office of a member
of the bar of this Court at whose direction the service was made.

28

                       -1-                  DECLARATION OF SERVICE
                                        Case No. Case No.2:07-cv-00931-DDP (FMOx)

1        I declare under penalty of perjury under the laws of the State of California

2    that the foregoing is true and correct.  Executed this 29th day of April, 2009 at San

3    Diego, California.

4

5    _____

6    Brandy M. Roberts

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

DECLARATION OF SERVICE
Case No. Case No.2:07-cv-00931-DDP (FMOx)

1

## SERVICE LIST

2

3

| **COUNSEL FOR PLAINTIFF AVI GOLD** | |
|---|---|
| Lionel Z. Glancy, Esq.<br>Peter A. Binkow, Esq.<br>Michael M. Goldberg, Esq.<br>GLANCY BINKOW<br>    & GOLDBERG LLP<br>1801 Avenue of the Stars, Suite 311<br>Los Angeles, CA 90067<br>Tel:  (310) 201-9150<br>Fax: (310) 201-9160<br>info@glancylaw.com<br>pbinkow@glancylaw.com<br><br>Roy L. Jacobs, Esq.<br>ROY JACOBS & ASSOCIATES<br>60 East 42nd Street, 46th Floor<br>New York, NY 10165<br>Tel:  (212) 685-0969<br>Fax: (212) 685-2036<br>rljacobs@pipeline.com | Laurence D. Paskowitz, Esq.<br>PASKOWITZ & ASSOCIATES<br>60 East 42nd Street, 46th Floor<br>New York, NY 10016<br>Tel:  (212) 685-0969<br>Fax: (212) 685-2306<br><br>Nancy Kaboolian, Esq.<br>ABBEY SPANIER RODD<br>    & ABRAMS, LLP<br>212 East 39th Street<br>New York, NY 10016<br>Tel:  ( 212) 889-3700<br>Fax: (212) 684-5191<br>nkaboolian@abbeyspanier.com |
| **COUNSEL FOR PLAINTIFF CARL LARSON** | |
| Marvin L. Frank, Esq.<br>MURRAY, FRANK & SAILER LLP<br>275 Madison Avenue<br>New York, NY 10016<br>Tel: (212) 682-1818<br>Fax: (212) 682-1892<br>mfrank@murrayfrank.com | |

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

| **COUNSEL FOR PLAINTIFF CHARLES HOOTEN** | |
|---|---|
| Jeffery C. Zwerling, Esq.<br>Richard A. Speirs, Esq.<br>Stephen Brodsky, Esq.<br>ZWERLING, SCHACHTER<br>    & ZWERLING, LLP<br>41 Madison Avenue, 32nd Floor<br>New York, NY 10010<br>Tel: (212) 223-3900<br>Fax: (212) 371-5969<br>jzwerling@zsz.com<br>rspeirs@zsz.com<br>sbrodsky@zsz.com | Kevin M. McGee, Esq.<br>ZWERLING, SCHACHTER<br>    & ZWERLING, LLP<br>595 South Federal Highway, Suite 600<br>Boca Raton, FL 33432<br>Tel: (561) 544-2500<br>Fax: (561) 544-2501<br>kmcgee@zsz.com |

| **COUNSEL FOR DEFENDANTS PATTI M. DODGE AND BRAD A. MORRICE** |
|---|
| John W. Spiegel, Esq.<br>Kathleen M. McDowell, Esq.<br>Kevin S. Allred, Esq.<br>Luis Li, Esq.<br>Daniel A. Lyons, Esq.<br>MUNGER TOLLES & OLSON, LLP<br>355 South Grand Avenue, Suite 3500<br>Los Angeles, CA 90071-1560<br>Tel: (213) 683-9100<br>Fax: (213) 687-3702<br>spiegeljw@mto.com<br>kevin.allred@mto.com<br>luis.li@mto.com<br>daniel.lyons@mto.com<br>kathleen.mcdowell@mto.com |

1

2

**COUNSEL FOR ESTATE OF DEFENDANT EDWARD F. GOTSCHALL**

3

4

5

6

7

8

9

Harriet S. Posner, Esq.
Jarrett Green, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 S. Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
Tel:  (213) 687-5000
Fax: (213) 687-5600
hposner@skadden.com
Jarrett.green@skadden.com

10

**COUNSEL FOR DEFENDANT ROBERT K. COLE**

11

12

13

14

15

16

17

18

Manny A. Abascal, Esq.
Peter W. Baldwin, Esq.
Ethan J. Brown, Esq.
LATHAM & WATKINS LLP
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071-1560
Tel: (213) 485-1234
Fax: (213) 891-8763
manny.abascal@lw.com
pete.baldwin@lw.com
ethan.brown@lw.com

19

20

21

22

23

24

25

26

27

28

DECLARATION OF SERVICE
Case No. Case No.2:07-cv-00931-DDP (FMOx)

**COUNSEL FOR DEFENDANTS MARILYN A. ALEXANDER, HAROLD A. BLACK, DAVID EINHORN, FREDRIC J. FORSTER, DONALD E. LANGE, MICHAEL M. SACHS, TERRENCE P. SANDVIK, AND RICHARD A. ZONA**

Matthew E. Lilly, Esq.
Meryl L. Young, Esq.
Stacy J. Marsh, Esq.
Wayne W. Smith, Esq.
GIBSON DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612
Tel: (949) 451-4038
Fax: (949) 451-4220
mlilly@gibsondunn.com
myoung@gibsondunn.com
smarsh@gibsondunn.com
wsmith@gibsondunn.com

**COUNSEL FOR DEFENDANT WILLIAM J. POPEJOY**

Ronald Rus, Esq.
Joel S. Miliband, Esq.
Jame P. Mascaro, Esq.
Leo J. Presiado, Esq.
Laurel R. Zaeske, Esq.
RUS MILIBAND & SMITH
2211 Michelson Drive, Seventh Floor
Irvine, CA 92612-1043
Tel: (949) 752-7100
Fax: (949) 252-1514
rrus@rusmiliband.com
jmiliband@rusmiliband.com
jmascaro@rusmiliband.com
lpresiado@rusmiliband.com
lzaeske@rusmiliband.com

1

2

3

4

| **COUNSEL FOR DEFENDANTS BEAR, STEARNS & CO., INC., DEUTSCHE BANK SECURITIES, INC., JEFFERIES & COMPANY, INC., JMP SECURITIES LLC, MORGAN STANLEY & CO., INC., PIPER JAFFRAY & CO., ROTH CAPITAL PARTNERS, LLC., AND STIFEL, NICOLAUS & COMPANY, INC.** | |

5

6

7

8

9

10

11

12

13

William F. Sullivan, Esq.
John S. Durrant, Esq.
Eleanor K. Mercado, Esq.
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Tel: (213) 683-6000
Fax: (213) 627-0705
williamsullivan@paulhastings.com
johndurrant@paulhastings.com
eleanormercado@paulhastings.com

14

| **COUNSEL FOR DEFENDANT KPMG LLP** | |

15

16

17

18

19

20

21

22

23

24

25

| Michael C. Kelley, Esq.<br>Bradley H. Ellis, Esq.<br>Jose F. Sanchez, Esq.<br>Jodi Lopez, Esq.<br>SIDLEY AUSTIN LLP<br>555 West Fifth Street<br>Los Angeles, CA 90013<br>Tel:  (213) 896-6000<br>Fax: (213) 896-6600<br>mkelley@sidley.com<br>jose.sanchez@sidley.com<br>bellis@sidley.com<br>jlopez@sidley.com | Robert B. Martin III, Esq.<br>SIDLEY AUSTIN LLP<br>555 California Street, Suite 2000<br>San Francisco, CA 94104<br>Tel: (415) 772-1200<br>Fax: (415) 772-7400<br>rbmartin@sidley.com |

26

27

28

DECLARATION OF SERVICE
Case No. Case No.2:07-cv-00931-DDP (FMOx)