# Exhibit C



| | |
|---|---|
| SIDLEY AUSTIN LLP | BEIJING    LOS ANGELES |
| 555 WEST FIFTH STREET | BRUSSELS    NEW YORK |
| LOS ANGELES, CA  90013 | CHICAGO    SAN FRANCISCO |
| (213) 896 6000 | DALLAS    SHANGHAI |
| (213) 896 6600 FAX | FRANKFURT    SINGAPORE |
| | GENEVA    SYDNEY |
| | HONG KONG    TOKYO |
| | LONDON    WASHINGTON, D.C. |

jlopez@sidley.com
(213) 896-6099

FOUNDED 1866

May 26, 2009

**VIA E-MAIL**

Elizabeth Lin, Esq.
Bernstein Litowitz Berger & Grossmann LLP
12481 High Bluff Drive, Suite 300
San Diego, CA 92130

      Re:    *In re New Century*, Civil Case No.: 07-00931-DDP (FMOx)

Dear Elizabeth:

      Pursuant to Central District of California Local Rule 37-1, we write to initiate the meet and confer process with respect to Plaintiffs' Responses and Objections to KPMG LLP's First Set of Requests for Production of Documents (the "Responses"). As set forth below, we intend to meet and confer regarding the following categories, among others, relating to Plaintiffs' Responses: (1) Plaintiffs' limitation of their production of documents to the Class Period (May 5, 2005 to March 13, 2007); (2) Plaintiffs' Responses to requests concerning the "Leeway Clause" (Request Nos. 22-26); (3) Plaintiffs' Responses to requests concerning contentions alleged in Plaintiffs' Second Amended and Consolidated Complaint ("Complaint") (Request Nos. 51-57); (4) Plaintiffs' Responses to requests pertaining to Plaintiffs' adequacy to serve as the Lead Plaintiff in this action (Request Nos. 60-65); (5) Plaintiffs' Responses to requests relating to Plaintiffs' alleged damages (Request Nos. 8, 16 and 40); and (6) Plaintiffs' Responses to Request Nos. 1, 11, and 38. In addition, there are a number of other responses that require clarification.

Timeframe of Plaintiffs' Production of Documents

      For the majority of the requests, KPMG has specified  two different timeframes: (1) January 1, 2005 to April 27, 2007 (for example, Request Nos. 1-5, 9-10, 15-16, 18, 33-34); and (2) January 1, 2005 to the present (including Request Nos. 6-8, 11, 17, 19, 24-32, 35-40, 42-50, 67-69). However, as to each response, Plaintiffs limit the scope of production  to the Class Period, which is May 5, 2005 to March 13, 2007. Limiting Plaintiffs' production of documents to the Class Period is insufficient, as discussed below.

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships

LA1 1579846v.3


SIDLEY AUSTIN LLP

Elizabeth Lin, Esq.
May 26, 2009
Page 2

    A.      Time Period From January 1, 2005 to May 5, 2005

        With respect to KPMG's requests relating to the time period from January 1, 2005 to May 5, 2005, given that Plaintiffs' claims relate to investments Plaintiffs allegedly made during the Class Period – May 5, 2005 to March 13, 2007 – it is appropriate to begin the date for production of documents with January 1, 2005, which is a mere four months before Plaintiffs began making the investments at issue in the suit. These documents are discoverable because they are relevant to and could shed light on Plaintiffs' investment decisions during the Class Period. For example, Request Nos. 1-5 seek documents and communications relating to Plaintiffs' investments in "NEW SECURITY," Plaintiffs' decision to invest in "NEW SECURITY," and any research or due diligence Plaintiffs performed (or that was performed on behalf of Plaintiffs) "concerning NEW in connection with YOUR investment in NEW SECURITY." Likewise, Request Nos. 9-10 seek documents regarding any earnings or analyst calls concerning NEW. Documents for a reasonable period of time leading up to Plaintiffs' Class Period investments are relevant to an understanding of Plaintiffs' Class Period investments and investment decisions. As such, these documents are discoverable.

        In another example of the relevancy of pre-Class Period documents, Request Nos. 20-21 seek documents relating to, among other things, Plaintiffs' investment philosophies, practices, and objectives. Such documents are relevant for the time period going back to January 1, 2005 because documents prior to the Class Period that relate to Plaintiffs' investment philosophies, practices, and objectives could shed light on Plaintiffs' Class Period investment decisions relating to "NEW SECURITY." The same is true with respect to KPMG's requests for documents from January 1, 2005 to the beginning of the Class Period relating to documents concerning NYSTRS' Investment Advisory Committee (*see* Request Nos. 27-28), NYSTRS' Real Estate Advisory Committee (*see* Request Nos. 29-30), and NYSTRS' REIT Real Estate Advisors (*see* Request Nos. 31-32). Responsive documents going back to January 1, 2005 are relevant to Plaintiffs' decision(s) to invest in "NEW SECURITY" during the Class Period. Thus, documents responsive to these requests for the time period dating back to January 1, 2005 are relevant and discoverable.

    B.      Time Period Following the Close of Class Period on March 13, 2007

        Regarding KPMG's requests for documents for the timeframe following the conclusion of the Class Period on March 13, 2007, KPMG specifically tailored its requests to two different time periods – April 27, 2007 or the present – depending on the relevancy of the requested documents.



Elizabeth Lin, Esq.
May 26, 2009
Page 3

        a.      Time Period Through April 27, 2007

In certain instances, KPMG requested documents through April 27, 2007, which is approximately six weeks after the close of the Class Period and the date on which KPMG resigned as New Century's auditor. *See* Request Nos. 1-5, 9-10, 15-16, 18, 33-34. KPMG's requests for documents through this date are reasonable because it is appropriate to allow for a period of time following the close of the Class Period before the cut-off relating to the production of documents given that relevant documents relating to the Class Period are likely to exist for a period of time after the close of the Class Period. Indeed, in the Joint Stipulation relating to Plaintiffs' motion to compel KPMG to produce documents, in asserting that KPMG's agreement to produce documents through its April 27, 2007 resignation was insufficient, Plaintiffs emphasized the shortness of the time period between the conclusion of the Class Period and the April 27, 2007 date of KPMG's resignation. *See* Joint Stipulation at 37:11-13.

Significantly, Plaintiffs' post-Class Period documents through April 27, 2007 may shed light on Plaintiffs' Class Period investments and investment decisions relating to "NEW" as well as on what information Plaintiffs relied and/or considered in connection with such investment decisions. For example, Request Nos. 9-10 request documents through April 27, 2007 that refer or relate to any earnings call or analyst calls concerning "NEW." In addition, Request Nos. 33-34 seek communications with "NEW" and documents from "NEW" through April 27, 2007. Given that these requests seek documents that are relevant and that the time period of the requested production allows for a reasonable period of time beyond the close of the Class Period, Plaintiffs should produce documents responsive to these requests through April 27, 2007.

        b.      Time Period Through the Present

As it relates to other KPMG requests for documents, KPMG seeks documents up to the present. *See* Request Nos. 6-8, 11, 17, 19, 24-32, 35-40, 42-50, 67-69. With respect to these requests, this timeframe is appropriate because the documents KPMG seeks are relevant to, among other things, Plaintiffs' alleged damages, whether Plaintiffs will be able to prove loss causation, Plaintiffs' dealings with other current or former New Century shareholders and putative class members, and the confidential witnesses on which Plaintiffs rely. Such documents are relevant without regard for the time period of such documents. Moreover, given the nature of these requested documents, relevant documents are very likely to exist for the time period following the close of the Class Period through the present.

Several of KPMG's requests seek documents to the present regarding Plaintiffs' alleged damages. For example, Request Nos. 6-7 seek documents to the present "that refer or relate to any analysis, evaluation, summary, and/or report regarding the value of NEW


SIDLEY

Elizabeth Lin, Esq.
May 26, 2009
Page 4

SECURITY" or "NEW's financial performance." Request No. 8 requests documents "sufficient to show [Plaintiffs'] gains or losses in connection with [Plaintiffs'] investment in NEW SECURITY." And Request No. 17 seeks documents "sufficient to show any income [Plaintiffs] received from or were paid in connection with any NEW SECURITY." KPMG is entitled to discover documents relating to Plaintiffs' alleged damages for the time period to the present because regardless of when created, such documents are relevant to Plaintiffs' claims. Moreover, such documents are relevant to KPMG's defenses, including the defense that Plaintiffs' alleged damages are not attributable to KPMG and KPMG did not cause the alleged damages. Plaintiffs' attempt arbitrarily to cut-off the time period of Plaintiffs' production by agreeing only to produce documents through the end of the Class Period on March 13, 2007 is improper and is likely to shield relevant documents from discovery.

KPMG also seeks documents to the present that are relevant to whether Plaintiffs will be able to prove loss causation, another element of Plaintiffs' claims against KPMG. *See, e.g.,* Request Nos. 42-46. Here, Plaintiffs allege that, "KPMG's material misstatements in its publicly-issued 2005 audit opinions and KPMG's extensive role in the accounting misstatements and internal control weaknesses that were disclosed, beginning on February 7, 2007 through the end of the Class Period, further demonstrate both the artificial inflation KPMG's conduct caused in the price of New Century securities and that KPMG's conduct proximately caused foreseeable losses and damages to Plaintiffs and members of the class." *See* SACC at ¶ 538. (Emphasis added.) Specifically, Plaintiffs allege that New Century's March 2, 2007 Form 12b-25 disclosed "issues pertaining to the Company's valuation of Residual Interests in 2006 'and prior periods.'" *See id.* at ¶ 540. (Emphasis in original.)

In light of Plaintiffs' allegations, documents for the time period following New Century's March 2, 2007 disclosure (and extending beyond the close of the Class Period on March 13, 2007) are relevant to, among other things, whether Plaintiffs will be able to prove loss causation. KPMG's document requests seek discoverable information regarding these matters, including any support Plaintiffs may have for these allegations. For example, Request Nos. 43-44 seek documents relating to New Century's 2005 financial statements. Request No. 45 requests documents relating to New Century's "ANNOUNCED RESTATEMENT," and Request No. 46 seeks documents relating to KPMG's audit of New Century's 2005 financial statements and/or its internal control over financial reporting. Each of these requests seeks documents that shed light on Plaintiffs' allegation that the March 2, 2007 disclosure related to "issues pertaining to the Company's valuation of Residual Interests in 2006 'and prior periods.'" *Id.* (Emphasis in original.) Once again, any document related to these issues is discoverable regardless of when created. Similarly, regardless of when created, KPMG is also entitled to discover any information and documents that address whether Plaintiffs understood, believed, and/or interpreted the March 2, 2007 as relating to New Century's 2005 financial statements and/or KPMG's 2005 audit opinions relating to New Century's financial statements and internal control

**SIDLEY**
SIDLEY AUSTIN LLP

Elizabeth Lin, Esq.
May 26, 2009
Page 5

over financial reporting. Such documents are likely to exist well beyond the close of the Class Period on March 13, 2007. Thus, responsive documents for the time period to the present are relevant and discoverable.

KPMG is also entitled to the discovery of documents to the present that relate to Plaintiffs' dealings with other current or former New Century shareholders. *See* Request Nos. 35-37. For example, Request Nos. 35-36 seek communications with and documents from "any current and/or former NEW shareholder concerning NEW." Request No. 37 seeks communications between or among Plaintiffs "and any other Plaintiff and/or putative class member in this ACTION that refer or relate to NEW or to this ACTION." Plaintiffs' attempt to end the production of documents on March 13, 2007 is insufficient because documents following the close of the Class Period are relevant to Plaintiffs' claims. Specifically, KPMG is entitled to discover what communications Plaintiffs have had with other current or former New Century shareholders regarding New Century, and what documents Plaintiffs have received from current or former New Century shareholders regarding New Century. Such documents are relevant – without a limitation on timeframe – both to Plaintiffs' claims against KPMG, and KPMG's defenses to such claims.

KPMG is entitled to discover documents relating to the confidential witnesses on which Plaintiffs rely in alleging claims against KPMG. Specifically, Request Nos. 67-68 seek documents from any confidential witness identified in the Complaint, as well as documents that refer or relate to any confidential witness identified in the Complaint. Request No. 69 requests communications between Plaintiffs and any confidential witness identified in the Complaint. Plaintiffs' refusal to produce responsive documents for the time period after March 13, 2007 improperly limits discovery. Indeed, documents related to Plaintiffs' dealings with the confidential witnesses, and documents Plaintiffs received from the confidential witnesses, are relevant regardless of timeframe. Here, where Plaintiffs rely on confidential witnesses in alleging claims against KPMG, the documents responsive to KPMG's requests are relevant and Plaintiffs cannot arbitrarily limit their production of documents to the Class Period.

        C.     Requests for Specific Documents and/or Categories of Documents

There are certain requests that do not include a timeframe relating to the production of documents. These requests include Request Nos. 20-21, 41, 58-59, and 62-66. The date of the requested documents is not a factor that bears on their relevance. However, Plaintiffs arbitrarily limit the scope of their production to the Class Period. As an example, Request No. 59 seeks all of the documents that are referred to in the Complaint. Yet Plaintiffs' response limits the scope of their production to responsive documents "in their possession, custody or control from May 5, 2005 to March 13, 2007." KPMG is entitled to discovery of all documents referred to in the Complaint because such reference in the Complaint brings these

**SIDLEY**
SIDLEY AUSTIN LLP

Elizabeth Lin, Esq.
May 26, 2009
Page 6

documents directly within the scope of Plaintiffs' claims and thus renders them relevant. As a result, Plaintiffs may not arbitrarily limit the scope of their production to responsive documents from the Class Period.

Requests Concerning the "Leeway Clause" (Request Nos. 22-26)

Request Nos. 22-26 seek documents that refer or relate to (1) Plaintiffs' investment strategy and/or policy relating to investments made pursuant to the "Leeway Clause" of NYSTRS' annual financial reports for the fiscal years ended June 30, 2006 and June 30, 2007 (collectively, the "Reports"), (2) investments made pursuant to the "Leeway Clause" in the Reports, (3) investments in "NEW SECURITY" that were made pursuant to the "Leeway Clause" in the Reports, and (4) mortgage investments acquired under the Leeway Clause in the Reports. Each of Plaintiffs' responses to these requests indicates that, "Lead Plaintiff NYSTRS did not make any investments in NEW SECURITY pursuant to the 'Leeway Clause' referred to in the Request."

Plaintiffs' responses to Request Nos. 22-26 are insufficient because, with the exception of Request Nos. 24-25, the requests were not limited to "NEW SECURITY." Rather, these requests seek relevant documents relating to, among other things, the factors that played a role in NYSTRS' decisions to make investments pursuant to the "Leeway Clause." Significantly, the "Leeway Clause" provided a means by which NYSTRS could invest in mortgage-related securities. Therefore, these documents will likely shed light on NYSTRS' investment strategy and approach as it relates to a mortgage company like New Century.

Moreover, with respect to Plaintiffs' responses to Request Nos. 24-25, which limit the requested documents to documents that relate to "NEW SECURITY," the mere fact that NYSTRS did not make any investment in "NEW SECURITY" pursuant to the "Leeway Clause" does not mean that there are no responsive documents. For example, NYSTRS could have considered but ultimately decided against making an investment in "NEW SECURITY" pursuant to the "Leeway Clause." Such documents are relevant to NYSTRS' investment decisions relating to "NEW SECURITY" and thus KPMG is entitled to discover such documents.

Requests Regarding Certain of Plaintiffs' Contentions (Request Nos. 51-57)

Request Nos. 51-57 seek documents that refer or relate to certain contentions in paragraphs 538-540, 49, 50, 51, and 53 of the Complaint. Plaintiffs merely objected to these requests and did not indicate that they would produce any responsive documents. Plaintiffs' responses to Request Nos. 51-57 are insufficient.



Elizabeth Lin, Esq.
May 26, 2009
Page 7

Request Nos. 51-53 seek documents that are undoubtedly relevant because they relate to Plaintiffs' allegations that KPMG made material misstatements in its 2005 audit opinion, that New Century's February 7, 2007 Form 8-K concerned "accounting and internal control issues with which KPMG was extensively involved in its 2005 audits and areas in which KPMG specifically violated GAAS and the standards of the PCAOB in connection with its 2005 audits," and that refer or relate to the alleged continued decline in "the price of New Century securities…on March 2, 2007, when additional disclosures were made, including, specifically, issues pertaining to the Company's valuation of Residual Interests in 2006 'and prior periods.'" These contentions are at the core of Plaintiffs' claims against KPMG, and Plaintiffs' refusal to produce documents responsive to Request Nos. 51-53 is unsupportable.

Moreover, Request Nos. 54-57 seek documents that are relevant to, among other things, class certification issues as to which Plaintiffs have the burden of proof. And Plaintiffs allege that the criteria necessary for a class to be certified are satisfied. As a result, KPMG is entitled to discovery of the documents that support Plaintiffs' allegations regarding these class-related matters.

Finally, Plaintiffs assert that each of these requests (Request Nos. 51-57) is "premature at this stage of the litigation to the extent that it calls for the disclosure of documents concerning Plaintiffs' factual and legal contentions in this action." This assertion is without support. The fact that the requests use the term "contention" is of no moment. Plaintiffs should produce to KPMG the responsive documents that they have in their possession, custody, or control that refer or relate to the allegations identified in the requests. Plaintiffs may supplement their responses and production at a future date. In fact, Plaintiffs' Responses state that Plaintiffs "submit these Responses and Objections subject to, without intending to waive, and expressly preserving…the right at any time to revise, correct, supplement, or clarify any of the responses herein." Thus, there is no basis for Plaintiffs to avoid producing at this stage responsive documents that refer or relate to Plaintiffs' allegations merely because Plaintiffs may supplement their responses at a future date.

Requests Regarding Plaintiffs' Adequacy to Serve as Lead Plaintiff (Request Nos. 60-65)

Request Nos. 60-65 seek information relating to Plaintiffs adequacy to serve as Lead Plaintiff in this case, including documents related to Plaintiffs' prior litigation experience and their relationship with their counsel. These documents are relevant for purposes of class certification. Plaintiffs only objected and did not agree to produce any responsive documents.



Elizabeth Lin, Esq.
May 26, 2009
Page 8


## Requests Regarding Plaintiffs' Alleged Damages (Request Nos. 8, 16, 40)

With respect to Request No. 8, which seeks documents "sufficient to show YOUR gains or losses in connection with YOUR investment in NEW SECURITY," Plaintiffs' response indicates that Plaintiffs will produce responsive documents "sufficient to show Plaintiffs' losses in connection with Plaintiffs' investment in NEW SECURITY." (Emphasis added.) However, the request also seeks documents relating to Plaintiffs' gains. Of course, such documents are relevant to Plaintiffs' alleged damages.

As to Request No. 16, KPMG seeks all documents, including but not limited to, communications, "that refer or relate to any dividend YOU received from NEW, including but not limited to, DOCUMENTS sufficient to show the dollar amount of any dividend and/or dividends YOU received from NEW." Plaintiffs' response limits the scope of production to documents "sufficient to evidence all dividends received by Plaintiffs from New Century…" Plaintiffs' agreement to produce documents is insufficiently narrow, as KPMG's request seeks all responsive documents relating to dividends Plaintiffs received, not just those documents that "evidence" the dividends Plaintiffs received. The requested documents are relevant to Plaintiffs' alleged damages, including because they will show, among other things, that Plaintiffs benefited from the purported misstatements Plaintiffs allege in the Complaint.

Regarding Request No. 40, which seeks documents from January 1, 2005 to the present "that refer or relate to YOUR alleged damages and/or losses claimed in this ACTION," Plaintiffs attempt to limit the scope of their production to documents from May 5, 2005 to March 13, 2007 "concerning their transactions in NEW sufficient for KPMG to ascertain Plaintiffs' damages and/or losses." Plaintiffs' response is inadequate because KPMG is entitled to discovery of all documents from January 1, 2005 to the present regarding Plaintiffs' alleged damages and/or losses alleged in the Complaint. Plaintiffs may not limit their response to documents merely that concern Plaintiffs "transactions in NEW sufficient for KPMG to ascertain Plaintiffs' damages and/or losses." Documents leading up to the Class Period are relevant to understanding Plaintiffs' Class Period investment decisions. And documents following the close of the Class Period on March 13, 2007 are relevant to understanding Plaintiffs' alleged damages and losses, including any analysis, calculation, and assessment Plaintiffs may have prepared regarding their alleged damages and losses.

## Other Requests (Request Nos. 1, 11, and 38)

Request No. 1 seeks "All DOCUMENTS, including but not limited to, all records, confirmations, orders, account statements, and instructions to or from brokers, agents, advisors or managers, from January 1, 2005 to April 27, 2007 that refer or relate to YOUR investment in NEW SECURITY." In response to Request No. 1, Plaintiffs state that, "Plaintiffs will produce

# SIDLEY
SIDLEY AUSTIN LLP

Elizabeth Lin, Esq.
May 26, 2009
Page 9

non-privileged documents in their possession, custody or control that are sufficient to evidence Plaintiffs' May 5, 2005 to March 13, 2007 transactions in NEW SECURITY." Plaintiffs' response is insufficient because Request No. 1 does not merely seek documents "sufficient to evidence" the transactions, but rather seeks all documents relating to Plaintiffs' investments in "NEW SECURITY." Given that these documents are relevant both to Plaintiffs' investments in New Century and Plaintiffs' alleged damages, they relate to the core of Plaintiffs' claims.

Regarding Request No. 11, KPMG seeks the minutes of NYSTRS' Board of Trustees meetings from January 1, 2005 to the present, including documents "that were provided to NYSTRS' Board of Trustees in connection with such meetings and/or memorialize all or part of a Board of Trustees meeting." Plaintiffs' response to Request No. 11 indicates that Plaintiffs will produce responsive documents for the time period May 5, 2005 to March 13, 2007 "that concern Plaintiffs' investment in New Century securities." Plaintiffs' response is inadequate. Even if the minutes and other documents do not directly relate to Plaintiffs' investment in New Century, such documents are relevant to NYSTRS' general investment procedures, policies, and philosophies, which, in turn, may have impacted NYSTRS' decisions relating to its investments in "NEW." As a result, KPMG is entitled to discover these documents. Moreover, KPMG is entitled to discovery of such documents for the time period January 1, 2005 to the present. What NYSTRS' Board was saying and doing in the months leading up to NYSTRS' Class Period investments is relevant. For example, such documents may shed light on NYSTRS' decision to invest in New Century. Likewise, KPMG is entitled to understand what NYSTRS' Board said and did in the time period following the close of the Class Period on March 13, 2007. Such documents may show, among other things, NYSTRS' understanding of the overall market conditions as well as to what NYSTRS attributed its losses in certain investments, which may shed light on NYSTRS' understanding of the losses it allegedly suffered in connection with its investment in New Century. Therefore, KPMG is entitled to discover documents responsive to Request No. 11 for the time period January 1, 2005 to the present.

Finally, with respect to Request No. 38, KPMG's request seeks documents "created by or received from, either directly or indirectly, any other Plaintiff and/or putative class member in this ACTION." Plaintiffs object to this request without agreeing to produce any responsive documents. Any responsive documents and communications that Plaintiffs have in their possession, custody or control that were created by or received from another plaintiff and/or putative class member (either directly or indirectly), including any documents relating to New Century and/or this lawsuit, are relevant both to Plaintiffs' claims against KPMG as well as KPMG's defenses to such claims.



Elizabeth Lin, Esq.
May 26, 2009
Page 10


<u>The Meaning of Plaintiffs' Responses to Certain Requests</u>

      There are certain requests as to which we seek clarification regarding the meaning of Plaintiffs' responses, as discussed below.

      First, there are a number of requests in which Plaintiffs' agreement to produce documents includes the following language: "Subject to and without waiving the foregoing general and specific objections, Plaintiffs will produce *relevant* non-privileged communications, if any, in their possession custody or control concerning…" (Emphasis added.) Please explain the meaning of this response, including whether Plaintiffs will produce all documents responsive to the requests. In addition, please explain whether Plaintiffs' use of the term "relevant" means that responsive documents are being withheld from Plaintiffs' production.

      Second, there are certain requests in which Plaintiffs' responses state that Plaintiffs will produce documents "in their possession, custody or control from May 5, 2005 to March 13, 2007." For example, this phrasing is used in Plaintiffs' responses to Request Nos. 3, 4, 20, 21, 27-37, 39, 41-50, 58-59, and 67-69. Other requests are not phrased in this manner and instead state that Plaintiffs will produce documents "from May 5, 2005 to March 13, 2007 in their possession, custody or control responsive to this Request." Please let us know whether the language in Plaintiffs' responses to Request Nos. 3, 4, 20, 21, 27-37, 39, 41-50, 58-59, and 67-69 is intended to suggest that Plaintiffs intend only to produce documents that were in Plaintiffs' possession, custody or control during the Class Period. In light of Plaintiffs' allegations and the elements of Plaintiffs' claims, including loss causation, any response that attempts to limit the production of documents to those documents Plaintiffs had in their possession, custody or control during the Class Period is both improper and inadequate. Moreover, as Plaintiffs know, whether Plaintiffs had responsive documents in their possession, custody, or control during the Class Period is irrelevant to whether Plaintiffs have such documents in their possession, custody or control at this time and thus must produce such responsive documents.


      We would like to discuss these matters with you before the end of the week. Please let us know when you are available for a telephone conference on Thursday or Friday, May 28th or May 29th, 2009.

                      Sincerely,

                      Jodi E. Lopez