# Exhibit D

# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

### ATTORNEYS AT LAW

### NEW YORK • CALIFORNIA • NEW JERSEY • LOUISIANA

ELIZABETH P. LIN
elizabethl@blbglaw.com
(858) 720-3184

June 11, 2009

**VIA U.S. MAIL AND E-MAIL**

Jodi Lopez
Sidley Austin LLP
555 West Fifth Street
Los Angeles, CA  90013

Re:  *In re New Century*, Case No. 07-00931-DDP (FMOx)

Dear Jodi:

In connection with your letter of May 26, 2009 and our meet and confer on June 5, 2009 regarding KPMG's LLP's First Set of Requests for Production of Documents ("Requests"), the following further sets forth NYSTRS' position with respect to each of the sixty-nine separate Requests by KPMG.  By providing the additional further responses below, however, NYSTRS does not waive but expressly incorporates by reference the objections set forth in their April 29, 2009 Responses and Objections to the Requests.

As you will see below, NYSTRS is agreeing in good faith to produce numerous additional non-privileged documents that are relevant to New Century and this litigation, and has largely agreed to the enlarged time periods requested by KPMG.  Accordingly, we believe the following should suffice to resolve all issues regarding NYSTRS' production of documents.

**REQUEST FOR PRODUCTION NO. 1:**
All DOCUMENTS, including but not limited to, all records, confirmations, orders, account statements, and instructions to or from brokers, agents, advisors or managers, from January 1, 2005 to April 27, 2007 that refer or relate to YOUR investment in NEW SECURITY.
**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**
NYSTRS will produce non-privileged documents in its possession, custody or control that are sufficient to evidence its transactions in New Security during the period January 1, 2005 to April 27, 2007.  NYSTRS is presently not aware of any documents concerning instructions to or from brokers, agents, advisors or managers that specifically refer or relate to its investment in

12481 HIGH BLUFF DRIVE  •  SUITE 300  •  SAN DIEGO  •  CA 92130-3582
TELEPHONE: 858-793-0070 • www.blbglaw.com • FACSIMILE: 858-793-0323

D - 101

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Jodi Lopez
June 11, 2009
Page 2

New Security, but will produce them if any are found to exist from January 1, 2005 to April 27, 2007.

**REQUEST FOR PRODUCTION NO. 2:**
     All COMMUNICATIONS from January 1, 2005 to April 27, 2007 that refer or relate to YOUR investment in NEW SECURITY.
**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**
     NYSTRS will produce all non-privileged communications from January 1, 2005 to April 27, 2007 that specifically refer or relate to its investment in New Security.

**REQUEST FOR PRODUCTION NO. 3:**
     All DOCUMENTS from January 1, 2005 to April 27, 2007 that refer or relate to YOUR decision to invest in NEW SECURITY, including but not limited to, DOCUMENTS YOU reviewed, received, and/or upon which YOU relied.
**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**
     NYSTRS is presently not aware of any documents from January 1, 2005 to April 27, 2007 that it reviewed, received and/or upon which it relied relating to its specific decision to invest in New Security, but will produce them if they are found to exist.

**REQUEST FOR PRODUCTION NO. 4:**
     All DOCUMENTS from January 1, 2005 to April 27, 2007 that refer or relate to any news article or press release YOU reviewed in connection with YOUR decision to invest in NEW SECURITY.
**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**
     NYSTRS is presently not aware of any documents from January 1, 2005 to April 27, 2007 that refer or relate to any news article or press release it reviewed in connection with its decision to invest in New Security, but will produce them if they are found to exist.

**REQUEST FOR PRODUCTION NO. 5:**
     All DOCUMENTS from January 1, 2005 to April 27, 2007 that refer or relate to any research or due diligence performed by, or on behalf of, YOU concerning NEW in connection with YOUR investment in NEW SECURITY.
**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**
     NYSTRS is presently not aware of any documents from January 1, 2005 to April 27, 2007 that refer or relate to any research or due diligence it performed concerning New in connection with its investment in New Security, but will produce them if they are found to exist.

**REQUEST FOR PRODUCTION NO. 6:**
     All DOCUMENTS from January 1, 2005 to the present that refer or relate to any analysis, evaluation, summary, and/or report regarding the value of NEW SECURITY.

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Jodi Lopez
June 11, 2009
Page 3

_____

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**
     NYSTRS will produce non-privileged documents from January 1, 2005 to the present that refer or relate to any analysis, evaluation, summary and/or report regarding the value of New Security.

**REQUEST FOR PRODUCTION NO. 7:**
     All DOCUMENTS from January 1, 2005 to the present that refer or relate to any analysis, evaluation, summary, or report regarding NEW's financial performance.
**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**
     NYSTRS will produce non-privileged documents from January 1, 2005 to the present that refer or relate to any analysis, evaluation, summary or report regarding New's financial performance.

**REQUEST FOR PRODUCTION NO. 8:**
     All DOCUMENTS from January 1, 2005 to the present sufficient to show YOUR gains or losses in connection with YOUR investment in NEW SECURITY.
**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**
     NYSTRS will produce non-privileged documents from January 1, 2005 to the present sufficient to show its gains or losses in connection with its investment in New Security.

**REQUEST FOR PRODUCTION NO. 9:**
     All DOCUMENTS from January 1, 2005 to April 27, 2007 that refer or relate to any earnings call concerning NEW.
**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**
     NYSTRS is presently not aware of any documents in its files from January 1, 2005 to April 27, 2007 that refer or relate to any earnings call concerning New, but will produce them if they are found to exist. As discussed, to the extent that NYSTRS' counsel has documents from January 1, 2005 to April 27, 2007 that refer or relate to any earnings call concerning New in connection with its investigation, they will not be produced, as they are publicly available and are equally accessible to KPMG.

**REQUEST FOR PRODUCTION NO. 10:**
     All DOCUMENTS from January 1, 2005 to April 27, 2007 that refer or relate to any analyst call concerning NEW.
**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**
     NYSTRS is presently not aware of any documents in its files from January 1, 2005 to April 27, 2007 that refer or relate to any analyst call concerning New, but will produce them if they are found to exist. As discussed, to the extent that NYSTRS' counsel has documents from January 1, 2005 to April 27, 2007 that refer or relate to any analyst call concerning New in connection with its investigation, they will not be produced, as they are publicly available and are equally accessible to KPMG.

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Jodi Lopez
June 11, 2009
Page 4

---

**REQUEST FOR PRODUCTION NO. 11:**
    All minutes of NYSTRS' Board of Trustees meetings from January 1, 2005 to the present, including any and all DOCUMENTS that were provided to NYSTRS' Board of Trustees in connection with such meetings and/or memorialize all or part of a Board of Trustees meeting.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**
    NYSTRS will produce all minutes of NYSTRS' Board of Trustees meetings from January 1, 2005 to the present, including any and all documents that were provided to NYSTRS' Board of Trustees in connection with such meetings and/or memorialize all or part of a Board of Trustees meeting, to the extent the document concerns New Century or this litigation and is not privileged.

**REQUEST FOR PRODUCTION NO. 12:**
    All DOCUMENTS from January 1, 2006 to April 27, 2007 that refer or relate to David Loglisci's participation on NYSTRS' Board of Trustees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**
    As you stated during the June 5, 2009 meet and confer, KPMG is not seeking documents responsive to this Request at this time.

**REQUEST FOR PRODUCTION NO. 13:**
    All DOCUMENTS that concern or constitute COMMUNICATIONS with the Securities and Exchange Commission and/or the New York Attorney General's office referring or relating to David Loglisci.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**
    As you stated during the June 5, 2009 meet and confer, KPMG is not seeking documents responsive to this Request at this time.

**REQUEST FOR PRODUCTION NO. 14:**
    All DOCUMENTS that refer or relate to any actual or potential investigation, regulatory and/or government action relating to David Loglisci.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**
    As you stated during the June 5, 2009 meet and confer, KPMG is not seeking documents responsive to this Request at this time.

**REQUEST FOR PRODUCTION NO. 15:**
    All DOCUMENTS, including but not limited to, COMMUNICATIONS, from January 1, 2005 to April 27, 2007 that refer or relate to NEW's REIT status and/or classification as a REIT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**
    NYSTRS is presently not aware of any documents, including communications, from January 1, 2005 to April 27, 2007 that refer or relate to New's REIT status and/or classification as a REIT, but will produce them if they are found to exist.

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Jodi Lopez
June 11, 2009
Page 5

---

**REQUEST FOR PRODUCTION NO. 16:**
 All DOCUMENTS, including but not limited to, COMMUNICATIONS, from January 1, 2005 to April 27, 2007 that refer or relate to any dividend YOU received from NEW, including but not limited to, DOCUMENTS sufficient to show the dollar amount of any dividend and/or dividends YOU received from NEW.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**
 NYSTRS will produce documents from January 1, 2005 to April 27, 2007 sufficient to show the dollar amount of any dividend and/or dividends it received from New. NYSTRS is presently not aware of any communications from January 1, 2005 to April 27, 2007 that refer or relate to any dividend it received from New, but will produce them if they are found to exist.

**REQUEST FOR PRODUCTION NO. 17:**
 All DOCUMENTS from January 1, 2005 to the present sufficient to show any income YOU received from or were paid in connection with any NEW SECURITY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**
 As set forth in NYSTRS' response to Request No. 16, above, NYSTRS will produce documents from January 1, 2005 to April 27, 2007 sufficient to show the dollar amount of any dividend and/or dividends it received from New. NYSTRS is presently not aware of any other income that it received or was paid in connection with New Security from January 1, 2005 to the present, but will produce documents concerning any such additional income if they are found to exist.

**REQUEST FOR PRODUCTION NO. 18:**
 All DOCUMENTS from January 1, 2005 to April 27, 2007 setting forth or delineating the duties and responsibilities of any investment manager, investment firm, advisor, consultant, broker or brokerage retained by, or on behalf of, YOU in connection with YOUR investment in NEW SECURITY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**
 NYSTRS will produce documents from January 1, 2005 to April 27, 2007 setting forth or delineating the duties and responsibilities of any investment manager, investment firm, advisor, consultant, broker or brokerage it retained or retained on its behalf in connection with its investment in New Security.

**REQUEST FOR PRODUCTION NO. 19:**
 All DOCUMENTS from January 1, 2005 to the present created by or received from, either directly or indirectly, and/or all COMMUNICATIONS with, any investment manager, investment firm, advisor, consultant, broker or brokerage concerning NEW.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**
 As set forth in NYSTRS' response to Request No. 2, above, NYSTRS will produce non-privileged documents from January 1, 2005 to April 27, 2007, including communications, which

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Jodi Lopez
June 11, 2009
Page 6

refer or relate to its investment in New Security.  NYSTRS is presently not aware of any documents from April 27, 2007 to the present created by or received from, including communications with, any investment manager, investment firm, advisor, consultant, broker or brokerage concerning New, but will produce them if they are found to exist.

**REQUEST FOR PRODUCTION NO. 20:**
All DOCUMENTS that refer or relate to YOUR proposed or actual guidelines, policies, procedures, practices, rules, goals, plans, strategies or criteria relating to domestic equity investments, common stock, diversification, preferred stock, REITs and/or dividends, including but not limited to, DOCUMENTS that refer or relate to YOUR trading policy, investment policy, risk tolerance, and/or investment objectives.
**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**
NYSTRS will produce non-privileged documents responsive to this Request from January 1, 2005 to April 27, 2007.

**REQUEST FOR PRODUCTION NO. 21:**
All DOCUMENTS that refer or relate to any policy, practice, procedure and/or strategy relating to the following investment vehicles described in the "Notes to Financial Statements" section of YOUR annual financial report for the fiscal years ended June 30, 2006 and June 30, 2007: (1) "Mortgage pass-through certificates, provided the certificates evidence ownership of undivided interests in pools or mortgage loans secured by first mortgages on real property located in New York improved by one-to-four family residential dwellings and, provided further, that (i) such mortgage loans are originated on or after January 1, 1980, by any bank, trust company, national banking association, savings bank, federal mutual savings bank, savings and loan association, federal savings and loan association, credit union, or federal credit union authorized to do business in New York State or by any lender approved by the Secretary of Housing and Urban Development for participation in any mortgage insurance program under the National Housing Act, (ii) such mortgage loans are assigned to a bank, trust company, federal mutual savings bank or federal savings and loan association as trustee for the benefit of holders of such certificates, and (iii) such certificates are rated within the three highest grades by an independent rating service designated by the banking board. The aggregate unpaid principal on conventional mortgages securing mortgage pass-through certificates cannot exceed 10% of the assets of the System nor can the total unpaid principal on any single pool of conventional mortgages securing mortgage pass-through certificates exceed 1% of the assets of the System;" and (2) "Collateralized Mortgage Obligations, which meet the requirements of applicable statutes."
**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**
NYSTRS is presently not aware of documents responsive to this Request that are relevant (*i.e.*, relate to its investment in New Century or this litigation).  This Request otherwise amounts to a fishing expedition, as it requests documents relating to securities that are irrelevant to this case.

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Jodi Lopez
June 11, 2009
Page 7

_____

**REQUEST FOR PRODUCTION NO. 22:**
    All DOCUMENTS that refer or relate to YOUR investment strategy and/or policy relating to investments made pursuant to the "Leeway Clause" of Section 177, as quoted in the "Deposit and Investment Risk Disclosure" section of YOUR annual financial report for the fiscal year ended June 30, 2006.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**
    NYSTRS is presently not aware of documents responsive to this Request that are relevant (*i.e.*, relate to its investment in New Century or this litigation). As set forth in NYSTRS' April 29, 2009 Responses and Objections to the Requests and as discussed in the June 5, 2009 meet and confer, NYSTRS did not make any investments in New Century securities pursuant to the Leeway Clause. This Request otherwise amounts to a fishing expedition, as it requests documents that are irrelevant to this case.

**REQUEST FOR PRODUCTION NO. 23:**
    All DOCUMENTS that refer or relate to YOUR investment strategy and/or policy relating to investments made pursuant to the "Leeway Clause" of Section 177, as quoted in the "Deposit and Investment Risk Disclosure" section of YOUR annual financial report for the fiscal year ended June 30, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**
    NYSTRS is presently not aware of documents responsive to this Request that are relevant (*i.e.*, relate to its investment in New Century or this litigation). As set forth in NYSTRS' April 29, 2009 Responses and Objections to the Requests and as discussed in the June 5, 2009 meet and confer, NYSTRS did not make any investments in New Century securities pursuant to the Leeway Clause. This Request otherwise amounts to a fishing expedition, as it requests documents that are irrelevant to this case.

**REQUEST FOR PRODUCTION NO. 24:**
    All DOCUMENTS from January 1, 2005 to the present that refer or relate to YOUR investment(s) in NEW SECURITY that were made pursuant to the "Leeway Clause" of Section 177, as quoted in the "Deposit and Investment Risk Disclosure" section of YOUR annual financial report for the fiscal year ended June 30, 2006.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**
    NYSTRS is presently not aware of documents responsive to this Request that are relevant (*i.e.*, relate to its investment in New Century or this litigation). As set forth in NYSTRS' April 29, 2009 Responses and Objections to the Requests and as discussed in the June 5, 2009 meet and confer, NYSTRS did not make any investments in New Century securities pursuant to the Leeway Clause. This Request otherwise amounts to a fishing expedition, as it requests documents that are irrelevant to this case.

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Jodi Lopez
June 11, 2009
Page 8

_____

**REQUEST FOR PRODUCTION NO. 25:**
     All DOCUMENTS from January 1, 2005 to the present that refer or relate to YOUR investment(s) in NEW SECURITY that were made pursuant to the "Leeway Clause" of Section 177, as quoted in the "Deposit and Investment Risk Disclosure" section of YOUR annual financial report for the fiscal year ended June 30, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**
     NYSTRS is presently not aware of documents responsive to this Request that are relevant (*i.e.*, relate to its investment in New Century or this litigation). As set forth in NYSTRS' April 29, 2009 Responses and Objections to the Requests and as discussed in the June 5, 2009 meet and confer, NYSTRS did not make any investments in New Century securities pursuant to the Leeway Clause. This Request otherwise amounts to a fishing expedition, as it requests documents that are irrelevant to this case.

**REQUEST FOR PRODUCTION NO. 26:**
     All DOCUMENTS from January 1, 2005 to the present that refer or relate to mortgage investments that were acquired under the Leeway Clause, as discussed in the "Real Estate and Mortgages" section of the "Notes to Financial Statements" in YOUR annual financial report for the fiscal years ended June 30, 2006 and June 30, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**
     NYSTRS is presently not aware of documents responsive to this Request that are relevant (*i.e.*, relate to its investment in New Century or this litigation). As set forth in NYSTRS' April 29, 2009 Responses and Objections to the Requests and as discussed in the June 5, 2009 meet and confer, NYSTRS did not make any investments in New Century securities pursuant to the Leeway Clause. This Request otherwise amounts to a fishing expedition, as it requests documents that are irrelevant to this case.

**REQUEST FOR PRODUCTION NO. 27:**
     All DOCUMENTS from January 1, 2005 to the present created by or received from, either directly or indirectly, and/or all COMMUNICATIONS with, NYSTRS' Investment Advisory Committee.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**
     NYSTRS is presently not aware of any documents responsive to this Request that are relevant (*i.e.*, relate to its investment in New Century or this litigation). If any such non-privileged documents are found to exist from January 1, 2005 to the present, NYSTRS will produce them.

**REQUEST FOR PRODUCTION NO. 28:**
     All DOCUMENTS, including but not limited to, notes, minutes, and/or agendas, from January 1, 2005 to the present that refer or relate to any meeting of the NYSTRS' Investment Advisory Committee, including any and all DOCUMENTS that were provided to the Investment Advisory Committee in advance of or at such meetings.

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Jodi Lopez
June 11, 2009
Page 9

_____

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**
 NYSTRS is presently not aware of documents responsive to this Request that are relevant (*i.e.*, relate to its investment in New Century or this litigation). If any such non-privileged documents are found to exist from January 1, 2005 to the present, NYSTRS will produce them.

**REQUEST FOR PRODUCTION NO. 29:**
 All DOCUMENTS from January 1, 2005 to the present created by or received from, either directly or indirectly, and/or all COMMUNICATIONS with, NYSTRS' Real Estate Advisory Committee.
**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**
 NYSTRS is presently not aware of documents responsive to this Request that are relevant (*i.e.*, relate to its investment in New Century or this litigation). If any such non-privileged documents are found to exist from January 1, 2005 to the present, NYSTRS will produce them.

**REQUEST FOR PRODUCTION NO. 30:**
 All DOCUMENTS, including but not limited to, notes, minutes, and/or agendas, from January 1, 2005 to the present that refer or relate to any meeting of the NYSTRS' Real Estate Advisory Committee, including any and all DOCUMENTS that were provided to the Real Estate Advisory Committee in advance of or at such meetings.
**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**
 NYSTRS is presently not aware of documents responsive to this Request that are relevant (*i.e.*, relate to its investment in New Century or this litigation). If any such non-privileged documents are found to exist from January 1, 2005 to the present, NYSTRS will produce them.

**REQUEST FOR PRODUCTION NO. 31:**
 All DOCUMENTS from January 1, 2005 to the present created by or received from, either directly or indirectly, and/or all COMMUNICATIONS with, NYSTRS' REIT Real Estate Advisors, including but not limited to, DOCUMENTS from and/or COMMUNICATIONS with Adelante Capital Management LLC, Cohen & Steers Capital Management, Inc. and/or RREEF America, LLC.
**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**
 NYSTRS is presently not aware of documents responsive to this Request that are relevant (*i.e.*, relate to its investment in New Century or this litigation). If any such non-privileged documents are found to exist from January 1, 2005 to the present, NYSTRS will produce them.

**REQUEST FOR PRODUCTION NO. 32:**
 All DOCUMENTS, including but not limited to, notes, minutes, and/or agendas, from January 1, 2005 to the present that refer or relate to any meeting of NYSTRS' REIT Real Estate Advisors.

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Jodi Lopez
June 11, 2009
Page 10

---

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

NYSTRS is presently not aware of documents responsive to this Request that are relevant (*i.e.*, relate to its investment in New Century or this litigation). If any such non-privileged documents are found to exist from January 1, 2005 to the present, NYSTRS will produce them.

**REQUEST FOR PRODUCTION NO. 33:**

All COMMUNICATIONS from January 1, 2005 to April 27, 2007 with NEW, including but not limited to, COMMUNICATIONS with any current and/or former officer, director, employee and/or agent of NEW.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

NYSTRS is presently not aware of any communications from January 1, 2005 to April 27, 2007 it had with any current and/or former officer, director, employee and/or agent of New. Any communications NYSTRS' counsel had with any current and/or former officer, director, employee and/or agent of New would have been in connection with the investigation of this lawsuit, is privileged work-product, and will not be produced. Copies of any New Century documents NYSTRS' counsel received from any current and/or former officer, director, employee and/or agent of New, however, will be produced without waiver of its work-product.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS from January 1, 2005 to April 27, 2007 from NEW, including but not limited to, DOCUMENTS from any current and/or former officer, director, employee and/or agent of NEW.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

NYSTRS is presently not aware of any documents in its files from January 1, 2005 to April 27, 2007 from New, including documents from any current and/or former officer, director, employee and/or agent of New. Copies of any New Century documents NYSTRS' counsel received from any current and/or former officer, director, employee and/or agent of New, however, will be produced without waiver of its work-product.

**REQUEST FOR PRODUCTION NO. 35:**

All COMMUNICATIONS from January 1, 2005 to the present with any current and/or former NEW shareholder concerning NEW.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

NYSTRS is presently not aware of any communications from January 1, 2005 to the present with any current and/or former New shareholder concerning New. Communications between NYSTRS' counsel and any current and/or former New shareholder concerning New is protected by the attorney-client privilege and will not be produced.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS from January 1, 2005 to the present from any current and/or former NEW shareholder concerning NEW.

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Jodi Lopez
June 11, 2009
Page 11

---

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**
    NYSTRS is presently not aware of any documents in its files from January 1, 2005 to the present from any current and/or former New shareholder concerning New. Documents NYSTRS' counsel received from any current and/or former New shareholder concerning New is protected by the attorney-client privilege and will not be produced.

**REQUEST FOR PRODUCTION NO. 37:**
    All COMMUNICATIONS from January 1, 2005 to the present between or among YOU and any other Plaintiff and/or putative class member in this ACTION that refer or relate to NEW or to this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**
    NYSTRS is presently not aware of any documents responsive to this Request in its files that are not privileged. All communications from January 1, 2005 to the present between or among NYSTRS' counsel and any other Plaintiff and/or putative class member in this Action that refer or relate to New or to this Action are protected by the attorney-client privilege and will not be produced.

**REQUEST FOR PRODUCTION NO. 38:**
    All DOCUMENTS from January 1, 2005 to the present created by or received from, either directly or indirectly, any other Plaintiff and/or putative class member in this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**
    As clarified in the June 5, 2009 meet and confer, this Request seeks documents between NYSTRS and those persons or entities that NYSTRS is aware are Plaintiffs and/or putative class members in this action and that relate to this case. NYSTRS is presently not aware of any non-privileged documents in its files responsive to this Request. All communications from January 1, 2005 to the present between or among NYSTRS' counsel and any other Plaintiff and/or putative class member in this Action that refer or relate to New or to this Action are subject to the attorney-client privilege and will not be produced.

**REQUEST FOR PRODUCTION NO. 39:**
    All DOCUMENTS, including but not limited to, notes, minutes, and/or agendas, from January 1, 2005 to the present that refer or relate to any meeting concerning NEW.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**
    NYSTRS will produce non-privileged documents, including notes, minutes, and/or agendas, from January 1, 2005 to the present that refer or relate to any meeting concerning New.

**REQUEST FOR PRODUCTION NO. 40:**
    All DOCUMENTS from January 1, 2005 to the present that refer or relate to YOUR alleged damages and/or losses claimed in this ACTION.

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Jodi Lopez
June 11, 2009
Page 12

_____

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**
     NYSTRS will produce non-privileged documents from January 1, 2005 to the present that refer or relate to its alleged damages and/or losses claimed in this Action.

**REQUEST FOR PRODUCTION NO. 41:**
     All DOCUMENTS, including but not limited to, COMMUNICATIONS, that refer or relate to NEW's stock price decline from February 7, 2007 through March 13, 2007.
**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**
     NYSTRS will produce non-privileged documents, including communications, that refer or relate to New's stock price decline from February 7, 2007 through March 13, 2007.

**REQUEST FOR PRODUCTION NO. 42:**
     All DOCUMENTS, including but not limited to, COMMUNICATIONS, from January 1, 2005 to the present that refer or relate to any news article, analyst report, press release, and/or SEC filing concerning NEW.
**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**
     NYSTRS will produce non-privileged documents, including communications, from January 1, 2005 to the present from its files that refer or relate to any news article, analyst report, press release and/or SEC filing concerning New.

**REQUEST FOR PRODUCTION NO. 43:**
     All DOCUMENTS, including but not limited to, COMMUNICATIONS, from January 1, 2005 to the present that refer or relate to NEW's 2005 financial statements.
**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**
     NYSTRS will produce non-privileged documents, including communications, from January 1, 2005 to the present from its files that refer or relate to New's 2005 financial statements.

**REQUEST FOR PRODUCTION NO. 44:**
     All DOCUMENTS, including but not limited to, COMMUNICATIONS, from January 1, 2005 to the present that refer or relate to any alleged misstatement in NEW's 2005 financial statements.
**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**
     NYSTRS will produce non-privileged documents, including communications, from January 1, 2005 to the present from its files that refer or relate to any alleged misstatements in New's 2005 financial statements.

**REQUEST FOR PRODUCTION NO. 45:**
     All DOCUMENTS, including but not limited to, COMMUNICATIONS, from January 1, 2005 to the present that refer or relate to NEW's ANNOUNCED RESTATEMENT.

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Jodi Lopez
June 11, 2009
Page 13

---

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**
    NYSTRS will produce non-privileged documents, including communications, from January 1, 2005 to the present from its files that refer or relate to New's announced restatement.

**REQUEST FOR PRODUCTION NO. 46:**
    All DOCUMENTS, including but not limited to, COMMUNICATIONS, from January 1, 2005 to the present that refer or relate to KPMG's audit of NEW's 2005 financial statements and/or its internal control over financial reporting.
**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**
    NYSTRS will produce non-privileged documents, including communications, from January 1, 2005 to the present from its files that refer or relate to KPMG's audit of New's 2005 financial statements and/or its internal control over financial reporting.

**REQUEST FOR PRODUCTION NO. 47:**
    All DOCUMENTS, including but not limited to, COMMUNICATIONS, from January 1, 2005 to the present that refer or relate to any service and/or services KPMG provided to NEW.
**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**
    NYSTRS will produce non-privileged documents, including communications, from January 1, 2005 to the present from its files that refer or relate to any service and/or services KPMG provided to New.

**REQUEST FOR PRODUCTION NO. 48:**
    All DOCUMENTS from January 1, 2005 to the present from KPMG, including but not limited to, DOCUMENTS from any current partner, former partner, current employee, and/or former employee of KPMG that refer or relate to NEW.
**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**
    NYSTRS is presently not aware of any documents from January 1, 2005 to the present from KPMG, including documents from any current partner, former partner, current employee, and/or former employee of KPMG, that refer or relate to NEW.  If any such non-privileged documents are located, they will be produced.

**REQUEST FOR PRODUCTION NO. 49:**
    All COMMUNICATIONS from January 1, 2005 to the present with KPMG, including but not limited to, COMMUNICATIONS with any current partner, former partner, current employee, and/or former employee of KPMG that refer or relate to NEW.
**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**
    NYSTRS is presently not aware of any communications from January 1, 2005 to the present with KPMG, including communications with any current partner, former partner, current employee, and/or former employee of KPMG, that refer or relate to New.  If any such non-privileged documents are located, they will be produced.

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Jodi Lopez
June 11, 2009
Page 14

_____

**REQUEST FOR PRODUCTION NO. 50:**
      All DOCUMENTS, including but not limited to, COMMUNICATIONS, from January 1, 2005 to the present that support YOUR claims and/or defenses in this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**
      As discussed in the June 5, 2009 meet and confer, to the extent that NYSTRS has any non-privileged documents in its files, including communications, from January 1, 2005 to the present that support its claims and/or defenses in this action, including publicly available documents, they will be produced. To the extent that NYSTRS' counsel has documents as a result of its investigation that are publicly available, such as the Examiner's report, SEC filings, and press releases, they will not be produced, as they are equally accessible to KPMG and constitute privileged work-product. To the extent that NYSTRS' counsel received New Century documents from former New Century employees, they will be produced.

**REQUEST FOR PRODUCTION NO. 51:**
      All DOCUMENTS, including but not limited to, COMMUNICATIONS, that refer or relate to YOUR contention in paragraph 538 of the COMPLAINT that, "KPMG's material misstatements in its publicly-issued 2005 audit opinions and KPMG's extensive role in the accounting misstatements and internal control weaknesses that were disclosed, beginning on February 7, 2007 through the end of the Class Period, further demonstrate both the artificial inflation KPMG's conduct caused in the price of New Century securities and that KPMG's conduct proximately caused foreseeable losses and damages to Plaintiffs and members of the Class."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**
      As discussed in the June 5, 2009 meet and confer, to the extent that NYSTRS has any non-privileged documents in its files, including publicly available documents, relating to the contention in paragraph 538 of the Complaint, they will be produced. To the extent that NYSTRS' counsel has documents as a result of its investigation that are publicly available relating to paragraph 538 of the Complaint, they will not be produced, as they are equally accessible to KPMG and constitute privileged work-product. To the extent that NYSTRS' counsel received New Century documents from former New Century employees, they will be produced.

**REQUEST FOR PRODUCTION NO. 52:**
      All DOCUMENTS, including but not limited to, COMMUNICATIONS, that refer or relate to YOUR contention in paragraph 539 of the COMPLAINT that, "[t]he disclosures beginning on February 7, 2007 specifically concerned accounting and internal control issues with which KPMG was extensively involved in its 2005 audits and areas in which KPMG specifically violated GAAS and the standards of the PCAOB in connection with its 2005 audits, including the repurchase reserves backlog and related internal control weaknesses and the required adjustments to Residual Interests as set forth above."

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Jodi Lopez
June 11, 2009
Page 15

---

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**
  As discussed in the June 5, 2009 meet and confer, to the extent that NYSTRS has any non-privileged documents in its files, including publicly available documents, relating to the contention in paragraph 539 of the Complaint, they will be produced.  To the extent that NYSTRS' counsel has documents as a result of its investigation that are publicly available relating to paragraph 539 of the Complaint, they will not be produced, as they are equally accessible to KPMG and constitute privileged work-product.  To the extent that NYSTRS' counsel received New Century documents from former New Century employees, they will be produced.

**REQUEST FOR PRODUCTION NO. 53:**
  All DOCUMENTS, including but not limited to, COMMUNICATIONS, that refer or relate to YOUR contention in paragraph 540 of the COMPLAINT that "[thereafter, the price of New Century securities continued to decline on March 2, 2007, when additional disclosures were made, including, specifically, issues pertaining to the Company's valuation of Residual Interests in 2006 'and prior periods.' As alleged in this Second Amended Complaint, KPMG's 2005 audits specifically violated GAAS and the standards of the PCAOB in connection with this audit of New Century's Residual Interests and related internal controls and, as reported by the Examiner (at 329) and set forth in paragraph 480 above, KPMG's February 2007 report to the Special Investigation Committee of the Audit Committee (the 'SIC') was '[t]he primary reason the SIC looked more closely at New Century's accounting for residual interests…in February 2007.'"

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**
  As discussed in the June 5, 2009 meet and confer, to the extent that NYSTRS has any non-privileged documents in its files, including publicly available documents, relating to the contention in paragraph 540 of the Complaint, they will be produced.  To the extent that NYSTRS' counsel has documents as a result of its investigation that are publicly available relating to paragraph 540 of the Complaint, they will not be produced, as they are equally accessible to KPMG and constitute privileged work-product.  To the extent that NYSTRS' counsel received New Century documents from former New Century employees, they will be produced.

**REQUEST FOR PRODUCTION NO. 54:**
  All DOCUMENTS, including but not limited to, COMMUNICATIONS, that refer or relate to YOUR contention in paragraph 49 of the COMPLAINT that "[t]he members of the class are so numerous that joinder of all members is impracticable."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**
  As discussed in the June 5, 2009 meet and confer, to the extent that NYSTRS has any non-privileged documents in its files, including publicly available documents, relating to the contention in paragraph 49 of the Complaint, they will be produced.  To the extent that NYSTRS' counsel has documents as a result of its investigation that are publicly available

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Jodi Lopez
June 11, 2009
Page 16

relating to paragraph 49 of the Complaint, they will not be produced, as they are equally accessible to KPMG and constitute privileged work-product. To the extent that NYSTRS' counsel received New Century documents from former New Century employees, they will be produced.

**REQUEST FOR PRODUCTION NO. 55:**
   All DOCUMENTS, including but not limited to, COMMUNICATIONS, that refer or relate to YOUR contention in paragraph 51 of the COMPLAINT that "Plaintiffs' claims are typical of the claims of the members of the Class."
**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**
   As discussed in the June 5, 2009 meet and confer, to the extent that NYSTRS has any non-privileged documents in its files, including publicly available documents, relating to the contention in paragraph 50 of the Complaint, they will be produced. To the extent that NYSTRS' counsel has documents as a result of its investigation that are publicly available relating to paragraph 50 of the Complaint, they will not be produced, as they are equally accessible to KPMG and constitute privileged work-product. To the extent that NYSTRS' counsel received New Century documents from former New Century employees, they will be produced.

**REQUEST FOR PRODUCTION NO. 56:**
   All DOCUMENTS, including but not limited to, COMMUNICATIONS, that refer or relate to YOUR contention in paragraph 51 of the COMPLAINT that "Plaintiffs' will fairly and adequately represent the interests of the members of the Class and have retained counsel competent and experienced in class and securities litigation."
**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**
   As discussed in the June 5, 2009 meet and confer, to the extent that NYSTRS has any non-privileged documents in its files, including publicly available documents, relating to the contention in paragraph 51 of the Complaint, they will be produced. To the extent that NYSTRS' counsel has documents as a result of its investigation that are publicly available relating to paragraph 51 of the Complaint, they will not be produced, as they are equally accessible to KPMG and constitute privileged work-product. To the extent that NYSTRS' counsel received New Century documents from former New Century employees, they will be produced.

**REQUEST FOR PRODUCTION NO. 57:**
   All DOCUMENTS, including but not limited to, COMMUNICATIONS, that refer or relate to YOUR contention in paragraph 53 of the COMPLAINT that "[c]ommon questions of law and fact exist as to all members of the Class, and predominate over any questions affecting solely individual members of the Class."

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Jodi Lopez
June 11, 2009
Page 17

---

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**
    As discussed in the June 5, 2009 meet and confer, to the extent that NYSTRS has any non-privileged documents in its files, including publicly available documents, relating to the contention in paragraph 53 of the Complaint, they will be produced.   To the extent that NYSTRS' counsel has documents as a result of its investigation that are publicly available relating to paragraph 53 of the Complaint, they will not be produced, as they are equally accessible to KPMG and constitute privileged work-product.   To the extent that NYSTRS' counsel received New Century documents from former New Century employees, they will be produced.

**REQUEST FOR PRODUCTION NO. 58:**
    All DOCUMENTS, including but not limited to, COMMUNICATIONS, that refer or relate to the Final Report of Michael J. Missal, dated February 29, 2008.
**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**
    NYSTRS is presently not aware of any documents in its files, including communications, that refer or relate to the Final Report of Michael J. Missal that are not privileged.  If any non-privileged documents responsive to this Request are found to exist in NYSTRS' files, NYSTRS will produce them.    To the extent that NYSTRS' counsel has documents, including communications, that refer or relate to the Final Report of Michael J. Missal, they are privileged attorney work-product and will not be produced.

**REQUEST FOR PRODUCTION NO. 59:**
    All DOCUMENTS referred to in the COMPLAINT.
**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**
    As discussed at the June 5, 2009 meet and confer, to the extent that NYSTRS has any non-privileged documents in its files, including publicly available documents, that are referred to in the Complaint, they will be produced.  To the extent that NYSTRS' counsel has documents referred to in the Complaint as a result of its investigation that are publicly available, they will not be produced, as they are equally accessible to KPMG.  To the extent that NYSTRS' counsel received New Century documents from former New Century employees, they will be produced.

**REQUEST FOR PRODUCTION NO. 60:**
    All complaints, amended complaints, and/or transcripts of any testimony given by YOU in any deposition or trial for each and every civil lawsuit to which YOU have been a party within the past ten (10) years that involved allegations relating to securities transactions, alleged federal or state securities violations, class allegations, allegations concerning professional malpractice, corporate control, breach of fiduciary duty, fraud claims and/or shareholder derivative claims.

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Jodi Lopez
June 11, 2009
Page 18

—————————————

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**
    As discussed in the June 5, 2009 meet and confer, the only securities cases in which
NYSTRS has served as a Lead Plaintiff are New Century and Fremont.  NYSTRS will produce
the complaints in Fremont.  There was no testimony provided in either of the cases.

**REQUEST FOR PRODUCTION NO. 61:**
    All affidavits, certifications or other sworn statements filed by YOU in any court in the
past ten (10) years that identify litigation to which YOU have been a party.
**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**
    As discussed in the June 5, 2009 meet and confer, the only securities cases in which
NYSTRS served as a Lead Plaintiff are New Century and Fremont.  NYSTRS will produce the
certifications it filed in New Century and Fremont.

**REQUEST FOR PRODUCTION NO. 62:**
    All DOCUMENTS from YOUR counsel (including any agent or representative of
counsel) received by YOU prior to engaging counsel in this ACTION.
**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**
    As discussed in the June 5, 2009 meet and confer, NYSTRS received submissions from
numerous counsel prior to engaging a specific firm as class counsel in this action.  These
documents include evaluations of the case and the reasons why that particular firm should be
selected, are privileged, and will not be produced.

**REQUEST FOR PRODUCTION NO. 63:**
    All COMMUNICATIONS between YOU and YOUR counsel (including any agent or
representative of counsel) prior to YOU retaining counsel in this ACTION.
**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**
    NYSTRS is presently not aware of any documents responsive to this Request, but will
produce them if they are found to exist and are not otherwise privileged.

**REQUEST FOR PRODUCTION NO. 64:**
    All agreements between or among YOU and YOUR counsel, including but not limited to
all attorney engagement letters, fee agreements, and/or other DOCUMENTS that refer or relate
to the payment of costs, disbursements, and/or attorney's fees incurred in this litigation.
**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**
    NYSTRS will produce its retention letter that refers or relates to the payment of costs,
disbursements, and/or attorneys fees incurred in this litigation.

**REQUEST FOR PRODUCTION NO. 65:**
    All DOCUMENTS that refer or relate to any relationship YOU have with YOUR counsel
unrelated to this ACTION.

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Jodi Lopez
June 11, 2009
Page 19

---

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

As you clarified in the June 5, 2009 meet and confer, this Request seeks documents that refer or relate to any prior-existing familial, social or employment relationship. NYSTRS is not aware of any prior existing familial, social, or employment relationship with its counsel unrelated to this Action.

**REQUEST FOR PRODUCTION NO. 66:**

All DOCUMENTS that refer or relate to any consideration, of any nature, that any named and/or lead Plaintiff or anyone else has received or been provided (directly or indirectly), been told it will or may receive or be provided (directly or indirectly), or been promised will be applied for in connection with serving as a named and/or lead Plaintiff in this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

NYSTRS will produce the retention letter and its certification that refers or relates to consideration for serving as a named and/or lead plaintiff in this Action. NYSTRS is presently not aware of any other responsive non-privileged documents, but will produce them if they are found to exist.

**REQUEST FOR PRODUCTION NO. 67:**

All DOCUMENTS from January 1, 2005 to the present from any confidential witness identified in the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

NYSTRS is presently not aware of any non-privileged documents in its files from January 1, 2005 to the present from any confidential witness identified in the Complaint. To the extent that NYSTRS' counsel received any New Century documents from January 1, 2005 to the present from any confidential witness identified in the complaint, they will be produced.

**REQUEST FOR PRODUCTION NO. 68:**

All DOCUMENTS from January 1, 2005 to the present that refer or relate to any confidential witness identified in the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

NYSTRS is not presently aware of any non-privileged documents in its files from January 1, 2005 to the present, other than the Complaint, that refer or relate to any confidential witness identified in the Complaint. To the extent that NYSTRS' counsel received any New Century documents from January 1, 2005 to the present from any confidential witness identified in the complaint, they will be produced.

**REQUEST FOR PRODUCTION NO. 69:**

All COMMUNICATIONS from January 1, 2005 to the present between YOU and any confidential witness identified in the COMPLAINT.

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Jodi Lopez
June 11, 2009
Page 20

_____

## RESPONSE TO REQUEST FOR PRODUCTION NO. 69:

NYSTRS is presently not aware of any non-privileged communications from January 1, 2005 to the present between it and any confidential witness identified in the Complaint. To the extent that NYSTRS' counsel received any New Century documents from January 1, 2005 to the present from any confidential witness identified in the complaint, they will be produced.

Very truly yours,

Elizabeth P. Lin

EPL/jmg
cc:    Salvatore Graziano