# Exhibit E



| | |
|---|---|
| SIDLEY AUSTIN LLP<br>555 WEST FIFTH STREET<br>LOS ANGELES, CA 90013<br>(213) 896 6000<br>(213) 896 6600 FAX | BEIJING     LOS ANGELES<br>BRUSSELS   NEW YORK<br>CHICAGO    SAN FRANCISCO<br>DALLAS     SHANGHAI<br>FRANKFURT  SINGAPORE<br>GENEVA     SYDNEY<br>HONG KONG  TOKYO<br>LONDON     WASHINGTON, D.C. |
| jlopez@sidley.com<br>(213) 896-6099 | FOUNDED 1866 |

July 1, 2009

**VIA E-MAIL**

Elizabeth Lin, Esq.
Bernstein Litowitz Berger & Grossmann LLP
12481 High Bluff Drive, Suite 300
San Diego, CA 92130

     Re:    *In re New Century*, Civil Case No.: 07-00931-DDP (FMOx)

Dear Elizabeth:

     Thank you for your letter of June 11, 2009 regarding KPMG LLP's First Set of Requests for Production of Documents (the "Requests"), which includes amended responses to the Requests ("Amended Responses"). After review of your letter, we note that there remain some outstanding issues, including but not limited to, Plaintiffs' failure to agree to produce all relevant documents to which KPMG is entitled, that require further discussion and/or clarification.

Responding Party

     The Amended Responses provided in Plaintiffs' June 11 letter are specific to NYSTRS and do not address whether or not NYSTRS' will produce documents responsive to KPMG's Requests. However, the Requests were propounded not only on NYSTRS, but also on Plaintiffs Carl Larson ("Larson") and Charles Hooten ("Hooten"). Please advise whether the Responses also apply to Larson and Hooten. In addition, if the Amended Responses also apply equally to Larson and Hooten, please serve amended responses that clarify that the responses are from NYSTRS, Larson and Hooten. If the Amended Responses in your June 11 letter do not apply to Larson and Hooten, please advise when amended responses to the Requests from Larson and Hooten will be provided.

Timeframe of Plaintiffs' Production of Documents

     While NYSTRS has largely agreed to produce responsive documents for time periods requested by KPMG, there are a few Requests in response to which NYSTRS continues arbitrarily to limit the scope of its production. Request No. 20 seeks all documents that refer or relate to Plaintiffs' "proposed or actual guidelines, policies, procedures, practices, rules, goals,



Elizabeth Lin, Esq.
July 1, 2009
Page 2

plans, strategies or criteria relating to domestic equity investments, common stock, diversification, preferred stock, REITs and/or dividends," including documents that "refer or relate to [Plaintiffs'] trading policy, investment policy, risk tolerance, and/or investment objectives." This Request does not include a timeframe relating to the production of documents because the date of the requested documents is not a factor that bears on their relevance. However, NYSTRS' response to Request No. 20 limits the scope of its production to documents from "January 1, 2005 to April 27, 2007." KPMG is entitled to discovery of Plaintiffs' investment philosophies and policies. Such documents are relevant outside of the January 1, 2005 to April 27, 2007 time period because they could provide information regarding Plaintiffs' investment strategies and how those strategies relate to Plaintiffs' investments in New Century, as well as how those strategies were shaped prior to and after investing in New Century. Accordingly, Plaintiffs may not arbitrarily limit the scope of their production to Request No. 20 to responsive documents from January 1, 2005 to April 27, 2007. In the spirit of compromise, KPMG proposes that Plaintiffs produce documents responsive to Request No. 20 from June 30, 2004 to the present. Responsive documents from June 30, 2004 to the present will provide relevant information regarding Plaintiffs' investment strategies and how those strategies relate to Plaintiffs' investments in New Century, and should not be unduly burdensome for Plaintiffs to produce.

Requests Concerning Earnings and Analyst Calls (Request Nos. 9 and 10)

Request Nos. 9 and 10 seek documents that refer or relate to any earnings and analyst calls concerning New Century. NYSTRS responds that it is "presently not aware of any documents in its files…that refer or relate to any" earnings or analyst call concerning New Century. NYSTRS further responds that, "to the extent that NYSTRS' counsel has documents…that refer or relate to any analyst call concerning New in connection with its investigation, they will not be produced, as they are publicly available and are equally accessible to KPMG." KPMG, however, is entitled to documents NYSTRS' counsel received from NYSTRS, witnesses or other plaintiffs, among others, regardless of whether those documents are publicly available. Therefore, please explain what categories of documents Plaintiffs' counsel has "that refer or relate to any analyst call concerning New in connection with [your] investigation" that will not be produced because they are "publicly available" and "equally accessible to KPMG."

Requests Concerning Dividends and Income Received from New Century (Request Nos. 16 and 17)

Request No. 16 seeks all documents "that refer or relate to any dividend [Plaintiffs] received from New Century, including but not limited to, DOCUMENTS sufficient to show the dollar amount of any dividend and/or dividends [Plaintiffs] received from NEW."

LA1 1595196v.3



Elizabeth Lin, Esq.
July 1, 2009
Page 3

NYSTRS' attempt arbitrarily to limit the scope of its production to documents "sufficient to show the dollar amount of any dividend and/or dividends it received from New" is inappropriate and likely to prevent relevant documents from being discovered. KPMG is entitled to discover documents relating to Plaintiffs' alleged damages. These documents are relevant to KPMG's defenses, including the defense that Plaintiffs' alleged damages are not attributable to KPMG. Moreover, it is unclear to us what burden there could be in producing documents responsive to Request No. 16. Please explain the categories of documents responsive to Request No. 16 that are being withheld.

Request No. 17 seeks documents from January 1, 2005 to the present "sufficient to show any income [Plaintiffs] received from or were paid in connection with any NEW SECURITY." In response to this Request, NYSTRS agrees to produce documents from January 1, 2005 to April 27, 2007 sufficient to show the dollar amount of any dividend(s) it received from New Century. Plaintiffs' agreement to produce documents is insufficiently narrow as to both timeframe and scope. As to the timeframe, KPMG is entitled to discover documents responsive to Request No. 17 for the time period of January 1, 2005 to the present because regardless of when created, such documents are relevant to Plaintiffs' claims and alleged damages. Furthermore, similar to Request No. 16, such documents are relevant to KPMG's defenses, including that Plaintiffs' alleged damages are not attributable to KPMG and KPMG did not cause the alleged damages. As to the scope of Plaintiffs' agreement to produce documents, Plaintiffs do not agree to produce all responsive documents, but instead assert that NYSTRS "is presently not aware of any other income that it received or was paid in connection with New Century security from January 1, 2005 to the present...." Please clarify what you mean by NYSTRS is "presently not aware of any other income it received or was paid in connection with New Security...." KPMG is entitled to discover documents "sufficient to show any income Plaintiffs received from or were paid in connection with any NEW SECURITY," not just income from dividends. Thus, NYSTRS is obligated to conduct a reasonable and diligent search to identify responsive documents. As an example, Plaintiffs presumably received income from proceeds of sales of New Century securities. Pursuant to Request No. 17, documents sufficient to show income Plaintiffs earned from sales of New Century securities should be produced.

Requests Concerning NYSTRS' Annual Report (Request Nos. 21-23 and 26)

Request No. 21 seeks documents that refer or relate to "any policy, practice, procedure and/or strategy relating to the...investment vehicles described in the 'Notes to Financial Statements' section of [NYSTRS'] annual financial report for the fiscal years ended June 30, 2006 and June 30, 2007...." The investment vehicles described in the "Notes to Financial Statements" section of NYSTRS' annual reports are primarily mortgage-related vehicles and entities. NYSTRS, however, attempts to limit the scope of its production to documents that "relate to its investment in New Century or this litigation," and suggests that

LA1 1595196v.3



Elizabeth Lin, Esq.
July 1, 2009
Page 4

"[t]his Request otherwise amounts to a fishing expedition." NYSTRS' characterization of the Request as a "fishing expedition" is inaccurate. The scope of the Request is appropriate because it seeks to obtain documents that provide an understanding of NYSTRS' overall practice and/or strategy for investing in mortgage-related vehicles like New Century. KPMG is entitled to discovery of such documents even if they do not specifically relate to NYSTRS' "investment in New Century or this litigation" as they may provide relevant information concerning the investment decisions NYSTRS made with respect to New Century.

Request Nos. 22, 23, and 26 seek documents that refer or relate to (1) Plaintiffs' investment strategy and/or policy relating to investments made pursuant to the "Leeway Clause" of NYSTRS' annual financial reports for the fiscal years ended June 30, 2006 and June 30, 2007 (collectively, the "Reports"), (2) investments made pursuant to the "Leeway Clause" in the Reports, and (3) mortgage investments acquired under the "Leeway Clause" in the Reports. Each of Plaintiffs' responses to these Requests indicates that, "NYSTRS is presently not aware of documents responsive to [the] Request that are relevant (i.e. relate to its investment in New Century or this litigation)." NYSTRS' responses to these Requests are inadequate because the Requests are not limited to "[NYSTRS'] investment in New Century or this litigation." Rather, these Requests seek relevant documents relating to, among other things, the factors that played a role in NYSTRS' decisions to make investments pursuant to the "Leeway Clause." Significantly, the "Leeway Clause" provided a means by which NYSTRS could invest in mortgage-related securities. Thus, these documents will likely shed light on NYSTRS' investment strategy and approach as it relates to a mortgage company like New Century. Such documents are relevant to NYSTRS' investment decisions relating to "NEW SECURITY" and thus KPMG is entitled to discover such documents.

Requests Regarding NYSTRS' Investment Advisory Committee, Real Estate Advisory Committee, and REIT Real Estate Advisors (Request Nos. 27-32)

Request Nos. 27-32 seek (1) documents that were "created by or received from, either directly or indirectly, and/or all communications with" NYSTRS' Investment Advisory Committee, Real Estate Advisory Committee and REIT Real Estate Advisors ("NYSTRS' Committees and Advisors"); and (2) "documents, including but not limited to, notes, minutes and/or agendas," that refer or relate to any meeting of NYSTRS' Committees and Advisors, including "documents that were provided [to the committees] in advance of or at such meetings." NYSTRS' responses to each Request arbitrarily limit the scope of NYSTRS' production to documents that "relate to its investment in New Century or this litigation." Request Nos. 27-32 seek relevant documents pertaining to NSYTRS' general investment philosophy and/or strategy concerning mortgage-related investment vehicles and REITs, and how that strategy was influenced by its investment committees and advisors. These documents could provide relevant information relating to the decisions NYSTRS made concerning New Century securities.

LA1 1595196v.3

**SIDLEY AUSTIN LLP**
# SIDLEY

Elizabeth Lin, Esq.
July 1, 2009
Page 5

Accordingly, KPMG is entitled to documents responsive to these Requests regardless of whether they specifically pertain to NYSTRS' investment in New Century or this litigation. Nonetheless, KPMG is willing to work on reaching a compromise with Plaintiffs. As a good faith effort to reach a compromise, KPMG instead requests that Plaintiffs produce all documents, including but not limited to, communications, concerning NYSTRS' Investment Advisory Committee, Real Estate Advisory Committee, and REIT Real Estate Advisors from January 1, 2005 to the present to the extent that the documents refer or relate to Plaintiffs' investments in mortgage-related investment vehicles, companies, and REITs, including but not limited to, documents sufficient to show the risk profiles of the investments and/or entities in which Plaintiffs invested and any analysis or due diligence Plaintiffs performed on these investments and/or entities.

Requests Regarding New Century Personnel (Request Nos. 33 and 34)

Request No. 33 seeks all communications "with NEW, including but not limited to, COMMUNICATIONS with any current and/or former officer, director, employee and/or agent of NEW." NYSTRS' response to Request No. 33 states that "[a]ny communications NYSTRS' counsel had with any current and/or former officer, director, employee and/or agent of New would have been in connection with the investigation of this lawsuit, is privileged work-product and will not be produced." Contrary to NYSTRS' position, communications between NYSTRS' counsel and any current and/or former officer, director, employee and/or agent of New Century are not privileged, and thus should be produced.

Request No. 34 seeks all documents "from NEW, including but not limited to, DOCUMENTS from any current and/or former officer, director, employee and/or agent of NEW." NYSTRS' states in its response that "[c]opies of any New Century documents NYSTRS' counsel received from any current and/or former officer, director, employee and/or agent of New…will be produced without waiver of its work-product." Please explain what you mean by "will be produced without waiver of its work-product" as any document provided to you from "any current and/or former officer, director, employee and/or agent of New" is not work-product.

Requests Regarding Other Shareholders, Plaintiffs and Putative Class Members (Request Nos. 35-38)

Request Nos. 35 and 36 seek communications with and documents from "any current and/or former NEW shareholder concerning NEW." NYSTRS responds that it is not aware of any responsive documents, but that "[c]ommunications between NYSTRS' counsel and any current and/or former New shareholder" or "[d]ocuments NYSTRS' counsel received from any current and/or former New shareholder" are "protected by the attorney-client privilege and will not be produced." With respect to Request No. 35, communications between NYSTRS' counsel and any New Century shareholder who is not considered a lead or named plaintiff are

LA1 1595196v.3



Elizabeth Lin, Esq.
July 1, 2009
Page 6

not protected by the attorney-client privilege because they are not clients of NYSTRS' counsel prior to class certification. *See In re McKesson HBOC, Inc. Securities Litigation*, 126 F. Supp. 2d 1239, 1245 (N.D. Cal. 2000); *see also Atari, Inc. v. Superior Court*, 166 Cal. App. 3d 867, 879 (1985). Therefore, these communications are not privileged, and documents responsive to Request No. 35 must be produced. Regarding Request No. 36, documents NYSTRS' counsel received from any New Century shareholder concerning New Century are likewise not privileged for the same reason. Moreover, even if NYSTRS' counsel represented all New Century shareholders (which it does not), a document does not become privileged by virtue of being exchanged between an attorney and client. Accordingly, responsive documents NYSTRS' counsel received from any current and/or former New Century shareholder who is not a lead or named plaintiff must be produced.

Request Nos. 37 and 38 seek (1) communications between or among Plaintiffs and "any other Plaintiff and/or putative class member in this ACTION" (Request No. 37), and (2) documents created by or received from "any other Plaintiff and/or putative class member in this ACTION." (Request No. 38). NYSTRS asserts in its response that "[a]ll communications...between or among NYSTRS' counsel and any other Plaintiff and/or putative class member in this Action that refer or relate to New or to this Action are protected by the attorney-client privilege and will not be produced." As previously explained, communications with NYSTRS' counsel and any other Plaintiff and/or putative class member in this Action are not protected by the attorney-client privilege because these plaintiffs and/or class members are not represented by NYSTRS' counsel prior to class certification. As a result, communications between NYSTRS' counsel and any other Plaintiff and/or putative class member in this Action concerning New Century are discoverable and should be produced.

Requests Regarding Plaintiffs' Contentions (Request Nos. 50-57)

Request Nos. 50-57 seek documents (1) that support Plaintiffs' claims and/or defenses in the Complaint (Request No. 50), and (2) that refer or relate to certain contentions in paragraphs 538-540, 49, 50, 51, and 53 of the Complaint (Request Nos. 51-57). NYSTRS' responses to these Requests state that "[t]o the extent that NYSTRS' counsel has documents as a result of its investigation that are publicly available, such as the Examiner's report, SEC filings, and press releases, they will not be produced, as they are equally accessible to KPMG and constitute privileged work-product." Documents NYSTRS' counsel obtained as a result of its investigation do not constitute "privileged work-product" as those documents were not prepared by NYSTRS' counsel in anticipation of litigation or for trial. Moreover, the fact that the documents are equally accessible to KPMG is irrelevant. KPMG is entitled to all responsive documents in Plaintiffs' possession, custody or control. Accordingly, to the extent Plaintiffs' counsel has documents responsive to Request Nos. 50-57, they should be produced. If there are certain categories of documents that Plaintiffs maintain its counsel obtained in its investigation

LA1 1595196v.3



Elizabeth Lin, Esq.
July 1, 2009
Page 7

that are publicly available and should not be produced, please provide us with information regarding those categories.

Requests Regarding Plaintiffs' Adequacy to Serve as Lead Plaintiff (Request Nos. 60 and 61)

Request Nos. 60 and 61 seek information relating to Plaintiffs' adequacy to serve as Lead Plaintiff in this case, including documents related to Plaintiffs' prior litigation experience. Specifically, Request No. 60 seeks "complaints, amended complaints, and/or transcripts of any testimony given by [Plaintiffs] in any deposition or trial" for lawsuits to which Plaintiffs have been a party "that involved allegations relating to securities transactions, alleged federal or state securities violations, class allegations, allegations concerning professional malpractice, corporate control, breach of fiduciary duty, fraud claims and/or shareholder derivative claims." Request No. 61 seeks "affidavits, certifications or other sworn statements filed by [Plaintiffs] in *any* court in the past ten years that identify litigation to which [Plaintiffs] have been a party." (Emphasis Added). However, NYSTRS' responses are limited to securities cases to which it has been a party, and NYSTRS states that "the only securities cases in which it has served as a Lead Plaintiff are New Century and Fremont." NYSTRS agrees to produce responsive documents from those two cases. NYSTRS' agreement to provide responsive documents from only securities cases is deficient because these Requests seek relevant information regarding a broader, though narrow, list of categories of litigation which relates to NYSTRS' suitability to serve as Lead Plaintiff. A party's suitability to serve as Lead Plaintiff in a class action is a primary inquiry for class certification. Thus, KPMG is entitled to documents responsive to these Requests.

Requests Regarding Plaintiffs' Relationship with Counsel (Requests Nos. 62, 64, and 65)

Request No. 62 seeks documents Plaintiffs received from its counsel prior to engaging counsel in this litigation. NYSTRS' response to this Request states that "NYSTRS received submissions from numerous counsel prior to engaging a specific firm as class counsel in this action. These documents include evaluations of the case and the reasons why that particular firm should be selected, are privileged, and will not be produced." Please confirm whether there are other documents responsive to Request No. 62 that Plaintiffs are not agreeing to produce and, if so, please describe those categories of documents. Moreover, all documents that are withheld on privileged grounds should be included in a privilege log. Please let us know when a privilege log will be provided to KPMG.

Request No. 64 seeks "[a]ll agreements between or among [Plaintiffs] and [Plaintiffs' counsel], including but not limited to all attorney engagement letters, fee agreements, and/or other DOCUMENTS that refer or relate to the payment of costs, disbursements, and/or attorney's fees incurred in this litigation." NYSTRS agrees to produce "its retention letter that



Elizabeth Lin, Esq.
July 1, 2009
Page 8

refers to the payment of costs, disbursements, and/or attorneys fees incurred in this litigation." Please confirm whether the retention letter is the only document responsive to this Request.

Request No. 65 seeks documents that refer or relate to "any relationship [Plaintiffs] have with [Plaintiffs'] counsel unrelated to this ACTION." NYSTRS responds that "[a]s you clarified in the June 5, 2009 meet and confer, this Request seeks documents that refer or relate to any prior-existing familial, social or employment relationship. NYSTRS is not aware of any prior existing familial, social or employment relationships with its counsel unrelated to this Action." As explained during our June 5th meet and confer, the types of relationships mentioned were provided merely as examples of the types of relationships that fall within the scope of this Request. Please let us know whether Plaintiffs have any documents that refer or relate to a relationship, whether professional or non-professional, with their counsel unrelated to this litigation. If such documents exist, KPMG is entitled to discovery of them.

Requests Regarding Confidential Witnesses (Request Nos. 67 and 69)

Request No. 67 seeks documents "from any confidential witness identified in the complaint." NYSTRS responds that it is "presently not aware of any *non-privileged* documents in its files…from any confidential witnesses identified in the Complaint." (Emphasis Added). Given that, to our knowledge, NYSTRS' counsel does not represent any confidential witness, documents received from those witnesses are not privileged. Moreover, even if NYSTRS' counsel did represent these confidential witnesses, receiving a document from a client does not make the document privileged. Thus, Plaintiffs should produce all documents responsive to Request No. 67.

Similarly, Request No. 69 seeks all communications between Plaintiffs and any confidential witness identified in the complaint. NYSTRS responds that it is "presently not aware of any *non-privileged* communications…between it and any confidential witness identified in the Complaint." As explained, communications between Plaintiffs and any confidential witness are not privileged because, to our knowledge, the witnesses are not represented by NYSTRS' counsel. Therefore, KPMG is entitled to all documents responsive to Request No. 69.

Other Requests (Request No. 1, 5, 11, and 59)

Request No. 1 seeks "All DOCUMENTS, including but not limited to, all records, confirmations, orders, account statements, and instructions to or from brokers, agents, advisors or managers…that refer or relate to [Plaintiffs'] investment in NEW SECURITY." In response to Request No. 1, NYSTRS states that it "will produce non-privileged documents in its possession custody or control that are *sufficient to evidence its transactions* in New Security…." (Emphasis Added). As we explained during our meet and confer on June 5, 2009 and in our



Elizabeth Lin, Esq.
July 1, 2009
Page 9

letter dated May 26, 2009, this response is insufficient because Request No. 1 does not merely seek documents "sufficient to evidence" Plaintiffs' transactions in New Century securities, but rather seeks all documents relating to Plaintiffs' investments in "NEW SECURITY." Given that these documents are relevant both to Plaintiffs' investments in New Century and Plaintiffs' alleged damages, they relate to the core of Plaintiffs' claims. KPMG, therefore, is entitled to discovery of these documents. Moreover, NYSTRS appears to have agreed to provide documents responsive to Request No. 1 in its response to Request No. 19. In its response to Request No. 19, NYSTRS states that "it will produce non-privileged documents from January 1, 2005 to April 27, 2007, including communications, which refer or relate to its investment in New Security." In light of this agreement, documents that refer or relate to Plaintiffs' investment in "NEW SECURITY" should be produced. Please confirm that NYSTRS will produce such documents.

Request No. 5 seeks documents "that refer or relate to any research or due diligence performed by, *or on behalf of*, [Plaintiffs] concerning New Century...." (Emphasis Added). NYSTRS responds that it "is presently not aware of any documents...that refer or relate to any research or due diligence it performed concerning New...." However, NYSTRS' response does not address whether there are any documents that refer or relate to any research or due diligence concerning New Century that was performed "on behalf of" NYSTRS. Please advise whether there are such documents and, if so, whether Plaintiffs will produce them.

Request No. 11 seeks the minutes of NYSTRS' Board of Trustees meetings, including documents "that were provided to NYSTRS' Board of Trustees in connection with such meetings and/or memorialize all or part of a Board of Trustees meeting." NYSTRS limits the scope of its agreement to produce responsive documents to "the extent the document concerns New Century or this litigation and is not privileged." NYSTRS' attempt to limit its production to documents that concern New Century or this litigation is inappropriate and unnecessary. Even if the minutes and other documents do not directly relate to NYSTRS' investment in New Century, such documents are relevant to NYSTRS' general investment procedures, policies and philosophies, which, in turn, may have impacted NYSTRS' decisions relating to its investments in New Century. Moreover, such documents may show, among other things, NYSTRS' understanding of the overall market conditions as well as to what NYSTRS attributed its losses in certain investments, which may shed light on NYSTRS' understanding of the losses it allegedly suffered in connection with its investment in New Century. KPMG, therefore, is entitled to discover these documents. If NYSTRS has concerns regarding the confidentiality of these documents, NYSTRS may designate the documents as confidential.

Request No. 59 seeks all documents that are referred to in the Complaint. NYSTRS' agrees that, "[t]o the extent that [it] has any non-privileged documents in its files, including publicly available documents, that are referred to in the Complaint, they will be produced." However, NYSTRS further states that, "[t]o the extent that NYSTRS' counsel has

LA1 1595196v.3



Elizabeth Lin, Esq.
July 1, 2009
Page 10

documents referred to in the Complaint as a result of its investigation that are publicly available, they will not be produced, as they are equally accessible to KPMG." The fact that responsive documents are equally accessible to KPMG is irrelevant. KPMG is entitled to discovery of <u>all</u> documents referred to in the Complaint because such reference in the Complaint brings these documents directly within the scope of Plaintiffs' claims and thus renders them relevant. Plaintiffs are obligated to produce all responsive documents in their possession, custody and control, and may not arbitrarily limit the scope of their production to documents that are not publicly available. Please explain which categories of documents referred to in the Complaint are being withheld because "they are equally accessible to KPMG" as we may be able to reach a compromise regarding certain categories of documents.

<u>The Meaning of Plaintiffs' Responses to Certain Requests</u>

There are certain Requests as to which we seek clarification regarding the meaning of NYSTRS' responses, as discussed below.

First, there are certain Requests as to which NYSTRS agrees to produce documents that "*specifically* refer or relate to its investment in New Security" or that relate to its "*specific decision* to invest in New Security...." (Requests Nos. 1-3) (Emphasis Added). Please explain the meaning of "specifically refer or relate to its investment" and "specific decision to invest." Please also explain whether NYSTRS' use of the terms "specific" and "specifically" means that responsive documents are being withheld from NYSTRS' production.

Second, there are a number of Requests in which NYSTRS' agreement to produce documents includes the following language: (1) "NYSTRS is presently not aware of any documents *in its files* from...." (Request Nos. 9, 10, 34, 36-38, 58, 67-68 ) (Emphasis added); (2) "NYSTRS will produce non-privileged documents *from its files* that refer or relate to...." (Request Nos. 42-47) (Emphasis added); or (3) "to the extent that NYSTRS has any non-privileged documents *in its files*...." (Request Nos. 50-57, 59). Please explain what NYSTRS means when it agrees to produce documents "from its files" or when it states that it is not aware of documents "in its files." As you know, the producing party's obligation is to produce responsive documents in its possession, custody or control. For example, if Plaintiffs employ an outside investment advisor and/or broker who has responsive documents, those documents must be produced even if they are not "from [Plaintiffs'] files" because the documents are under Plaintiffs' control. Therefore, please confirm that a diligent and reasonable search of all documents in Plaintiffs' possession, custody or control, including electronically stored information, has been made to identify documents responsive to these Requests, and that no documents in Plaintiffs' possession, custody or control are being withheld based on the arbitrary use of the phrases "in its files" or "from its files" as set forth in Plaintiffs' Amended Responses.

LA1 1595196v.3



Elizabeth Lin, Esq.
July 1, 2009
Page 11

       Third, there are several Requests as to which NYSTRS responds that it is "presently not aware of" documents responsive to the Requests (Request Nos. 4, 5, 9, 10, 15-17, 19, 21-38, 48, 49, 58, 63, 65-69). As discussed above, it is Plaintiffs' responsibility to conduct a reasonable and diligent search to identify responsive documents, and to produce the responsive documents in its possession, custody or control that are identified as a result of that search. Therefore, please confirm that a reasonable and diligent search has been conducted to identify documents responsive to these Requests.

       Finally, a number of NYSTRS' responses to the Requests refer to "New Century documents." (Request Nos. 33, 34, 50-57, 59, 67-69). Please explain what you mean by "New Century documents," and what categories of documents are encompassed within the scope of this language.

       Please provide us with a response regarding these matters by Wednesday, July 8, 2009.

Sincerely,

*Jodi Lopez*

Jodi E. Lopez

cc: Robert B. Martin III

LA1 1595196v.3