# Exhibit F

# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

ATTORNEYS AT LAW

NEW YORK • CALIFORNIA • NEW JERSEY • LOUISIANA

ELIZABETH P. LIN
elizabethl@blbglaw.com
(858) 720-3184

July 8, 2009

**VIA U.S. MAIL AND E-MAIL**

Jodi Lopez
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013

    Re:    *In re New Century*, Civil Case No.: 07-00931-DDP (FMOx)

Dear Jodi:

    I write in response to your July 1, 2009 letter relating to KPMG's requests for documents from Plaintiffs.

    First, we strongly disagree with KPMG's assertion that it is somehow entitled as a matter of right to all of the documents that it has requested from Plaintiffs. On the contrary, many of KPMG's sixty-nine separate document requests (in fact, the most numerous that I have ever encountered that has been issued plaintiffs in a securities class action) are overbroad, irrelevant, and even harassing. Particularly where, as here, Plaintiffs are merely investors who have suffered losses in their New Century investments and were not privy to any non-public information concerning the Company at the time of their investments, KPMG's requests for documents that are unrelated to their investments in New Century – for example, all of NYSTRS' Board of Trustee minutes – are inappropriate and are being used as a tool to dissuade NYSTRS from serving as lead plaintiff in this case, which is directly contrary to the intent of Congress in enacting the Private Securities Litigation Reform Act to encourage institutional investor participation.

    Second, as evident in NYSTRS' responses, NYSTRS has agreed to produce all relevant documents requested by KPMG relating to New Century or this Action, including agreeing to produce certain categories of documents for periods extending well beyond the Class Period, the retention letter with its counsel in this Action, and documents its counsel obtained from

12481 HIGH BLUFF DRIVE • SUITE 300 • SAN DIEGO • CA 92130-3582
TELEPHONE: 858-793-0070 • www.blbglaw.com • FACSIMILE: 858-793-0323

F- 134

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Jodi Lopez
July 8, 2009
Page 2

---

confidential witnesses – all of which are often subjects of contentious discovery motions. That NYSTRS has agreed to produce these documents demonstrates its good faith.

Third, contrary to your unfounded suggestion that NYSTRS may somehow be deliberately hiding the ball or attempting to withhold documents, this is certainly not the case. NYSTRS has been more than forthright with regards to its documents, including specifically informing KPMG whether certain of the requested documents exist. Further, NYSTRS has specifically articulated its position with respect to both (i) the documents in its files and (ii) the documents of its counsel in the course of investigating the claims and allegations in this Action. In cooperating with discovery in this matter, NYSTRS has provided much more than the Federal Rules require.

In an effort to provide further clarity relating to Plaintiffs' document production following our meet and confer on June 5, 2009, we sent you a letter dated June 11, 2009 specifying NYSTRS' positions with respect to each of KPMG's extensive requests. The additional information set forth in our June 11, 2009 are not "Amended Responses," as you have mischaracterized, but are meant to clarify and explain what NYSTRS will or will not produce.

<u>Responding Party</u>

In your July 1, 2009 letter, you asked for clarification on whether the "Amended Responses" also applied to Plaintiffs Larson and Hooten. KPMG's Requests themselves, however, are unclear on whether the Requests apply to all or some of the Plaintiffs. Indeed, the Requests define "You" and "Your" as Plaintiffs NYSTRS, Carl Larson ***and/or*** Charles Hooten, but fail to specify with respect to each of the Requests the Plaintiff from whom it is seeking responses. Indeed, many of the Requests, such as Request Nos. 11-14, 20-32, appear to relate to NYSTRS only; yet these Requests refer to "You" or "Your." Despite the ambiguity regarding whether all of KPMG's requests are directed at all of the Plaintiffs, Plaintiffs have attempted in good faith to respond to KPMG's requests by specifying NYSTRS in their responses where it appears that the Request was specifically directed at NYSTRS.

Your July 1, 2009 letter also states that, "[i]f the "Amended Responses" do not apply to Larson and Hooten, please advise when amended responses to the Requests from Larson and Hooten will be provided." As stated above, the positions set forth in my letter of June 11, 2009 were not "Amended Responses," and there is no requirement to provide any "Amended Responses" for Larson and Hooten, who previously provided Objections and Responses. While the June 11, 2009 letter was meant to apply to NYSTRS, however, to the extent that NYSTRS has agreed to produce documents responsive to Request Nos. 1-5, 9-10, and 15-19 for the period January 1, 2005 to April 27, 2007, and has agreed to produce documents responsive to Request Nos. 6-8 for the period January 1, 2005 to the present, Plaintiffs Larson and Hooten will agree to

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Jodi Lopez
July 8, 2009
Page 3

---

do the same. NYSTRS' responses to Request Nos. 15-19, 33-69 similarly apply to Larson and Hooten.

Request No. 20 (guidelines and policies re investments)

Contrary to your contention, NYSTRS did not arbitrarily limit the scope of their production to Request No. 20 to the time period of January 1, 2005 to April 27, 2007. NYSTRS responded that they would produce documents within this time period because KPMG's Request was overbroad and vague, as it failed to specify any time period whatsoever for this Request. Further, the time period of January 1, 2005 to April 27, 2007 is consistent with the time period requested by KPMG in its other Requests.

Request Nos. 9 and 10 (earnings and analyst calls)

NYSTRS' response to Request Nos. 9 and 10 are clear on their face. If NYSTRS has any documents relating to earnings and analysts calls, it will produce them. Because KPMG has defined "You" and "Your" to include NYSTRS' attorneys, we specifically explained that if NYSTRS' attorneys, in the course of investigating this action, independently obtained and reviewed publicly available documents concerning New Century, including earnings and analysts calls, this constitutes work product and will not be produced. Your letter also appears to seek clarification on whether documents regarding earnings and analysts calls that NYSTRS' counsel received from NYSTRS, witnesses or other plaintiffs would be produced. If NYSTRS' counsel received such documents from NYSTRS, witnesses or other plaintiffs, they will be produced.

Request Nos. 16 and 17 (dividends and income)

With respect to Request No. 16, your July 1, 2009 letter asserts that NYSTRS cannot limit the scope of production to documents "sufficient to show the dollar amount of any dividend and/or dividends it received from New" and asks us to "explain the categories of documents responsive to Request No. 16 that are being withheld." As we explained in our meet and confer, only the dollar amount of dividends that NYSTRS received from New are relevant in this case. Contrary to your assertion, we fail to see how all documents relating to dividends are relevant to KPMG's defenses that Plaintiffs' alleged damages are not attributable to KPMG. In any event, we do not believe there were any emails or other communications regarding dividends from New Century.

With respect to Request No. 17, it continues to be unclear what KPMG means by "income." To the extent that NYSTRS received proceeds – if that is what you mean by "income" – from sales of New Century securities, we will agree to produce it from January 1, 2005 to the present. With respect to dividends, as we agreed to in Request No. 16, we will

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Jodi Lopez
July 8, 2009
Page 4

---

produce documents sufficient to show dollar amounts of the dividends from January 1, 2005 to April 27, 2007.

Request Nos. 21-23 and 26 (other investment referenced in NYSTRS' annual financial report)

Contrary to your assertions, KPMG's requests relating to investment vehicles described in NYSTRS' annual financial reports and other investment decisions are irrelevant and inappropriate. NYSTRS has already agreed to produce any documents relating to its investment in New Century or this litigation. NYSTRS' overall practice and/or strategy for investing in mortgage-related vehicles or investments pursuant to the "Leeway Clause" – especially when we have informed KPMG that NYSTRS' did not invest in New Century under the Leeway Clause – are not at issue in this Action. *See Palumbo v. Shulman,* 1998 U.S. Dist. LEXIS 11467 (S.D.N.Y. July 24, 1998) (inappropriate to delve into investment portfolios). These documents will not be produced.

Request Nos. 27-32 (NYSTRS' Investment Advisory Committee, Real Estate Advisory Committee, and REIT Real Estate Advisors)

In your July 1, 2009 letter, you proposed that "Plaintiffs produce all documents, including but not limited to, communications, concerning NYSTRS' Investment Advisory Committee, Real Estate Advisory Committee, and REIT Real Estate Advisors from January 1, 205 to the present to the extent that the document refer or relate to Plaintiffs' investments in mortgage-related investment vehicles, companies, and REITS, including but not limited to, documents sufficient to show the risk profiles of the investments and/or entities in which Plaintiffs invested and any analysis or due diligence Plaintiffs performed on these investments and/or entities." As stated above, Plaintiffs' non-New Century related investments are irrelevant and will not be produced.

Request Nos. 33 and 34 (Communications with New Century Personnel)

With respect to Request No. 33, contrary to KPMG's contention, any communications NYSTRS' counsel had with any New Century personnel in the course of investigating the claims and allegations in anticipation of litigation are protected and privileged. Indeed, if KPMG were to have access to NYSTRS' counsel's investigative materials and communications, NYSTRS' counsel should correspondingly have access to similar materials from KPMG's counsel.

With respect to Request No. 34, we do not understand which part of our response you find unclear. We have stated that it is our position that copies of New Century documents NYSTRS' counsel received from former New Century personnel constitutes work product as they were obtained in the course of investigating the claims and allegations in this Action.

F- 137

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Jodi Lopez
July 8, 2009
Page 5

---

Nonetheless, in the spirit of compromise, we agreed to produce them without waiver of work product.

Request Nos. 35-38 (Communications with or documents from any current and/or former NEW shareholder)

Contrary to your assertion, documents from and communications between NYSTRS' counsel and New Century shareholders regarding this Action – even if not a lead or named plaintiff – are privileged. *See Vodak v. City of Chicago,* 2004 U.S. Dist. LEXIS 532 (N.D. Ill. Jan. 15, 2004) ("the existence of an attorney-client relationship is not tied to actual employment of the lawyer"). Even if not privileged, any such documents and communications are irrelevant to any claim or defenses in this action, and will not be produced.

Request Nos. 50-57 (Contentions)

Documents that NYSTRS' counsel reviewed and collected in the course of its investigation in this case are privileged, as they reflect counsel's state of mind and were done in anticipation of litigation. They are protected by the work product doctrine and will not be produced.

Request Nos. 60-61 (Information relating to prior lawsuits and affidavits that identify prior litigation)

NYSTRS has informed KPMG that it has been involved in two securities class actions, and has agreed to produce the complaints in those cases. Request No. 60, which seeks documents in the last ten years relating to any lawsuits to which Plaintiffs have been a party "that involved allegations relating to securities transactions, alleged federal or state securities violations, class allegations, allegations concerning professional malpractice, corporate control, breach of fiduciary duty, fraud claims and/or shareholder derivative claims," is overbroad. Indeed, the PSLRA only restricts a person who has brought more than five securities class actions during a three year period from serving as a lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(B).

Similarly, Request No. 61 for "affidavits, certifications or other sworn statements" filed in any court in the past ten years that identify litigation to which Plaintiffs have been a party – without regard to the type or nature of the lawsuit – is also overbroad and fishes for irrelevant information. Plaintiffs will produce documents responsive to this request only to the extent that the affidavits, certifications or sworn statements relate to securities class actions.

F-138

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Jodi Lopez
July 8, 2009
Page 6

---

Request Nos. 62, 64, and 65 (Plaintiffs' relationship with counsel)

With respect to Request No. 62, NYSTRS is unaware of other documents responsive to Request No. 62 other than submissions received from various counsel. These privileged documents will be included in a privilege log to be provided to KPMG either along with, or shortly following, Plaintiffs' production of documents.

With respect to Request No. 64, the retention letter is the only document responsive to this Request.

With respect to Request No. 65, the term "relationship" is overly vague and ambiguous. As we previously stated, NYSTRS is not aware of any prior existing familial, social or employment relationship with its counsel unrelated to this Action. The request in your July 1, 2009 letter asking us to let you know whether Plaintiffs have any documents that "refer or relate to a relationship, whether professional or non-professional," does not help clarify the ambiguity. For your information, this is the first case in which we have represented NYSTRS.

Request Nos. 67 and 69 (confidential witnesses)

With respect to Request No. 67, to further clarify, NYSTRS is presently not aware of any documents (whether privileged or not) in its files from January 1, 2005 to the present from any confidential witness identified in the Complaint. Similarly, NYSTRS is presently not aware of any communications (whether privileged or not) from January 1, 2005 to the present between it and any confidential witness identified in the Complaint.

Request Nos. 1, 5, 11, and 59

With respect to Request No. 1, NYSTRS agreed to produce documents sufficient to evidence its transactions in New Century, and stated that it is not aware of any documents concerning instructions to or from brokers, agents, advisors or manager that specifically refer or relate to its investment in New Century. In essence, this means that to the extent that NYSTRS has documents responsive to Request No. 1 relating to New Century, they will be produced.

With respect to Request No. 5, you requested that NYSTRS advise whether there are documents regarding any research or due diligence performed *on behalf of* NSYTRS regarding New Century and, if so, whether NYSTRS will produce them. We do not believe that any such documents exist, but to the extent they do, NYSTRS will produce them.

With respect to Request No. 11, NYSTRS has agreed to produce minutes and other documents provided to NYSTRS' Board of Trustees to the extent they concern New Century or this litigation and are not privileged. Contrary to your assertion, KPMG is not entitled to all

F-139

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Jodi Lopez
July 8, 2009
Page 7

---

minutes and documents provided to NYSTRS' Board of Trustees, including those that neither relate to New Century or this litigation.

With respect to Request No. 59, the public documents that NYSTRS' counsel independently obtained and reviewed in the course of investigating the claims and allegations in this lawsuit constitute work product. As such, they will not be produced as we previously discussed.

<u>The Meaning of Plaintiffs' Responses to Certain Requests</u>

The use of the phrase "specifically refer or relate to its investment in New Century" or "specific decision to invest in New Century" in Request Nos. 1-3 do not mean that NYSTRS is withholding responsive documents.

The use of the term "in [NYSTRS'] files" in connection with certain of the responses is meant to distinguish NYSTRS' documents from the documents of NYSTRS' counsel in the course of investigating the allegations and claims in this Action. To the extent that an outside investment advisor and/or broker has responsive documents, NYSTRS will produce them to the extent it can do so. NSYTRS has performed and continues to perform a diligent and reasonable search of all documents in its possession, custody or control, including electronically stored information, to identify documents responsive to the Requests.

With respect to your request for an explanation of what is meant by "New Century documents" in Request Nos. 33, 34, 50-57, 59, 67-69, the meaning is clear on its face – documents produced or created by New Century or its employees.

Very truly yours,

Elizabeth P. Lin

EPL/jmg
cc:    Salvatore Graziano