# Exhibit G



SIDLEY AUSTIN LLP
555 WEST FIFTH STREET
LOS ANGELES, CA 90013
(213) 896 6000
(213) 896 6600 FAX

jlopez@sidley.com
(213) 896-6099

BEIJING
BRUSSELS
CHICAGO
DALLAS
FRANKFURT
GENEVA
HONG KONG
LONDON
LOS ANGELES
NEW YORK
SAN FRANCISCO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
WASHINGTON, D.C.

FOUNDED 1866

August 5, 2009

**VIA E-MAIL**

Elizabeth Lin, Esq.
Bernstein Litowitz Berger & Grossmann LLP
12481 High Bluff Drive, Suite 300
San Diego, CA 92130

Re: *In re New Century*, Civil Case No.: 07-00931-DDP (FMOx)

Dear Elizabeth:

Following our telephonic meet-and-confer conference on Thursday, July 23 and Friday, July 24, 2009 regarding plaintiffs' Responses and Objections ("Responses") to KPMG LLP's First Set of Requests for Production of Documents ( "Requests"), we write to confirm the issues we discussed and the agreements we reached during the conference, and to further explain why KPMG is entitled to the documents it seeks in response to certain Requests. We break down our summary below according to the pertinent Requests.

In addition, as expressed in our July 1, 2009 letter, our Requests are directed to Plaintiffs New York State Teachers' Retirement System ("NYSTRS"), Carl Larson ("Larson"), and Charles Hooten ("Hooten"). Therefore, please confirm whether the confirmations and agreements discussed below also apply to Messrs. Larson and Hooten.

Request No. 1

Request No. 1 seeks "[a]ll DOCUMENTS, including but not limited to, all records, confirmations, orders, account statements, and instructions to or from brokers, agents, advisors or managers . . . that refer or relate to [Plaintiffs'] investments in NEW SECURITY." You stated in your July 8, 2009 letter that NYSTRS will produce documents "sufficient to evidence its transactions in New Century." We asked during our conference what documents exist that are responsive to this Request and that you have not yet agreed to produce. You explained that NYSTRS's decision to invest in New Century securities arose solely from an indexing process, rather than pursuant to instructions or advice from brokers, agents, advisors, or managers. You further explained that the indexing process does not generate confirmatory documents. You also stated that NYSTRS conducted a thorough search for documents responsive to this Request and no responsive documents from the class period and no

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships

communications with any brokers, agents, advisors, managers or anyone else were located. You agreed, however, that NYSTRS would produce electronic data memorializing all transactions, purchases, and/or sales of New Century securities.

Your claim that there are no instructions or communications to or from any brokers, agents, advisors, or managers concerning NYSTRS's investments in New Century securities is seemingly inconsistent with your statement during our conference that NYSTRS has an outside investment advisor that may have documents responsive to certain Requests. Please confirm whether NYSTRS has in its actual or constructive possession, custody, or control any documents regarding communications with the outside investment advisor you identified, or any other outside advisor, broker, agent or manager, concerning NYSTRS's investments in New Century, and if so, please confirm NYSTRS will produce those documents.

Request No. 11

Request No. 11 seeks the minutes of NYSTRS's Board of Trustee meetings, including documents "that were provided to NYSTRS' Board of Trustees in connection with such meetings and/or memorialize all or part of a Board of Trustees meeting." In your July 8, 2009 letter, you stated that "NYSTRS has agreed to produce minutes and other documents provided to NYSTRS' Board of Trustees to the extent they concern New Century or this litigation and are not privileged." During our conference, you asserted that the requested minutes that do not concern New Century or this litigation are not relevant because the investments NYSTRS made in New Century securities were made pursuant to an indexing process.

KPMG is entitled to the documents sought in this Request because they are either relevant to this litigation or may lead to the discovery of admissible evidence. As recognized by the Court in its July 8, 2009 Order, "[a] request for discovery should be allowed unless it is clear that the information sought can have no possible bearing on the claim or defense of a party." NYSTRS's Board of Trustee meeting minutes and documents provided to the Board at or in advance of the meetings could be directly relevant by showing NYSTRS's understanding of market conditions, investment risks, or warnings of which NYSTRS was aware, or the sources or causes to which NYSTRS attributed its losses in certain investments, including in New Century securities or other mortgage-related investments. The minutes may also confirm, explain, or refute NYSTRS's purported use and/or reliance upon the indexing process and how that process affected NYSTRS's investments. Such information may also provide insight into NYSTRS's investment philosophies and strategies, which may have impacted NYSTRS's investment decisions concerning New Century securities or other mortgage-related investments. Indeed, because of the asserted absence of documents responsive to Request No. 1, NYSTRS's Board of Trustee minutes may be the only documents that explain NYSTRS's investment decisions and strategies, which are clearly relevant to this litigation. Even where a party's board or committee





meetings are not directly relevant, courts will still allow discovery where, as here, the disclosure of such information could lead to the discovery of admissible evidence. *See Fabich v. Mont. Rail Link, Inc.*, 2003 Mont. Dist. LEXIS 1833, at *20–22 (Mont. Oct. 27, 2003) (unredacted meeting minutes were discoverable where they did not relate to plaintiff's alleged injury but could lead to the discovery of admissible evidence).

Request No. 16

Request No. 16 seeks all documents "that refer or relate to any dividend [Plaintiffs] received from New Century, including but not limited to, DOCUMENTS sufficient to show the dollar amount of any dividend and/or dividends [Plaintiffs] received from NEW." In your June 11, 2009 letter, you stated that NYSTRS will produce documents "sufficient to show the dollar amount of any dividend and/or dividends it received from New." When we asked on our conference if NYSTRS has any communications concerning any dividends it received from New Century, you explained that NYSTRS was paid a dividend by New Century electronically. You agreed that NYSTRS will produce a transactional report establishing all of the dividends NYSTRS received from New Century. You further stated that other than this report, there are no other documents responsive to this Request in NYSTRS's actual or constructive possession, custody or control.

Request No. 20

Request No. 20 seeks all documents "that refer or relate to [Plaintiffs'] proposed or actual guidelines, policies, procedures, practices, rules, goals, plans, strategies or criteria relating to domestic equity investments, common stock, diversification, preferred stock, REITs and/or dividends, including but not limited to, DOCUMENTS that refer or relate to [Plaintiffs'] trading policy, investment policy, risk tolerance, and/or investment objectives." The Request did not specify a timeframe relating to the production of documents because the date of the requested documents is not a factor that bears on the relevance of these documents. However, in your June 11, 2009 letter, NYSTRS only agreed to produce "documents responsive to this Request from January 1, 2005 to April 27, 2007." You stated on the conference that NYSTRS has already produced its 2005, 2006 and 2007 investment guidelines. You stated, however, that you need to confirm with NYSTRS whether it will agree to produce its 2008 investment guidelines. You also stated that you would confirm whether there are any responsive documents other than investment guidelines that have not been produced. In light of the undisputed discoverability of the requested documents, please let us know as soon as possible whether NYSTRS will produce those 2008 guidelines. Please also let us know whether there are any additional documents responsive to this Request and, if so, whether NYSTRS will produce those documents.





Request Nos. 21-23 and 26-32

Request No. 21 seeks documents that refer or relate to "any policy, practice, procedure and/or strategy relating to the...investment vehicles described in the 'Notes to Financial Statements' section of [NYSTRS's] annual financial report for the fiscal years ended June 30, 2006 and June 30, 2007...." Request Nos. 22, 23, and 26 seek documents that refer or relate to (1) NYSTRS's investment strategy and/or policy relating to investments made pursuant to the "Leeway Clause" of NYSTRS's annual financial reports for the fiscal years ended June 30, 2006 and June 30, 2007; (2) investments made pursuant to the "Leeway Clause;" and (3) mortgage investments acquired under the "Leeway Clause." Finally, Request Nos. 27-32 seek (1) documents that were "created by or received from, either directly or indirectly, and/or all communications with" NYSTRS's Investment Advisory Committee, Real Estate Advisory Committee and REIT Real Estate Advisors ("NYSTRS's Committees and Advisors"); and (2) "documents, including but not limited to, notes, minutes and/or agendas," that refer or relate to any meeting of NYSTRS's Committees and Advisors, including "documents that were provided [to the committees] in advance of or at such meetings." As we explained during our conference, documents responsive to these Requests may pertain to NYSTRS's general investment philosophy and/or strategy concerning mortgage-related investment vehicles and REITs. You replied that the investments made by NYSTRS pursuant to the investment vehicles described in its "Notes to Financial Statements" section of the 2006 and 2007 annual reports, the "Leeway Clause," and NYSTRS's Committees and Advisors, do not concern mortgage-related investments. NYSTRS further states that its investments in New Century securities were not made pursuant to any of the vehicles, advisors, or committees described in these Requests. You offered, however, to provide us with information to explain your position that the documents sought in these Requests are not relevant. Please provide us with this information as soon as possible.

Regardless, KPMG is entitled to any documents that are responsive to these Requests. Discovery pertaining to NYSTRS's prior investment history, strategy, practice, and/or decisions are relevant to an understanding of its sophistication, knowledge, investment preferences, risk tolerance, and reliance on KPMG's alleged misstatements. Discovery of a party's investment history, strategies, and decisions have been allowed for such purposes. *See, e.g.*, *In re Acceptance Ins. Co. Sec. Litig.*, 2002 U.S. Dist. LEXIS 27681, at *13 (D. Neb. Aug. 2, 2002) (documents concerning named plaintiffs' complete investment and trading history were directly relevant to the allegations that defendants perpetrated a fraud on the market by making false and misleading statements during the class period). Such discovery is also relevant as it may relate to the class action allegations in the complaint. *See Goldman v. Alhadeff*, 1990 U.S. Dist. LEXIS 11808, at *4–6 (W.D. Wash. Jan. 31, 1990) (discovery related to plaintiffs' "investment portfolio and transactions," was allowed because it was relevant to the lead plaintiff's level of sophistication, which is a unique defense precluding class certification).





Accordingly, NYSTRS must immediately produce all documents responsive to these Requests.

Request Nos. 33 and 34

Request No. 33 seeks all communications "with NEW, including but not limited to, COMMUNICATIONS with any current and/or former officer, director, employee and/or agent of NEW." Similarly, Request No. 34 seeks all documents "from NEW, including but not limited to, DOCUMENTS from any current and/or former officer, director, employee and/or agent of NEW." With respect to Request No. 33, you asserted in your July 8, 2009 letter that "any communications NYSTRS' counsel had with any New Century personnel in the course of investigating the claims and allegations in anticipation of litigation are protected and privileged." Regarding Request No. 34, you stated in your June 11, 2009 letter that "[c]opies of any New Century documents NYSTRS' counsel received from any current and/or former officer, director, employee and/or agent of New…will be produced without waiver of its work-product." Contrary to your assertion, the work-product privilege is waived once the document is produced.

During our conference, you stated that you would re-evaluate the position you took in your July 8 letter that communications you had with any New Century personnel in the course of investigating the claims and allegations of this action are privileged. Please let us know if you intend to withhold responsive documents on this ground. As we explained during the conference, the work-product privilege does not allow Plaintiffs to withhold documents you collected in the course of your investigation, nor does it permit Plaintiffs to withhold communications you had with New Century personnel in the course of your investigation. Such documents are not protected and are discoverable. *See Hickman v. Taylor,* 329 U.S. 495, 508 (1947) (work-product privilege "does not extend to information which an attorney secures from a witness while acting for his client in anticipation of litigation."); *see also In re Acceptance Ins. Co. Sec. Litig.*, 2002 U.S. Dist. LEXIS 27681, at *11 ("At its heart, the work product doctrine protects an attorney's mental thought process and strategies, not the underlying facts which may give rise to the attorney's mental impressions, conclusions, and opinions."); *Green & Shinee v. Superior Court*, 88 Cal. App. 4th 532, 536-37 (2001) ("Documents prepared independently by a party, including witness statements, do not become privileged communications or work product merely because they are turned over to counsel."). Consequently, documents you collected and communications you had with New Century personnel in the course of your investigation are not protected and must be produced immediately.

You also explained during our conference that in response to Request No. 34 NYSTRS will produce all New Century documents obtained from any current or former officer, director, employee, and/or agent of New Century, and will otherwise inform KPMG if NYSTRS withholds any documents responsive to this Request. You stated, however, that you would not





identify the New Century officers, directors, and/or employees with whom you have communicated because you asserted that "counsel's investigation is privileged."

Request Nos. 35 and 36

Request Nos. 35 and 36 seek Plaintiffs' communications with and documents from "any current and/or former NEW shareholder concerning NEW." You stated that the only New Century shareholders you have communicated with are the shareholders who retained you as counsel and that you have not communicated with any putative class members. You stated you will provide confirmation of this point. Please confirm this point as soon as possible.

Request Nos. 37 and 38

Request No. 37 seeks all communications between or among Plaintiffs and "any other Plaintiff and/or putative class member in this ACTION." Request No. 38 similarly seeks all documents created by or received from "any other Plaintiff and/or putative class member in this ACTION."

With respect to Request No. 37, you stated that you believe the only communications responsive to this Request are communications between NYSTRS and the two Named Plaintiffs, Messrs. Larson and Hooten. However, you stated that you will provide confirmation on this point. Please confirm this point as soon as possible.

Regarding Request No. 38, you stated that NYSTRS may have had communications with other Plaintiffs' attorneys when it was seeking to become lead plaintiff for this class action. Nevertheless, you have not confirmed whether documents responsive to this Request will be produced. Therefore, please confirm that all responsive documents will be produced.

You also asserted earlier in your June 11, 2009 letter that "[a]ll communications . . . between or among NYSTRS's counsel and any other Plaintiff and/or putative class member in this Action that refer or relate to New or to this Action are protected by the attorney-client privilege and will not be produced." The requested communications, however, are not privileged for the simple reason that NYSTRS's counsel does not represent any putative class member until the Court certifies a class in this action. *See In re McKesson HBOC, Inc.*, 126 F. Supp. 2d 1239, 1245 (N.D. Cal. 2000); *see also Atari, Inc. v. Superior Court*, 166 Cal. App. 3d 867, 879 (1985). Moreover, the case you cite in your July 8, 2009 letter in support of NYSTRS's position – *Vodak v. City of Chicago*, 2004 U.S. Dist. LEXIS 532 (N.D. Ill. 2004) – holds that the attorney-client privilege generally protects communications in which a party consults counsel for the purpose of seeking legal advice. Thus, documents may not be withheld pursuant to the attorney-client privilege unless you can establish that every plaintiff or putative class member with whom you





communicated reasonably believed that they were communicating with you in your capacity as their attorney <u>and</u> for the purpose of requesting legal advice. In addition, *Vodak* does not supersede *In re McKesson HBOC, Inc.* and *Atari*, which explicitly hold that in California, putative class members are not represented by lead plaintiff's counsel prior to certification of the class. Thus, any documents regarding your communications with any other plaintiff and/or putative class member other than NYSTRS are not privileged and must be produced immediately.

<u>Request Nos. 50-57</u>

Request Nos. 50-57 seek documents (1) that support Plaintiffs' claims and/or defenses in the Complaint, and (2) that refer or relate to certain contentions in paragraphs 538-540, 49, 50, 51, and 53 of the Complaint. You confirmed that you are not withholding any documents other than publicly-available documents that you collected during your investigation. You confirmed, however, that all documents obtained from all confidential witnesses during the course of your investigation are being produced.

<u>Request No. 59</u>

Request No. 59 seeks all documents "referred to in the Complaint." You confirmed that NYSTRS will produce all documents responsive to this Request other than publicly available documents. You elaborated that such documents include press releases and SEC filings and that no other responsive documents are being withheld.

<u>Request Nos. 60 and 61</u>

Request No. 60 seeks "complaints, amended complaints, and/or transcripts of any testimony given by [Plaintiffs] in any deposition or trial" for lawsuits to which Plaintiffs have been a party "that involved allegations relating to securities transactions, alleged federal or state securities violations, class allegations, allegations concerning professional malpractice, corporate control, breach of fiduciary duty, fraud claims and/or shareholder derivative claims." Request No. 61 seeks "affidavits, certifications or other sworn statements filed by [Plaintiffs] in any court in the past ten years that identify litigation to which [Plaintiffs] have been a party." In your July 8, 2009 letter, you agreed to produce documents pertaining to the two securities cases—Fremont and New Century—to which NYSTRS has served as a Lead Plaintiff. During our conference, we asked if NYSTRS would agree to produce documents concerning other class actions, state securities cases, or cases involving fraud or professional malpractice claims. You agreed to produce responsive documents concerning other class actions. You also stated that you would confirm with NYSTRS whether it will agree to produce documents concerning state securities cases and cases involving fraud or professional malpractice claims. Please provide us with such confirmation as soon as possible.





Request No. 65

Request No. 65 seeks documents that refer or relate to "any relationship [Plaintiffs] have with [Plaintiffs'] counsel unrelated to this ACTION." In your July 8, 2009 letter, you claimed that the term "relationship" was ambiguous. During our conference, we clarified the Request by asking if anyone at Bernstein Litowitz Berger & Grossman LLP ("Bernstein") knew anyone employed by NYSTRS at any time prior to the commencement of this litigation. You explained that Bernstein was hired by NYSTRS through an interview process in which a number of other firms participated. You further stated that you do not think anyone employed by Bernstein knew anyone employed by NYSTRS at any time before this litigation or has a relationship with someone at NYSTRS separate from this litigation, but you agreed to confirm your belief. Please provide us with such confirmation as soon as possible.

Request Nos. 67 and 69

Request Nos. 67 and 69 seek (1) documents "from any confidential witness identified in the complaint;" (Request No. 67) and (2) communications between Plaintiffs and any confidential witness identified in the complaint (Request No. 69). You stated that NYSTRS is producing all documents it received from any confidential witness. You also stated that you would confirm whether any communications with any confidential witnesses are being withheld pursuant to your work product assertion. As explained in our July 1, 2009 letter and during our conference, communications between you and any confidential witness are not privileged and should be produced.

Meaning of Certain Responses

As stated in our July 1 letter and during our conference, we seek clarification as to certain terminology used in NYSTRS's responses.

You stated that the terms "specifically relate to" and "specific decision to invest in" mean that the document relates to New Century. You confirmed that no documents are being withheld based on this language, and that all documents concerning New Century, except documents that are being withheld on attorney-client privilege or work product grounds, are being produced.

You confirmed that the term "in [NYSTRS's] files" is meant to distinguish NYSTRS's documents from the documents of NYSTRS's counsel collected or prepared in the course of investigating the allegations and claims in this action.

In addition, you stated in your July 8, 2009 letter that "[t]o the extent that an outside investment advisor and/or broker has responsive documents, NYSTRS will produce them to the extent it can do so." In light of this statement, we asked during our conference whether





NYSTRS was producing all documents in its possession, custody and control. You confirmed that NYSTRS is producing everything in its custody and control except documents you collected in the course of your investigation that are being withheld on work product grounds. You further stated, however, that there may be one outside investment advisor of NYSTRS who may have documents responsive to the Requests. You stated you would confirm whether the outside advisor would produce such documents in response to KPMG's Requests. Such documents are in NYSTRS's constructive control and thus must be produced in response to this Request. Please confirm whether NYSTRS will produce such documents.

You also explained that the use of the term "presently not aware" is meant to protect NYSTRS in case any documents are inadvertently not produced. You confirmed, however, that NYSTRS has performed a reasonable and diligent search for responsive documents as required under the Federal Rules of Civil Procedure.

Finally, you stated that the use of the phrase "New Century documents" in certain of NYSTRS's responses in your June 11, 2009 letter refers to documents produced or created by New Century or its personnel. You stated that you do not believe NYSTRS is withholding any "New Century documents." However, you stated there may be some correspondence between NYSTRS's counsel and New Century personnel that is being withheld on work product grounds. You stated that you would confirm whether any such correspondence is being withheld. Please provide such confirmation as soon as possible. As explained above, withholding such documents on work product grounds is inappropriate and responsive documents must be produced.

Please let us know as soon as possible if any of the above does not comport with your understanding, and whether NYSTRS will produce documents responsive to the Requests discussed above. Please provide us with a response regarding these matters by Thursday, August 13, 2009. Any issues that remain following your August 13 response will be brought to the Court for resolution. We anticipate providing KPMG's portion of the joint stipulation within a week of receiving your response.

Sincerely,

Jodi E. Lopez

LA1 1617584v.1