# Exhibit I



SIDLEY AUSTIN LLP
555 WEST FIFTH STREET
LOS ANGELES, CA 90013
(213) 896 6000
(213) 896 6600 FAX

BEIJING
BRUSSELS
CHICAGO
DALLAS
FRANKFURT
GENEVA
HONG KONG
LONDON

LOS ANGELES
NEW YORK
SAN FRANCISCO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
WASHINGTON, D.C.

jlopez@sidley.com
(213) 896-6099

FOUNDED 1866

August 19, 2009

**VIA E-MAIL**

Elizabeth Lin, Esq.
Bernstein Litowitz Berger & Grossmann LLP
12481 High Bluff Drive, Suite 300
San Diego, CA 92130

Re:   *In re New Century*, Civil Case No.: 07-00931-DDP (FMOx)

Dear Elizabeth:

In a final effort to clarify the outstanding issues concerning plaintiffs' Responses and Objections ("Responses") to KPMG LLP's First Set of Requests for Production of Documents ("Requests"), as well as to narrow the issues to be presented to the Court for resolution pursuant to Local Rule 37 and the Court's August 10, 2009 order, we identify below our understanding of your positions as to certain of your Responses. Where your positions as to certain Responses remain unclear, we have set forth questions below to clarify those positions. Please respond to those questions succinctly in your response to this letter. In most cases, a simple "yes" or "no" will suffice.

1. Regarding whether the Responses, as well as the confirmations and agreements reached during the subsequent meet and confer process, apply for NYSTRS and Messrs. Larson and Hooten, do those Responses, confirmations, and agreements as to Request Nos. 1-5, 6-8, 9-10, 15-19, and 33-69 apply for NYSTRS, Mr. Larson, *and* Mr. Hooten?

2. Regarding Request No. 1, will NYSTRS produce *all* documents regarding plaintiffs' investments in NEW securities, including "all records, confirmations, orders, account statements, and instructions to or from brokers, agents, advisors or managers," for the identified time period which are within plaintiffs' actual or constructive custody or control, including all documents held by any outside investment advisor or advisors? If your response to this question is "no," KPMG will seek an order from the Court compelling the production of all such documents.

3. Regarding Request No. 11, we understand that NYSTRS refuses to produce all of its Board of Trustee meeting minutes and all documents provided to the Board "in connection with such meetings" or that "memorialize all or part of a Board of Trustees meeting"

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships

Elizabeth Lin, Esq.
August 19, 2009
Page 2

from January 1, 2005 to the present, except to the extent that they "concern New Century or this litigation and are not privileged." We disagree with plaintiffs' attempt to narrow the scope of the Request, and KPMG will seek to compel the production of all documents responsive to the Request.

    4. With respect to Request Nos. 21-23 and 26-32, we understand that NYSTRS refuses to produce any documents responsive to these Requests on the grounds that such documents are not relevant and it would be an undue burden to produce them. Contrary to your contention, these Requests are relevant to the claims at issue in this litigation, and KPMG will move to compel the production of documents responsive to these Requests.

    5. With respect to Request Nos. 33 and 34, we understand your position to be that you will produce responsive documents that NYSTRS's counsel received from current and/or former New Century personnel if we agree that the production of those documents does not constitute waiver of work product protections.[1] KPMG will agree that the production of those documents will not constitute a waiver of any applicable work-product objection. Please confirm that you will produce such documents according to this agreement.

    We also understand that you will not produce communications between NYSTRS's counsel and current or former New Century personnel, on the grounds of work product. KPMG disagrees with this work-product assertion and will move for an order compelling the production of such documents.

    6. As to Request Nos. 35 and 36, we understand that NYSTRS refuses to produce communications between NYSTRS's counsel and current and/or former NEW shareholders, and putative class members, on the grounds of attorney-client privilege. We also understand that NYSTRS similarly refuses to produce documents its counsel received from any current and/or former NEW shareholders on privilege grounds. KPMG disagrees with this privilege assertion and will move for an order compelling the production of such documents.

    7. With respect to Request No. 37, we understand your position to be that "all communications between or among NYSTRS's counsel and any other Plaintiff and/or putative class member in this Action that refer or relate to New Century or this Action are subject to the attorney-client privilege and will not be produced." Regarding Request No. 38, we understand that NYSTRS is not aware of any non-privileged documents created by or received from any other Plaintiff and/or putative class member in this Action. KPMG disagrees with these privilege assertions and will move to compel the production of such documents.

---

[1] We understand from your June 11, 2009 letter that Plaintiffs are not aware of any communications with or documents from any current and/or former officer, director, employee and/or agent of New Century from January 1, 2005 to April 27, 2007. We also understand that you made this representation after conducting a reasonable and diligent search. Please let us know immediately if our understanding is incorrect.



Elizabeth Lin, Esq.
August 19, 2009
Page 3

       8. Regarding Request Nos. 50-57, are you producing all documents, other than publicly-available documents, that you collected in the course of your investigation, consistent with the representations that you made during our July 23-24 conference?[2] If your response to this question is "no," KPMG will move to compel the production of such documents.

       In addition, as it relates to Request Nos. 50-57, 59 and 67, KPMG will agree that the production of documents obtained from confidential witnesses during the course of NYSTRS's investigation will not constitute a waiver of any applicable work-product objection. Please confirm that you will produce such documents according to this agreement.

       9. As to Request Nos. 60 and 61, we understand that NYSTRS refuses, on the grounds of relevance, to produce documents responsive to these Requests that pertain to other class actions or cases involving fraud or professional malpractice. KPMG disagrees with this assertion and will move to compel the production of such documents.

       10. With Respect to Request No. 65, you confirmed in your August 13, 2009 letter that Bernstein Litowitz represented NYSTRS in the "Columbia/HCA derivative litigation" filed in 1997. Please provide a copy of the complaint from that case so that we may assess whether future discovery is warranted.

       11. Regarding Request No. 69, we understand that NYSTRS's counsel's communications with confidential witnesses will not be produced on the grounds of work product. KPMG disagrees with the work-product assertion and will move to compel the production of such documents.

       Please provide us with a response regarding the above matters by the close of business on Thursday, August 20, 2009 so that we may then present the unresolved issues to the Court for resolution. We anticipate providing you with KPMG's portion of the joint stipulation by Wednesday, August 26, 2009.

                                        Sincerely,

                                        Jodi E. Lopez

---

[2] You confirmed during our July 23-24 conference that you are not withholding any documents other than publicly-available documents that you collected during your investigation.

LA1 1625433v.1