# Exhibit J

# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

ATTORNEYS AT LAW

NEW YORK • CALIFORNIA • LOUISIANA

ELIZABETH P. LIN
elizabethl@blbglaw.com
(858) 720-3184

August 24, 2009

**VIA E-MAIL, U.S. MAIL AND FACSIMILE**

Jodi Lopez
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013

      Re:    *In re New Century*, Civil Case No.: 07-00931-DDP (FMOx)

Dear Jodi:

      I write in response to your letter of August 19, 2009. I note that even though we have previously set forth our positions on each of KPMG's document requests in our letters to you, we will nevertheless respond to each of the enumerated questions raised in your August 19, 2009 letter. The numbered responses below correspond to the numbers in your August 19, 2009 letter.

1. **Application of Responses to NYSTRS, Mr. Larson and Mr. Hooten**: My letters dated June 11, July 8, and August 13, 2009 have repeatedly stated that NYSTRS' agreement to provide documents responsive to Request Nos. 1-5, 6-8, 9-10, 15-19, and 33-69 similarly applies to Messrs Larson and Hooten. To the extent we have in good faith provided "confirmations" or other information specific to NYSTRS (for example, by providing information and confirmation that Fremont and New Century were the only securities class actions in which NYSTRS participated as a plaintiff in the last ten years), they obviously do not apply to Messrs. Larson and Hooten.

2. **Request No. 1**: As previously stated, NYSTRS will produce documents responsive to Request No. 1, including documents held by outside investment advisors. Your emphasis on the word "all" could include all duplicative electronic records which would shed no further information and needlessly burden NYSTRS. However, NYSTRS will produce documents concerning all of its investments in NEW securities.

12481 HIGH BLUFF DRIVE • SUITE 300 • SAN DIEGO • CA 92130-3582
TELEPHONE: 858-793-0070 • www.blbglaw.com • FACSIMILE: 858-793-0323

J- 166

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Jodi Lopez
August 24, 2009
Page 2

———————————

3. <u>Request No. 11</u>: As set forth in my June 11, 2009 letter, "NYSTRS will produce all minutes of NYSTRS' Board of Trustees meetings from January 1, 2005 to the present, including any and all documents that were provided to NYSTRS' Board of Trustees in connection with such meetings and/or memorialize all or part of a Board of Trustees meeting, to the extent the document concerns New Century or this litigation and is not privileged." KPMG is not entitled to minutes and documents relating to NYSTRS' Board of Trustees meetings that are not relevant to New Century or this litigation.

4. <u>Request Nos. 21-23 and 26-32</u>: We have previously set forth the grounds why documents will not be produced in response to these Requests in Plaintiffs' Responses and Objections to Defendant KPMG LLP's First Set of Requests for Production of Documents ("Plaintiffs' Responses and Objections") and in my letters to you regarding these Requests, including my August 13, 2009 letter. It is our position that Request Nos. 21-23 and 26-32 are not relevant to the claims or defenses in this case, are not reasonably calculated to lead to the discovery of admissible evidence, constitute an improper fishing expedition, seek disclosure of private or confidential information and documents, are overly burdensome, and were propounded to harass and annoy.

5. <u>Request Nos. 33 and 34</u>: In light of your agreement that the production of documents that NYSTRS' counsel received from former New Century personnel does not constitute waiver of work product, we will produce these documents. We will not produce communications between NYSTRS' counsel and current or former New Century personnel for the reasons set forth in Plaintiffs' Responses and Objections and in my letters to you regarding these Requests, including my August 13, 2009 letter.

6. <u>Request Nos. 35 and 36</u>: NYSTRS' counsel will not produce its communications or documents from any current and/or former New Century shareholders for the reasons previously set forth in Plaintiffs' Responses and Objections and in my letters to you regarding these Requests, including my August 13, 2009 letter.

7. <u>Request Nos. 37 and 38:</u> With respect to Request No. 37, it is our position that communications between or among NYSTRS' counsel and any other Plaintiff and/or putative class member in this Action that refer or relate to New Century or this Action will not be produced because, as set forth in Plaintiffs' Responses and Objections and in my letters to you regarding these Requests, they are subject to the attorney-client privilege, are not relevant, putative class members are not parties for discovery purposes, and such discovery is inappropriate. With respect to Request No. 38, as reiterated in my previous correspondence to you, NYSTRS is presently not aware of

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Jodi Lopez
August 24, 2009
Page 3

_____

any non-privileged documents in its files responsive to this Request, but if any such non-privileged documents are in NYSTRS' files, we will produce them.

8. Request Nos. 50-57: We will produce all documents, other than publicly available documents, that are referred to in the Complaint. In light of your agreement that KPMG will agree that the production of documents obtained from confidential witnesses during the course of NYSTRS' investigation will not constitute a waiver of work product, we will produce these documents.

9. Request Nos. 60-61: With respect to Request Nos. 60 and 61, we will agree to produce documents responsive to these Requests that pertain to Plaintiffs' involvement as a party in other class actions or cases involving fraud or professional malpractice within the past ten (10) years.

10. Request No. 65: We will provide you with a copy of the Columbia/HCA derivative complaint.

11. Request No. 69: NYSTRS' counsel's communications with confidential witnesses will not be produced for the reasons set forth in Plaintiffs' Responses and Objections and in my letters to you regarding these Requests, including my August 13, 2009 letter.

Very truly yours,

Elizabeth P. Lin

EPL/jmg
cc:   Salvatore Graziano