BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP
BLAIR A. NICHOLAS   (Bar No. 178428)
(blairn@blbglaw.com)
ELIZABETH LIN   (Bar No. 174663)
(elizabethl@blbglaw.com)
BENJAMIN GALDSTON   (Bar No. 211114)
(beng@blbglaw.com)
MATTHEW P. JUBENVILLE   (Bar No. 228464)
(matthewj@blbglaw.com)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:   (858) 793-0323
     -and-
SALVATORE J. GRAZIANO
(sgraziano@blbglaw.com)
HANNAH E. GREENWALD ROSS
(hannah@blbglaw.com)
LAUREN A. MCMILLEN
(laurenm@blbglaw.com)
1285 Avenue of the Americas
New York, NY 10019
Tel:   (212) 554-1400
Fax:   (212) 554-1444

Lead Counsel for Lead Plaintiff New
York State Teachers' Retirement System

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NEW CENTURY | Case No. 2:07-cv-00931-DDP (FMOx) |
| | **DISCOVERY MATTER** |
| | DECLARATION OF ELIZABETH LIN IN OPPOSITION TO KPMG LLP'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS FROM LEAD PLAINTIFF NEW YORK STATE TEACHERS' RETIREMENT SYSTEM AND PLAINTIFFS CARL LARSON AND CHARLES HOOTEN |
| | Date:   October 14, 2009<br>Time:   10:00 A.M.<br>Dept.:   F<br>Judge: Hon. Fernando M. Olguin<br>Discovery Cut-off:   None set<br>Pretrial Conference:   None set<br>Trial:   None set |

I, Elizabeth Lin, hereby state as follows:

1. I am Senior Counsel with the law firm of Bernstein Litowitz Berger & Grossmann LLP, Lead Counsel for Plaintiffs in this case. I make this declaration in opposition to KPMG's Motion to Compel the Production of Documents from Lead Plaintiff New York State Teachers' Retirement System and Plaintiffs Carl Larson and Charles Hooten.

2. On February 9, 2009, Defendants Brad A. Morrice and Patti M. Dodge served their First Set of Requests for Production of Documents to Plaintiffs. The document requests from Defendants Morrice and Dodge contained thirteen separate document requests. Attached hereto as Exhibit A is a true and correct copy of the document requests from Defendants Morrice and Dodge.

3. On March 27, 2009, Defendant KPMG served its First Set of Requests for Production of Documents to Plaintiffs ("KPMG's Requests"). The requests from KPMG, in contrast to those served by Morrice and Dodge's counsel, included sixty-nine separate document requests. (A copy of KPMG's Request is attached as Exhibit A to the Lopez Declaration.)

4. On April 29, 2009, Plaintiffs timely served their Responses and Objections to Defendant KPMG LLP's First Set of Requests for Production of Documents. (A copy of Plaintiffs' Responses and Objections is attached as Exhibit B to the Lopez Declaration.)

5. About a month later, on May 26, 2009, I received a letter from counsel for KPMG, Ms. Jodi Lopez, to initiate the meet and confer process with respect to KPMG's Requests. (A copy of this letter is attached as Exhibit C to the Lopez Declaration.)

6. On June 5, 2009, counsel for Plaintiffs and counsel for KPMG met and conferred regarding KPMG's Requests. Because counsel for KPMG, Ms. Jodi Lopez, indicated during the meet and confer that Plaintiffs' responses to KPMG's Requests were unclear, I provided further clarification to Plaintiffs' responses in a

1  letter dated June 11, 2009 from me to Ms. Lopez.  (A copy of this letter is attached
2  as Exhibit D to the Lopez Declaration.)
3        7.     On July 1, 2009, I received another letter from Ms. Lopez concerning
4  certain of KPMG's Requests.  (A copy of this letter is attached as Exhibit E to the
5  Lopez Declaration.)
6        8.     On July 8, 2009, I responded to Ms. Lopez's letter concerning
7  KPMG's Requests.  Among other things, my July 8, 2009 letter pointed out that
8  NYSTRS had agreed to produce all relevant documents requested by KPMG
9  relating to New Century or this Action, including agreeing to produce certain
10 categories of documents for periods extending well beyond the Class Period, the
11 retention letter with its counsel in this Action, and documents its counsel obtained
12 from confidential witnesses – all of which are often the subject of contentious
13 discovery motions.  I also pointed out that NYSTRS has been more than forthright
14 with regards to its documents, including specifically informing KPMG whether
15 certain of the requested documents exist, and specifically articulating its position
16 with respect to the documents in its own files versus the documents in the files of
17 its counsel which were obtained or created in the course of investigating the claims
18 and allegations in this Action.  With respect to the specific KPMG Requests in
19 dispute, I pointed out that they were either unrelated to New Century or this
20 litigation or were privileged.  (A copy of this letter is attached as Exhibit F to the
21 Lopez Declaration.)
22       9.     On July 16, 2009, notwithstanding KPMG's and Plaintiffs' continued
23 meet and confer over KPMG's Request, Plaintiff NYSTRS made a document
24 production to KPMG.  NYSTRS's document production included, among other
25 things, its investment policy manuals, reports of its domestic equity holdings
26 (including its holdings of non-New Century stock), its comprehensive annual
27 financial reports, news articles concerning New Century, and reports showing its
28 transactions in New Century stock.

10. On July 23 and July 24, 2009, Plaintiffs' Lead Counsel and counsel for KPMG again conferred regarding KPMG's Requests. During the conference on July 23, 2009, with respect to Request Nos. 50-57, concerning KPMG's requests for documents relating to or supporting the allegations in the Complaint, contrary to Ms. Lopez's mischaracterization, Plaintiffs' Lead Counsel stated that documents Plaintiffs' Lead Counsel gathered in preparation of the Complaint would not be produced; however, documents Plaintiffs' Lead Counsel obtained from confidential witnesses in the course of investigating the Complaint would be produced. Plaintiffs' Lead Counsel also stated that if responsive documents were contained in NYSTRS's files, they would be produced. Additionally, during the conference on July 24, 2009, with respect to Plaintiffs' Lead Counsel's documents relating to confidential witnesses, Ms. Lopez stated that "we don't want your notes" regarding the confidential witnesses. Attached hereto as Exhibits B and C are true and correct excerpts from my contemporaneous notes which reflect these discussions on July 23, 2009, and July 24, 2009, respectively.

11. On August 5, 2009, I received another letter from Ms. Lopez regarding KPMG's Requests. On August 13, 2009, I responded to Ms. Lopez's letter. With respect to Request No. 11, seeking the minutes of NYSTRS's Board of Trustees meetings and documents provided to the Board of Trustees, my August 13, 2009 letter explained that Plaintiffs had already agreed to provide KPMG with NYSTRS' Board of Trustees minutes and documents provided in connection with its Board of Trustees meetings to the extent they concern New Century or this litigation and are not privileged, and that KPMG's request for documents that have nothing to do with New Century or this litigation is unreasonable in light of the fact that NYSTRS's investment in New Century is only one of its hundreds of investments for retirees and beneficiaries. With respect to Request Nos. 21-23, 26-32, relating to NYSTRS's investments pursuant to the Leeway Clause and all documents created or receive by and all communications

-3- DECLARATION OF ELIZABETH LIN IN OPP. TO KPMG'S MOTION TO COMPEL
Case No. 2:07-cv-00931-DDP (FMOx)

with NYSTRS's Investment Advisory Committee, Real Estate Advisory Committee, and REIT Real Estate Advisors, my August 13, 2009 letter explained that NYSTRS's investments in New Century were made pursuant to an indexing approach, were not made pursuant to the Leeway Clause, and did not involve its Investment Advisory Committee, Real Estate Advisory Committee or REIT Real Estate Advisors. My letter also explained that none of NYSTRS's investments under the Leeway Clause involved any residential mortgage-backed securities, and that New Century's status as a REIT was not the reason for NSYTRS's investment in New Century. With respect to Request Nos. 50-57, relating to allegations in the Complaint, my August 13, 2009 letter explained that Plaintiffs would produce any non-public documents referred to in the Complaint and agreed to produce all documents Plaintiffs' Lead Counsel obtained from confidential witnesses, provided that KPMG agreed that such a production did not constitute a waiver of attorney work-product. With respect to Request No. 36, my August 13, 2009, letter informed KPMG that NYSTRS was not aware of any documents in its files from any current/former New Century shareholder, and that documents that Plaintiffs' Lead Counsel received from any current/former New Century shareholder were privileged. (Copies of these letters are attached as Exhibit G and H to the Lopez Declaration.)

12. On August 19, 2009, I received another letter from Ms. Lopez concerning KPMG's Requests. On August 24, 2009, I responded to Ms. Lopez's letter even though Plaintiffs had previously set forth their positions with respect to each of KPMG's document requests in their earlier letters to Ms. Lopez. (Copies of these letters are attached as Exhibits I and J to the Lopez Declaration.)

13. On September 9, 2009, notwithstanding the unresolved dispute over KPMG's Requests, Plaintiffs Larson and Hooten made a document production to KPMG. The documents produced included Plaintiffs Larson and Hooten's transactions in New Century securities.

14. On Friday, September 11, 2009, after the close of business, I received KPMG's Joint Stipulation for its motion to compel Plaintiffs' documents by email.

15. With respect to KPMG's Request Nos. 50-57, seeking all documents that support Plaintiffs' claims and that refer or relate to contentions in the Complaint, it appears that KPMG is seeking all documents from Plaintiffs' counsel's investigative files and all discovery obtained to date. In the course of its investigation, Plaintiffs' Lead Counsel selected and reviewed documents that were publicly available, including readily and easily accessible New Century filings with the United States Securities and Exchange Commission ("SEC"), press releases, news articles, the Final Report of bankruptcy court examiner Michael J. Missal, and data concerning New Century's residential mortgage loans that New Century reported pursuant to the Home Mortgage Disclosure Act of 1972 ("HMDA"), available on the Internet. KPMG seemed to agree during the meet and confer process that Plaintiffs' Lead Counsel did not need to produce publicly available documents in its files. Aside from the publicly available information, the non-publicly available documents responsive to Request Nos. 50-57 are: (1) records of Plaintiffs' transactions in New Century securities, which have been produced; (2) documents from third parties produced to Plaintiffs' Lead Counsel pursuant to its subpoenas, which Plaintiffs' Lead Counsel have provided to Defendants during the course of this Litigation; and (3) documents concerning Plaintiffs' Lead Counsel's communications with, and documents Plaintiffs' Lead Counsel received from, confidential witnesses in the course of investigating the claims and allegations in this case. Because Plaintiffs' Lead Counsel has agreed to produce all documents it received from confidential witnesses, it appears that, through Request Nos. 50-57, KPMG is really seeking documents concerning Plaintiffs' Lead Counsel's communications with confidential witnesses. Although communications between Plaintiffs' Lead Counsel and confidential witnesses were sought by KPMG in Request No. 69 – and throughout the meet and confer process

KPMG pressed Plaintiffs' Lead Counsel to agree to their production and had explicitly informed Plaintiffs' Lead Counsel that it was moving to compel on Request No. 69 – KPMG's motion to compel inexplicably did not include Request No. 69, apparently either conceding that these documents are not discoverable and need not be produced, or attempting to obtain the production of these documents surreptitiously through Requests Nos. 50-57 at issue.

16.  Plaintiffs here were merely investors in New Century stocks and/or options during the Class Period.  Based on my experience litigating securities class actions like this one, in general, other than documents reflecting their transactions in the company's securities at issue, the named plaintiffs have few relevant documents.  I have been involved in litigating securities class actions since 1995, over a decade.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 22nd day of September, 2009, in San Diego, California.

*/s/ Elizabeth Lin*
Elizabeth Lin