Michael C. Kelley (SBN 090062)
mkelley@sidley.com
Bradley H. Ellis (SBN 110467)
bellis@sidley.com
Jodi E. Lopez (SBN 231117)
jlopez@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, 40th Floor
Los Angeles, California 90013
Telephone:   (213) 896-6000
Facsimile:    (213) 896-6600

Michael L. Rugen (SBN 85578)
mrugen@sidley.com
Robert B. Martin III (SBN 235489)
rbmartin@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California 94104
Telephone:   (415) 772-1200
Facsimile:    (415) 772-7400

Attorneys For Defendant KPMG LLP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| IN RE NEW CENTURY | ) Consolid. Case No. 2:07-cv-00931-DDP (FMOx) |
|---|---|
| | ) |
| | ) **DISCOVERY MATTER** |
| | ) |
| | ) SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF KPMG LLP'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS FROM LEAD PLAINTIFF NEW YORK STATE TEACHERS' RETIREMENT SYSTEM AND PLAINTIFFS CARL LARSON AND CHARLES HOOTEN |
| | ) |
| | ) Date & Time: October 14, 2009 10 a.m. |
| | ) Dept: F |
| | ) Discovery Cut-off:   None Set |
| | ) Pretrial Conf.:   None Set |
| | ) Trial Date:   None Set |

KPMG'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL
PRODUCTION OF DOCUMENTS

As they have done throughout the meet-and-confer process, plaintiffs mischaracterize the disputed Requests for Production of Documents (the "Requests") in an effort to bolster their relevance, burden and privilege objections. KPMG has never requested "*all* documents concerning [NYSTRS's] investments other than New Century," or all documents relating to "*all* of NYSTRS's investments in *all* types of securities . . . ." Joint Stipulation Regarding KPMG's Motion to Compel the Production of Documents ("Joint Stip."), at 5, 30 (emphases in original). Rather, KPMG propounded document requests tailored to obtain evidence relevant to the multiple issues in dispute in this litigation, including issues of materiality, reliance, and causation. Here, the only Requests in dispute to which plaintiffs object as to relevancy are KPMG's Requests for NYSTRS's Board of Trustee meetings, documents given to the Board during those meetings, and documents concerning *mortgage* and *real estate*-related investment committees, advisors, and investment vehicles described in NYSTRS's annual reports. Such documents will likely demonstrate NYSTRS's decisions to invest in New Century securities, as well as its understanding of investment risks, market conditions and warnings, and its sophistication and risk tolerance. Such evidence may support a finding that KPMG's purported misstatements were not material, that NYSTRS did not rely upon KPMG's purported misstatements, or that KPMG's purported misstatements did not cause NYSTRS any harm.

Plaintiffs also mischaracterize KPMG's Request Nos. 50-57 – KPMG has made clear that it seeks *documents* that Plaintiffs' and their counsel collected during the course of their investigation, not *communications* with confidential witnesses. *See id.* at 50. Plaintiffs do not dispute the relevancy of such documents, nor are they protected by the work-product privilege; they must then be produced. Finally, Request Nos. 36 and 38 seek *documents* Plaintiffs (including their counsel) received from putative class members and New Century shareholders, not *communications*

1

1 with putative class members and New Century shareholders, as Plaintiffs claim. *Id*. at
2 58. Again, there is no dispute as to the relevancy of such documents, they also are not
3 protected by the attorney-client or work-product privileges, and thus they also must be
4 produced. The Court should grant KPMG's Motion to Compel.

### A. NYSTRS's Claims of Undue Burden Are Unsupported

NYSTRS asserts boilerplate claims of undue burden and harassment against KPMG's Requests for NYSTRS's Board of Trustee minutes and documents concerning the mortgage and real estate-related investment vehicles, committees, and advisors referenced in NYSTRS's annual reports. *See* Joint Stip., at 6, 14–15, 35–36. NYSTRS's only claim of burden, however, is its declaration purporting that it would take time and effort to search for and produce the documents. NYSTRS's Declaration ¶¶ 10-12. Such "burdens" are commonplace in any litigation, and this Court should reject such a claim. *See Caines v. City of New York*, 2003 WL 151993, at *1 n.1 (S.D.N.Y. Jan. 21, 2003) ("conclusory assertion of burdensomeness is entitled to no weight whatsoever").

Indeed, NYSTRS's claims of burden are disingenuous in light of NYSTRS's size and resources. By its own admission, NYSTRS is the second largest public retirement system in the state of New York and manages assets of approximately $72 billion. *See* Joint Stip., at 5. It is not credible that a common discovery request for board minutes and related documents would disrupt the business of an entity of such size, especially when most entities maintain their board minutes and related documents in one location. Courts typically reject burden objections when the size and resources of the objecting party undermine the asserted burden. *See Pinnacle Pizza Co. v. Little Caesar Enters.*, 2005 U.S. Dist. LEXIS 41062, at *6 (D.S.D. Nov. 2, 2005) (requests for all financial statements for all reporting periods was "not burdensome for a corporation the size of [defendant]."). This is especially true where (and as explained further below) the requested documents—such as NYSTRS's board

minutes and documents regarding NYSTRS's mortgage and real estate-related investments—will shed light on NYSTRS's investment history and strategies, issues that are undoubtedly relevant to key issues in this litigation. *See In re Vesta Ins. Group, Inc. Sec. Litig.*, 1999 U.S. Dist. LEXIS 23541, at *13–17 (N.D. Ala. May 28, 1999) (holding investment histories and strategies are relevant as to reliance and causation issues).

### B. Documents Concerning NYSTRS's Board Minutes and Mortgage or Real Estate-Related Investment Vehicles, Advisors and Committees are Directly Relevant To The Claims and Defenses In This Action

NYSTRS insists that because its investments in New Century were made pursuant to an indexing system, documents that could demonstrate its understanding of market conditions and investment risks, such as its Board of Trustee minutes and documents concerning its mortgage and real estate-related investments, are irrelevant to the subject matter of this action. *See* Joint Stip., at 11, 30. NYSTRS's argument is myopic and unreasonably defines the scope of relevancy in this matter.

At the very least, the requested documents are relevant to the causes of NYSTRS's alleged damages and NYSTRS's presumptive reliance on the market. Notably, NYSTRS ignores KPMG's argument that the requested documents may be relevant to understand the sources or causes to which NYSTRS attributed its losses. New Century was a subprime mortgage lender that failed, along with numerous other lenders, amidst one of the greatest economic collapses in modern history. The only purported misstatement by KPMG in this litigation occurred years before that collapse and New Century's bankruptcy – thus, evidence of NYSTRS's understanding of market conditions and risks in the mortgage and real-estate industries, as well as evidence showing the causes to which NYSTRS attributed their losses (*e.g.*, the economic collapse) may be directly relevant to KPMG's defenses.

Although NYSTRS notes it may be entitled to a presumption of reliance on the market pursuant to its investments in New Century, *see* Joint Stip., at 6, 11, NYSTRS

3

KPMG'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF DOCUMENTS

ignores that the presumption can be rebutted. *See In re Grand Casinos, Inc. Sec. Litig.*, 181 F.R.D. 615, 620 (D. Minn. 1998) ("[P]roposed discovery of Lead Plaintiffs' investment histories and strategies could lead to the discovery of admissible evidence; namely, evidence which could serve to rebut any presumption that they relied upon the integrity of the market."). KPMG is entitled to discovery to support such an argument; discovery of NYSTRS's investment history, strategies, and practices (especially in NYSTRS's mortgage and real estate-related investments) should thus be permitted.[1]

NYSTRS provides no persuasive reason why the requested documents should not be compelled. As such, the Court should grant KPMG's motion to compel the production of these documents.

### C. The Work Product Doctrine Does Not Protect Documents Collected By Lead Plaintiff During Its Investigation

KPMG made clear during the meet and confer process that it sought through Requests Nos. 50-57 all documents collected by plaintiffs during the course of their investigation. Joint Stip., at 46–47. Yet plaintiffs now make a straw man argument that KPMG seeks documents concerning NYSTRS's counsel's communications with confidential witnesses. Joint Stip., at 50. KPMG does not seek such communications; instead, KPMG seeks—and is entitled to—the documents plaintiffs and their counsel collected during the course of their investigation.

---

[1] The requested documents may also be probative as to NYSTRS's sophistication as an investor and suitability to serve as Lead Plaintiff in this action. NYSTRS's claim that such an argument is inapplicable here ignores caselaw to the contrary. *See Roseman Profit Sharing Plan v. Sports & Rec.*, 165 F.R.D. 108, 111 (M.D. Fla. Feb. 20, 1996) (documents showing lead plaintiffs' investment or trading history in other publicly held securities was relevant to plaintiffs' sophistication and ability to adequately represent the proposed class); *In re Quarterdeck Office Sys., Inc. Sec. Litig.*, 1993 U.S. Dist. LEXIS 19806, at *12 (C.D. Cal. Sept. 30, 1993).

As represented in KPMG's portion of the joint stipulation, the work product doctrine does not protect such documents; indeed, the leading California federal pre-trial procedure treatise recognizes this point. Joint Stip., at 47 (citing cases and treatise). The cases cited by plaintiffs are either non-California cases or are simply inapposite – for example, unlike *Sporck v. Peil*, 759 F.2d 312 (3d Cir. 1985) and *James Julian, Inc. v. Raytheon Co.*, 93 F.R.D. 138 (D. Del. 1982), KPMG is not seeking the few documents selected out of thousands by counsel that were reviewed by a deponent in preparation for his deposition. Rather, KPMG is seeking documents collected during the course of Plaintiffs' counsel's investigation – such documents do not reveal counsel's mental impressions and litigation strategy and are therefore not protected work product.

**D.   Documents Plaintiffs' Counsel Received From New Century Shareholders or Putative Class Members Are Not Privileged**

Plaintiffs do not dispute that documents they received from any current or former New Century shareholders, any other plaintiff (including Larson and Hooten) or putative class members in this litigation are not protected by the attorney-client privilege. Plaintiffs instead contend that NYSTRS's counsel's *communications* with these individuals are privileged. KPMG does not seek such communications; instead, KPMG's motion clearly seeks only the *documents* that plaintiffs and their counsel received from the listed individuals. Joint Stip., at 56. Those documents are admittedly responsive and are not protected by any privilege; accordingly, they must be produced. Thus, this Court should grant KPMG's Motion to Compel.

Dated: September 30, 2009                                            Respectfully submitted,

                                                                     KPMG LLP

                                                                     By: /s/ Bradley Ellis /BBM/
                                                                         Bradley H. Ellis
                                                                         Attorneys For Defendant KPMG LLP

SF1 1537034v.1

5

KPMG'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL
PRODUCTION OF DOCUMENTS