1  Michael C. Kelley (SBN 090062)
   mkelley@sidley.com
2  Bradley H. Ellis (SBN 110467)
   bellis@sidley.com
3  Jose F. Sanchez (SBN 161362)
   jose.sanchez@sidley.com
4  Jodi E. Lopez (SBN 231117)
   jlopez@sidley.com
5  SIDLEY AUSTIN LLP
   555 West Fifth Street, 40th Floor
6  Los Angeles, California 90013
   Telephone:  (213) 896-6000
7  Facsimile:   (213) 896-6600

8  Michael L. Rugen (SBN 85578)
   mrugen@sidley.com
9  Robert B. Martin III (SBN 235489)
   rbmartin@sidley.com
10 SIDLEY AUSTIN LLP
   555 California Street, Suite 2000
11 San Francisco, California 94104
   Telephone:  (415) 772-1200
12 Facsimile:   (415) 772-7400

13 Attorneys For Defendant KPMG LLP

14

15                    UNITED STATES DISTRICT COURT

16                   CENTRAL DISTRICT OF CALIFORNIA

17  IN RE NEW CENTURY            )  Consolid. Case No. 2:07-cv-00931-DDP
                                 )  (FMOx)
18                               )  Assigned to: Hon. Dean D. Pregerson
                                 )
19                               )  **[PROPOSED] ORDER GRANTING**
                                 )  **KPMG LLP'S MOTION FOR**
20                               )  **SUMMARY JUDGMENT**
                                 )
21                               )  [Filed concurrently with Notice Of
                                 )  Motion And Motion For Summary
22                               )  Judgment Or, In The Alternative,
                                 )  Summary Adjudication; Memorandum Of
23                               )  Points And Authorities; Declaration Of
                                 )  Allan W. Kleidon; [Proposed] Statement
24                               )  Of Uncontroverted Facts And
                                 )  Conclusions Of Law; Declaration of Jodi
25                               )  E. Lopez; [Proposed] Judgment]
                                 )
26                               )
                                 )
27  ─────────────────────────────)
28

                            **[PROPOSED] ORDER**

The Motion for Summary Judgment of defendant KPMG LLP ("KPMG") came on regularly for hearing before this Court on March 29, 2010.  After full consideration of the evidence, all declarations and papers filed in connection with the motion, the authorities submitted by counsel, and oral argument, the Court finds that there is no triable issue of material fact and concludes that KPMG is entitled to judgment as a matter of law.

Plaintiffs, who purchased New Century Financial Corporation ("New Century" or the "Company") stock, allege that KPMG committed securities fraud by making material misrepresentations in its 2005 audit report of New Century.  They seek to hold KPMG liable for allegedly violating Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k and Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b).

Plaintiffs' New Century stock lost 97% of its value following a series of disclosures by New Century between February 7 and March 13, 2007.  Those disclosures stated, among other things, that the Company was experiencing lower profits in its 2006 and 2007 operations, that it had discovered accounting errors made by Company personnel during 2006, that it had decided to restate its unaudited financial statements for the first three quarters of 2006, that it expected to realize a loss for the entire 2006 year, and that it would be unable to file its 2006 Form 10-K with the Securities & Exchange Commission.  Plaintiffs seek to recover from KPMG the investment losses they suffered when New Century's stock price dropped following these disclosures.

In order to prevail on their claims, plaintiffs must prove "loss causation," *i.e.*, that the decline in the value of their stock in New Century occurred in reaction to the market's learning about the alleged misstatements in KPMG's 2005 audit report. *See Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 342 (2005) (loss causation is the "causal connection between the [defendant's] material misrepresentation and the

1
**[PROPOSED] ORDER**

[plaintiff's] loss"); *In re WorldCom, Inc. Sec. Litig.*, 2005 WL 375314, at *6 (S.D.N.Y. Feb. 17, 2005) ("the negative causation defense in Section 11 and the loss causation element in Section 10(b) are mirror images").

Plaintiffs have not adduced sufficient evidence from which a reasonable trier of fact could conclude that KPMG's alleged misstatements caused their losses. The evidence demonstrates that the market did not interpret any language in New Century's disclosures between February 7 and March 13, 2007 as revealing that the 2005 audit report or the 2005 financials were misstated, and that the market instead continued to view the 2005 financials as reliable until May 24, 2007, when the Company disclosed that the 2005 financials should no longer be relied upon. In short, KPMG is entitled to summary judgment because no reasonable trier of fact could conclude that the market understood any of the disclosures in question to reveal the purported truth about KPMG's 2005 audit report. *See In re Retek, Inc. Sec. Litig.*, 621 F. Supp. 2d 690, 703 (D. Minn. 2009) ("without producing specific evidence demonstrating that the public became aware of an alleged misrepresentation through a corrective disclosure . . . a plaintiff cannot satisfy [his] evidentiary burden at summary judgment").

Furthermore, KPMG also is entitled to summary judgment for the independent reason that the evidence demonstrates that no portion of the stock price declines following New Century's adverse disclosures was caused by any alleged misstatements in KPMG's 2005 audit report. "Even assuming Plaintiffs could establish that [the disclosures in question] were corrective disclosures, Plaintiffs nevertheless cannot demonstrate that the market reacted negatively to the disclosures, rather than to other information simultaneously released to the market." *In re Omnicom Group, Inc. Sec. Litig.*, 541 F. Supp. 2d 546, 553 (S.D.N.Y. 2008). Even if the evidence could support a finding that the market learned during the class period about KPMG's alleged misstatements, Plaintiffs would still be required to

disaggregate the portion of their losses caused by the market learning about KPMG's alleged misstatements from those losses caused by the market learning about New Century's alleged misstatements or other negative news generally.  *See e.g., McAdams v. McCord*, 584 F.3d 1111, 1114-15 (8th Cir. 2009) (affirming dismissal of securities fraud claims where plaintiffs did "not specify how two statements by [the outside auditor], as compared to the complaint's long list of alleged misrepresentations and omissions by the [defendant] executives, proximately caused the investors' losses").

Plaintiffs do not dispute that the vast majority of the information disclosed to the market had nothing to do with KPMG's 2005 audit report or New Century's 2005 financials.  Those disclosures – upon which market analysts focused their attention – revealed the dire effects that the subprime meltdown of 2006 and 2007 was having on the Company's business, accounting errors that had been made by Company personnel in its unaudited 2006 interim financial statements, the Company's loss of access in 2007 to the credit lines necessary to continue its business, numerous governmental investigations in 2007, and ultimately the demise of the Company.  Moreover, the significant elapsed time between the allegedly misleading 2005 audit report and the 2007 investment losses suffered by plaintiffs – combined with the intervening and dramatic downturn in the residential mortgage markets – further militate against a finding that KPMG caused any of plaintiffs' losses.  Under these circumstances, summary judgment is appropriate.  *See id*; *Omnicom*, 541 F. Supp. 2d at 554 (noting that "the law requires the disaggregation of confounding factors," and granting summary judgment where there was "simply no way for a juror to determine whether the alleged fraud caused any portion of Plaintiffs' loss").

Accordingly, the Court **HEREBY ADOPTS** KPMG's [Proposed] Statement of Uncontroverted Facts and Conclusions of Law and IT IS HEREBY **ORDERED** that defendant KPMG LLP's Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED.**

Dated: _____

                                        Honorable Dean D. Pregerson