# EXHIBIT 2
# TO UNOPPOSED MOTION FOR PRELIMINARY
# APPROVAL OF SETTLEMENTS

## STIPULATION OF GLOBAL SETTLEMENT
## WITH NEW CENTURY OFFICERS AND DIRECTORS

This Stipulation of Settlement (all capitalized terms are defined in paragraph 1 below) is entered into as of July 23, 2010, between and among:  Class Plaintiffs (on behalf of themselves and the Class), the Trustee, and Kodiak, on the one hand; and Class Individual Defendants, Trustee Litigation Defendants, Kodiak Litigation Defendants, and David Kenneally, on the other hand, by and through their respective counsel to resolve the following actions:

- *Avi Gold v. Brad A. Morrice et al.,* a/k/a, *In re New Century,* **Case No. 2:07-cv-00931-DDP-FMO (C.D. Cal.);**
- *The New Century Liquidating Trust and Reorganized New Century Warehouse Corporation v. Robert K. Cole, et al. (In re New Century TRS Holdings, Inc.),* **Case No. 09-50882-KJC (Bankr. D. Del.); and**
- *Kodiak Warehouse LLC, et al. v. Brad A. Morrice, et al.,* **Case No. 08-1265-DDP-FMO (C.D. Cal.)**

This Stipulation will be submitted in the Consolidated Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure, and is subject to the approval of the Consolidated Class Action Court.   This Stipulation embodies a global settlement among the Parties, and is intended by the Parties to settle all Settled Class Claims, all Settled Trustee Claims, and all Settled Kodiak Claims against the Settling Individuals.   The settlement of the Trustee Litigation and the Kodiak Litigation are not subject to the approval of the courts hearing such litigations, but both settlements are conditioned upon the occurrence of the Effective Date.

WHEREAS:

A.   New Century was founded in 1995 and operated through its subsidiaries as a mortgage finance company from 1995 through 2007;

B.   On February 7, 2007, New Century announced publicly that it needed to restate its earnings for the first three quarters of 2006;

C.   Beginning on or about February 8, 2007, securities class action complaints were filed in the United States District Court for the Central District of California and the actions were consolidated into the Consolidated Class Action by order dated June 26, 2007;

-1-

D.     On April 2, 2007, New Century and the other Debtors filed for bankruptcy in the Bankruptcy Court under Chapter 11 of the Bankruptcy Code;

E.     By Order dated June 26, 2007, the Consolidated Class Action Court appointed the Lead Class Plaintiff for the Consolidated Class Action and approved the selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel for the Class;

F.     On September 14, 2007, Class Plaintiffs filed their complaint in the Consolidated Class Action asserting claims against Class Defendants under the Exchange Act and the Securities Act on behalf of the Class;

G.     Beginning on November 2, 2007, Class Defendants filed motions to dismiss the complaint in the Consolidated Class Action, which Class Plaintiffs opposed on December 14, 2007;

H.     By Order dated January 31, 2008, the Consolidated Class Action Court granted the motions to dismiss with leave to amend the complaint;

I.     On March 24, 2008, Class Plaintiffs filed their Amended Class Complaint, alleging claims against Class Defendants pursuant to the Securities Act and the Exchange Act;

J.     Pursuant to stipulation, on April 30, 2008, Class Plaintiffs filed their Second Amended Class Complaint, alleging claims against the Class Defendants pursuant to the Securities Act and the Exchange Act;

K.     Beginning on June 2, 2008, Class Defendants filed motions to dismiss the Second Amended Class Complaint, which Class Plaintiffs opposed on July 7, 2008;

L.     In July 2008, the Bankruptcy Court approved a plan of liquidation of the Debtors' assets, which was later modified with the Bankruptcy Court's approval.  Pursuant to the plan of liquidation, the Trust was created and the Trustee was appointed to liquidate the Debtors' assets, including the claims asserted in the Trustee Litigation;

M.    On November 7, 2008, Kodiak commenced the Kodiak Litigation;

N.    Following a hearing, by Order dated December 3, 2008, the Consolidated Class Action Court substantially denied Class Defendants' motions to dismiss;

O.    Beginning on January 26, 2009, Class Defendants answered the Second Amended Class Complaint;

P.    On April 1, 2009, the Trustee commenced the Trustee Litigation in the Bankruptcy Court against the Trustee Litigation Defendants for alleged breach of fiduciary duty, waste of corporate assets, unjust enrichment, and claims under Chapter 5 of the Bankruptcy Code;

Q.    Pursuant to successive stipulations and orders of the Bankruptcy Court, the parties to the Trustee Litigation agreed to a forbearance of discovery and any other litigation activity and to an extension of the time for the Trustee Litigation Defendants to move, answer or otherwise respond to the complaint in the Trustee Litigation to allow the parties the opportunity to explore a consensual resolution of the Trustee Litigation;

R.    The Parties have participated in mediation sessions and additional discussions before the Honorable Daniel Weinstein, and subsequently were able to reach agreements in principle to settle the Officer And Director Litigations, on the terms set forth in this Stipulation;

S.    The Settling Individuals deny any wrongdoing whatsoever and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Settling Individual with respect to any claim or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Settling Individuals have or could have asserted. The Officer And Director Litigations are being settled voluntarily after receiving sufficient advice of counsel, and the Parties believe that the terms of the Settlement are fair, adequate and reasonable.   This Stipulation shall not be construed or

deemed to be a concession by any Plaintiff of any infirmity in the claims asserted in the Officer And Director Litigations;

T.      Counsel for Plaintiffs have each conducted an extensive investigation and/or thorough discovery relating to its respective clients' (or client's) claims and the underlying events and transactions alleged in the Officer And Director Litigations.  Such counsel has each analyzed the evidence it has adduced through discovery or otherwise and has researched the applicable law with respect to the claims asserted and the potential defenses thereto;

U.      Based upon their investigation and/or discovery as set forth above, Plaintiffs and their counsel have each concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate including, with respect to Class Plaintiffs and their counsel, to the other members of the Class, and in their best interests, and each agreed to settle its claims in the Officer And Director Litigations pursuant to the terms and provisions of this Stipulation, after considering (1) the benefits that the Plaintiffs will receive from the Settlement, (2) the attendant risks of litigation, and (3) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation; and

V.      The recitals and prefatory phrases and paragraphs set forth above are incorporated in full and made part of this Stipulation.

NOW THEREFORE, without any admission or concession on the part of Plaintiffs of any lack of merit of the Officer And Director Litigations whatsoever, and without any admission or concession of any liability or wrongdoing or lack of merit in the defenses whatsoever by the Settling Individuals, it is hereby STIPULATED AND AGREED, by and among the Parties, through their respective counsel, subject where applicable to approval of the Consolidated Class Action Court pursuant to FRCP 23(e), in consideration of the benefits flowing to the Parties from the Settlement, that all Settled Claims as against the Released Officers And Directors and all Settling Individuals' Claims as against the Class Plaintiffs

and all other Class Members, the Trust, the Trustee, Alan M. Jacobs individually, the Debtors, the Debtors' Estates, the Plan Advisory Committee, and Kodiak shall be compromised, settled, released and dismissed with prejudice, upon and subject to the following terms and conditions:

## DEFINITIONS

1.      As used in this Stipulation, the following terms have the following meanings:

a)      "Amended Class Complaint" means the amended consolidated class action complaint filed by the Class Plaintiffs in the Consolidated Class Action Court.

b)      "Authorized Claimant" means a Class Member who submits a timely and valid Proof of Claim Form and all required documentation to the Claims Administrator, in accordance with the requirements established by the Plan of Allocation approved by the Consolidated Class Action Court, that is approved for payment from the Class Net Settlement Fund.

c)      "Bankruptcy Code" means Title 11 of the United States Code.

d)      "Bankruptcy Court" means the United States Bankruptcy Court for the District of Delaware before which the Debtors filed for bankruptcy and which is hearing the Trustee Litigation.

e)      "Claim" means a completed and signed Proof of Claim Form submitted to the Claims Administrator in accordance with the instructions on the Proof of Claim Form.

f)      "Claim Form" or "Claim Form and Release" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant or Class Member must complete should that Claimant or Class Member seek to share in a distribution of the Class Net Settlement Fund.

g)    "Claimant" means a person or entity that submits a Claim Form to the Claims Administrator seeking to share in the proceeds of the Class Net Settlement Fund.

h)    "Claims Administrator" means the firm of Analytics Incorporated.

i)    "Class" means all persons and entities who purchased or otherwise acquired New Century common stock, New Century Series A Preferred Stock, New Century Series B Preferred Stock, and/or New Century call options and/or who sold New Century put options, during the time period from May 5, 2005, through and including March 13, 2007, either in the Offerings, pursuant to a registration statement, or in the market, and who, upon disclosure of certain facts alleged in the Complaint, were injured thereby.  Excluded from the Class are (a) Class Defendants; (b) members of the immediate families of the Class Individual Defendants; (c) the subsidiaries and affiliates of Class Defendants; (d) any person or entity who was a partner, executive officer, director or controlling person of New Century (including any of its subsidiaries or affiliates) or of any Class Defendant; (e) any entity in which any Class Defendant has a controlling interest; and (f) the legal representatives, heirs, successors and assigns of any such excluded party.  Also excluded from the Class are any persons who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

j)    "Class Defendants" means the Underwriter Defendants, KPMG and the Class Individual Defendants.

k)    "Class Distribution Order" means an order entered by the Consolidated Class Action Court authorizing and directing that the Class Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

l)    "Class Escrow Account" means an account maintained to hold the Class Settlement Fund, which shall be controlled exclusively by Lead Counsel,

shall be deemed to be in the custody of the Consolidated Class Action Court, and shall remain subject to the jurisdiction of the Consolidated Class Action Court until such time as the funds are distributed or returned pursuant to the terms of this Stipulation and/or further order of the Consolidated Class Action Court.

m)    "Class Individual Defendants" means Robert K. Cole, Brad A. Morrice, Estate of Edward Gotschall, Patti M. Dodge, Fredric J. Forster, Michael M. Sachs, Harold A. Black, Donald E. Lange, Terrence P. Sandvik, Richard A. Zona, Marilyn A. Alexander, David Einhorn, and William J. Popejoy.

n)    "Class Member" means a person or entity that is a member of the Class and does not exclude himself, herself or itself by filing a request for exclusion in accordance with the requirements set forth in the Notice.

o)    "Class Net Settlement Fund" means the Class Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs associated with the Consolidated Class Action; (iii) any attorneys' fees awarded by the Consolidated Class Action Court; and (iv) any Litigation Expenses awarded by the Consolidated Class Action Court.

p)    "Class Officer And Director Settlement Amount" means the sum of $65,077,088 which shall be paid into the Class Escrow Account as set forth in paragraph 11c below.

q)    "Class Period" means the period from May 5, 2005, through and including March 13, 2007.

r)    "Class Plaintiffs" means Lead Class Plaintiff New York State Teachers' Retirement System and plaintiffs Carl Larson and Charles Hooten, on behalf of themselves and the Class.

s)    "Class Plaintiffs' Counsel" means Lead Counsel and all other counsel who, at the direction and under the supervision of Lead Counsel, represent Class Members in the Consolidated Class Action.

t)      "Class Settlement Fund" means the Class Officer And Director Settlement Amount, and any and all interest earned thereon, which interest shall be paid into the Class Escrow Account as set forth in paragraphs 11 and 12 below.

u)      "Consolidated Class Action" means *Avi Gold v. Brad A. Morrice, et al., a/k/a, In re New Century,* Case No. 2:07-cv-00931-DDP-FMO (C.D. Cal.), and cases consolidated therein.

v)      "Consolidated Class Action Court" means the United States District Court for the Central District of California hearing the Consolidated Class Action.

w)      "DCP Distributions" means the deferred compensation amounts referenced under the DCP Settlement Agreement as Target Distributions and which pursuant to that agreement have been held by the Trustee pending the resolution and conclusion of the Trustee Litigation.

x)      "DCP Settlement Agreement" means the settlement agreement entered into as of July 2009 by and among the Trustee, on the one hand, and the *Ad Hoc* Committee of Beneficiaries of the New Century Financial Corporation Deferred Compensation Plan and SERP, on the other hand.

y)      "DCP Settlement Contributions" means those payments set forth below in paragraphs 9b and 11.

z)      "Debtors" means New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, and New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, and Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P.

(f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, and Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

aa)    "Debtors' Estates" means the bankruptcy estates of the Debtors created as a result of the Debtors' petitions under Chapter 11 of Title 11 of the United States Bankruptcy Code.

bb)    "Distribution Defendants" means Kevin M. Cloyd, Stergios Theologides, Joseph F. Eckroth, Jr., Brad A. Morrice and Patti M. Dodge.

cc)    "Dodge Credit" means a $45,000 credit for Patti M. Dodge representing the release of her affirmative claims, including a priority claim, under this Stipulation.

dd)    "Effective Date" means the date on which all the following shall have occurred: (a) payment of the monies into the Global Escrow Account has been made pursuant to paragraph 9a below; (b) the Consolidated Class Action Court has entered the Officer And Director Judgment, substantially in the form annexed hereto as Exhibit B, which has become Final; (c) the Consolidated Class Action Court has entered the KPMG Judgment and the Underwriter Judgment, which have become Final; (d) a judgment has been entered by the court in the separate action entitled *Securities and Exchange Commission v. Morrice, et al.,* SACV-09-01426 (C.D. Cal. Santa Ana); and (e) notices of dismissal with prejudice

and without costs to any party have been executed in the Trustee Litigation and the Kodiak Litigation and delivered to counsel designated by the Kodiak Litigation Defendants and the Trustee Litigation Defendants to be held pursuant to paragraph 53.

ee)    "Escrow Agent" means the financial institution selected by Lead Counsel, with the consent of the Trustee, which consent shall not be unreasonably withheld, to serve as escrow agent.

ff)    "Escrow Agreement(s)" means the agreement(s) (1) among (i) Lead Counsel and the Trustee and (ii) the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Global Escrow Account, and (2) between (i) Lead Counsel and (ii) the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Class Escrow Account.

gg)    "Exchange Act" means the Securities Exchange Act of 1934.

hh)    "Final" means: (i) that the time for appeal or appellate review of the order or judgment has expired; or (ii) if there has been an appeal, (a) that the appeal has been decided without causing a material change in the order or judgment; or (b) that the order or judgment has been upheld on appeal and is no longer subject to appellate review by further appeal or writ of certiorari.

ii)    "Global Escrow Account" means an account maintained to hold the Global Officer And Director Settlement Amount, which shall be controlled exclusively by Lead Counsel and the Trustee and deemed to be in the custody of the Consolidated Class Action Court and shall remain subject to the jurisdiction of the Consolidated Class Action Court until such time as the funds are distributed or returned pursuant to the terms of this Stipulation and/or further order of the Consolidated Class Action Court.

jj)    "Global Officer And Director Settlement" or "Settlement" means the settlement embodied in this Stipulation Of Global Settlement With New Century Officers And Directors ("Global Officer And Director Stipulation").

kk)   "Global Officer And Director Settlement Amount" means the sum of $92,046,361 as set forth in paragraph 9 below, as Settlement of the Consolidated Class Action, the Trustee Litigation, and the Kodiak Litigation.

ll)   "Insurance Carriers" means the following insurance carriers who issued the indicated policies of insurance ("Policies") to New Century and/or its various subsidiaries, affiliates, directors, officers and other "Insureds" or "Assureds" as defined in the Policies:

(1)   American Specialty Lines Insurance Co. pursuant to policy number 672-43-85;

(2)   ACE American Insurance Company pursuant to policy numbers DOX G2166120A 002 and DOX G21661338001;

(3)   Those Underwriters at Lloyd's of London and Companies subscribing to policy numbers FD0604467 and FD0604994;

(4)   Axis Reinsurance Company, pursuant to policy numbers RNN 727183 and RNN 727184;

(5)   Starr Excess Liability Insurance Company, Ltd., pursuant to policy number 4121907;

(6)   XL Specialty Insurance Co. pursuant to policy number ELU092906-06;

(7)   Liberty Mutual Insurance Company pursuant to policy number 073551-016;

(8)   Navigators Insurance Company pursuant to policy numbers NY06DOL149577NV and NY06DOL149583NV;

(9)   Arch Insurance Company pursuant to policy number AID0016068-00;

(10)   Continental Casualty Company pursuant to policy number 389355; and

(11)   The Hartford (Twin City Fire Insurance Co.), pursuant to policy number 00 DA 0234015-06.

"Insurance Carriers" also includes the present, former and future parents, divisions, subsidiaries and affiliates of the insurance carriers listed above, and any of their

1    past, present or future owners, assigns, administrators, directors, partners,

2    principals, officers, employees, agents, receivers, trustees, attorneys, insurers,

3    reinsurers, and their respective predecessors, successors and assigns, and

4    representatives of any of them, and all persons acting by, through, under or in

5    concert with any of them with respect to their respective Policies.  Insurance

6    Carriers and Policies do not include Philadelphia Indemnity Insurance Company

7    under policy number PHSD219056.

8            mm)  "Kodiak" means Kodiak Warehouse LLC, Kodiak Warehouse

9    JPM Capital LLC, Kodiak CDO1 Ltd., Kodiak CDO Management LLC, and

10   Kodiak Funding LP.

11           nn)   "Kodiak Litigation" means the action *Kodiak Warehouse LLC,*

12   *et al. v. Brad A. Morrice, et al.* (Case No. 08-1265-DDP-FMO) commenced  on

13   November 7, 2008, against the Kodiak Litigation Defendants by Kodiak in the

14   United States District Court for the Central District of California.

15           oo)   "Kodiak Litigation Defendants" means Robert K. Cole, Brad A.

16   Morrice, Estate of Edward Gotschall, Patti M. Dodge, and Jeffrey D. Goldberg.

17           pp)   "Kodiak Settlement Amount" means the sum of $6,000,000

18   which shall be paid to Kodiak as set forth below in paragraph 11a.

19           qq)   "KPMG" means KPMG LLP.

20           rr)   "KPMG Judgment" means a judgment entered in the

21   Consolidated Class Action Court which, among other things, includes a release by

22   KPMG and the other Released Auditor Parties of any and all claims and causes of

23   action of every nature and description, whether known or Unknown Claims against

24   any of the Settling Individuals, whether arising under federal, state, common or

25   foreign law, that arise out of or relate in any way to the institution, prosecution, or

26   settlement of the claims which were asserted in the Officer And Director

27   Litigations, or that arise out of or relate in any way to New Century (including any

28   of its subsidiaries and affiliates), the Trust, the Trustee, the Debtors, or the Debtors'

Estate, except for (i) an allowed priority claim in the amount of $5,000 pursuant to proof of claim no. 2385 filed by Fredric J. Forster in the Bankruptcy Court against Debtors' Estates and (ii) any and all claims arising out of or in connection with the defense and subsequent settlement of the *Schroeder v. New Century Holdings, Inc.* (Adversary Proceeding No. 07-51598(KJC)) and the Philadelphia Indemnity Arbitration, including, but not limited to (a) claims for benefits under any insurance programs or policies to which the Settling Individuals are entitled, (b) claims for advancement, indemnification, contribution, reimbursement or other payments whether based on law, the Debtors' certificate or articles of incorporation, bylaws, or other contract or agreement.

ss)   "Lead Class Plaintiff" means the New York State Teachers' Retirement System.

tt)   "Lead Counsel" means the law firm of Bernstein Litowitz Berger & Grossmann LLP.

uu)   "Litigation Expenses" means the costs and expenses incurred by Class Plaintiffs' Counsel in connection with commencing and prosecuting the Consolidated Class Action, for which Lead Counsel intends to apply to the Consolidated Class Action Court for reimbursement from the Class Settlement Fund.

vv)   "New Century" means New Century Financial Corporation.

ww)   "Notice" means the Notice of Pendency of Class Action and Proposed Settlement, Settlement Fairness Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be sent to members of the Class.

xx)   "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and Lead Counsel in connection with (i) providing notice to the Class; and (ii) administering the claims process in connection with the Consolidated Class Action.

yy)   "Offerings" means the public offerings pursuant to which New Century Series A and B Preferred Stock were offered to the public in June 2005 and August 2006.

zz)   "Officer And Director Judgment" means the judgment, substantially in the form attached hereto as Exhibit B, to be entered pursuant to Rule 54(b) of the Federal Rules of Civil Procedure approving the Settlement.

aaa)   "Officer And Director Litigations" means the Consolidated Class Action, Trustee Litigation, and Kodiak Litigation.

bbb)   "Parties" means the Plaintiffs and the Settling Individuals.

ccc)   "Philadelphia Indemnity Arbitration"  means the claims filed with the American Arbitration Association by the Trustee against Philadelphia Indemnity Insurance Company to pay and indemnify, in accordance with the terms of the applicable insurance policy, New Century, its successor-in-interest, the New Century Liquidating Trust, and Harold A. Black, Fredric J. Forster, Donald E. Lange, and Michael M. Sachs, the full amount of defense costs that each have incurred in the defense and subsequent settlement of *Schroeder v. New Century Holdings, Inc.* (Adversary Proceeding No. 07-51598 (KJC)), and to pay and reimburse their other insurable losses as agreed to in said insurance policy.

ddd)   "Plaintiffs" means Class Plaintiffs, the Trustee, and Kodiak.

eee)   "Plan Advisory Committee" means the post confirmation committee, and its current and former members in their capacity as such, formed in accordance with Second Amended Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors dated as of April 23, 2008, and modified as of September 30, 2009.

fff)   "Plan of Allocation" means the proposed plan of allocation of the Class Net Settlement Fund set forth in the Notice.

ggg)   "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Consolidated Class

---

Action Court preliminarily approving the Global Officer And Director Settlement and directing notice to be provided to the Class.

hhh)  "Released Auditor Parties" means KPMG and its affiliates, heirs, predecessors, successors, assigns, partners, employees and agents.

iii)  "Released Officers And Directors" means:  (i) the Settling Individuals; and (ii) all directors, officers, employees, and other natural persons affiliated with New Century (including any of its subsidiaries and affiliates) included in the definition of "Assured" or "Insured" as defined in the Policies and any and all of their respective heirs, executors, administrators, predecessors, successors and assigns, employees, agents and retained professionals.  "Released Officers And Directors" does not include KPMG or the Underwriter Defendants.

jjj)  "Released Underwriter Parties" means the Underwriter Defendants and any and all of their respective parent companies, subsidiaries, affiliates, heirs, executors, administrators, predecessors, successors and assigns, and any and all of their current and former officers, directors, employees, agents and attorneys.  "Released Underwriter Parties" does not include any Defendants other than the Underwriter Defendants..

kkk)  "Second Amended Class Complaint" or "Complaint" means the second amended consolidated class action complaint filed by the Class Plaintiffs in the Consolidated Class Action Court on or about April 30, 2008.

lll)  "Securities Act" means the Securities Act of 1933.

mmm) "Series A Preferred Stock" means New Century 9.125% Series A Cumulative Redeemable Preferred Stock.

nnn)  "Series B Preferred Stock" means New Century 9.75% Series B Cumulative Redeemable Preferred Stock.

ooo)  "Settled Claims" means the Settled Class Claims, Settled Trustee Claims, and Settled Kodiak Claims, but does not include claims relating to the enforcement of the Settlement.

ppp)   "Settled Class Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, common or foreign law, that Class Plaintiffs or any other member of the Class (a) asserted in the Consolidated Class Action, or (b) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Consolidated Class Action, and that arise out of or relate to the purchase of New Century common stock, New Century Series A Preferred Stock, New Century Series B Preferred Stock, and/or New Century call options and/or the sale of New Century put options during the Class Period. Settled Class Claims does not include claims relating to the enforcement of the Settlement.

qqq)   "Settled Kodiak Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, common or foreign law, that Kodiak (a) asserted in the Kodiak Litigation, or b) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Kodiak Litigation, or that arise out of or relate in any way to New Century (including any of its subsidiaries and affiliates), the Debtors or the Debtors' Estates.   Settled Kodiak Claims does not include claims relating to the enforcement of the Settlement.

rrr)   "Settled Trustee Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, common or foreign law, that the Trustee (a) asserted in the Trustee Litigation; (b) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth or referred to in the Trustee

---

Litigation or that arise out of or relate in any way to New Century (including any of its subsidiaries and affiliates), the Trust, the Trustee, the Debtors, or the Debtors' Estates, except that the Settled Trustee Claims expressly excludes claims or causes of action (i) asserted in, arising from, in connection with, or in any way related to the Philadelphia Indemnity Arbitration; (ii) asserted by or that may in the future be asserted by the Trustee and Trust against the Released Officers And Directors (other than the Settling Individuals) that do not arise from and are not based upon any actual or alleged Wrongful Act, as that term is defined in the Policies, including the Adversary Proceeding *Alan M. Jacobs, as Liquidating Trustee of the New Century Liquidating Trust v. Daniel P. Sussman, et al. (In re New Century TRS Holdings, Inc.* (Adv. Proc. No. 09-50883 (KJC)); or (iii) asserted by the Trust and Trustee against Carl A. Vernon, Gregory J. Schroeder, and Daniel P. Sussman; or (c) ever had, now has, claims to have or may in the future have against the Insurance Carriers arising from, in connection with or in any way related to the Policies.   Settled Trustee Claims does not include claims relating to the enforcement of the Settlement.

sss)   "Settlement" or "Global Officer And Director Settlement" means the settlement embodied in this Stipulation of Global Settlement with New Century Officers and Directors ("Global Officer And Director Stipulation").

ttt)   "Settlement Hearing" or "Final Approval Hearing" means the hearing set by the Consolidated Class Action Court under Rule 23(e)(1)(c) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

uuu)   "Settling Individuals" means Class Individual Defendants, Trustee Litigation Defendants, Kodiak Litigation Defendants, and David Kenneally and any and all of their respective heirs, executors, administrators, predecessors, successors and assigns, employees, agents and retained professionals (other than KPMG and the Underwriter Defendants).

-17-    D/O STIPULATION OF SETTLEMENT
Case No. 2:07-cv-00931-DDP (FMOx)

vvv)  "Settling Individuals' Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims which were asserted in the Officer And Director Litigations against the Settling Individuals, or that arise out of or relate in any way to New Century (including any of its subsidiaries and affiliates), the Trust, the Trustee, the Debtors, or the Debtors' Estates, except for (i) an allowed priority claim in the amount of $5,000 pursuant to proof of claim no. 2385 filed by Fredric J. Forster in the Bankruptcy Court against Debtors' Estates and (ii) any and all claims arising out of or in connection with the defense and subsequent settlement of the *Schroeder v. New Century Holdings, Inc.* (Adversary Proceeding No. 07-51598(KJC)) and the Philadelphia Indemnity Arbitration, including, but not limited to (a) claims for benefits under any insurance programs or policies to which the Settling Individuals are entitled, or (b) claims for advancement, indemnification, contribution, reimbursement or other payments whether based on law, the Debtors' certificate or articles of incorporation, bylaws, or other contract or agreement. Settling Individuals' Claims does not include claims relating to the enforcement of the Settlement.

www) "Stipulation" or "Stipulation of Settlement" means this Stipulation of Settlement.

xxx)  "Summary Notice" means the publication notice, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

yyy)  "Supplemental Agreement" means the supplemental agreement between Lead Class Plaintiff and the Class Individual Defendants referenced in paragraph 39-40 below.

zzz)  "Taxes" means: (i) all federal, state and/or local taxes of any kind on any income earned by the funds contained in the Global Escrow Account

and/or Class Escrow Account; and (ii) the reasonable expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed on the interest earned on the funds in the Global Escrow Account and/or Class Escrow Account (including, without limitation, reasonable expenses of tax attorneys and accountants).

aaaa) "Trust" means the New Century Liquidating Trust and Reorganized New Century Warehouse Corporation.

bbbb) "Trustee" means Alan M. Jacobs, as Liquidating Trustee of the New Century Liquidating Trust and Plan Administrator of the Reorganized New Century Warehouse Corporation.

cccc) "Trustee Litigation" means the adversary proceeding *The New Century Liquidating Trust and Reorganized New Century Warehouse Corp. by and through Alan M. Jacobs, Liquidating Trustee and Plan Administrator v. Robert K. Cole, et al. (In re New Century TRS Holdings, Inc.)* (Adv. Proc. No. 09-50882 (KJC)) commenced on April 1, 2009, against the Trustee Litigation Defendants by the Trustee in the Bankruptcy Court.

dddd) "Trustee Litigation Defendants" means Robert C. Cole, Brad A. Morrice, the Estate of Edward Gotschall, Marilyn A. Alexander, Harold A. Black, Fredric J. Forster, Donald E. Lange, William J. Popejoy, Michael M. Sachs, Richard A. Zona, David Einhorn, Patrick Flanagan, Kevin M. Cloyd, Patti M. Dodge, Joseph F. Eckroth, Jr., and Stergios Theologides.

eeee) "Trustee Settlement Amount" means the sum of $20,969,273 which shall be paid to the Trustee as set forth below in paragraph 11b.

ffff) "Underwriter Defendants" means Bear, Stearns & Co. Inc., now known as J.P. Morgan Securities Inc., Deutsche Bank Securities Inc., Piper Jaffray & Co., Stifel, Nicolaus & Co., Inc., JMP Securities LLC, Roth Capital Partners, Morgan Stanley & Co., Inc., and Jefferies & Company, Inc.

gggg) "Underwriter Judgment" means a judgment entered in the Consolidated Class Action Court which, among other things, includes a release by Underwriter Defendants and the other Released Underwriter Parties of each and every claim against any of the Settling Individuals, whether arising under federal, state, common or foreign law, arising out of or based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Consolidated Class Action.

hhhh) "Unknown Claims" means any and all Settled Claims that (i) Class Plaintiffs or any Class Member; (ii) the Trustee; or (iii) Kodiak does not know or suspect to exist in his, her or its favor at the time of the release of the Released Officers And Directors and the Insurance Carriers, and any Settling Individuals' Claims that any Settling Individual does not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement.  With respect to any and all Settled Claims and Settling Individuals' Claims, the Parties stipulate and agree that upon the Effective Date, the Class Plaintiffs and each Class Member, the Trustee, Kodiak, and the Settling Individuals shall expressly waive and each shall be deemed to have waived, and upon the Consolidated Class Action Court's issuance of the Officer And Director Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Class Plaintiffs, the Trustee, Kodiak, and the Settling Individuals acknowledge, and each Class Member by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definitions of Settled Class Claims, Settled Trustee Claims, Settled Kodiak Claims, and Settling Individuals' Claims was separately bargained for and was a key element of the Settlement.

## CLASS CERTIFICATION OF CONSOLIDATED CLASS ACTION

2.    Class Plaintiffs and the Class Individual Defendants stipulate and agree to: (a) certification of the Consolidated Class Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Class; (b) appointment of Class Plaintiffs as representatives of the Class; and (c) appointment of Lead Counsel as counsel for the Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.  Following execution of this Stipulation, Class Plaintiffs, with the consent of the Class Defendants, shall apply to the Consolidated Class Action Court for entry of the Preliminary Approval Order, which will certify the Consolidated Class Action to proceed as a class action.  The Class Defendants shall have the right to withdraw their consent to class certification and the appointment of representatives and counsel for the Class in the event that the Officer And Director Judgment does not become Final.

## RELEASE OF CLAIMS

3.    The Parties understand and agree that the obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Officer And Director Litigations; and, upon the Effective Date, shall fully and finally release any and all Settled Claims as against all Released Officers and Directors and the Insurance Carriers and shall also release as against the Class Plaintiffs and all other Class Members, the Trust, the Trustee, Alan M. Jacobs individually, the Debtors, the Debtors' Estates, the Plan Advisory Committee, and Kodiak, any and all Settling Individuals' Claims, and shall also fully and finally release other claims as set forth below.

4.     Upon the Effective Date, Class Plaintiffs and members of the Class, the Trustee, and Kodiak hereby release, waive, discharge and dismiss each and every of the Settled Class Claims, Settled Trustee Claims, and Settled Kodiak Claims, respectively, as against each and every Released Officer And Director and the Insurance Carriers, and shall be deemed by this agreement and/or operation of law to forever be enjoined from prosecuting any or all of the Settled Class Claims, Settled Trustee Claims and Settled Kodiak Claims, respectively, against each and every Released Officer And Director and the Insurance Carriers.

5.     Upon the Effective Date, the Settling Individuals hereby release, waive, discharge and dismiss, and shall be deemed by this agreement and/or operation of law to forever be enjoined from prosecuting each and every of the Settling Individuals' Claims against Class Plaintiffs and all other Class Members, the Trust, the Trustee, Alan M. Jacobs individually, the Debtors, the Debtors' Estates, the Plan Advisory Committee, and Kodiak, and their respective heirs, predecessors, successors, assigns, employees, agents and retained professionals.

6.     Upon the Effective Date, the Settling Individuals hereby release, waive, discharge and dismiss, and shall be deemed by this agreement and/or operation of law to forever be enjoined from prosecuting each and every Settling Individuals' Claim against KPMG and the other Released Auditor Parties, provided and conditioned upon the Settling Individuals receiving substantively reciprocal releases from KPMG and the Released Auditor Parties, and conditioned on KPMG being required pursuant to the KPMG Judgment to promptly offer to other former New Century officers or directors with whom KPMG has entered into a tolling agreement related to New Century substantially similar substantively reciprocal releases.

7.     Upon the Effective Date, the Settling Individuals hereby release, waive, discharge and dismiss, and shall be deemed by this agreement and/or operation of law to forever be enjoined from prosecuting any claim against any and

all of the Underwriter Defendants and the other Released Underwriter Parties
whether arising under federal, state, common or foreign law, arising out of or based
upon the allegations, transactions, facts, matters or occurrences, representations or
omissions involved, set forth, or referred to in the Consolidated Class Action,
provided and conditioned upon the Settling Individuals receiving substantively
reciprocal releases from the Underwriter Defendants and the other Released
Underwriter Parties.

8.    Upon the Effective Date, Kodiak hereby releases, waives, discharges
and dismisses, and shall be deemed by this agreement and/or operation of law to
forever be enjoined from prosecuting each and every of the Settled Kodiak Claims
as against KPMG and the other Released Auditor Parties, provided and conditioned
upon Kodiak receiving substantively reciprocal releases from KPMG.

## THE SETTLEMENT CONSIDERATION

9.    The Global Officer And Director Settlement Amount shall be paid as
follows:

a. Within fourteen (14) calendar days after entry of the Preliminary
   Approval Order, the Settling Individuals shall pay and/or cause to be paid
   into the Global Escrow Account a total of $91,102,331.51 in cash as
   follows:

   1) The Settling Individuals shall cause the Insurance Carriers to
      pay the amount of $90,960,516 in cash.  This amount includes a
      $250,000 credit to Morrice, a $450,000 credit to Dodge, and a
      $150,000 credit to Kennealy in partial satisfaction of amounts
      owed pursuant to any prospective SEC judgments in *SEC v.
      Morrice, et al.,* Case No. 09-1426-DDP (the "SEC Action").
      These credits, however, shall not be applied towards penalties
      owed pursuant to the referenced SEC judgments;

2) David Kenneally shall pay $32,500 pursuant to any prospective judgment entered in the SEC Action; and

3) Two of the Settling Individuals (neither of whom is a Class Individual Defendant) shall pay a combined total of $109,315.51 in cash (in allocated amounts agreed upon and communicated to the Trustee), which shall be designated as part of the consideration for settlement of the Trustee Litigation.

b. Upon the Effective Date, an additional $944,029.49 shall be paid as follows:

1) A total of $541,345 shall be released from the DCP Distribution of Brad Morrice;

2) A total of $100,000 shall be paid by or on behalf of Patti Dodge as follows:

a. $55,000 shall be released from the DCP Distribution of Patti Dodge; and

b. The Dodge Credit shall be applied; and

3) A total of $302,684.49 shall be released from the DCP Distributions of three other Settling Individuals (none of whom is a Class Individual Defendant), pursuant to an allocation agreed upon among themselves and communicated to the Trustee, which shall be designated as part of the consideration for settlement of the Trustee Litigation.

10.   Upon the Effective Date, and simultaneous with the release by the Trustee of the DCP Settlement Contributions pursuant to paragraph 9b, the balance, if any, of the DCP Distribution for each Distribution Defendant (after deducting such Distribution Defendant's DCP Settlement Contribution) will be distributed to each Distribution Defendant, net of taxes withheld by reason of both the DCP Settlement Contribution and the balance, if any, of the DCP Distribution.

The Trustee shall issue or cause to be issued a form W-2 or 1099, as appropriate, with respect to such distribution (including the DCP Settlement Contribution) made to or on behalf of each Distribution Defendant. The Distribution Defendants and Trustee agree that such distributions (including the DCP Settlement Contributions) for tax purposes shall be treated as payment of compensation. Each Distribution Defendant agrees that the distributions (including the DCP Settlement Contributions) will be subject to the appropriate bonus tax rate for all appropriate federal, state and local taxes related to such distributions. All taxes arising from the DCP Distributions shall be borne by the Distribution Defendants; the Trustee and the Trust shall have no liability for any taxes associated with these distributions.

11.   The settlement funds deposited in the Global Escrow Account pursuant to paragraph 9a shall be held until the Effective Date, at which time the funds in the Global Escrow Account and the DCP Settlement Contributions shall be released and the Global Officer And Director Settlement Amount shall be allocated and distributed as follows:

a. $6,000,000 of the Global Officer And Director Settlement Amount shall be paid to Kodiak from the Global Escrow Account and designated as consideration for settlement of Kodiak's claims against the Kodiak Litigation Defendants in the Kodiak Litigation;

b. $20,969,273 of the Global Officer And Director Settlement Amount shall be paid to the Trustee, consisting both of $20,025,243.51 from the Global Escrow Account and $944,029.49 from the DCP Settlement Contributions (including the Dodge Credit), and designated as consideration for the settlement of the Trustee's claims against the Trustee Litigation Defendants in the Trustee Litigation; and

c. $65,077,088 of the Global Officer And Director Settlement Amount shall be transferred from the Global Escrow Account into the Class Escrow

Account and designated as consideration for the settlement of the Class Plaintiffs' claims against the Class Individual Defendants in the Consolidated Class Action.

d. Included in the amounts set forth in this paragraph is a total of $1,523,845 paid by or on behalf of Morrice ($791,345), Dodge ($550,000), and Kenneally ($182,500) in satisfaction of amounts owed pursuant to any prospective SEC judgments in the SEC Action and which will be distributed pursuant to this Stipulation of Settlement.

12.   Interest that accrues on the funds held in the Global Escrow Account prior to their distribution to the Plaintiffs hereunder shall be allocated *pro rata* among the Plaintiffs based on funds distributed from the Global Escrow Account to such Plaintiffs pursuant to paragraph 11a-c.   Escrow fees, Taxes and tax preparation fees and costs incurred under the Escrow Agreement for the Global Escrow Account shall be allocated *pro rata* among the Plaintiffs in the same manner as interest.

13.   If any portion of the Global Officer And Director Settlement Amount is not paid in the timeframe as designated above in paragraph 9a, Plaintiffs shall, upon their unanimous agreement, have the option to:   (i) terminate the Global Officer And Director Settlement; or (ii) seek to enforce this Stipulation of Settlement, including seeking interest on unpaid portions of the Global Officer And Director Settlement Amount, as against those Parties or Insurance Carriers who have not complied with their payment obligations as set out in paragraph 9a. Any Party or Insurance Carrier may seek the assistance of the Hon. Daniel Weinstein for resolution of any disputes relating to this paragraph, but seeking or not seeking such assistance does not preclude all otherwise available legal remedies.

14.   The costs of all Taxes and tax preparation and escrow fees and related fees in connection with the Global Officer And Director Settlement Amount while it is in the Global Escrow Account may be paid directly out of the Global Escrow

Account without further order of the Court in accordance with the Escrow
Agreement for the Global Escrow Account.

## USE OF CLASS SETTLEMENT FUNDS

15.    The Class Settlement Fund shall be used to pay: (i) any Taxes payable
on the Class Settlement Fund; (ii) any Notice and Administration Costs; (iii) any
attorneys' fees awarded by the Consolidated Class Action Court; and (iv) any
Litigation Expenses awarded by the Consolidated Class Action Court.  The balance
remaining in the Class Settlement Fund, after payment of items (i)-(iv), shall be
distributed to Authorized Claimants as provided below.

16.    The Escrow Agent shall invest any funds in the Global Escrow
Account and the Class Escrow Account in United States Treasury Bills (or a
mutual fund invested solely in such instruments) and shall collect and reinvest all
interest accrued thereon, except that any residual cash balances of less than
$100,000 may be invested in money market mutual funds comprised exclusively of
investments secured by the full faith and credit of the United States.

17.    The Class Plaintiffs and the Class Defendants agree that the Class
Settlement Fund is intended to be a Qualified Settlement Fund within the meaning
of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the
Class Settlement Fund within the meaning of Treasury Regulation § 1.468B-
2(k)(3), shall be solely responsible for filing or causing to be filed all informational
and other tax returns as may be necessary or appropriate (including, without
limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the
Class Settlement Fund.  Such returns shall be consistent with this paragraph and in
all events shall reflect that all Taxes on the income earned on the Class Settlement
Fund shall be paid out of the Class Settlement Fund as provided by paragraph 18
below.  Lead Counsel shall also be solely responsible for causing payment to be
made from the Class Settlement Fund of any Taxes owed with respect to the Class
Settlement Fund.  Upon written request, the Class Individual Defendants will

provide promptly to Lead Counsel any statements or information required for tax purposes, including the statement described in Treasury Regulation § 1.468B-3(e). Lead Counsel, as administrator of the Class Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

18.    All Taxes on the Class Settlement Fund shall be paid out of the Class Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement between Lead Counsel and the Escrow Agent, and without prior Order of the Consolidated Class Action Court. Any tax returns prepared for the Class Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes (including any interest or penalties) on the income earned by the Class Settlement Fund shall be paid out of the Class Settlement Fund as provided herein. The Class Settlement Fund shall indemnify and hold all Settling Individuals and Insurance Carriers harmless for any Taxes and related expenses of any kind whatsoever (including without limitation, taxes payable by reason of any such indemnification), if any, payable by the Settling Individuals or the Insurance Carriers by reason of any income earned on the Class Settlement Fund. The Settling Individuals and the Insurance Carriers shall notify the Escrow Agent promptly if they receive any notice of any claim for Taxes relating to the Class Settlement Fund and, for the avoidance of doubt, in such case the Settling Individuals and the Insurance Carriers will have no recourse against the Trust, Trustee, Alan M. Jacobs individually, the Debtors, the Debtors' Estates, the Plan Advisory Committee, or Kodiak.

19.     This is not a claims-made settlement. Once the Effective Date occurs, neither the Settling Individuals, the Insurance Carriers, nor any other Settling Individuals nor any other person or entity that contributed to the Global Officer And Director Settlement Amount on their behalf, will have the right or ability to get back any of the Global Officer And Director Settlement Amount or any interest accrued thereon, irrespective of the number of Claims filed, the collective amount of losses of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Class Net Settlement Fund.

20.     The Claims Administrator shall discharge its duties under Lead Counsel's supervision and subject to the jurisdiction of the Consolidated Class Action Court. Except as otherwise provided herein, no other Party shall have responsibility whatsoever for the administration of the Global Officer And Director Settlement, and no other Party shall have liability whatsoever to any person, including, but not limited to, the Class Members, in connection with any such administration. Lead Counsel shall cause the Claims Administrator to mail the Notice and Proof of Claim Form to those members of the Class at the address of each such person as set forth in the records of New Century or its transfer agent(s), or who otherwise may be identified through further reasonable effort. Lead Counsel will cause to be published the Summary Notice pursuant to the terms of the Preliminary Approval Order or whatever other form or manner might be ordered by the Consolidated Class Action Court. For the purpose of identifying and providing notice to the Class, promptly upon execution of this Stipulation, the Trustee shall provide to the Claims Administrator (at no cost to the Global Escrow Account, Lead Counsel or the Claims Administrator) any New Century shareholder lists in his possession as appropriate for providing notice to the Class, in electronic form (if available). The Trustee shall make no representation as to the accuracy or completeness of such shareholder lists.

21.    Lead Counsel may pay from the Global Escrow Account or the Class Escrow Account, without further approval from the other Parties or further order of the Consolidated Class Action Court, the Notice and Administration Costs actually incurred.  Such amounts will be deducted as expenses from the Class Officer And Director Settlement Amount.   Such costs and expenses shall include, without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners of New Century securities, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing Notice and processing the submitted claims, and the fees, if any, of the Escrow Agent.  In the event that the Global Officer And Director Settlement is terminated pursuant to the terms of this Stipulation, all amounts contributed to the Global Escrow Account shall be returned or repaid to the Settling Individuals, Insurance Carriers and all other persons and entities who or which contributed to the Global Escrow Account on their behalf, less all Notice and Administration Costs paid or incurred, including any related fees, as set forth in paragraph 41 below.

### CLASS ATTORNEYS' FEES AND LITIGATION EXPENSES

22.    Lead Counsel will apply to the Consolidated Class Action Court for a collective award of attorneys' fees to Class Plaintiffs' Counsel related to settlement of the Consolidated Class Action.   Lead Counsel also will apply to the Consolidated Class Action Court for reimbursement of Litigation Expenses, which may include reimbursement of the expenses of Class Plaintiffs in accordance with 15 U.S.C. § 78u-4(a)(4).  No other Party shall take any position with respect to Lead Counsel's applications or awards discussed in this paragraph.  Such matters are not the subject of any agreement between the Parties other than what is set forth in this Stipulation.   Lead Counsel will not calculate attorneys' fees based upon, or seek attorneys' fees or expenses with respect to, any disgorgement or penalties obtained by the Securities and Exchange Commission in the SEC Action.

23.   Any attorneys' fees and Litigation Expenses that are awarded by the Consolidated Class Action Court shall be paid from the Global Escrow Account to Lead Counsel, with the Consolidated Class Action Court's approval, immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to pay back any such amount if, as a result of any appeal, further proceeding or successful collateral attack, the attorneys' fee or Litigation Expense award is amended, modified or does not become Final, or if the Effective Date does not occur or the Settlement is terminated for any reason.   Such amounts will be deducted from the Class Officer And Director Settlement Amount.   Lead Counsel shall make the appropriate refund or repayment in full no later than ten (10) business days after receiving from the Settling Individuals' counsel or from a court of appropriate jurisdiction notice of the termination of the Settlement or notice of any reduction of the award of attorneys' fees and/or Litigation Expenses.   An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of this Stipulation.

24.   Lead Counsel shall have the sole authority to allocate the Consolidated Class Action Court-awarded attorneys' fees among Class Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the prosecution and settlement of the Consolidated Class Action. The Settling Individuals shall have no responsibility for any such allocation and shall not be liable for any claims relating to such allocation.

25.   The attorneys' fees and Litigation Expenses discussed herein are exclusive of any attorneys' fees or litigation expenses related to the settlement of the Trustee Litigation or Kodiak Litigation.   Each side and each party in the Trustee Litigation and the Kodiak Litigation shall bear his, her or its own attorneys' fees and costs.

1

## CLAIMS ADMINISTRATOR OF THE CLASS SETTLEMENT FUND

2      26.    The Claims Administrator shall administer the process of receiving,

3  reviewing and approving or denying Claims of Class Members under Lead

4  Counsel's supervision and subject to the jurisdiction of the Consolidated Class

5  Action Court.   Other than the Trustee's obligation to provide New Century's

6  shareholder lists, as provided herein, none of the Settling Individuals, nor the

7  Trustee, nor Kodiak, shall have any responsibility for, involvement in or liability

8  for providing notice to the Class, the administration of the Class claims in the

9  Consolidated Class Action, or the allocation of the Class Net Settlement Fund. The

10  Parties and their respective counsel shall cooperate in the administration of the

11  Settlement to the extent reasonably necessary to effectuate its terms.

12      27.    The allocation of the Class Net Settlement Fund among Authorized

13  Claimants shall be subject to a Plan of Allocation to be proposed by Lead Counsel

14  and approved by the Consolidated Class Action Court.   Class Individual

15  Defendants shall take no position with respect to such proposed Plan of Allocation;

16  such Plan of Allocation is a matter separate and apart from the proposed Settlement

17  herein, and any decision by the Consolidated Class Action Court concerning the

18  Plan of Allocation shall not affect the validity or finality of the proposed

19  Settlement.

20      28.    The Claims Administrator shall receive Claims and determine first,

21  whether the Claim is a valid Claim, in whole or part, and second, each Authorized

22  Claimant's *pro rata* share of the Class Net Settlement Fund as set forth in the Plan

23  of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in

24  such other plan of allocation as the Consolidated Class Action Court approves.

25      29.    The Plan of Allocation proposed in the Notice is not a necessary term

26  of this Stipulation and it is not a condition of this Stipulation that any particular

27  plan of allocation be approved by the Consolidated Class Action Court.

28

30.     Any Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Class Net Settlement Fund but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Officer And Director Judgment to be entered in the Consolidated Class Action and the releases provided for herein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Released Officer And Director concerning any Settled Claim.

31.     Lead Counsel shall be responsible for supervising the administration of the settlement of the claims in the Consolidated Class Action and disbursement of the Class Net Settlement Fund.   No other Party shall have any liability, obligation or responsibility whatsoever for the administration of the Settlement or disbursement of the Class Net Settlement Fund.   No other Party shall be permitted to review, contest or object to any Claim Form or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim Form or Claim for payment by a Class Member.   Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

32.     For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a.     Each Class Member shall be required to submit a Claim Form and Release, substantially in the form attached hereto as Exhibit 2 to Exhibit A, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable, by the date set by the Consolidated Class Action Court;

b.     Each Claim Form shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine

-33-

in accordance with this Stipulation the extent, if any, to which each Claim shall be allowed, subject to review by the Consolidated Class Action Court pursuant to subparagraph (d) below;

c.    Claim Forms that do not meet the submission requirements may be rejected.   Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted.   The Claims Administrator, under the supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Consolidated Class Action Court if the Claimant so desires and complies with the requirements of subparagraph (e) below;

d.    If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (c) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Consolidated Class Action Court.   If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Consolidated Class Action Court; and

e.    The administrative determinations of the Claims Administrator accepting and rejecting Claims shall be presented to the Consolidated Class Action Court, on notice to the Class Individual Defendants' counsel, for approval by the Consolidated Class Action Court in the Class Distribution Order.

33.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Consolidated Class Action Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim.    No discovery shall be allowed on the merits of this Consolidated Class Action or this Settlement in connection with the processing of Claim Forms.

34.    Lead Counsel will apply to the Consolidated Class Action Court, on notice to the Class Individual Defendants, for a Class Distribution Order: (i) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (ii) approving payment of any additional unpaid or anticipated administration fees and expenses associated with the administration of the Settlement from the Class Escrow Account; (iii) if the Effective Date has occurred, directing payment of the Class Net Settlement Fund to Authorized Claimants from the Class Escrow Account; and (iv) other relief as appropriate.

35.    Payment pursuant to the Class Distribution Order shall be final and conclusive against all Class Members.    All Class Members whose Claims are not approved by the Consolidated Class Action Court shall be barred from participating in distributions from the Class Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Officer And Director Judgment to be entered in this Consolidated Class Action and the releases provided for therein, and will be permanently barred and enjoined from bringing any action against any and all Released Officers And Directors concerning any and all of the Settled Claims.

36.    All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto,

including disputed questions of law and fact with respect to the validity of Claims,

shall be subject to the jurisdiction of the Consolidated Class Action Court.

### TERMS OF THE JUDGMENT

37.    If the Settlement contemplated by this Stipulation is approved by the

Consolidated Class Action Court, the Parties shall request that the Consolidated

Class Action Court enter the Officer And Director Judgment, substantially in the

form annexed hereto as Exhibit B, pursuant to Rule 54(b) of the Federal Rules of

Civil Procedure.

### WAIVER OR TERMINATION

38.    Within thirty (30) days of: (a) the Consolidated Class Action Court's

declining to enter, without leave to resubmit, the Preliminary Approval Order in

any material respect; (b) the Consolidated Class Action Court's refusal to approve

this Stipulation or any material part of it; (c) the Consolidated Class Action Court's

declining to enter the Officer And Director Judgment in any material respect; or (d)

the date upon which the Officer And Director Judgment is modified or reversed in

any material respect by the Court of Appeals or the Supreme Court, the Parties and

the Insurance Carriers each shall have the right to terminate the Settlement and this

Stipulation by providing written notice to all other Parties of an election to do so.

However, any decision with respect to an application for attorneys' fees or

Litigation Expenses, or with respect to any plan of allocation, shall not be

considered material to the Settlement and shall not be grounds for termination.

39.    In addition, if Class Members who purchased or acquired more than a

certain number of shares during the Class Period properly elect to exclude

themselves from the Class in accordance with the requirements for requesting

exclusion provided in the Notice, as specified in a separate Supplemental

Agreement Between Class Plaintiff And The Class Individual Defendants, the

Class Individual Defendants and the Insurance Carriers shall have the option, as set

out in the Supplemental Agreement, to terminate this Settlement and Stipulation.

In the event that the option to terminate the Settlement is exercised and not withdrawn as set forth in paragraph 40 below, the entire Settlement set forth herein is terminated, including the settlement of the Consolidated Class Action, the Trustee Litigation and the Kodiak Litigation.

40.    Lead Counsel and the Class Individual Defendants' counsel shall request jointly that the deadline for submitting exclusions from the Class be at least twenty-one (21) days prior to the Final Approval Hearing.   Copies of all timely requests for exclusion from the Class received by the Claims Administrator (or other person designated to receive exclusion requests) shall be provided to Lead Counsel, Class Individual Defendants' counsel, and counsel for the Insurance Carriers no later than fifteen (15) days prior to the Final Approval Hearing.   If the threshold stated in the Supplemental Agreement is reached, the Class Individual Defendants and the Insurance Carriers shall have until 5:00 p.m. PDT of the seventh day before the Final Approval Hearing to inform Lead Counsel, in writing, that they elect to exercise their option to terminate the Settlement and this Stipulation.   Lead Counsel shall have the right to communicate with the holders of such shares and, if a sufficient number of them withdraw in writing their requests for exclusion such that the total number of shares purchased during the Class Period represented by the remaining "opt outs" represents less than the threshold, the notice of termination shall be deemed withdrawn.

41.    Except as otherwise provided herein, in the event that the Effective Date does not occur or the Settlement is terminated, the Parties shall be deemed to have reverted to their respective status in the Officer And Director Litigations immediately prior to May 5, 2010, and, except as otherwise expressly provided, the Parties shall proceed in all respects as if this Stipulation and any related orders had not been entered.   If the Effective Date does not occur or the Settlement is terminated, the settlement consideration paid under paragraphs 9a2 and 9a3 shall be returned in full, and the remaining portion of the Settlement consideration

previously paid, less any amounts paid or incurred for Notice and Administration Costs actually incurred and paid or payable and/or Taxes paid or owing, shall revert to the Insurance Carriers in proportion to the cash amounts each contributed to the Global Escrow Account under paragraph 9a1, within fourteen (14) business days after written notification of such event by Lead Counsel or any of the Settling Individuals to the Escrow Agent, pursuant to the terms of the Escrow Agreement.

## NO ADMISSION OF WRONGDOING

42.   This Stipulation, whether or not consummated, and any proceedings taken pursuant to it:

a.   shall not be offered or received against any of the Released Officers And Directors as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Officers And Directors with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted against any of the Released Officers And Directors in the Officer And Director Litigations or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Officers And Directors;

b.   shall not be offered or received against any of the Released Officers And Directors as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Officers And Directors, or against the Plaintiffs or any Class Members as evidence of any infirmity in the claims of Plaintiffs or the other Class Members;

c.   shall not be offered or received against any of the Released Officers And Directors, or against the Plaintiffs or any other Class Members, as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Officers And Directors, in any other

civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Consolidated Class Action Court, the Settling Individuals, any other Released Officer And Director, or any Class Member may refer to it to effectuate the protection from liability granted them hereunder;

d.    shall not be construed against any of the Released Officers And Directors, Plaintiffs or any other Class Members as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

e.    shall not be construed against Plaintiffs or any other Class Members as an admission, concession, or presumption that any of their claims are without merit or that damages recoverable under the Officer And Director Litigations would not have exceeded the Officer And Director Settlement Amount; and

f.    shall not be construed as or received in evidence as an admission, concession or presumption that class certification is appropriate in this Consolidated Class Action, except for purposes of this Settlement.

## MISCELLANEOUS PROVISIONS

43.    Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715(b), not later than ten (10) days after the Global Officer And Director Settlement is filed in the Consolidated Class Action Court, Settling Individuals shall cause to be served upon the appropriate State official of each State and the Attorney General of the United States a CAFA Notice.  The Parties will request that, pursuant to 28 U.S.C. § 1715(d), the Final Approval Hearing be scheduled for no earlier than ninety (90) days following the deadline for Settling Individuals to serve the CAFA Notice as stated in this paragraph.  Any failure by Settling Individuals to comply with the CAFA Notice requirements will not provide

grounds for delay of the Final Approval Hearing or entry of the Officer And Director Judgment.

44.   All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

45.   The Settling Individuals and Insurance Carriers each warrant that, as to the payments made by or on behalf of him, her or it, at the time of such payment, he, she or it was not insolvent, nor did nor will the payment required to be made by or on behalf of him, her or it render him, her or it insolvent, within the meaning of and/or for the purposes of the Bankruptcy Code, including §§ 101 and 547 thereof.   This representation is made by the Settling Individuals and the Insurance Carriers and not by their counsel.

46.   In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Global Escrow Account or any portion thereof by or on behalf of any of the Settling Individuals or the Insurance Carriers to be a preference, voidable transfer, fraudulent transfer or similar transaction pursuant to the Bankruptcy Code, and any portion thereof is required to be returned, and such amount is not promptly deposited to the Global Escrow Account by others, then, at the election of Plaintiffs, Plaintiffs may move the Consolidated Class Action Court to vacate the Officer And Director Judgment in whole or in part; the Parties shall be restored to their respective positions in the Officer And Director Litigations immediately prior to May 5, 2010; and any cash amounts in the Global Escrow Account shall be returned as provided in paragraph 41 above.

47.   The Parties intend this Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Plaintiffs, any other Class Members and their attorneys against all Released Officers And Directors with respect to all Settled Claims.   Accordingly, the Parties agree not to assert that the Consolidated Class Action, Trustee Litigation, or Kodiak Litigation

was brought or defended in bad faith or without a good faith basis. The Parties hereto shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Officer And Director Litigations. The Parties agree that the amount paid and the other terms of this Settlement were negotiated at arm's-length in good faith by the Parties, including a mediation conducted by a professional mediator, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

48.    While retaining their rights to deny that the claims asserted in the Officer And Director Litigations were meritorious, the Settling Individuals in any statement made to any media representative (whether or not for attribution) will not deny that the Officer And Director Litigations were commenced and prosecuted in good faith. Similarly, while retaining their rights to deny that the defenses in the Officer And Director Litigations were meritorious, the Class Plaintiffs, Trustee, and Kodiak in any statement to any media representative (whether or not for attribution) will not deny that the Officer And Director Litigations were defended in good faith. In all events, the Parties shall refrain from any accusations of wrongful or actionable conduct by any Party concerning the prosecution and resolution of the Officer And Director Litigations, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

49.    This Stipulation may not be modified or amended, nor may any of its provisions be waived except by a writing signed by all signatories hereto or their successors-in-interest.

50.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

51.    The administration and consummation of this Settlement as embodied in this Stipulation shall be under the authority of the Consolidated Class Action

Court, and the Consolidated Class Action Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Lead Counsel and enforcing the terms of this Stipulation as it concerns the Consolidated Action. After the Effective Date, the Bankruptcy Court shall have and retain jurisdiction in the Trustee Litigation for purposes of enforcing the terms of this Stipulation as between the Trustee and Trustee Litigation Defendants, and the court hearing the Kodiak Litigation shall have and retain jurisdiction in the Kodiak Litigation for purposes of enforcing the terms of this Stipulation as between Kodiak and Kodiak Litigation Defendants.

52.   Upon the Effective Date and to the extent not already withdrawn: (a) the Settling Individuals will be deemed to have withdrawn with prejudice the claims identified in the schedule annexed hereto as Exhibit C that have been filed or scheduled in the Bankruptcy Court against the Debtors' Estates; and (b) Arch Insurance Company will be deemed to have withdrawn with prejudice proof of claim no. 2329 filed in the Bankruptcy Court against the Debtors' Estates. Upon the Effective Date, proof of claim no. 2385 filed by Fredric J. Forster in the Bankruptcy Court against the Debtors' Estate shall be allowed as a priority claim in the amount of $5,000.00.

53.   Upon the Effective Date, the notices of dismissal in the Trustee Litigation and Kodiak Litigation held by counsel designated by the Kodiak Litigation Defendants and the Trustee Litigation Defendants shall be filed in the Trustee Litigation and Kodiak Litigation, respectively. If the Effective Date does not occur or the Settlement is terminated, the notices of dismissal shall not be filed and shall be returned to counsel for Trustee and Kodiak, respectively.

54.   The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

55.     This Stipulation and its exhibits constitute the entire agreement among the Parties hereto concerning the matters set forth herein, and no representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

56.     This Stipulation may be executed in one or more original and/or faxed counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the signatories of this Stipulation shall exchange among themselves copies of original signed counterparts.

57.     This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto.

58.     The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

59.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

60.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

61.     The Parties and their counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order, the

1   Stipulation and this Settlement, and to use best efforts to promptly agree upon and

2   execute all such other documentation as may be reasonably required to obtain final

3   approval by the Consolidated Class Action Court of the Settlement and to

4   effectuate its terms.

5        62.    If any Party is required to give notice to any other Party under this

6   Stipulation, such notice shall be in writing and shall be deemed to have been duly

7   given upon receipt of hand delivery or facsimile transmission with confirmation of

8   receipt.

9   DATED AS OF:  July 23, 2010          BERNSTEIN LITOWITZ BERGER
                                         & GROSSMANN LLP
10

11

12                                       _____
                                         SALVATORE J. GRAZIANO
13

14                                       BLAIR A. NICHOLAS
                                         ELIZABETH LIN
15                                       NIKI L. MENDOZA
                                         BENJAMIN GALDSTON
16                                       TAKEO A. KELLAR
                                         12481 High Bluff Drive, Suite 300
17                                       San Diego, CA 92130
                                         Tel:   (858) 793-0070
18                                       Fax:   (858) 793-0323
                                             -and-
19                                       SALVATORE J. GRAZIANO
                                         LAUREN A. MCMILLEN
20                                       1285 Avenue of the Americas
                                         New York, NY 10019
21                                       Tel: (212) 554-1400
                                         Fax: (212) 554-1444
22

23                                       MURRAY, FRANK & SAILER LLP
                                         MARVIN L. FRANK
24                                       275 Madison Avenue, Suite 801
                                         New York, NY 10016
25                                       Tel: (212) 682-1818
                                         Fax: (212) 682-1892
26

27

28

ZWERLING, SCHACHTER
  & ZWERLING LLP
JEFFREY C. ZWERLING
41 Madison Avenue
New York, NY 10010
Tel:  (212) 223-3900
Fax: (212) 371-5969

*Lead Counsel for Lead Plaintiff The New York State Teachers' Retirement System and the Class, and Plaintiffs Carl Larson and Charles Hooten*

MUNGER, TOLLES & OLSON LLP

_____
JOHN W. SPIEGEL
KATHLEEN M. MCDOWELL
KEVIN S. ALLRED
355 South Grand Avenue, 35th Floor
Los Angeles, CA  90071-1560
Tel:   (213) 683-9100
Fax:   (213) 687-3702

*Attorneys for Defendants Brad A. Morrice, Patti M. Dodge, Kevin M. Cloyd, Patrick Flanagan, Stergios Theologides, and Joseph F. Eckroth, Jr.*

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

_____
JACK P. DICANIO
300 S. Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
Tel: (213) 687-5000
Fax: (213) 687-5600

*Attorneys for Defendant Estate of Edward Gotschall*

D/O STIPULATION OF SETTLEMENT
Case No. 2:07-cv-00931-DDP (FMOx)

1     ZWERLING, SCHACHTER
          & ZWERLING LLP
2     JEFFREY C. ZWERLING
      41 Madison Avenue
3     New York, NY 10010
      Tel: (212) 223-3900
4     Fax: (212) 371-5969

5     *Lead Counsel for Lead Plaintiff The New
      York State Teachers' Retirement System and*
6     *the Class, and Plaintiffs Carl Larson and
      Charles Hooten*
7

8     MUNGER, TOLLES & OLSON LLP

9

10

11    JOHN W. SPIEGEL
      KATHLEEN M. MCDOWELL
12    KEVIN S. ALLRED
      355 South Grand Avenue, 35th Floor
13    Los Angeles, CA 90071-1560
      Tel:   (213) 683-9100
14    Fax:   (213) 687-3702

15    *Attorneys for Defendants Brad A. Morrice,
      Patti M. Dodge, Kevin M. Cloyd, Patrick*
16    *Flanagan, Stergios Theologides, and Joseph
      F. Eckroth, Jr.*
17

18    SKADDEN, ARPS, SLATE, MEAGHER
          & FLOM LLP
19

20

21    JACK P. DICANIO
      300 S. Grand Avenue, Suite 3400
22    Los Angeles, CA 90071-3144
      Tel: (213) 687-5000
23    Fax: (213) 687-5600

24    *Attorneys for Defendant Estate of Edward
      Gotschall*
25

26

27

28

-45-     D/O STIPULATION OF SETTLEMENT
         Case No. 2:07-cv-00931-DDP (FMOx)

1   LATHAM & WATKINS LLP

2

3

4   MANNY A. ABASCAL
    ETHAN J. BROWN
5   355 South Grand Avenue, Suite 100
    Los Angeles, CA 90071-1560
6   Tel: (213) 485-1234
    Fax: (213) 891-8763
7

8   *Attorneys for Defendant Robert K. Cole*

9

10  CROWELL & MORING LLP

11

12  _____

13  JOHN CROUCHLEY
    515 South Flower Street, 40th Floor
14  Los Angeles, California 90071-2258
    Tel: (213) 622-4750
15  Fax:  (213) 622-2690

16
    *Attorneys for David Kenneally*
17

18  GIBSON DUNN & CRUTCHER LLP

19

20  _____

21  MERYL L. YOUNG
    WAYNE W. SMITH
22  3161 Michelson Drive
    Irvine, CA 92612
23  Tel: (949) 451-4038
    Fax: (949) 451-4220
24

25  *Attorneys for Defendants Marilyn A.*
    *Alexander, Harold A. Black, David Einhorn,*
26  *Fredric J. Forster, Donald E. Lange,*
    *Michael M. Sachs, Terrence P. Sandvik, And*
27  *Richard A. Zona*

28

_____

                    -46-        D/O STIPULATION OF SETTLEMENT
                                Case No. 2:07-cv-00931-DDP (FMOx)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM & WATKINS LLP

_____

MANNY A. ABASCAL
ETHAN J. BROWN
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071-1560
Tel: (213) 485-1234
Fax: (213) 891-8763

*Attorneys for Defendant Robert K. Cole*


CROWELL & MORING LLP

_____
JOHN CROUCHLEY
515 South Flower Street, 40th Floor
Los Angeles, California 90071-2258
Tel: (213) 622-4750
Fax: (213) 622-2690

*Attorneys for David Kenneally*


GIBSON DUNN & CRUTCHER LLP

_____

MERYL L. YOUNG
WAYNE W. SMITH
3161 Michelson Drive
Irvine, CA 92612
Tel: (949) 451-4038
Fax: (949) 451-4220

*Attorneys for Defendants Marilyn A.*
*Alexander, Harold A. Black, David Einhorn,*
*Fredric J. Forster, Donald E. Lange,*
*Michael M. Sachs, Terrence P. Sandvik, And*
*Richard A. Zona*

1

2

3

LATHAM & WATKINS LLP

_____

4

5

6

7

MANNY A. ABASCAL
ETHAN J. BROWN
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071-1560
Tel: (213) 485-1234
Fax: (213) 891-8763

8

*Attorneys for Defendant Robert K. Cole*

9

10

CROWELL & MORING LLP

11

12

_____

13

14

15

16

JOHN CROUCHLEY
515 South Flower Street, 40th Floor
Los Angeles, California 90071-2258
Tel: (213) 622-4750
Fax:  (213) 622-2690

*Attorneys for David Kenneally*

17

18

GIBSON DUNN & CRUTCHER LLP

19

20

_____

21

22

23

24

MERYL L. YOUNG
WAYNE W. SMITH
3161 Michelson Drive
Irvine, CA 92612
Tel: (949) 451-4038
Fax: (949) 451-4220

25

26

27

*Attorneys for Defendants Marilyn A.
Alexander, Harold A. Black, David Einhorn,
Fredric J. Forster, Donald E. Lange,
Michael M. Sachs, Terrence P. Sandvik, And
Richard A. Zona*

28

-46-

D/O STIPULATION OF SETTLEMENT
Case No. 2:07-cv-00931-DDP (FMOx)

1

RUS MILIBAND & SMITH

2

3

4

RONALD RUS
2211 Michelson Drive, Seventh Floor
Irvine, CA 92612-1043
Tel: (949) 752-7100
Fax: (949) 252-1514

5

6

7

*Attorneys for Defendant William J. Popejoy*

8

9

MORRISON & FOERSTER LLP

10

11

12

DAN MARMALEFSKY
SAMANTHA P. GOODMAN
555 West Fifth Street, Suite 3500
Los Angeles, CA  90013-1024
Tel:  213-892-5200
Fax:  213-892-5454

13

14

15

16

*Attorneys for Jeffrey D. Goldberg*

17

18

HAHN & HESSEN LLP

19

20

21

JOHN P. McCAHEY
MARK S. INDELICATO
MARIA A. ARNOTT
488 Madison Avenue
New York, NY 10022
Tel: (212) 478-7420
Fax: (212) 478-7400

22

23

24

25

*Attorneys for the New Century Liquidating
Trust and Reorganized New Century
Warehouse Corporation, by and through
Alan M. Jacobs, Liquidating Trustee and
Plan Administrator*

26

27

28

RUS MILIBAND & SMITH

_____

RONALD RUS
2211 Michelson Drive, Seventh Floor
Irvine, CA 92612-1043
Tel: (949) 752-7100
Fax: (949) 252-1514

*Attorneys for Defendant William J. Popejoy*

MORRISON & FOERSTER LLP

_____

DAN MARMALEFSKY
SAMANTHA P. GOODMAN
555 West Fifth Street, Suite 3500
Los Angeles, CA 90013-1024
Tel: 213-892-5200
Fax: 213-892-5454

*Attorneys for Jeffrey D. Goldberg*

HAHN & HESSEN LLP

_____

JOHN P. McCAHEY
MARK S. INDELICATO
MARIA A. ARNOTT
488 Madison Avenue
New York, NY 10022
Tel: (212) 478-7420
Fax: (212) 478-7400

*Attorneys for the New Century Liquidating*
*Trust and Reorganized New Century*
*Warehouse Corporation, by and through*
*Alan M. Jacobs, Liquidating Trustee and*
*Plan Administrator*

1

2

3

RUS MILIBAND & SMITH

4

RONALD RUS
2211 Michelson Drive, Seventh Floor
Irvine, CA 92612-1043
Tel: (949) 752-7100
Fax: (949) 252-1514

5

6

7

*Attorneys for Defendant William J. Popejoy*

8

9

MORRISON & FOERSTER LLP

10

11

DAN MARMALEFSKY
SAMANTHA P. GOODMAN
555 West Fifth Street, Suite 3500
Los Angeles, CA 90013-1024
Tel: 213-892-5200
Fax: 213-892-5454

12

13

14

15

16

*Attorneys for Jeffrey D. Goldberg*

17

18

HAHN & HESSEN LLP

19

20

JOHN P. McCAHEY
MARK S. INDELICATO
MARIA A. ARNOTT
488 Madison Avenue
New York, NY 10022
Tel: (212) 478-7420
Fax: (212) 478-7400

21

22

23

24

25

26

27

28

*Attorneys for the New Century Liquidating Trust and Reorganized New Century Warehouse Corporation, by and through Alan M. Jacobs, Liquidating Trustee and Plan Administrator*

-47-

D/O STIPULATION OF SETTLEMENT
Case No. 2:07-cv-00931-DDP (FMOx)

WINSTON & STRAWN LLP

_Steven Atlee_ (signature)

STEVEN D. ATLEE
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Tel: (213) 615-1827
Fax: (213) 615-1750

*Attorneys for Kodiak Warehouse LLC,*
*Kodiak Warehouse JPM Capital LLC,*
*Kodiak CDO1 Ltd., Kodiak CDO*
*Management LLC, and Kodiak Funding LP*

TUCKER ELLIS & WEST LLP

Agreed to as to paragraph 52 only,


ALEC H. BOYD
135 Main Street, Suite 700
San Francisco, CA 94105
Tel: (415) 617-2232
Fax: (415) 617-2409

*Attorneys for Arch Insurance Company*

1

2

3

                        WINSTON & STRAWN LLP

4     STEVEN D. ATLEE
      333 S. Grand Avenue
5     Los Angeles, CA 90071-1543
      Tel: (213) 615-1827
6     Fax: (213) 615-1750

7     *Attorneys for Kodiak Warehouse LLC,*
      *Kodiak Warehouse JPM Capital LLC,*
8     *Kodiak CDO1 Ltd., Kodiak CDO*
      *Management LLC, and Kodiak Funding LP*
9

10    TUCKER ELLIS & WEST LLP

11
      Agreed to as to paragraph 52 only,
12

13    ALEC H. BOYD
14    135 Main Street, Suite 700
      San Francisco, CA 94105
15    Tel:  (415) 617-2232
      Fax:  (415) 617-2409
16

17    *Attorneys for Arch Insurance Company*

18

19

20

21

22

23

24

25

26

27

28