# EXHIBIT 3
# TO UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENTS

Case No. 2:07-cv-00931-DDP (FMOx)

1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| IN RE NEW CENTURY | Case No. 2:07-cv-00931-DDP (FMOx) (Lead Case) |
|---|---|

**STIPULATION OF SETTLEMENT
BETWEEN PLAINTIFFS AND KPMG LLP**

This Stipulation of Settlement (the "Stipulation") is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the Court, this Stipulation is entered into between and among Lead Plaintiff New York State Teachers' Retirement System ("Lead Plaintiff") and Plaintiffs Carl Larson and Charles Hooten (collectively "Plaintiffs"), Plaintiffs in the above-captioned consolidated class action (the "Consolidated Action"), on behalf of themselves and the Class (as hereinafter defined), and defendant KPMG LLP ("KPMG") (collectively, with Plaintiffs, the "Parties"), by and through their respective counsel. The KPMG Settlement is intended to settle all Settled Claims (as defined below) against KPMG and all other Released Auditor Parties (as defined below).

WHEREAS:

A.     All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶1 herein.

B.     Beginning on or about February 8, 2007, securities class action complaints were filed in the United States District Court for the Central District of California against certain of the Defendants; and the actions were consolidated by Order dated June 26, 2007;

C.     By Order dated June 26, 2007, the Court appointed the New York State Teachers' Retirement System as Lead Plaintiff for the Consolidated Action and approved its selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel for the Class;

D.     On September 14, 2007, Plaintiffs filed their Consolidated Class Action Complaint ("Consolidated Complaint") asserting claims against Defendants under the Securities Exchange Act of 1934 ("Exchange Act") and the Securities Act of 1933 ("Securities Act") on behalf of all persons and entities who purchased or otherwise acquired New Century Financial Corporation ("New Century" or the "Company") common stock; New Century 9.125% Series A Cumulative Redeemable Preferred Stock ("Series A Preferred Stock"); New Century 9.75%

Series B Cumulative Redeemable Preferred Stock ("Series B Preferred Stock");
and/or New Century call options and/or who sold New Century put options during
the time period from May 5, 2005, through and including, March 13, 2007, either
in the Offerings, pursuant to a registration statement, or in the market, and who,
upon disclosure of certain facts, were injured thereby;

E.     Beginning on November 2, 2007, Defendants filed motions to dismiss
the Consolidated Complaint, which Plaintiffs opposed on December 14, 2007;

F.     By Order dated January 31, 2008, the Court granted the motions to
dismiss with leave to amend the complaint;

G.     On March 24, 2008, Plaintiffs filed their Amended Consolidated Class
Action Complaint ("Amended Complaint"), alleging claims against Defendants
pursuant to the Securities Act and the Exchange Act;

H.     On April 30, 2008, Plaintiffs filed their Second Amended
Consolidated Class Action Complaint (the "Complaint"), alleging claims against
Defendants pursuant to the Securities Act and the Exchange Act;

I.     Beginning on June 2, 2008, Defendants filed motions to dismiss the
Complaint, which Plaintiffs opposed on July 7, 2008;

J.     Following a hearing, by Order dated December 3, 2008, the Court
substantially denied Defendants' motions to dismiss;

K.     Beginning on January 26, 2009, Defendants answered the Complaint;

L.     The Parties began discovery in or about April 2009, including filing
multiple motions to compel and motions for protective order, and serving
discovery requests, responses and voluminous documents;

M.     On January 13, 2010, KPMG filed a motion for summary judgment,
which Plaintiffs opposed on March 15, 2010;

N.     The Parties have participated in mediation sessions and additional
discussions before the Honorable Daniel Weinstein, and subsequently were able to

1  reach agreements in principle to settle this Consolidated Action on the terms set

2  forth herein;

3      O.    KPMG denies any wrongdoing whatsoever and this Stipulation shall

4  in no event be construed or deemed to be evidence of or an admission or

5  concession on the part of KPMG with respect to any claim or of any fault or

6  liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that

7  KPMG has asserted.  The Parties recognize, however, that the litigation has been

8  filed by Plaintiffs and defended by KPMG in good faith and in compliance with

9  Federal Rule of Civil Procedure 11, that the litigation is being voluntarily settled

10  after receiving advice of counsel, and that the terms of the settlement are fair,

11  adequate and reasonable.  This Stipulation shall not be construed or deemed to be a

12  concession by any plaintiff of any infirmity in the claims asserted in the action;

13      P.    Lead Counsel represents that it has conducted an extensive

14  investigation and thorough discovery relating to the claims and the underlying

15  events and transactions alleged in the Complaint.  Lead Counsel represents that it

16  has analyzed the evidence adduced through discovery and has researched the

17  applicable law with respect to the claims of Plaintiffs and the other members of the

18  Class (as defined herein) and the potential defenses thereto;

19      Q.    Based upon their investigation and discovery as set forth above,

20  Plaintiffs and Lead Counsel have concluded that the terms and conditions of this

21  Stipulation are fair, reasonable and adequate to Plaintiffs and the other members of

22  the Class, and in their best interests, and have agreed to settle the claims raised in

23  the action pursuant to the terms and provisions of this Stipulation, after considering

24  (1) the benefits that the Class will receive from the KPMG Settlement, (2) the

25  attendant risks of litigation, and (3) the desirability of permitting the KPMG

26  Settlement to be consummated as provided by the terms of this Stipulation;

27      NOW THEREFORE, without any admission or concession on the part of

28  Plaintiffs of any lack of merit of the action whatsoever, and without any admission

-3-

or concession of any liability or wrongdoing or lack of merit in the defenses whatsoever by the Released Auditor Parties (as defined herein), it is hereby STIPULATED AND AGREED, by and among the Parties, through their respective attorneys, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Parties hereto from the KPMG Settlement, that all Settled Claims (as defined below) as against the Released Auditor Parties (as defined below) and all Released Parties' Claims (as defined below) shall be compromised, settled, released and dismissed with prejudice, upon and subject to the following terms and conditions:

## DEFINITIONS

1.    As used in this Stipulation, the following terms have the following meanings:

a)    "Authorized Claimant" means a Class Member who submits a timely and valid Proof of Claim Form and all required documentation to the Claims Administrator, in accordance with the requirements established by the Plan of Allocation approved by the Court, that is approved for payment from the Net Settlement Fund.

b)    "CAFA Notices" means proper notices of settlement, sent by KPMG to the appropriate Federal official and the appropriate State official of each state in which a class member resides, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715(b).

c)    "Claim" means a completed and signed Proof of Claim Form submitted to the Claims Administrator in accordance with the instructions on the Proof of Claim Form.

d)    "Claim Form" or "Claim Form and Release" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant or Class Member must complete should that Claimant or Class Member seek to share in a distribution of the Net Settlement Fund.

e)     "Claimant" means a person or entity that submits a Claim Form to the Claims Administrator seeking to share in the proceeds of the Net Settlement Fund.

f)     "Claims Administrator" means the firm of Analytics Incorporated.

g)     "Claims Against Directors And Officers" means those claims as defined in paragraph 6.

h)     "Class" means all persons and entities who purchased or otherwise acquired New Century common stock, New Century Series A Preferred Stock, New Century Series B Preferred Stock, and/or New Century call options and/or who sold New Century put options, during the time period from May 5, 2005, through and including March 13, 2007, either in the Offerings (as defined herein), pursuant to a registration statement, or in the market, and who, upon disclosure of certain facts alleged in the Complaint, were injured thereby. Excluded from the Class are (a) Defendants; (b) members of the immediate families of Individual Defendants; (c) the subsidiaries and affiliates of Defendants; (d) any person or entity who was a partner, executive officer, director or controlling person of New Century (including any of its subsidiaries or affiliates) or of any other Defendant; (e) any entity in which any Defendant has a controlling interest; and (f) the legal representatives, heirs, successors and assigns of any such excluded party. Also excluded from the Class are any persons who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

i)     "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

KPMG STIPULATION OF SETTLEMENT
Case No. 2:07-cv-00931-DDP (FMOx)

j)   "Class Member" means a person or entity that is a member of the Class and does not exclude himself, herself or itself by filing a request for exclusion in accordance with the requirements set forth in the Notice.

k)   "Class Period" means the period from May 5, 2005, through and including March 13, 2007.

l)   "Complaint" means the Second Amended Consolidated Class Action Complaint filed by Plaintiffs in the Consolidated Action, on or about April 30, 2008.

m)   "Court" means the United States District Court for the Central District of California.

n)   "Defendants" means the Underwriter Defendants, KPMG, and the Individual Defendants.

o)   "Debtors" means New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, and New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, and Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS

Financial Services, Elite Financial Services, and Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

p)      "Debtors' Estates" means the bankruptcy estates of the Debtors created as a result of the Debtors' petitions under Chapter 11 of Title 11 of the United States Bankruptcy Code.

q)      "Effective Date" means the date on which all the following shall have occurred: (a) the Court has entered the Preliminary Approval Order; (b) payment of the KPMG Settlement Amount has been made pursuant to ¶9 below; (c) ninety (90) days have elapsed since the deadline for KPMG to serve the CAFA Notices; (d) KPMG and the other Released Auditor Parties have been released from any and all claims and causes of action of every nature and description, whether known or Unknown Claims, by the Settling Individuals whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims which were asserted in the Consolidated Action, the Trustee Litigation or the Kodiak Litigation, or that arise out of or relate in any way to New Century (including any of its subsidiaries and affiliates), the Trust, the Trustee, the Debtors, or the Debtors' Estates, except for (i) an allowed priority claim in the amount of $5,000 pursuant to proof of claim no. 2385 filed by Fredric J. Forster in the Bankruptcy Court against Debtors' Estates and (ii) any and all claims arising out of or in connection with the defense and subsequent settlement of the *Schroeder v. New Century Holdings, Inc.* (Adversary Proceeding No. 07-51598(KJC)) and the Philadelphia Indemnity Arbitration, including, but not limited to (I) claims for benefits under any insurance programs or policies to which the Settling Individuals are entitled, (II) claims for advancement, indemnification, contribution, reimbursement or other payments whether based on law, the Debtors' certificate or articles of incorporation, bylaws,

or other contract or agreement;  (e) KPMG and the other Released Auditor Parties have been released from each and every claim by the Underwriter Defendants arising under federal, state, common or foreign law, arising out of or based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Consolidated Action; (f) the Court has approved the KPMG Settlement, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and (g) the Court has entered the KPMG Judgment, substantially in the form annexed hereto as Exhibit B, which has become Final.  KPMG shall have the right to waive some or all of the conditions in subsections (d) and (e) of this subparagraph, but in such event, KPMG shall be required to promptly offer to the Settling Individuals and to the Underwriter Defendants substantively reciprocal releases substantively similar to the reciprocal releases identified below in paragraphs 6 and 7.  In the event that KPMG receives the releases from the Settling Individuals stated in subsection (d), KPMG shall be required to promptly offer to other former New Century officers or directors with whom KPMG has entered into a tolling agreement related to New Century substantially similar substantively reciprocal releases.

       r)     "Escrow Account" means an account maintained to hold the Settlement Fund, which shall be controlled exclusively by Lead Counsel and deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.

       s)     "Escrow Agent" means The Huntington National Bank to serve as escrow agent.

       t)     "Escrow Agreement" means the agreement among Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

u)   "Final" when referring to an order or judgment means: (i) that the time for appeal or appellate review of the order or judgment has expired; or (ii) if there has been an appeal, (a) that the appeal has been decided without causing a material change in the order or judgment; or (b) that the order or judgment has been upheld on appeal and is no longer subject to appellate review by further appeal or writ of certiorari.

v)   "Individual Defendants" means Robert K. Cole, Brad A. Morrice, the Estate of Edward F. Gotschall, Patti M. Dodge, Fredric J. Forster, Michael M. Sachs, Harold A. Black, Donald E. Lange, Terrence P. Sandvik, Richard A. Zona, Marilyn A. Alexander, David Einhorn, and William J. Popejoy.

w)   "Kodiak" means Kodiak Warehouse LLC, Kodiak Warehouse JPM Capital LLC, Kodiak CDO1 Ltd., Kodiak CDO Management LLC, and Kodiak Funding LP.

x)   "KPMG" means KPMG LLP.

y)   "KPMG Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered pursuant to Rule 54(b) of the Federal Rules of Civil Procedure approving the KPMG Settlement.

z)   "KPMG Settlement" means the proposed settlement as set forth in this Stipulation.

aa)   "KPMG Settlement Amount" means the sum of $44,750,000.00 in cash which KPMG shall pay or cause to be paid into the Escrow Account as set forth in ¶9 below.

bb)   "Kodiak Litigation" means the action *Kodiak Warehouse LLC, et al. v. Brad A. Morrice, et al.* (Case No. 08-1265-DDP-FMO) commenced on November 7, 2008, against Robert K. Cole, Brad A. Morrice, the Estate of Edward F. Gotschall, Patti M. Dodge, and Jeffrey D. Goldberg by Kodiak in the United States District Court for the Central District of California.

cc)    "Lead Counsel" means the law firm of Bernstein Litowitz Berger & Grossmann LLP.

dd)    "Lead Plaintiff" means the New York State Teachers' Retirement System.

ee)    "Litigation Expenses" means the costs and expenses incurred by Plaintiffs' Counsel in connection with commencing and prosecuting the Consolidated Action, for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

ff)    "Net Settlement Fund" means the Settlement Fund (as defined below) less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any attorneys' fees awarded by the Court; and (iv) any Litigation Expenses awarded by the Court.

gg)    "Notice" means the Notice of Pendency of Class Action and Proposed Settlement, Settlement Fairness Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be sent to members of the Class.

hh)    "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and Lead Counsel in connection with (i) providing notice to the Class; and (ii) administering the Claims process.

ii)    "Offerings" means the public offerings pursuant to which New Century Series A and B Preferred Stock were offered to the public in June 2005 and August 2006.

jj)    "Other Former Officers" means David Kenneally, Kevin Cloyd, Patrick Flanagan, Stergios Theologides, and Joseph F. Eckroth, Jr.

kk)    "Parties" means KPMG and Plaintiffs, on behalf of themselves and the Class Members.

ll) "Philadelphia Indemnity Arbitration" means the claims filed with the American Arbitration Association by the Trustee against Philadelphia Indemnity Insurance Company to pay and indemnify, in accordance with the terms of the applicable insurance policy, New Century, its successor-in-interest, the New Century Liquidating Trust, and Harold A. Black, Fredric J. Forster, Donald E. Lange, and Michael M. Sachs, the full amount of defense costs that each have incurred in the defense and subsequent settlement of *Schroeder v. New Century Holdings, Inc.* (Adversary Proceeding No. 07-51598 (KJC)), and to pay and reimburse their other insurable losses as agreed to in said insurance policy.

mm) "Plaintiffs" means Lead Plaintiff, Carl Larson and Charles Hooten.

nn) "Plaintiffs' Counsel" means Lead Counsel and all other counsel who, at the direction and under the supervision of Lead Counsel, represent Class Members in the Consolidated Action.

oo) "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

pp) "Preliminary Approval Order" or "Notice Order" means the proposed order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the KPMG Settlement and directing notice be provided to the Class.

qq) "Released Auditor Parties" means KPMG and any and all of its partners, principals, officers, directors, employees, agents, attorneys and affiliates. "Released Auditor Parties" does not include any Defendants other than KPMG.

rr) "Released Parties' Claims" means any and all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against KPMG.

1 | "Released Parties' Claims" does not include claims relating to the enforcement of

2 | the KPMG Settlement.

3 | ss)   "Released   Underwriter   Parties"   means   the   Underwriter

4 | Defendants and any and all of their respective parent companies, subsidiaries,

5 | affiliates, heirs, executors, administrators, predecessors, successors and assigns,

6 | and any and all of their current and former officers, directors, employees, agents

7 | and attorneys.  "Released Underwriter Parties" does not include any Defendants

8 | other than the Underwriter Defendants.

9 | tt)   "Settled Claims" means any and all claims and causes of action

10 | of every nature and description, whether known or Unknown, whether arising

11 | under federal, state, common or foreign law, that Plaintiffs or any other member of

12 | the Class (a) asserted against the Released Auditor Parties in the Complaint, or (b)

13 | could have asserted against the Released Auditor Parties in any forum that arise out

14 | of or are based upon the allegations, transactions, facts, matters or occurrences,

15 | representations or omissions involved, set forth, or referred to in the Complaint,

16 | and that arise out of or relate to the purchase of New Century common stock, New

17 | Century Series A Preferred Stock, New Century Series B Preferred Stock, and/or

18 | New Century call options and/or the sale of New Century put options during the

19 | Class Period. "Settled Claims" does not include claims relating to the enforcement

20 | of the KPMG Settlement.

21 | uu)   "Settlement Fund" means the KPMG Settlement Amount, and

22 | any and all interest earned thereon.

23 | vv)   "Settlement Hearing" means the hearing set by the Court under

24 | Rule 23(e)(1)(c) of the Federal Rules of Civil Procedure to consider approval of

25 | the KPMG Settlement.

26 | ww)   "Settling Individuals" means the Individual Defendants and the

27 | Other Former Officers and their respective heirs, executors, administrators,

28 |

-12-

1  predecessors, successors and assigns, employees, agents and retained professionals

2  (other than the Underwriter Defendants).

3          xx)   "Summary Notice" means the publication notice, substantially

4  in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in

5  the Preliminary Approval Order.

6          yy)   "Taxes" means: (i) all federal, state and/or local taxes of any

7  kind on any income earned by the Settlement Fund; and (ii) the reasonable

8  expenses and costs incurred by Lead Counsel in connection with determining the

9  amount of, and paying, any taxes owed by the Settlement Fund (including, without

10  limitation, reasonable expenses of tax attorneys and accountants).

11          zz)   "Trust" means the New Century Liquidating Trust and

12  Reorganized New Century Warehouse Corporation.

13          aaa)   "Trustee" means Alan M. Jacobs, as Liquidating Trustee of the

14  New Century Liquidating Trust and Plan Administrator of the Reorganized New

15  Century Warehouse Corporation.

16          bbb)   "Trustee Litigation" means the adversary proceeding *The New*

17  *Century Liquidating Trust and Reorganized New Century Warehouse Corp. by and*

18  *through Alan M. Jacobs, Liquidating Trustee and Plan Administrator (In re New*

19  *Century TRS Holdings, Inc.)* (Adv. Proc. No. 09-5882 (KJC)) commenced on April

20  1, 2009, against Robert C. Cole, Brad A. Morrice, Susan K. Gotschall, as Executor

21  of the Estate of Edward F. Gotschall, Marilyn A. Alexander, Harold A. Black,

22  Frederic J. Forster, Donald E. Lange, William J. Popejoy, Michael M. Sachs,

23  Richard A. Zona, David Einhorn, Patrick Flanagan, Kevin M. Cloyd, Patti M.

24  Dodge, Joseph F. Eckroth, Jr., Stergios Theologides, and EG Enterprises, in the

25  United States District Court for the District of Delaware.

26          ccc)   "Underwriter Defendants" means Bear, Stearns & Co. Inc., now

27  known as J.P. Morgan Securities Inc., Deutsche Bank Securities Inc., Piper Jaffray

28

1  & Co., Stifel, Nicolaus & Co., Inc., JMP Securities LLC, Roth Capital Partners,
2  Morgan Stanley & Co., Inc., and Jefferies & Company, Inc.

3             ddd) "Unknown Claims" means any and all Settled Claims that
4  Plaintiffs or any Class Member does not know or suspect to exist in his, her or its
5  favor at the time of the release of the Released Auditor Parties, and any Released
6  Parties' Claims that any Released Auditor Party does not know or suspect to exist
7  in his, her or its favor, which if known by him, her or it might have affected his,
8  her or its decision(s) with respect to the KPMG Settlement.  With respect to any
9  and all Settled Claims and Released Parties' Claims, the Parties stipulate and agree
10  that upon the Effective Date, the Plaintiffs and the Released Auditor Parties shall
11  expressly waive, and each Class Member shall be deemed to have waived, and by
12  operation of the KPMG Judgment shall have expressly waived, any and all
13  provisions, rights and benefits conferred by any law of any state or territory of the
14  United States, or principle of common law, that is similar, comparable, or
15  equivalent to Cal. Civ. Code § 1542, which provides:

16             A general release does not extend to claims which the
17             creditor does not know or suspect to exist in his or her
18             favor at the time of executing the release, which if known
19             by him or her must have materially affected his or her
20             settlement with the debtor.

21  Plaintiffs and the Released Auditor Parties acknowledge, and Class Members by
22  operation of law shall be deemed to have acknowledged, that the inclusion of
23  "Unknown Claims" in the definition of Settled Claims and Released Parties'
24  Claims was separately bargained for and was a key element of the KPMG
25  Settlement.

26  ## CLASS CERTIFICATION

27      2.    The Parties stipulate and agree to: (a) certification of the Consolidated
28  Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules

of Civil Procedure on behalf of the Class; (b) appointment of Plaintiffs as the Class Representatives; and (c) appointment of Lead Counsel as Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure. Following execution of this Stipulation, Plaintiffs, with the consent of KPMG, shall apply to the Court for entry of the Preliminary Approval Order, which will certify the Consolidated Action to proceed as a class action.  The Parties shall have the right to withdraw from the agreement to stipulate and agree to class certification and the appointment of Class Representatives and Class Counsel in the event that the KPMG Settlement does not become Final.

## RELEASE OF CLAIMS

3.     The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Consolidated Action against KPMG; and shall fully and finally release any and all Settled Claims as against all Released Auditor Parties and shall also release as against the Plaintiffs and all other Class Members any and all Released Parties' Claims, and shall also fully and finally release other claims as set forth below.

4.     Pursuant to the KPMG Judgment, upon the Effective Date, Plaintiffs and members of the Class shall be deemed by operation of law to have released, waived, discharged and dismissed each and every Settled Claim, and shall forever be enjoined from prosecuting any or all Settled Claims, against any Released Auditor Party.

5.     Pursuant to the KPMG Judgment, upon the Effective Date, KPMG and each of the other Released Auditor Parties, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, shall be deemed by operation of law to have released, waived, discharged and dismissed each and every one of the Released Parties' Claims, and shall forever be enjoined from prosecuting any or all of the Released Parties' Claims, against Plaintiffs and their employees, agents and attorneys, and all other Class Members.

6.     Pursuant to the KPMG Judgment, upon the Effective Date, KPMG and the other Released Auditor Parties hereby release, waive, discharge and dismiss, and shall be deemed by this agreement and/or operation of law to forever be enjoined from prosecuting any and all claims and causes of action of every nature and description, whether known or Unknown Claims against any of the Settling Individuals, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims which were asserted in the Consolidated Action, the Trustee Litigation or the Kodiak Litigation, or that arise out of or relate in any way to New Century (including any of its subsidiaries and affiliates), the Trust, the Trustee, the Debtors, or the Debtors' Estates, except for (i) an allowed priority claim in the amount of $5,000 pursuant to proof of claim no. 2385 filed by Fredric J. Forster in the Bankruptcy Court against Debtors' Estates and (ii) any and all claims arising out of or in connection with the defense and subsequent settlement of the *Schroeder v. New Century Holdings, Inc.* (Adversary Proceeding No. 07-51598(KJC)) and the Philadelphia Indemnity Arbitration, including, but not limited to (a) claims for benefits under any insurance programs or policies to which the Settling Individuals are entitled, (b) claims for advancement, indemnification, contribution, reimbursement or other payments whether based on law, the Debtors' certificate or articles of incorporation, bylaws, or other contract or agreement ("Claims Against Directors And Officers"), provided and conditioned upon KPMG and the other Released Auditor Parties receiving substantively reciprocal releases from the Settling Individuals.   This release does not include claims relating to the enforcement of the Settlement.

7.     Pursuant to the KPMG Judgment, upon the Effective Date, KPMG and the Released Auditor Parties shall be deemed by operation of law to have released, waived, discharged and dismissed, and shall be forever enjoined from prosecuting, each and every claim against the Underwriter Defendants and the

Released Underwriter Parties, arising under federal, state, common or foreign law, arising out of or based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Consolidated Action, provided and conditioned upon KPMG receiving substantively reciprocal releases from the Underwriter Defendants.

8.     Pursuant to the KPMG Judgment, upon the Effective Date, KPMG and the Released Auditor Parties shall be deemed by operation of law to have released, waived, discharged and dismissed, and shall be forever enjoined from prosecuting, each and every claim and cause of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, common or foreign law, that KPMG (a) asserted in the Kodiak Litigation, or (b) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Kodiak Litigation, or that arise out of or relate in any way to New Century (including any of its subsidiaries and affiliates), the Debtors or the Debtors' Estates, against Kodiak, provided and conditioned upon KPMG receiving a substantially reciprocal release from Kodiak

## THE SETTLEMENT CONSIDERATION

9.     Within twenty-one (21) business days after entry of the Preliminary Approval Order, KPMG shall pay or cause to be paid into the Escrow Account a total of $44,750,000.00 in cash (the "KPMG Settlement Amount"). No later than ten (10) business days after entry of the Preliminary Approval Order, Lead Counsel shall provide to KPMG the following information:

        a)     the street address of the Escrow Agent;

        b)     the ABA routing number of the Escrow Agent; and

        c)     the Federal tax identification number for the Escrow Account.

KPMG STIPULATION OF SETTLEMENT
Case No. 2:07-cv-00931-DDP (FMOx)

10.     If any portion of the KPMG Settlement Amount is not paid into the Escrow Account in the timeframe as designated above in ¶9, Plaintiffs have the option to: (i) terminate the KPMG Settlement; or (ii) require that KPMG pay or cause to be paid interest at the rate of 5% per annum from the time the payments are due until deposited, which interest shall be paid at the time the funds are subsequently paid into the Escrow Account.

11.     Within ten (10) calendar days after filing of the Motion for Preliminary Approval, KPMG shall properly serve the CAFA Notices. The Parties will request that, pursuant to 28 U.S.C. § 1715(d), the Final Approval Hearing be scheduled for no earlier than ninety (90) days following the deadline for KPMG to serve the CAFA Notices as stated in this paragraph. Any failure by KPMG to comply with the CAFA Notices requirements will not provide grounds for delay of the Final Approval Hearing or entry of the KPMG Judgment.

## USE OF SETTLEMENT FUNDS

12.     The Settlement Fund shall be used to pay: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any attorneys' fees awarded by the Court; and (iv) any Litigation Expenses awarded by the Court. The balance remaining in the Settlement Fund, after payment of items (i)-(iv), shall be distributed to Authorized Claimants as provided below.

13.     The Net Settlement Fund shall be distributed to Authorized Claimants as provided herein. Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. The Escrow Agent shall invest any funds in the Escrow Account in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon,

KPMG STIPULATION OF SETTLEMENT
Case No. 2:07-cv-00931-DDP (FMOx)

1  except that any residual cash balances of less than $100,000 may be invested in

2  money market mutual funds comprised exclusively of investments secured by the

3  full faith and credit of the United States.

4        14.    The Parties hereto agree that the Settlement Fund is intended to be a

5  Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1

6  and that Lead Counsel, as administrator of the Settlement Fund within the meaning

7  of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or

8  causing to be filed all informational and other tax returns as may be necessary or

9  appropriate (including, without limitation, the returns described in Treasury

10  Regulation § 1.468B-2(k)) for the Settlement Fund.  Such returns shall be

11  consistent with this paragraph and in all events shall reflect that all Taxes on the

12  income earned on the Settlement Fund shall be paid out of the Settlement Fund as

13  provided by Paragraph 37 below.  Lead Counsel shall also be solely responsible for

14  causing payment to be made from the Settlement Fund of any Taxes owed with

15  respect to the Settlement Fund.  Upon written request, KPMG will provide

16  promptly to Lead Counsel any statements or information required for tax purposes,

17  including the statement described in Treasury Regulation § 1.468B-3(e).  Lead

18  Counsel, as administrator of the Settlement Fund within the meaning of Treasury

19  Regulation §1.468B-2(k)(3), shall timely make such elections as are necessary or

20  advisable to carry out this paragraph, including, as necessary, making a "relation

21  back election," as described in Treasury Regulation § 1.468B-1(j), to cause the

22  Qualified Settlement Fund to come into existence at the earliest allowable date, and

23  shall take or cause to be taken all actions as may be necessary or appropriate in

24  connection therewith.

25        15.    All Taxes shall be paid out of the Settlement Fund, and shall be timely

26  paid by the Escrow Agent pursuant to the disbursement instructions to be set forth

27  in the Escrow Agreement, and without prior Order of the Court.  Any tax returns

28  prepared for the Settlement Fund (as well as the election set forth therein) shall be

consistent with the previous paragraph and in all events shall reflect that all Taxes (including any interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. None of the Released Auditor Parties shall have any liability or responsibility for any Taxes or related expenses of any kind whatsoever. The Settlement Fund shall indemnify and hold all Released Auditor Parties harmless for any Taxes and related expenses of any kind whatsoever (including without limitation, taxes payable by reason of any such indemnification), if any, payable by KPMG by reason of any income earned on the Settlement Fund. KPMG shall notify the Escrow Agent promptly if it receives any notice of any claim for Taxes relating to the Settlement Fund.

16.    This is not a claims-made settlement. Once the Effective Date occurs, neither KPMG, its insurance carriers, nor any other Released Auditor Parties nor any other person or entity that contributed to the Settlement Fund on their behalf, will have the right or ability to get back any of the KPMG Settlement Amount or any interest accrued thereon, irrespective of the number of Claims filed, the collective amount of losses of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

17.    The Claims Administrator shall discharge its duties under Lead Counsel's supervision and subject to the jurisdiction of the Court. Except as otherwise provided herein, the Released Auditor Parties shall have no responsibility whatsoever for the administration of the KPMG Settlement, and shall have no liability whatsoever to any person, including, but not limited to, the Class Members, in connection with any such administration. Lead Counsel shall cause the Claims Administrator to mail the Notice and Proof of Claim Form to those members of the Class at the address of each such person as set forth in the records of New Century or its transfer agent(s), or who otherwise may be identified through further reasonable effort. Lead Counsel will cause to be published the

Summary Notice pursuant to the terms of the Preliminary Approval Order or whatever other form or manner might be ordered by the Court.

18.    Lead Counsel may pay from the Escrow Account, without further approval from KPMG or other Defendants or further order of the Court, the Notice and Administration Costs actually incurred.  Such costs and expenses shall include, without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners of New Century securities, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing Notice and processing the submitted claims, and the fees, if any, of the Escrow Agent.  In the event that the KPMG Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to KPMG or any other person or entity who or which contributed to the Settlement Fund on their behalf.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

19.    Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel.  Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses, which may include reimbursement of the expenses of Plaintiffs in accordance with 15 U.S.C. § 78u-4(a)(4).  Neither KPMG, nor any other Released Auditor Party, shall take any position with respect to Lead Counsel's applications or awards discussed in this paragraph.  Such matters are not the subject of any agreement between KPMG and Plaintiffs other than what is set forth in this Stipulation.

20.    Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel, with the Court's approval, immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the KPMG Settlement or any part thereof, subject to Lead Counsel's obligation to pay back any such amount if,

as a result of any appeal, further proceeding or successful collateral attack, the attorneys' fee or Litigation Expense award is amended, modified or does not become Final. Lead Counsel shall make the appropriate refund or repayment in full, with interest at the same rate as earned by the Settlement Fund, no later than ten (10) business days after receiving from KPMG's counsel or from a court of appropriate jurisdiction notice of the termination of the KPMG Settlement or notice of any reduction of the award of attorneys' fees and/or Litigation Expenses. An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of this Stipulation.   Lead Counsel, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.   Without limitation, each such law firm and its partners and/or shareholders agree that the Court may, upon application of KPMG on notice to Lead Counsel, summarily issue orders, including but not limited to judgment and attachment orders, and may make appropriate findings of, or sanctions for, contempt against them or any of them should such law firm fail to timely repay fees and expenses pursuant to this paragraph.

21.   Lead Counsel shall have the sole authority to allocate the Court-awarded attorneys' fees amongst Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the prosecution and settlement of the Consolidated Action.

22.   Neither KPMG nor any of the Released Auditor Parties shall have any responsibility for, or interest in, or liability whatsoever with respect to any person who may assert some claim to any fee and expense award that the Court may make.

## CLAIMS ADMINISTRATOR

23.    The Claims Administrator shall administer the process of receiving, reviewing and approving or denying Claims under Lead Counsel's supervision and subject to the jurisdiction of the Court.  KPMG shall not have any responsibility for, involvement in or liability for providing notice to the Class, the administration of the KPMG Settlement, the allocation of the Settlement proceeds, or the reviewing or challenging of Claims of members of the Class.    The allocation of the Net Settlement Fund among Authorized Claimants shall be subject to a Plan of Allocation to be proposed by Lead Counsel and approved by the Court.  KPMG shall take no position with respect to such proposed Plan of Allocation; such Plan of Allocation is a matter separate and apart from the proposed Settlement between KPMG and Plaintiffs, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.

24.    The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves.

25.    The Plan of Allocation proposed in the Notice is not a necessary term of this Stipulation and it is not a condition of this Stipulation that any particular plan of allocation be approved by the Court.

26.    Any Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund but will otherwise be bound by all of the terms of this Stipulation and KPMG Settlement, including the terms of the Judgment to be entered in the Consolidated Action and the releases provided for herein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Released Auditor Party concerning any Settled Claim.

27.    Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund. Neither KPMG, nor any other Released Auditor Party, shall have any liability, obligation or responsibility whatsoever for the administration of the KPMG Settlement or disbursement of the Net Settlement Fund. Neither KPMG, nor any other Released Auditor Party, shall be permitted to review, contest or object to any Claim Form or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim Form or Claim for payment by a Class Member. Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

28.    For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a.    Each Class Member shall be required to submit a Claim Form and Release, substantially in the form attached hereto as Exhibit 2 to Exhibit A, releasing all Released Claims against the Released Auditor Parties and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable, by the date set by the Court;

b.    Each Claim Form shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine in accordance with this Stipulation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (d) below;

c.    Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form

submitted. The Claims Administrator, under supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below;

d.     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (c) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court; and

e.     The administrative determinations of the Claims Administrator accepting and rejecting Claims shall be presented to the Court, on notice to KPMG's counsel, for approval by the Court in the Class Distribution Order.

29.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Consolidated Action or this KPMG Settlement in connection with the processing of Claim Forms.

30.     Lead Counsel will apply to the Court, on notice to all Parties, for a Class Distribution Order: (i) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (ii) approving payment of any additional unpaid or anticipated administration fees

and expenses associated with the administration of the KPMG Settlement from the Escrow Account; (iii) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account; and (iv) other relief as appropriate.

31.    Payment pursuant to the Class Distribution Order shall be final and conclusive against all Class Members.  All Class Members whose Claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the KPMG Settlement, including the terms of the Judgment to be entered in this Consolidated Action and the releases provided for therein, and will be permanently barred and enjoined from bringing any action against any and all Released Auditor Parties concerning any and all of the Settled Claims.

32.    All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.

### TERMS OF THE JUDGMENT

33.    If the KPMG Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and KPMG's counsel shall request that the Court enter a KPMG Judgment, substantially in the form annexed hereto as Exhibit B, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

### WAIVER OR TERMINATION

34.    Within thirty (30) days of: (a) the Court's declining to enter, without leave to resubmit, an order granting preliminary approval of the KPMG Settlement in any material respect; (b) the Court's refusal to approve this Stipulation or any material part of it; (c) the Court's declining to enter the KPMG Judgment in any material respect; or (d) the date upon which the KPMG Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court,

each of the Parties shall have the right to terminate the KPMG Settlement and this Stipulation by providing written notice to the other Party of an election to do so. However, any decision with respect to an application for attorneys' fees or Litigation Expenses, or with respect to any plan of allocation, shall not be considered material to the KPMG Settlement and shall not be grounds for termination.

35.    In addition, if Class Members who purchased or acquired more than a certain number of shares of New Century common stock during the Class Period properly elect to exclude themselves from the Class in accordance with the requirements for requesting exclusion provided in the Notice, as specified in a separate supplemental agreement among the Parties (the "Supplemental Agreement"), KPMG shall have the option to terminate this KPMG Settlement and Stipulation.

36.    Lead Counsel and KPMG's counsel shall request jointly that the deadline for submitting exclusions from the Class be at least twenty-one (21) days prior to the Final Approval Hearing.  Copies of all timely requests for exclusion from the Class received by the Claims Administrator (or other person designated to receive exclusion requests) shall be provided to Lead Counsel and KPMG's counsel no later than fifteen (15) days prior to the Final Approval Hearing.  If the threshold stated in the Supplemental Agreement is reached, KPMG shall have until 5:00 p.m. PDT of the seventh day before the Final Approval Hearing to inform Lead Counsel, in writing, that it elects to exercise its option to terminate the KPMG Settlement and this Stipulation.  Lead Counsel shall have the right to communicate with the holders of such shares and, if a sufficient number of them withdraw in writing their requests for exclusion such that the total number of shares purchased during the Class Period represented by the remaining "opt outs" represents less than the threshold, the notice of termination shall be deemed withdrawn.

KPMG STIPULATION OF SETTLEMENT
                                        Case No. 2:07-cv-00931-DDP (FMOx)

37.     Except as otherwise provided herein, in the event that the KPMG Settlement is terminated, the Parties shall be deemed to have reverted to their respective status in this Consolidated Action immediately prior to May 5, 2010, and, except as otherwise expressly provided, the Parties shall proceed in all respects as if this Stipulation and any related orders had not been entered.  Within five (5) business days of receipt from KPMG of a notice of termination, Lead Counsel shall direct the Escrow Agent, in writing, to return to KPMG the KPMG Settlement Amount, including accrued interest and earnings, less any amounts paid or incurred for Notice and Administration Costs actually incurred and paid or payable and/or Taxes paid or owing.  Within ten (10) business days of receipt of such notice, the Escrow Agent shall refund that full amount to KPMG.  At the request of KPMG, the Escrow Agent or its designee shall apply for any tax refund owed on account of the KPMG Settlement Amount and shall pay the proceeds, after deducting any fees or expenses incurred in connection with such application(s) for refund, to KPMG.

## NO ADMISSION OF WRONGDOING

38.     This Stipulation, whether or not consummated, and any proceedings taken pursuant to it:

a.     shall not be offered or received against any of the Released Auditor Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Auditor Parties with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted against any of the Released Auditor Parties in this Consolidated Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Auditor Parties;

b.     shall not be offered or received against any of the Released Auditor Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document

approved or made by any of the Released Auditor Parties, or against the Plaintiffs or any Class Members as evidence of any infirmity in the claims of Plaintiffs or the other Class Members;

      c.    shall not be offered or received against any of the Released Auditor Parties, or against the Plaintiffs or any other Class Members, as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Auditor Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, KPMG, any other Released Auditor Party, or any Class Member may refer to it to effectuate the protection from liability granted them hereunder;

      d.    shall not be construed against any of the Released Auditor Parties, Plaintiffs or any other Class Members as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

      e.    shall not be construed against Plaintiffs or any other Class Members as an admission, concession, or presumption that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the KPMG Settlement Amount; and

      f.    shall not be construed as or received in evidence as an admission, concession or presumption that class certification is appropriate in this Consolidated Action, except for purposes of this KPMG Settlement.

    39.    KPMG and/or any of the other Released Auditor Parties may file this Stipulation of Settlement and/or the Judgment in this action, in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any

other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

## MISCELLANEOUS PROVISIONS

40.   All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

41.   KPMG warrants that, as to the payments made by or on behalf of it, at the time of such payment, it was not insolvent, nor did nor will the payment required to be made by or on behalf of it render it insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.  This representation is made by KPMG and not by its counsel.

42.   If a case is commenced in respect of KPMG (or any insurance carrier contributing to the KPMG Settlement Amount) under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver, conservator, or other fiduciary is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of KPMG to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited to the Settlement Fund by others, then, at the election of Lead Counsel, the Parties shall jointly move the Court to vacate and set aside the releases given and the Judgment entered in favor of KPMG and the other Released Auditor Parties pursuant to this Stipulation, which releases and Judgment shall be null and void; the Parties shall be restored to their respective positions in the litigation immediately prior to May 5, 2010; and any cash amounts in the Settlement Fund shall be returned as provided in Paragraph 37 above.

43.   The Parties intend this KPMG Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Plaintiffs, any other Class Members and their attorneys against all Released Auditor Parties with

respect to all Settled Claims. Accordingly, the Parties agree not to assert in any forum that this Consolidated Action was brought or defended in bad faith or without a reasonable basis. The Parties hereto shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of this Consolidated Action. The Parties agree that the amount paid and the other terms of this Settlement were negotiated at arm's-length in good faith by the Parties, including a mediation conducted by a professional mediator, the Hon. Daniel Weinstein of JAMS (the "Mediator"), and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

44. While retaining their rights to deny that the claims asserted in the Consolidated Action were meritorious, KPMG in any statement made to any media representative (whether or not for attribution) will not deny that the Consolidated Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel. In all events, the Parties shall refrain from any accusations of wrongful or actionable conduct by any Party concerning the prosecution and resolution of the Consolidated Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

45. Except as specifically provided above, this Stipulation may not be modified or amended, nor may any of its provisions be waived except by a writing signed by all signatories hereto or their successors-in-interest.

46. In the event of any dispute between the Parties regarding the implementation of this Stipulation of Settlement or any related document, except as otherwise provided herein, the Parties agree to submit such disputes first to the Mediator for prompt mediation and, if no agreement can be promptly reached, the Parties may pursue all legal remedies under this Stipulation of Settlement in a court with appropriate jurisdiction.

47.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

48.    The administration and consummation of this KPMG Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Lead Counsel and enforcing the terms of this Stipulation.

49.    The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

50.    This Stipulation and its exhibits constitute the entire agreement among the Parties hereto concerning this KPMG Settlement, and no representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

51.    This Stipulation may be executed in one or more original and/or faxed counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the signatories of this Stipulation shall exchange among themselves copies of original signed counterparts.

52.    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto.

53.    The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

54.    This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been

prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

55.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related KPMG Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

56.     Counsel for the Parties agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order, the Stipulation and this KPMG Settlement, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

57.     All of the exhibits to this Stipulation of Settlement are material and integral parts hereof and are fully incorporated herein by this reference.

58.     This Stipulation of Settlement shall be binding upon and inure to the benefit of the successors and assigns of the Parties.

59.     The Parties and their respective counsel also agree to keep the information disclosed to them in connection with mediation and settlement negotiations confidential unless required to publicly disclose such information by applicable law, in which case written notice as to the content of any public communication shall be provided to the other Party at least three (3) business days prior to disclosure.  In the event either of the Parties or their counsel wishes to make a voluntary public disclosure regarding the Settlement, its terms, conditions, or obligations (other than the fact that this case was resolved by Settlement), such Party or counsel shall provide at least three (3) business days' advance notice to the other Party as to the content of any such public communication.  Notwithstanding the foregoing, nothing herein shall preclude Plaintiffs' Counsel or Plaintiffs from

1    publicly filing papers, and making statements, in Court in connection with

2    preliminary and final approval of the KPMG Settlement.

3        60.    If any Party is required to give notice to any other Party under this

4    Stipulation, such notice shall be in writing and shall be deemed to have been duly

5    given upon receipt of hand delivery or facsimile transmission with confirmation of

6    receipt.   Notice required to be provided to any Party shall be provided to that

7    Party's counsel at the address listed below.

8    DATED AS OF:  July 23, 2010        BERNSTEIN LITOWITZ BERGER
                                           & GROSSMANN LLP
9

10

11
                                         _____
                                         SALVATORE J. GRAZIANO
12

13                                       BLAIR A. NICHOLAS
                                         ELIZABETH LIN
14                                       NIKI L. MENDOZA
                                         BENJAMIN GALDSTON
15                                       TAKEO A. KELLAR
                                         12481 High Bluff Drive, Suite 300
16                                       San Diego, CA 92130
                                         Tel:   (858) 793-0070
17                                       Fax:   (858) 793-0323
                                         -and-
18                                       SALVATORE J. GRAZIANO
                                         LAUREN A. MCMILLEN
19                                       1285 Avenue of the Americas
                                         New York, NY 10019
20                                       Tel: (212) 554-1400
                                         Fax: (212) 554-1444
21
                                         MURRAY, FRANK & SAILER LLP
22                                       MARVIN L. FRANK
                                         275 Madison Avenue, Suite 801
23                                       New York, NY 10016
                                         Tel: (212) 682-1818
24                                       Fax: (212) 682-1892

25

26

27

28

1

*Lead Counsel for Lead Plaintiff The New York State Teachers' Retirement System and the Class, and Plaintiffs Carl Larson and Charles Hooten*

2

3

4

SIDLEY AUSTIN LLP

5

6

7

MICHAEL L. RUGEN

8

555 California St., Suite 2000
San Francisco, CA 94104-1715
Tel: 415-772-1292

9

10

*Attorneys for Defendant KPMG LLP*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28