NO JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NEW CENTURY | Case No. CV 07-00931 DDP (FMOx)<br>(Lead Case) |

**OFFICER AND DIRECTOR FINAL JUDGMENT AND
<u>ORDER OF DISMISSAL WITH PREJUDICE</u>**

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlements and Providing for Notice ("Preliminary Approval Order" or "Notice Order"), on the application of Lead Plaintiff New York State Teachers' Retirement System ("Lead Class Plaintiff") and Plaintiffs Carl Larson and Charles Hooten (collectively "Class Plaintiffs") for approval of the settlement between the Class Plaintiffs, on behalf of the Class, and the Class Individual Defendants set forth in the Stipulation Of Global Settlement With New Century Officers And Directors (the "Global Officer And Director Stipulation" or "Global Officer And Director Settlement"). Full and adequate notice having been given to the Class as required in the Court's Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefor,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Judgment incorporates by reference the definitions in the Global Officer And Director Stipulation, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Global Officer And Director Stipulation.

2. This Court has jurisdiction over the subject matter of the Consolidated Class Action and over all parties to the Consolidated Class Action, including all members of the Class.

3. The Court hereby affirms its certification in the Preliminary Approval Order pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, of a Class defined as follows:

> all persons and entities who purchased or otherwise acquired New Century common stock, New Century Series A Preferred Stock, New Century Series B Preferred Stock, and/or New Century call options and/or who sold New Century put options, during the time period from May 5, 2005, through and including March 13, 2007, either in the Offerings, pursuant to a registration statement, or in the market, and who, upon disclosure of certain facts alleged in the Complaint, were injured thereby. Excluded from the Class are (a) Class Defendants; (b) members of the immediate families of the Class Individual Defendants; (c) the subsidiaries and affiliates of Class

Defendants; (d) any person or entity who was a partner, executive officer, director or controlling person of New Century (including any of its subsidiaries or affiliates) or of any Class Defendant; (e) any entity in which any Class Defendant has a controlling interest; and (f) the legal representatives, heirs, successors and assigns of any such excluded party.  Also excluded from the Class are any persons who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice, as listed on Exhibit 1 annexed hereto.

4. The Court also affirms its findings in the Preliminary Approval Order that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:  (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Lead Class Plaintiff and Class Plaintiffs Carl Larson and Charles Hooten are typical of the claims of the Class they seek to represent; (d) Class Plaintiffs have fairly and adequately represented the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court affirms its certification of Class Plaintiffs as the Class representatives and Lead Counsel Bernstein Litowitz Berger & Grossmann LLP as the Class counsel.

6. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Global Officer And Director Settlement set forth in the Global Officer And Director Stipulation and finds that the Global Officer And Director Settlement is, in all respects, fair, reasonable, adequate and entered into in good faith within the meaning of California Code of Civil Procedure § 877.  The Court further finds that the Global Officer And Director Settlement set forth in the Global Officer And Director Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties.

1  Accordingly, the Global Officer And Director Settlement embodied in the Global
2  Officer And Director Stipulation is hereby finally approved in all respects.  The
3  Parties are hereby directed to perform its terms.

4        7.    Pursuant to and in compliance with Rule 23 of the Federal Rules of
5  Civil Procedure, the Court hereby finds that due and adequate notice of these
6  proceedings was directed to all persons and entities who are Class Members,
7  advising them of the Global Officer And Director Settlement, the Plan of
8  Allocation, and Lead Counsel's intent to apply for attorneys' fees and
9  reimbursement of Litigation Expenses associated with the Consolidated Class
10 Action, and of their right to object thereto, and a full and fair opportunity was
11 accorded to all persons and entities who are Class Members to be heard with
12 respect to the foregoing matters.  Thus, it is hereby determined that all Class
13 Members who did not timely and properly elect to exclude themselves by written
14 communication postmarked or otherwise delivered on or before the date set forth
15 in the Notice and the Preliminary Approval Order, are bound by this Judgment.

16       8.    The Consolidated Class Action and all claims contained therein are
17 dismissed with prejudice as to the Class Individual Defendants.

18       9.    The Parties are to bear their own costs, except as otherwise provided
19 in the Global Officer And Director Stipulation.

20       10.    Upon the Effective Date, the Settled Claims shall be discharged as
21 against each and every Released Officer And Director and the Insurance Carriers,
22 and Plaintiffs shall be deemed to forever be enjoined from prosecuting any or all
23 of the Settled Claims against each and every Released Officer And Director and
24 the Insurance Carriers.

25       11.    Upon the Effective Date, the Settling Individuals' Claims as against
26 Class Plaintiffs and all other Class Members, the Trust, the Trustee, Alan M.
27 Jacobs individually, the Debtors, the Debtors' Estates, the Plan Advisory
28 Committee, and Kodiak, and their respective heirs, predecessors, successors,

assigns, employees, agents and retained professionals (other than KPMG or the Underwriter Defendants) shall be released, waived, discharged and dismissed, and the Settling Individuals shall be deemed to forever be enjoined from prosecuting each and every of the Settling Individuals' Claims against Class Plaintiffs and all other Class Members, the Trust, the Trustee, Alan M. Jacobs individually, the Debtors, the Debtors' Estates, the Plan Advisory Committee, and Kodiak, and their respective heirs, predecessors, successors, assigns, employees, agents and retained professionals.

12. Upon the Effective Date, the Settling Individuals shall be deemed to have released, waived, discharged and dismissed each and every Settling Individuals' Claims against KPMG and the other Released Auditor Parties, and shall forever be enjoined from prosecuting each and every Settling Individuals' Claim against KPMG and the other Released Auditor Parties.

13. Upon the Effective Date, the Settling Individuals shall be deemed to have released, waived, discharged and dismissed each and every claim, and shall forever be enjoined from prosecuting any claim, against any and all of the Underwriter Defendants and the other Released Underwriter Parties whether arising under federal, state, common or foreign law, arising out of or based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Consolidated Class Action.

14. Upon the Effective Date, Kodiak shall be deemed to have released, waived, discharged and dismissed, and shall forever be enjoined from prosecuting each and every of the Settled Kodiak Claims as against KPMG and the other Released Auditor Parties.

15. Upon the Effective Date, this Final Judgment And Order Of Dismissal With Prejudice constitutes the final discharge of all obligations to the Plaintiffs of the Settling Individuals arising out of the Officer And Director Litigations. All future claims for contribution arising out of the Officer And

1  Director Litigations by any person or entity against the Settling Individuals or by
2  any Settling Individual against any other person or entity, other than a person
3  whose liability for the Claims asserted in the Director And Officer Litigations has
4  been extinguished by the Settlement of those Claims by that Settling Individual,
5  are barred pursuant to 15 U.S.C. § 78u-4(f)(7)(A).

16. The distribution of the Notice and the publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Global Officer And Director Settlement set forth in the Global Officer And Director Stipulation, to all persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law.

17. The Court hereby finds and concludes that the formula for the calculation of the claims which is set forth in the Plan of Allocation proposed by Lead Class Plaintiff provides a fair and equitable basis upon which to allocate the proceeds of the Settlements[1] among the Class Members with due consideration having been given to administrative convenience and necessity.

18. The Court hereby finds and concludes that the Plan of Allocation proposed by Lead Class Plaintiff is, in all respects, fair and equitable to the Class.

---

[1] "Settlements" herein includes the settlements as set forth in the Global Officer And Director Stipulation, the Stipulation of Settlement Between Plaintiffs and KPMG LLP ("KPMG Stipulation" or "KPMG Settlement"), and the Stipulation of Settlement Between Plaintiffs and the Underwriter Defendants ("Underwriter Settlement" or "Underwriter Stipulation") (collectively "Settlements" or "Stipulations"). The Plan of Allocation sets forth a plan for allocating to Class Members the funds allocated to the Class from all three of the Settlements.

Accordingly, the Court hereby approves the Plan of Allocation proposed by Lead Class Plaintiff.

19. Any order entered regarding any attorneys' fees and any expense application shall in no way disturb or affect this Final Judgment and Order of Dismissal with Prejudice and shall be considered separate from this Final Judgment and Order of Dismissal with Prejudice.

20. The Global Officer And Director Stipulation and Global Officer And Director Settlement set forth therein, whether or not consummated, and any proceedings taken pursuant to it:

   a. shall not be offered or received against any of the Released Officers And Directors as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Officers And Directors with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted against any of the Released Officers And Directors in the Officer And Director Litigations or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Officers And Directors;

   b. shall not be offered or received against any of the Released Officers And Directors as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Officers And Directors, or against the Plaintiffs or any Class Members as evidence of any infirmity in the claims of Plaintiffs or the other Class Members;

   c. shall not be offered or received against any of the Released Officers And Directors, or against the Plaintiffs or any other Class Members, as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Officers And Directors, in any other civil, criminal or

administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Consolidated Class Action Court, the Settling Individuals, any other Released Officer And Director, or any Class Member may refer to it to effectuate the protection from liability granted them hereunder;

  d. shall not be construed against any of the Released Officers And Directors, Plaintiffs or any other Class Members as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

  e. shall not be construed against Plaintiffs or any other Class Members as an admission, concession, or presumption that any of their claims are without merit or that damages recoverable under the Officer And Director Litigations would not have exceeded the Officer And Director Settlement Amount; and

  f. shall not be construed as or received in evidence as an admission, concession or presumption that class certification is appropriate in this Consolidated Class Action, except for purposes of this Settlement.

  21. The Global Officer And Director Stipulation may be filed in an action to enforce or interpret the terms of the Global Officer And Director Stipulation, the Global Officer And Director Settlement contained therein, and any other documents executed in connection with the performance of the agreements embodied therein.  The Stipulation and/or this Final Judgment And Order Of Dismissal With Prejudice may be filed in any action in order to support a defense or counterclaim based on the principles of *res judicata,* collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

  22. Without affecting the finality of this Final Judgment And Order Of Dismissal With Prejudice in any way, this Court hereby retains continuing

jurisdiction over: (a) implementation of this Global Officer And Director Settlement and any award or distribution of the settlement fund, including interest earned thereon; (b) the allowance, disallowance or adjustment of any Class Member's claim on equitable grounds and any award or distribution of the settlement fund; (c) disposition of the settlement fund; (d) hearing and determining applications for attorneys' fees and Litigation Expenses in the Consolidated Class Action; (e) enforcing and administering this Judgment; (f) all parties hereto for the purpose of construing, enforcing and administering the Global Officer And Director Stipulation; and (g) other matters related or ancillary to the foregoing.

23.  The Court finds that during the course of the Consolidated Class Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

24.  In the event that the Global Officer And Director Settlement does not become effective in accordance with the terms of the Global Officer And Director Stipulation or the Effective Date does not occur, or in the event that the settlement fund, or any portion thereof, is returned to any person or entity contributing to the settlement fund, then this Final Judgment And Order Of Dismissal with Prejudice shall be rendered null and void to the extent provided by and in accordance with the Global Officer And Director Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Global Officer And Director Stipulation.

25.  Without further Order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Global Officer And Director Stipulation.

\\
\\
\\

26. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED,

DATED: November 15, 2010

_____
THE HONORABLE DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE