1

2                                            NO JS-6

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT
                            CENTRAL DISTRICT OF CALIFORNIA
9

10   IN RE NEW CENTURY                    Case No. CV 07-00931 DDP (FMOx)
                                          (Lead Case)
11

12

13

14   **UNDERWRITER DEFENDANTS FINAL JUDGMENT AND**
     **ORDER OF DISMISSAL WITH PREJUDICE**
15

16

17

18

19

20

21

22

23

24

25

26

27

28

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlements and Providing for Notice ("Preliminary Approval Order" or "Notice Order"), on the application of Lead Plaintiff New York State Teachers' Retirement System ("Lead Plaintiff") and Plaintiffs Carl Larson and Charles Hooten (collectively "Plaintiffs") for approval of the settlement between Plaintiffs and the Underwriter Defendants set forth in the Stipulation Of Settlement Between Plaintiffs And The Underwriter Defendants (the "Underwriter Stipulation" or "Underwriter Settlement"). Full and adequate notice having been given to the Class as required in the Court's Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefor,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Judgment incorporates by reference the definitions in the Underwriter Stipulation, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Underwriter Stipulation.

2. This Court has jurisdiction over the subject matter of the Consolidated Action and over all Parties to the Consolidated Action, including all members of the Class.

3. The Court hereby affirms its certification in the Preliminary Approval Order pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, of a Class defined as follows:

> all persons and entities who purchased or otherwise acquired New Century common stock, New Century Series A Preferred Stock, New Century Series B Preferred Stock, and/or New Century call options and/or who sold New Century put options, during the time period from May 5, 2005, through and including March 13, 2007, either in the Offerings, pursuant to a registration statement, or in the market, and who, upon disclosure of certain facts alleged in the Complaint, were injured thereby. Excluded from the Class are (a) Defendants; (b) members of the immediate families of the Individual Defendants; (c) the subsidiaries and affiliates of Defendants; (d) any person or entity who was a partner, executive officer, director or controlling person of New Century (including any of its subsidiaries or affiliates) or of any Defendant; (e) any entity in which any Defendant has a controlling interest; and (f) the legal representatives, heirs, successors and assigns

of any such excluded party.  Also excluded from the Class are any persons who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice, as listed on Exhibit 1 annexed hereto.

4.     The Court also affirms its findings in the Preliminary Approval Order that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:  (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of New York State Teachers' Retirement System ("NYSTRS") and Plaintiffs Carl Larson and Charles Hooten are typical of the claims of the Class they seek to represent; (d) Plaintiffs have fairly and adequately represented the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court affirms its certification of Plaintiffs as Class Representatives and Lead Counsel Bernstein Litowitz Berger & Grossmann LLP as Class Counsel.

6.     Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Underwriter Settlement set forth in the Underwriter Stipulation and finds that the Underwriter Settlement is, in all respects, fair, reasonable, and adequate to the Lead Plaintiff, the Class and each of the Class Members.  The Court further finds that the Underwriter Settlement set forth in the Underwriter Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties.  Accordingly, the Underwriter Settlement embodied in the Underwriter Stipulation is hereby finally approved in all respects. The Parties are hereby directed to perform its terms.

7.     Pursuant to and in compliance with Rule 23 of the Federal Rules of

Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to all persons and entities who are Class Members, advising them of the Underwriter Settlement, the Plan of Allocation, and Lead Counsel's intent to apply for attorneys' fees and reimbursement of Litigation Expenses associated with the Consolidated Action, and of their right to object thereto, and a full and fair opportunity was accorded to all persons and entities who are Class Members to be heard with respect to the foregoing matters.  Thus, it is hereby determined that all Class Members who did not timely and properly elect to exclude themselves by written communication postmarked or otherwise delivered on or before the date set forth in the Notice and the Preliminary Approval Order, are bound by this Judgment.

8.    The Consolidated Action and all claims contained therein are dismissed with prejudice as to the Underwriter Defendants.  The parties are to bear their own costs, except as otherwise provided in the Underwriter Stipulation.

9.    Upon the Effective Date, Plaintiffs and members of the Class, on behalf of themselves, their parent companies, subsidiaries, affiliates, heirs, executors, administrators, predecessors, successors and assigns, and any and all of their current and former officers, directors, employees, agents and attorneys shall be deemed by operation of law to have released, waived, discharged and dismissed each and every Settled Claim, and shall forever be enjoined from prosecuting any or all Settled Claims, against any Released Underwriter Party.

10.    Upon the Effective Date, the Underwriter Defendants and each of the other Released Underwriter Parties, on behalf of themselves, their parent companies, subsidiaries, affiliates, heirs, executors, administrators, predecessors, successors and assigns, and any and all of their current and former officers, directors, employees, agents and attorneys shall be deemed by operation of law to have released, waived, discharged and dismissed each and every one of the Released Parties' Claims, and shall forever be enjoined from prosecuting any or all

of the Released Parties' Claims, against Plaintiffs and their employees, agents and attorneys, and all other Class Members.

11.     Upon the Effective Date, and conditioned on the Underwriter Defendants and the other Released Underwriter Parties receiving substantively reciprocal releases from the Settling Individuals, the Underwriter Defendants and the other Released Underwriter Parties shall be deemed by operation of law to have released, waived, discharged and dismissed, and shall forever be enjoined from prosecuting, all Claims Against Officers And Directors against any of the Settling Individuals.

12.     Pursuant to the Underwriter Judgment, upon the Effective Date, and conditioned on the Underwriter Defendants and the other Released Underwriter Parties receiving substantively reciprocal releases from KPMG and the Released Auditor Parties, the Underwriter Defendants and the other Released Underwriter Parties shall be deemed by operation of law to have released, waived, discharged and dismissed each and every claim, and shall forever be enjoined from prosecuting any claim, against KPMG and the Released Auditor Parties arising under federal, state, common or foreign law, arising out of or based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Consolidated Action.

13.     Upon the Effective Date, this Final Judgment And Order Of Dismissal With Prejudice constitutes the final discharge of all obligations to the Plaintiffs of the Underwriter Defendants arising out of the Consolidated Action. All future claims for contribution arising out of the Consolidated Action by any person or entity against the Underwriter Defendants or by the Underwriter Defendants against any other person or entity, other than a person whose liability has been extinguished by this Settlement, are barred pursuant to 15 U.S.C. § 78u-4(f)(7)(A).

14.     The distribution of the Notice of Pendency of Class Action and Proposed Settlement. Settlement Fairness Hearing and Motion for Attorneys' Fees

and Reimbursement of Expenses ("Notice") and the publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable effort.  Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Underwriter Settlement set forth in the Underwriter Stipulation, to all persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law.

15.   The Court hereby finds and concludes that the formula for the calculation of the claims which is set forth in the Plan of Allocation proposed by Lead Plaintiff provides a fair and equitable basis upon which to allocate the proceeds of the Settlements[1] among the Class Members with due consideration having been given to administrative convenience and necessity.

16.   The Court hereby finds and concludes that the Plan of Allocation proposed by Lead Plaintiff is, in all respects, fair and equitable to the Class. Accordingly, the Court hereby approves the Plan of Allocation proposed by Lead Plaintiff.

17.   Any order entered regarding any attorneys' fees and for expense application shall in no way disturb or affect this Final Judgment And Order Of

---

[1] "Settlements" herein includes the settlements as set forth in the Underwriter Stipulation, the Stipulation of Settlement Between Plaintiffs and KPMG LLP ("KPMG Settlement" or "KPMG Stipulation"), and the Stipulation of Global Settlement with New Century Officer and Directors ("Global Officer And Director Settlement" or "Global Officer And Director Stipulation") (collectively "Settlements" or "Stipulations").  The Plan of Allocation sets forth a plan for allocating to Class Members the funds allocated to the Class from all three of the Settlements.

1   Dismissal With Prejudice and shall be considered separate from this Final
2   Judgment And Order Of Dismissal With Prejudice.

3       18.    The Underwriter Stipulation and Underwriter Settlement set forth
4   therein, whether or not consummated, and any proceedings taken pursuant to it:

5           a.    shall not be offered or received against any of the Released
6   Underwriter Parties as evidence of, or construed as, or deemed to be evidence of
7   any presumption, concession, or admission by any of the Released Underwriter
8   Parties with respect to the truth of any fact alleged by Plaintiffs or the validity of
9   any claim that was or could have been asserted against any of the Released
10  Underwriter Parties in this Consolidated Action or in any litigation, or of any
11  liability, negligence, fault, or other wrongdoing of any kind of any of the Released
12  Underwriter Parties;

13          b.    shall not be offered or received against any of the Released
14  Underwriter Parties as evidence of a presumption, concession or admission of any
15  fault, misrepresentation or omission with respect to any statement or written
16  document approved or made by any of the Released Underwriter Parties, or against
17  the Plaintiffs or any Class Members as evidence of any infirmity in the claims of
18  Plaintiffs or the other Class Members;

19          c.    shall not be offered or received against any of the Released
20  Underwriter Parties, or against the Plaintiffs or any other Class Members, as
21  evidence of a presumption, concession or admission with respect to any liability,
22  negligence, fault or wrongdoing of any kind, or in any way referred to for any
23  other reason as against any of the Released Underwriter Parties, in any other civil,
24  criminal or administrative action or proceeding, other than such proceedings as
25  may be necessary to effectuate the provisions of this Stipulation; provided,
26  however, that if this Stipulation is approved by the Court, Underwriter Defendants,
27  any other Released Underwriter Party, or any Class Member may refer to it to
28  effectuate the protection from liability granted them hereunder;

        d.    shall not be construed against any of the Released Underwriter Parties, Plaintiffs or any other Class Members as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

        e.    shall not be construed against Plaintiffs or any other Class Members as an admission, concession, or presumption that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Underwriter Settlement Amount; and

        f.    shall not be construed as or received in evidence as an admission, concession or presumption that class certification is appropriate in this Consolidated Action, except for purposes of this Underwriter Settlement.

19.    The Underwriter Stipulation may be filed in an action to enforce or interpret the terms of the Underwriter Stipulation, the Underwriter Settlement contained therein, and any other documents executed in connection with the performance of the agreements embodied therein. The Released Underwriter Parties and/or any Class Member may file the Stipulation and/or this Final Judgment And Order Of Dismissal With Prejudice in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata,* collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

20.    Without affecting the finality of this Final Judgment And Order Of Dismissal With Prejudice in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Underwriter Settlement and any award or distribution of the Settlement Fund. including interest earned thereon; (b) the allowance, disallowance or adjustment of any Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (c) disposition of the Settlement Fund; (d) hearing and determining applications for attorneys' fees

and Litigation Expenses in the Consolidated Action; (e) enforcing and administering this Judgment; (f) all parties hereto for the purpose of construing, enforcing and administering the Underwriter Stipulation; and (g) other matters related or ancillary to the foregoing.

21.     The Court finds that during the course of the Consolidated Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

22.     In the event that the Underwriter Settlement does not become effective in accordance with the terms of the Underwriter Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Underwriter Defendants, then this Final Judgment And Order Of Dismissal With Prejudice shall be rendered null and void to the extent provided by and in accordance with the Underwriter Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Underwriter Stipulation.

23.     Without further Order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Underwriter Stipulation.

24.     There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED,


DATED:  November 15, 2010

THE HONORABLE DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE